# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.  13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

DATED:  June 24, 2014

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Peter J. McAndrews (admitted *pro hac vice*)
Timothy J. Malloy (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois  60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ...................................................................................1

SUMMARY OF ARGUMENT ........................................................................................................2

STATEMENT OF FACTS ...............................................................................................................3

ARGUMENT ....................................................................................................................................6

I. LEGAL STANDARD ............................................................................................................6

II. LIBERAL AMENDMENT POLICY FAVORS LEAVE FOR TQD'S THIRD AMENDED COMPLAINT ........................................................................................................7

III. TQD'S [PROPOSED] THIRD AMENDED COMPLAINT SUFFICIENTLY ALLEGES THAT 2WIRE INDIRECTLY INFRINGES ......................................................7

    A. TQD's Inducement Charges ................................................................................. 8

    B. TQD's Contributory Infringement Charges ........................................................ 10

IV. NONE OF THE RELEVANT FACTORS WEIGH AGAINST FREELY ALLOWING THE AMENDMENT ........................................................................................12

V. CONCLUSION ....................................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    692 F.3d 1301 (Fed. Cir. 2012) ........................................................................................... 8
*Arris Grp., Inc. v. British Telecomms. PLC*,
    639 F.3d 1368 (Fed. Cir. 2011) ........................................................................................... 8
*Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*,
    424 F.3d 1293 (Fed. Cir. 2005) ......................................................................................... 11
*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990) ................................................................................................ 6
*Foman v. Davis*,
    371 U.S. 178 (1962) ....................................................................................................... 7, 12
*i4i Ltd. Partnership v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010) ....................................................................................... 8, 11
*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000) ............................................................................................ 6, 7

**Statutes**

35 U.S.C. § 271(b) ...................................................................................................................... 4, 8
35 U.S.C. § 271(c) .................................................................................................................. 4, 5, 10

## NATURE AND STAGE OF PROCEEDINGS

On November 4, 2013, Plaintiff, TQ Delta, LLC ("Plaintiff" or "TQD"), filed a complaint against Pace Americas, Inc. alleging infringement of 19 U.S. patents. D.I. 1. On November 20, 2013, TQD filed a First Amended Complaint adding infringement claims for five additional patents. D.I. 6. All of the asserted patents relate to digital subscriber line ("DSL") technology, which is used to provide, e.g., high-speed broadband Internet access and video services via copper wires of a local telephone network. *Id.* ¶ 7-8. Pace Americas, Inc. filed a first motion to dismiss, which sought to dismiss the First Amended Complaint in its entirety, dismiss claims of indirect infringement, dismiss claims for injunctive relief, and require a more definite statement ("First Motion to Dismiss"). D.I. 11. TQD filed its opposition on January 27, 2014. D.I. 15.

TQD moved for leave to amend its First Amended Complaint on January 30, 2014 to reflect a name change by Pace Americas, Inc. and to add 2Wire, Inc. and Pace plc as named Defendants in view of declaration evidence provided by the Defendant about its corporate structure and the corporate entity involved in the accused conduct. D.I. 19. On February 7, 2014, the Court granted TQD's motion for leave, thereby allowing TQD to file its Second Amended Complaint to reflect the new Defendants. 2/7/2014 Oral Order. In view of the new pleading, the Court also dismissed the pending First Motion to Dismiss (D.I. 11) as moot. 2/7/2014 Oral Order.

On March 13, 2014, Pace plc and 2Wire filed a second motion to dismiss, which sought to dismiss the Second Amended Complaint in its entirety, dismiss claims of indirect infringement, dismiss claims for injunctive relief, dismiss Pace plc for lack of personal jurisdiction, and require a more definite statement ("Second Motion to Dismiss"). D.I. 33. On April 30, 2014, the Court granted the motion as it related to TQD's claims for indirect

infringement, denied the Defendants' motion to dismiss TQD's claims for injunctive relief, denied Pace plc's motion to dismiss TQD's claims for direct infringement, and held in abeyance Pace plc's motion to dismiss for lack of personal jurisdiction pending the completion of jurisdictional discovery. D.I. 43. By stipulation and agreement of the parties (D.I. 46), Pace plc was dismissed from the case without prejudice on June 17, 2014. D.I. 47. TQD now moves for leave to file a Third Amended Complaint to reflect more detailed allegations with respect to TQD's claims of indirect infringement.

## SUMMARY OF ARGUMENT

1.     Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. This is TQD's first attempt to amend what it believed were adequately pled charges of indirect infringement. Given the liberal policy in favor of allowing amendment to pleadings, and the evolving pleading standards for charges of indirect infringement, fundamental fairness dictates that TQD be given a chance to amend in response to the Court's first ruling on the issue.

