IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TQ DELTA, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>2WIRE, INC.,<br><br>        Defendant. | Civil Action No. 13-1835-RGA |

**ORDER**

**I. Plaintiff's Motion for Leave to File a Third Amended Complaint**

Plaintiff has moved for leave to file a third amended complaint. (D.I. 48). The motion is fully briefed. (D.I. 49, 54, 57). Previously, this Court granted a motion to dismiss indirect infringement claims in Plaintiff's second amended complaint. (D.I. 43). At the time, the Court explained that "[t]he claims merely track the statutory language." (D.I. 43).

The Plaintiff's motion to amend its complaint to include inducement claims is **GRANTED**. The Plaintiff's motion to amend its complaint to include contributory infringement claims, however, is **DENIED**.

**A. Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. The Third Circuit has explained that "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and

1

futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (internal citations omitted).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

**B. Analysis**

**1. Induced Infringement**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). The Supreme Court has held that "inducement liability may arise if, but only if, there is direct infringement." *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111, 2117 (2014) (internal quotation marks omitted) (internal citations omitted). "[I]nduced

infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). The Supreme Court has also held that the doctrine of willful blindness can apply for induced patent infringement under § 271(b), requiring (1) subjectively believing there is a high probability a fact exists and (2) taking deliberate actions to avoid learning that fact. *Id.* at 2069-71.

Plaintiff has properly alleged inducement because it makes specific allegations of directly infringing parties, products and acts. The products are said to operate in accordance with specified DSL standards. Defendant argues that Plaintiff has not plausibly pled indirect infringement because a customer merely using a product consistently with a standard does not establish direct infringement. (D.I. 54 at 9). Defendant relies in part on Federal Circuit case law to support the proposition that a standard with a mix of mandatory and optional requirements cannot be used alone to establish infringement. (D.I. 54 at 9). Defendant is correct that compliance consistent with a standard that has optional portions – by itself – does not necessarily establish infringement.[1] *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327-28 (Fed. Cir. 2010) ("We acknowledge, however, that in many instances, an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement. Or, as with the '952 patent, the relevant section of the standard is optional, and standards compliance alone would not establish that the accused infringer chooses to implement the optional section."). But whether or not infringement has been established, as opposed to plausibly alleged, is a question for another day. The standard's mix of mandatory and optional

---

[1] The parties appear to assume for the sake of this motion that the asserted patents are standards essential.

3

requirements does not undercut the plausibility of the direct infringement allegation. In particular, Plaintiff argues that its complaint alleges that the normal use of the product infringes by practicing the pertinent portions of the standard, regardless of whether they are mandatory or optional. (D.I. 57 at p. 2). Therefore, Plaintiff has provided a plausible claim for direct infringement by customers, even when considering that the standard may have both optional and mandatory portions.

Plaintiff has made a plausible showing that Defendant knowingly induced infringement and had the specific intent to encourage infringement. (D.I. 49 at p. 9). Plaintiff alleges that Defendant had actual knowledge at the time the original complaint was filed, or, in the alternative, that Defendant gained knowledge from Plaintiff's attempts to negotiate a license with Defendant. (D.I. 49 at p. 9). Plaintiff also alleges that Defendant had knowledge of the asserted patents because of reasonable steps it might have taken in light of certain DSL standards, which would have put Defendant on notice that Plaintiff had relevant patents. (D.I. 49 at p. 9). Defendant disputes that it had knowledge of the patents at issue prior to infringement, after the attempted negotiation, or since filing the complaint. (D.I. 54 at 11). Defendant argues, for example, that Plaintiff did not provide the specific patents for the appropriate database for the relevant standard. (D.I. 54 at 11). I do not think I need to decide exactly when the allegations rise to the level of knowledge since knowledge is plausibly pled as of the date an earlier complaint names a patent and alleges the Defendant infringed it with a product that complied with a named standard.

Plaintiff further alleges that Defendant has the specific intent to encourage infringement because Defendant knows its customers infringe Plaintiff's patent claims by operating in accordance with certain standards. (D.I. 49 at p. 10). The original complaint named most of the

4

patents. It is more than plausible that after receiving the complaint Defendant would have conducted reasonable investigation to determine the scope of the asserted patents, and that it thereafter intended for its customers to directly infringe the asserted patents.

### 2. Contributory Infringement

Section 271(c) reads: "Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271. To establish contributory infringement, a patent owner must show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Plaintiff alleges that Defendant knew that the products directly infringe the patent claims at issue, by their normal use and in accordance with the appropriate standard. (D.I. 49 at p. 11). Plaintiff merely states that the products are made for the specific purpose of operating in accordance with the standards, and therefore concludes that they have no substantial non-infringing use. (D.I. 49 at p.11). These conclusory statements are not adequately pled, because, as Defendant argues, the allegations are not plausible given the "mandatory/optional features of the standards and the substantial room for implementation-specific customization." (D.I. 54 at 23). Contributory infringement requires that there be no substantial noninfringing use. But Plaintiff has not plausibly pled that, especially considering the optional features of the standards.

In addition, the allegations that the DSL CPE products are a "material part of the invention" continues to be stated in conclusory terms. Therefore, the contributory infringement claim has not been adequately pled.

### III. Plaintiff's Motion to Dismiss Defendant's Counterclaim III

Plaintiff has also moved to dismiss Defendant's Counterclaim III for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (D.I. 50). It is fully briefed. (D.I. 51, 56, 58). For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff argues that Defendant's breach of contract counterclaim fails to plead facts to demonstrate that Defendant was entitled to the benefits of Plaintiff's agreement with ITU, a standards-setting organization. (D.I. 51 at p. 10). In another of the cases filed by Plaintiff involving a similar breach of contract counterclaim, the Court denied a nearly identical motion to dismiss the contract claim. (D.I. 56 at 8; *TQ Delta LLC v. ZyXEL Communications Inc.*, 13-cv-02013-RGA, D.I. 35). Similarly, here, the Court believes Defendant has sufficiently alleged that it was a third-party beneficiary of a contract and that Plaintiff failed to negotiate a license in good faith. Finally, Plaintiff perplexingly argues that resolution of Defendant's counterclaim would result in an advisory opinion, and that this Court therefore lacks subject matter jurisdiction, because Defendant has not and will not accept a license on the adjudicated terms. (D.I. 51 at 17). The Court disagrees. The resolution of this issue would not result in an advisory opinion or be a waste of judicial resources because Defendant seeks relief for a breach of a contract claim, including damages. Therefore, the motion to dismiss the counterclaim is denied.

IT IS SO ORDERED.

Entered this 26 day of March, 2015.

*Richard G. Andrews*
United States District Judge