IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLANTIFF TQ DELTA, LLC'S ANSWER
TO DEFENDANT 2WIRE, INC.'S COUNTERCLAIMS**

Plaintiff, TQ Delta, LLC ("TQ Delta"), by and through its attorneys, answers Counterclaims of Defendant 2Wire, Inc. ("2Wire") below.

**TQ DELTA'S ANSWER TO 2WIRE'S COUNTERCLAIMS**

1. Admitted.

2. Denied to the extent it is alleged that "TQ Delta purports to be a Texas limited liability company." TQ Delta is a Delaware limited liability company; otherwise, the allegations of paragraph 2 are admitted.

**JURISDICTION AND VENUE**

3. TQ Delta admits that 2Wire alleges that this is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. TQ Delta further admits that this Court has jurisdiction to resolve the present dispute relating to 2Wire's acts of patent infringement. Denied as to Counterclaim III for the

1

reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and opening brief in support thereof.

4. Admitted.

5. TQ Delta admits that 2Wire alleges that this District is not the most appropriate or convenient forum in which to lay venue in this case. TQ Delta also admits that this venue is an appropriate forum for resolution of Counterclaims I and II relating to 2Wire's acts of infringement; otherwise denied.

6. Admitted.

7. TQ Delta admits that 2Wire denies infringement and asserts invalidity of the patents. TQ Delta denies that the patents are not infringed and denies that the patents are invalid.

8. Admitted.

## FACTUAL ALLEGATIONS

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof. (D.I. 50, 51, and 58.)

13. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof. (D.I. 50, 51, and 58.)

14. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

15. Admitted, but incomplete for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

16. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.).

17. Admitted, but incomplete for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

18. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

19. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

20. TQ Delta admits that it filed this lawsuit on November 4, 2013; otherwise denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

## COUNTERCLAIM I
### (Declaratory Judgment of Invalidity)

21. TQ Delta restates and incorporates by reference its answers to Paragraphs 1–20 above as if fully set forth herein.

22. Denied.

## COUNTERCLAIM II
### (Declaratory Judgment of Non-Infringement)

23. TQ Delta restates and incorporates by reference its answers to Paragraphs 1–20 above as if fully set forth herein.

24. Denied.

## COUNTERCLAIM III
## (Breach of Contract)

25. TQ Delta restates and incorporates by reference its answers to Paragraphs 1–20 above as if fully set forth herein.

26. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

27. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

28. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

29. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

30. Denied for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

31. Denied that TQ Delta breached any contract for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)  TQ Delta is without sufficient information to admit or deny the other alleged facts and on that basis denies.

32. Denied.

33. Denied.

34. Admitted that "2Wire seeks an award of specific performance requiring TQD to submit to 2Wire a license offer that is capable of acceptance by 2Wire for a license on FRAND terms and conditions determined by the Court for the Asserted Patents."  TQ Delta denies that such an award is appropriate for the reasons set forth in TQ Delta's

Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

35. Admitted that 2Wire alternatively "2Wire seeks an award of specific performance requiring TQD to submit to 2Wire a license offer that is capable of acceptance by 2Wire for a license on FRAND terms and conditions determined by the Court for TQD's portfolio of United States patents that TQD has alleged are essential to ITU standards." TQ denies that such award is appropriate for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)

36. Denied as to any alleged failure to abide by contractual obligations by filing the instant lawsuit for the reasons set forth in TQ Delta's Motion to Dismiss Counterclaim III and briefing in support thereof.  (D.I. 50, 51, and 58.)  TQ Delta is without sufficient information about 2Wire's fee arrangement to admit or deny and on that basis also denies that 2Wire has expended attorneys' fees and related litigation costs.  Admitted that 2Wire "seeks monetary damages in amount equal to the attorneys' fees and related litigation costs that it has incurred in defending against the allegations in the SAC[;]" otherwise denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Waiver)

2Wire has waived the right to assert any alleged contractual claims against TQ Delta.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2Wire is estopped from asserting the alleged contractual claims against TQ Delta.

### THIRD AFFIRMATIVE DEFENSE
### (Repudiation)

2Wire has repudiated or rejected the alleged contractual benefits it seeks to enforce.

### FOURTH AFFIRMATIVE DEFENSE
### (Anticipatory Breach)

2Wire has anticipatorily breached the alleged contract with TQ Delta at least by refusing to accept a license on FRAND terms and conditions, and refusing to negotiate in good faith.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of irreparable harm)

2Wire is not entitled to injunctive relief or specific performance at least because it has no irreparable injury and it has adequate remedies at law.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of reliance)

2Wire's lack of reliance bars its counterclaim.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

2Wire failed to mitigate any alleged damages or harm at least by refusing to negotiate in good faith for a license to TQ Delta's patents.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

2Wire's counterclaim is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2Wire has failed to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE
### (Failure of consideration)

2Wire's breach of contract claim is barred due to a failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

2Wire's breach of contract claim fails to the extent the alleged contract is not in writing.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure of Performance/Condition Precedent)

2Wire's breach of contract claim is barred because 2Wire failed to perform and/or failed to satisfy a condition precedent.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The relief requested by 2Wire is barred by 2Wire's unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Privilege)

2Wire's counterclaim or the relief requested is barred by applicable privileges, including fair competition and the litigation privilege.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Noerr-Pennington)

2Wire's counterclaim or the relief requested thereby is barred by the Noerr-Pennington doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, TQ Delta, respectfully requests that the following relief:

A. That the Court enter judgment in favor of TQ Delta that Defendant have infringed TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '706 patent, '511 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent; '381 patent, '882 patent, '048 patent, '473 patent, and '890 patent;

B. That the Court enter an order declaring that Plaintiff has complied with any RAND obligations and further enter a permanent injunction under 35 U.S.C. § 283 enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringement of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '706 patent, '511 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '381 patent, '882 patent, '048 patent, '473 patent, and '890 patent;

C. That the Court enter a judgment and order under 35 U.S.C. § 284 requiring Defendant to pay TQ Delta its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '706 patent, '511 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '381 patent, '882 patent, '048 patent, '473 patent, and '890 patent;

D.       That the Court find this case exceptional under 35 U.S.C. § 285, and award TQ Delta its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and

E.       That the Court grant TQ Delta such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

TQ Delta, pursuant to Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

Respectfully submitted,

FARNAN LLP

Date: April 9, 2015

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Peter J. McAndrews (admitted pro hac vice)
Timothy J. Malloy (admitted pro hac vice)
Thomas J. Wimbiscus (admitted pro hac vice)
Sharon A. Hwang (admitted pro hac vice)
Paul W. McAndrews (admitted pro hac vice)
Anna M. Targowska (admitted pro hac vice)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

Counsel for Plaintiff TQ Delta, LLC