# Morgan Lewis

Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, DE 19801
Tel. +1.302.574.3000
Fax: +1.302.574.3001
www.morganlewis.com

**Colm F. Connolly**
Partner
+1.302.574.7290
cconnolly@morganlewis.com

October 16, 2015

**BY ELECTRONIC FILING**

The Honorable Richard G. Andrews
U.S. District Court Judge
U.S. District Court of the District of Delaware
844 King Street
Wilmington, DE 19801

Re:  **TQ Delta, LLC v. 2Wire, Inc. - C.A. No. 13-cv-1835-RGA;
TQ Delta, LLC v. Zhone Technologies, Inc. - C.A. No. 13-cv-1836-RGA;
TQ Delta, LLC v. ZyXEL Communications, Inc. et al. - C.A. No. 13-cv-2013-RGA**

Dear Judge Andrews:

In advance of the Discovery Conference scheduled for October 20, at 11:00 a.m. in the above-referenced matters, this letter is submitted by the defendants in each case: 2Wire, Inc. ("2Wire"), ZyXEL Communications, Inc., ZyXEL Communications Corporation (collectively, "ZyXEL"), and Zhone Technologies, Inc. ("Zhone") (collectively, the "defendants").

Plaintiff TQ Delta, LLC ("TQ Delta") has refused to fully and completely respond to critically important discovery regarding a threshold issue in this case: whether the patents it asserts against the defendants are essential to the implementation of the DSL standards on which it alleges the claims of the patents read, and whether the claims are subject to FRAND licensing obligations. TQ Delta's infringement case hinges on whether its claims read on these standards, so the requested discovery is a critical step toward resolving this case. This discovery is highly relevant to, among other issues, the scope, complexity, and value of the case for both TQ Delta and the defendants, and will guide any subsequent discovery into damages. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014). TQ Delta's discovery responses fail to provide its position on these threshold questions.

The Honorable Richard G. Andrews
October 16, 2015
Page 2

## I. Background

The defendants served interrogatories and requests for admission on October 17, 2014 asking generally for TQ Delta's contentions – and the facts supporting those contentions – with respect to whether TQ Delta's patents and claims are essential to the implementation of the standards TQ Delta alleged the defendants' accused products use, and whether those patents and claims are subject to FRAND licensing obligations.

TQ Delta served its responses on November 17, 2014, and failed to provide responsive and complete responses to any of the Requests for Admission. *See* Exhibit A, TQ Delta LLC's Responses to the Defendants' First Set of Joint Requests for Admission. Similarly, for the Interrogatories, TQ Delta interposed numerous objections, and provided legal arguments, but did not provide the factually responsive information requested by the interrogatories. *See* Exhibit B, TQ Delta LLC's Responses to the Defendants' First Set of Joint Interrogatories.

The parties met and conferred about these deficiencies, and TQ Delta agreed to supplement its responses to Interrogatory Nos. 5 and 6, and the parties have reached a tentative agreement with respect to TQ Delta's response to Interrogatory No. 2. But the parties are at impasse with respect to the RFA responses and responses to Interrogatory Nos. 1, 3 and 4.

## II. TQ Delta Should Be Required to Fully Respond to Defendants' Requests for Admission.

Defendants' Joint RFA No. 1 asks TQ Delta to "[a]dmit that U.S. Patent No. 8,090,008 is subject to a FRAND licensing obligation with respect to any Standard." *See* Exh. A, at RFA No. 1. The remaining RFAs ask the same about each of the other 31 asserted patents. TQ Delta's response to each was nearly identical and not responsive.

First, TQ Delta's objections to the RFAs (and to other standards discovery) based on its argument that the defendants bear the burden of proof on this issue are baseless. Even assuming, solely for purposes of argument, that the defendants bear the burden of proof on this issue, defendants are nonetheless entitled to a factual response to this RFA. *See McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007) (compelling responses where the plaintiff "appears to confuse [Defendant's] ultimate burden to establish [an issue] with Epic's right to discover information necessary to discharge that burden . . . .").

Second, TQ Delta's argument that "[n]one of the Defendants applied for a license or negotiated in good faith and, therefore, any FRAND obligation TQ Delta may have does not apply to the Defendants" is, again, legal argument that is not factually responsive to the interrogatory (and incorrect). TQ Delta is simply avoiding answering the RFAs by making legal arguments.

The Honorable Richard G. Andrews
October 16, 2015
Page 3

Third, TQ Delta's statement that it "is only required to negotiate a FRAND license for products that comply with the DSL standard(s) . . . for which TQ Delta's claims are determined to be essential" is just more legal argument that is not factually responsive to the RFAs (though it clearly confirms the relevance of this discovery).

Fourth, TQ Delta's repeated assertion that "any claim . . . found essential to the operation of any of the standard for which TQ Delta . . . submitted a Patent Statement and Licensing Declaration ("PSLD") to the ITU-T is subject to a FRAND obligation" simply restates the RFA without answering it. That is the question TQ Delta was asked and must be compelled to respond to: whether the claims it is trying to read on the DSL standards are essential and, therefore, subject to a FRAND licensing obligation.

### III. TQ Delta Should Be Required to Fully Respond To Defendants' Interrogatories.

TQ Delta's responses to the defendants' interrogatories similarly avoid responding to the questions asked. Interrogatory No. 1 asks for the facts supporting any contention by TQ Delta that the asserted patents are not subject to a FRAND obligation. As with the RFAs, TQ Delta again interposes similar objections to the RFAs, avoids responding to the question, and fails to explain why any particular asserted patent is not subject to a FRAND obligation.

TQ Delta has also failed to respond to Interrogatory No. 3, which asks for the royalty rate that TQ Delta asserts should be paid for each of the asserted patents. This interrogatory is not premature – this case has been pending for nearly two years, and TQ Delta should provide its contentions with respect to the appropriate royalty rate, particularly if TQ Delta contends that its patents are standard-essential and subject to FRAND licensing obligations. *See, e.g., Wesley-Jessen Corp. v. Pilkington VisionCare, Inc.*, 844 F. Supp. 987, 990 (D. Del. 1994) (compelling responses to contention interrogatories). Nor is it appropriate for TQ Delta to object that it needs expert opinion testimony to answer the question – if it does not presently know the appropriate royalty rate for its patents, then it should provide that factual response.

With respect to Interrogatory No. 4, TQ Delta has refused to identify the PSLD statements it or its predecessor provided to the relevant standards body (the ITU-T) in which the asserted patents were disclosed to the ITU-T. TQ Delta's argument that the ITU-T does not require identification of specific patents under certain circumstances is not responsive, as the ITU-T's policies do not govern discovery in this action. Merely pointing generally to its ITU-T disclosures is not sufficient – if TQ Delta's asserted patents were identified to the ITU-T, whether they were specifically identified or not, the defendants are entitled to this information.

For two years, TQ Delta has been asserting that its patent claims read on the DSL standards and, therefore, products that comply with those standards must infringe its claims. Notwithstanding that approach, TQ Delta is trying to avoid admitting that the asserted patent claims are standard essential and subject to FRAND licensing obligations. TQ Delta has been

The Honorable Richard G. Andrews
October 16, 2015
Page 4

trying to have it both ways. The defendants respectfully request that TQ Delta be required to respond fully and completely to Defendants' Joint Requests for Admission, Nos. 1-32, and Joint Interrogatories Nos. 1, 3 and 4.

We look forward to discussing these issues with the Court on October 20.

Respectfully submitted,

*/s/ Colm F. Connolly*

Colm F. Connolly
Bar ID No. 3151

CFC/lmg

Exhibits

cc:   Counsel of Record (Via CM/ECF)