IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1835-RGA |
| PACE PLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1836-RGA |
| ZHONE TECHNOLOGIES INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-2013-RGA |
| ZYXEL COMMUNICATIONS INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Non-party Broadcom has filed a motion to redact (No. 13-1835, D.I. 209; No. 13-1836, D.I. 194; No. 13-2013, D.I. 209) a transcript of a hearing. It is unopposed. I consider the motion in light of a prior thoughtful decision of this Court, to wit, *Mosaid Tech Inc. v. LSI Corp*, 878

F.Supp.2d 503 (D.Del. 2012) (Burke, M.J.).

The party seeking to seal has to establish good cause. Good cause requires a showing that "disclosure will work a clearly defined and serious injury to [that party]. The injury must be shown with specificity." *Id.* at 507 (alteration in the original; citations and internal quotation marks omitted). Or, in other words, the party seeking to seal judicial records must demonstrate "a compelling interest" in shielding those materials from public view. *Id.* at 508. Among other things, I have considered the various factors, to the extent relevant, set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), Courts should consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefitting from the order is a public entity or official; and (7) whether the case involves issues important to the public.

*Mosaid*, 878 F.Supp.2d at 508 n.2 (citing *Pansy*).

Broadcom has not submitted an affidavit or declaration in support of its motion.

Once information is disclosed in a judicial proceeding, it is in the public interest to be able to understand the proceedings before a judge, and redaction of the transcript hinders that public interest. Nevertheless, there are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology. Information in a transcript may hint at some of these things without actually threatening any "clearly defined and serious injury." Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding. Further, if there is a need for redactions, the proposed redactions should be as narrow as possible.

I **DENY** the motion to redact as submitted. It is not supported by anything other than argument. The proposed redactions are significantly broader than would be necessary even were there some redaction-worthy disclosures in the transcript. In my opinion, there are redactions that I would be inclined to grant (sometimes only in part) at pages 6, 7, 8, 14, 45, 48, 54, 59, 71, 73, 75, 76, 78, 86, 97, 101, and 118. I request Delaware counsel make arrangements to view my marked-up transcript, and submit a correspondingly redacted transcript.

IT IS SO ORDERED this 28 day of April, 2016.

Richard G. Andrews
United States District Judge