2.     TQD's proposed Third Amended Complaint addresses the deficiencies of the Second Amended Complaint found by the Court in its order dismissing TQD's charges relating to indirect infringement. TQD's Third Amended Complaint addresses those issues by adding more detailed allegations relating to: (a) the acts of direct infringement that 2Wire is and has been inducing and contributing to; (b) 2Wire's knowledge of the patents-in-suit or, alternatively, its willful blindness; (c) 2Wire's intent to induce its customers to use 2Wire's DSL products in a directly infringing manner; and (d) 2Wire's acts that constitute contributory infringement.

3.     None of the factors that might weigh against the policy of freely granting leave to file an amended pleading are present because this motion is occurring at the earliest stage of the

proceedings; is being filed without bad faith or dilatory motive; does not come on the heels of numerous attempts to cure a particular deficiency; will cause no undue prejudice to the defendants; and would not be futile.

## STATEMENT OF FACTS

The patents asserted in this matter relate to digital subscriber line ("DSL") technology, which is used to provide, e.g., high-speed broadband Internet access and video services via copper wires of a local telephone network.  Ex. A, Plaintiff's [Proposed] Third Amended Complaint at ¶ 7-8[1].  The products accused of infringement are customer premise equipment ("CPE") products, including DSL gateways that operate in accordance with various DSL-related standards ("DSL CPE Products").  *Id.* at ¶ 10.  2Wire directly infringes by "making, using, selling, offering to sell, or importing, without license or authority, DSL CPE Products."  *Id.* at, e.g., ¶ 18.  Generally speaking, 2Wire indirectly infringes by providing its DSL CPE Products, and instructions and support for such products, to telephone/broadband carriers (including, for example, AT&T) and such carriers' subscribers/customers (collectively, "Customers") knowing that its DSL CPE Products will be deployed and used in a DSL network to provide DSL service by operating in accordance with the DSL-related standards.  *Id.* at ¶¶ 12-14.

This is the first time TQD has amended its indirect infringement allegations.  TQD filed its First Amended Complaint in order to add new patents not asserted in its original Complaint. Defendant's First Motion to Dismiss asserted that 2Wire, not Pace Americas, LLC (fka Pace Americas, Inc.), is the corporate entity responsible for the accused products despite the fact that publicly available documents identified Pace Americas, Inc. as the source of the accused DSL

---

[1] In an effort to reduce the size of the filing, Exhibit A does not include the patents that will be attached to the proposed Third Amended Complaint as they are the same patents asserted in the Second Amended Complaint. Exhibit B is a redlined version of the proposed Third Amended Complaint comparing it to the Second Amended Complaint.  Exhibit B does not include any exhibits.

3

CPE Products.  *See* D.I. 15 at 4-5 and D.I. 16, Exs. A-F.  In view of this assertion, TQD moved for leave to amend its First Amended Complaint to name as defendants 2Wire and Pace plc (the ultimate parent of Pace Americas, LLC and 2Wire).  D.I. 20 at, e.g., 2.  The Court granted leave.  2/7/2014 Oral Order.  The parties subsequently stipulated and agreed to the dismissal without prejudice of Pace Americas, LLC.  D.I. 31.  Thus, prior pleading amendments by TQD have addressed the addition of patents and substitution of parties.

The Court's order dismissing the indirect infringement allegations of the Second Amended Complaint was the first time the Court has addressed such allegations in this case.  *See* D.I. 43.

TQD's proposed Third Amended Complaint adds more detailed allegations relating to 2Wire's acts of induced infringement and contributory infringement.  The TQD describes additional facts establishing a plausible case of inducement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c), including a description of the acts constituting direct infringement and the basis for 2Wire's knowledge of the patents-in-suit and knowledge that its products and actions cause direct infringement by its Customers.  *See, e.g.,* Third Amended Complaint at ¶¶ 7-35.  In addition, each Count as set forth in the Third Amended Complaint contains more detailed descriptions of 2Wire's acts of infringement.

In particular, the Third Amended Complaint adds further allegations regarding 2Wire's specific intent that its customers use its DSL CPE products in an infringing way and that the products are, in fact, directly used in an infringing manner.  The following example from TQD's proposed Third Amended Complaint indicates the additional detail that is provided for each count of induced infringement:

> 39. Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge or willful blindness of the

<blockquote>

existence of the '008 patent (<u>at least as of the service of the original Complaint and/or earlier as set forth in paragraphs 7-35 above</u>), Defendant, in violation of 35 U.S.C. § 271(b), has <u>knowingly</u> induced, and is inducing, the direct infringement of one or more claims of the '008 patent by selling, providing support for, and/or providing instructions for use of its DSL CPE Products <u>to Customers</u>[2], with the intent to encourage those Customers to <u>directly</u> infringe the '008 patent <u>by using Defendant's DSL CPE Products and practicing methods in accordance with the ITU-T VDSL2 (G.993.2) standard.  Defendant knows that its Customers infringe the '008 patent by the normal and intended use of Defendant's DSL CPE Products, including by use in accordance with the ITU-T VDSL2 (G.993.2) standard.</u>  *E.g.*,  http://www.pace.com/Documents/Products/Am/RG/5168n.pdf (example data sheet specifying that product is compliant with VDSL2 (G.993.2)).

40. <u>Prior to and after the filing of the Complaint herein, Defendant provided product literature and information specifying that certain of its DSL CPE Products operate in accordance with the ITU-T VDSL2 (G.993.2) standard, thereby indicating that Defendant specifically intended for its Customers to use the products in a way that would necessarily infringe standard-essential patent claims of the '008 patent. After the filing of the Complaint, Defendant continued to provide support for and instructions on how to use its DSL CPE Products in accordance with the aforementioned standard</u>.

</blockquote>

Third Amended Complaint at ¶¶ 39-40 (underlining indicates additional allegations that were not included in the same count in the Second Amended Complaint).

In addition, TQD added detailed allegations relating to 2Wire's contributory infringement, including additional details relating to 2Wire's intent and the acts of direct infringement.

<blockquote>

41. Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge or willful blindness of the existence of the '008 patent (at least as of the service of the original Complaint and/or earlier <u>as set forth in paragraphs 7-35 above</u>), Defendant, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '008 patent, by selling DSL CPE Products to its Customers in the United States for use in practicing the patented methods, knowing that its DSL CPE Products are material to practicing the claimed inventions, are not staple articles or

</blockquote>

---

[2] A definition of "Customers" was also added to the Third Amended Complaint.  Third Amended Complaint at ¶ 12 ("Defendant provides its DSL CPE Products to telephone/broadband carriers (including, for example, AT&T) and such carriers' subscribers/customers (collectively, "Customers") knowing that its DSL CPE Products will be deployed and used in a DSL network to provide DSL service by operating in accordance with the DSL Standards.").

> commodities of commerce suitable for substantial non-infringing use, and are especially made or especially adapted for use in an infringement of the '008 patent.  <u>Specifically, such discovery or investigation will likely show that Defendant sold its DSL CPE Products to Customers knowing that the products directly infringe the '008 patent when used for their normal and intended purpose, including by operating in accordance with ITU-T VDSL2 (G.993.2).  *See, e.g.*, http://www.pace.com/Documents/Products/Am/RG/5168n.pdf (example data sheet specifying that product is compliant with VDSL2 (G.993.2)).  The products are made for the specific purpose of operating according to the DSL Standards and have no substantial non-infringing use</u>.

Third Amended Complaint at ¶ 41 (underlining indicates additional allegations that were not included in the same count in the Second Amended Complaint).

The Third Amended Complaint includes substantial additional detail providing a plausible case that 2Wire had knowledge of the patents-in-suit at least as early as three alternative points in time – prior to infringement, after TQD attempted to negotiate a license with 2Wire, or since the filing of the original Complaint.  *See* Third Amended Complaint at ¶¶ 15-16 (filing of original Complaint); 17-25 (licensing negotiations); 26-33 (prior to infringement).  The Third Amended Complaint also provides substantial detail supporting an alternative, plausible case that 2Wire was willfully blind to the existence of the patents-in-suit and a high probability that its products would cause infringement thereof.  *See id.* at ¶¶ 34-35.

## ARGUMENT

### I. LEGAL STANDARD

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities.  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990).  Amendment should be allowed absent a

6

showing by the non-movant of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.   LIBERAL AMENDMENT POLICY FAVORS LEAVE FOR TQD'S THIRD AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In this case, TQD amended its complaint once to add patents and another time to name the proper corporate entity as a defendant (necessitated by Defendant's erroneous product brochures and the discrepancy between 2Wire's formal corporate name and the trade name under which it does business, "Pace Americas," and the trademark with which it brands its products, "Pace").

This is TQD's first attempt to amend what it believed were adequately pled charges of indirect infringement. The Court's order dismissing TQD's charges of indirect infringement as set forth in its Second Amended Complaint was the first time the Court has addressed the adequacy of TQD's indirect infringement claims. Given the liberal standard for amendment of pleadings and the evolving pleading standards for charges of indirect infringement, fundamental fairness dictates that TQD be given a chance to amend in response to the Court's first ruling on the issue.

## III.   TQD'S [PROPOSED] THIRD AMENDED COMPLAINT SUFFICIENTLY ALLEGES THAT 2WIRE INDIRECTLY INFRINGES

TQD's proposed Third Amended Complaint addresses the issues noted in the Court's order as it relates to TQD's claims for indirect infringement. TQD's Third Amended Complaint addresses those issues by, among other things, adding more detailed allegations relating to the

7

acts of direct infringement that 2Wire is and has been inducing, and adding more detailed allegations relating to 2Wire's specific intent that customers use its products in an infringing manner.  In addition TQD's proposed Third Amended Complaint adds more detailed allegations relating to its claims that 2Wire is and has been contributorily infringing the patents-in-suit.

> A. **TQD's Inducement Charges**

TQD sufficiently pleads that 2Wire is inducing infringement of TQD's patents-in-suit. Under a theory of induced infringement, "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  To prove induced infringement under § 271(b), "the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (citation and quotation marks omitted).  To establish a case for inducement, "[i]t is enough that the inducer 'cause[s], urge[s], encourage[s], or aid[s]' the infringing conduct and that the induced conduct is carried out."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012) (quoting *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1379 n.13 (Fed. Cir. 2011)).

Pace's motion to dismiss TQD's Second Amended Complaint argued that the pleading suffered from "no allegation of direct infringement," "fail[ing] to make a plausible contention that Pace knowingly induced infringement," and "fail[ing] to make a plausible contention that Pace possessed specific intent to encourage another's infringement."  D.I. 33 at 13.  TQD's proposed Third Amended Complaint addresses these alleged shortcomings, first by adding specific allegations of direct infringement.  The Third Amended Complaint at ¶ 39 states as follows:

> Customers . . . infringe the '008 patent, by operating Defendant's DSL CPE Products to practice and use methods in accordance with the ITU-T VDSL2

8

> (G.993.2) standard.  Defendant knows that its Customers infringe the '008 patent by the normal and intended use of Defendant's DSL CPE Products, including by use in accordance with the ITU-T VDSL2 (G.993.2) standard.  *E.g.*, http://www.pace.com/Documents/Products/Am/RG/5168n.pdf  (example  data sheet specifying that product is compliant with VDSL2 (G.993.2)).

*Id.*  The Third Amended Complaint at ¶ 12 specifies the directly infringing party or parties and the environment in which the directly infringing acts occur:  "Defendant provides its DSL CPE Products to telephone/broadband carriers (including, for example, AT&T) and such carriers' subscribers/customers (collectively, "Customers") knowing that its DSL CPE Products will be deployed and used in a DSL network to provide DSL service by operating in accordance with the DSL Standards."

TQD's Third Amended Complaint also "make[s] a plausible contention that Pace knowingly induced infringement" and "make[s] a plausible contention that Pace possessed specific intent to encourage another's infringement."  For example, TQD's Third Amended Complaint describes in detail 2Wire's actual knowledge at least as of the time of the filing of the original Complaint.  Third Amended Complaint at ¶¶ 15-16.  The Third Amended Complaint describes alternative factual bases for 2Wire's knowledge of the patents-in-suit gained from acts relating to TQD's attempts to negotiate a license with 2Wire.  *Id.* at ¶¶ 17-25.  Further, the Third Amended Complaint sets forth another alternative case for 2Wire's knowledge of the asserted patents prior to its infringement by virtue of reasonable steps taken in view of ITU-T standards, intellectual property policies and warnings, and TQD's multiple Patent Statement and Licensing Declarations ("PSLD") that put implementers of the DSL standards on notice that TQD owned standard-essential patents that would necessarily be infringed by products that practice the standards. *Id.* at ¶¶ 26-33.  Still further, the Third Amended Complaint describes how 2Wire must have acted with willful blindness if it did not have actual knowledge of the patents-in-suit

9

in view of the ITU-T standards, policies, and warnings, and TQD's PSLDs. *Id.* at ¶¶ 34-35. Such facts are pled in detail and satisfy the specificity requirements for pleading induced infringement.

Finally, the Counts of infringement also set forth 2Wire's specific intent to encourage its Customers' infringement. *See, e.g., id.* at ¶¶ 39-40 ("by selling, providing support for, and/or providing instructions for use of its DSL CPE Products to Customers, with the intent to encourage those Customers to directly infringe the '008 patent. . . . Defendant knows that its Customers infringe the '008 patent by the normal and intended use of Defendant's DSL CPE Products, including by use in accordance with the ITU-T VDSL2 (G.993.2) standard. . . . Defendant provided product literature and information specifying that certain of its DSL CPE Products operate in accordance with the ITU-T VDSL2 (G.993.2) standard, thereby indicating that Defendant specifically intended for its Customers to use the products in a way that would necessarily infringe standard-essential patent claims of the '008 patent. After the filing of the Complaint, Defendant continued to provide support for and instructions on how to use its DSL CPE Products in accordance with the aforementioned standard.").

Accordingly, TQD's proposed Third Amended Complaint sufficiently pleads induced infringement.

### B.  TQD's Contributory Infringement Charges

TQD's Third Amended Complaint sufficiently alleges that 2Wire contributorily infringes the patents-in-suit. To prove contributory infringement, a patentee must show that the defendant sold, or offered to sell, "a material or apparatus for use in practicing a patented process." 35 U.S.C. § 271(c). That "material or apparatus" must be a material part of the invention, have no substantial noninfringing uses, and be known by the party "to be especially made or especially

adapted for use in an infringement of such patent." *i4i Ltd. Partnership*, 598 F.3d at 850-51 (internal quotation marks omitted). Thus, "in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing." *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

Defendant's primary concern as set forth in its motion to dismiss was that "Plaintiff fails to allege, as it must, that the ISPs, their customers, another entity, or some combination thereof actually practices the patented methods and whether such practice would constitute direct infringement." D.I. 33 at 17. TQD's proposed Third Amended Complaint addresses these perceived shortcomings by describing the acts that constitute direct infringement as follows:

> Specifically, such discovery or investigation will likely show that Defendant sold its DSL CPE Products to Customers <u>knowing that the products directly infringe the '008 patent when used for their normal and intended purpose, including by operating in accordance with ITU-T VDSL2 (G.993.2). *See, e.g.,* http://www.pace.com/Documents/Products/Am/RG/5168n.pdf (example data sheet specifying that product is compliant with VDSL2 (G.993.2))</u>.

Third Amended Complaint at ¶ 41 (emphasis added). In addition, TQD also makes plausible allegations that there are no substantial non-infringing uses in the Third Amended Complaint. *Id.* ("The products are made for the specific purpose of operating according to the DSL Standards and have no substantial non-infringing use.").[3] 2Wire designs and manufactures its products to operate in accordance with industry standards covered by the patents-in-suit. Finally, TQD alleges that 2Wire contributorily infringed with knowledge of the patents. Third Amended Complaint at ¶ 41. Accordingly, TQD's Third Amended Complaint sufficiently pleads a claim for contributory infringement.

---

[3] Use as a paper weight does not constitute a substantial non-infringing use.

## IV. NONE OF THE RELEVANT FACTORS WEIGH AGAINST FREELY ALLOWING THE AMENDMENT

In the Third Circuit, Amendment should be allowed absent a showing by the non-movant of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182. Because none of these factors weigh against amendment, the Court should grant the present motion.

## V. CONCLUSION

For the reasons set forth above, TQD respectfully requests that the Court grant this motion for leave to amend the pleadings and to accept TQD's [Proposed] Third Amended Complaint for Patent Infringement.

DATED:  June 24, 2014                                  Respectfully submitted,

                                                       FARNAN LLP

                                                       /s/ Brian E. Farnan
                                                       Brian E. Farnan (Bar No. 4089)
                                                       Michael J. Farnan (Bar No. 5165)
                                                       919 North Market Street, 12th Floor
                                                       Wilmington, Delaware  19801
                                                       (302) 777-0300
                                                       (302) 777-0301 (Fax)
                                                       bfarnan@farnanlaw.com
                                                       mfarnan@farnanlaw.com

                                                       Peter J. McAndrews (admitted *pro hac vice*)
                                                       Timothy J. Malloy (admitted *pro hac vice*)
                                                       Thomas J. Wimbiscus (admitted *pro hac vice*)
                                                       Sharon A. Hwang (admitted *pro hac vice*)
                                                       Paul W. McAndrews (admitted *pro hac vice*)
                                                       Anna M. Targowska (admitted *pro hac vice*)
                                                       MCANDREWS, HELD & MALLOY, LTD.
                                                       500 West Madison Street, 34th Floor
                                                       Chicago, Illinois  60661

(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*