## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br>　　　　Plaintiff,<br><br>v.<br><br>2WIRE, INC.,<br>　　　　Defendant. | C.A. No. 13-cv-1835-RGA<br><br>**JURY TRIAL DEMANDED** |
| TQ DELTA, LLC,<br>　　　　Plaintiff,<br><br>v.<br><br>ZHONE TECHNOLOGIES, INC.,<br>　　　　Defendant. | C.A. No. 13-cv-1836-RGA |
| TQ DELTA, LLC,<br>　　　　Plaintiff,<br><br>v.<br><br>ZYXEL COMMUNICATIONS, INC.<br>and ZYXEL COMMUNICATIONS<br>CORPORATION,<br><br>　　　　Defendants. | C.A. No. 13-cv-2013-RGA |

## STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON-PARTY QUALCOMM INCORPORATED, PLAINTIFF, AND ALL DEFENDANTS

WHEREAS, The Honorable Richard G. Andrews, United States District Judge, entered substantially identical Protective Orders to govern discovery in the above-captioned three related cases pending before Judge Andrews in the United States District Court for the District of Delaware. *See TQ Delta v. 2Wire*, C.A. No. 13-cv-01835-RGA ("the *2Wire* case") (D.I. 72 entered October 6, 2014); *TQ Delta v. Zhone*, C.A. No. 13-cv-01836-RGA ("the *Zhone* case") (D.I. 33 entered October 6, 2014); and *TQ Delta v. ZyXEL*, C.A. No. 13-cv-02013-RGA ("the

*ZyXEL* case") (D.I. 55 entered October 6, 2014).

WHEREAS, Qualcomm Incorporated ("QUALCOMM"), a non-party to this action, may produce confidential source code, schematics, and other documents in this action that include or incorporate CONFIDENTIAL INFORMATION belonging to QUALCOMM ("QUALCOMM Confidential Information");

WHEREAS the Parties and Non-Party QUALCOMM have agreed to additional provisions to protect against misuse or disclosure of such QUALCOMM Confidential Information;

WHEREFORE, IT IS HEREBY ORDERED that source code, schematics, or documents that incorporate QUALCOMM Confidential Information produced in connection with the above-captioned matters that are designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to the following terms of this Supplemental Protective Order as well as the Protective Orders already entered in the Delaware Cases:

**A.    Definitions**

1.    "QUALCOMM MATERIAL": Confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate Non-Party QUALCOMM Confidential Information, that Non-Party QUALCOMM (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.  QUALCOMM MATERIAL includes all information, documents, source code, schematics, testimony, and things produced, served, or otherwise provided in this

2

action by any Party or by Non-Party QUALCOMM, that include or incorporate QUALCOMM Confidential Information.

2.       "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" material: information, documents, and things that include or incorporate QUALCOMM MATERIAL.

3.       "Source Code":  includes human-readable programming language text that defines software, firmware, (collectively, "software Source Code") and integrated circuits ("hardware Source Code").  Text files containing Source Code shall hereinafter be referred to as "Source Code files."  Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages.  Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

4.       "Chip-Level Schematics":  means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

5.       "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material:  QUALCOMM MATERIAL that includes Source Code and Chip-Level Schematics that constitute proprietary technical or commercially sensitive competitive information that Non-Party QUALCOMM maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Non-Party

QUALCOMM.  This includes Source Code and Chip-Level Schematics in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

6.      "Designated QUALCOMM Material": material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

7.      "Designated Source Code Material": material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

8.      "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action.  For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

9.      "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

10.     "Producing Party" means a party or non-party that discloses or produces Designated QUALCOMM Material in the above-captioned actions.

11.     "Receiving Party" a Party that receives Designated QUALCOMM Material from a Producing Party in the above-captioned actions.

12.     "Authorized Reviewer(s)" shall mean persons authorized to review "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM – OUTSIDE

4

ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material in accordance with this Supplemental Protective Order and the Protective Order.

13.     "Counsel of Record": (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

14.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or 4) Non-Party QUALCOMM.

15.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or 4) Non-Party

5

QUALCOMM. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.      Relationship to Protective Order**

16.      This Supplemental Protective Order shall not diminish any existing restriction with respect to Designated QUALCOMM Material. The Parties and QUALCOMM acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective Order entered in this action on April 21, 2015 in the United States District Court, Eastern District of Texas, in this action. The Protective Order applies to all material designated pursuant to this Supplemental Protective Order. To the extent that there is any confusion or conflict between protective orders with respect to Designated QUALCOMM Material, then this Supplemental Protective Order governs.

17.      In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to obligations with respect to "RESTRICTED CONFIDENTIAL SOURCE CODE" materials outlined in the Protective Order.

18.      In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to obligations with respect to "RESTRICTED – ATTORNEYS' EYES ONLY" material outlined in the Protective Order.

**C.      Scope**

19.      The protections conferred by this Supplemental Protective Order cover not only Designated QUALCOMM Material (as defined above), but also any information copied or

6

extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders. Identification of any individual pursuant to this Supplemental Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or General Orders.

20.     This Supplemental Protective Order shall not prevent a disclosure to which Non-Party QUALCOMM consents in writing before that disclosure takes place.

21.     This Supplemental Protective Order shall apply to all Designated QUALCOMM Material that is produced or provided for inspection in this action, including all Designated QUALCOMM Material that is in the possession, custody or control of QUALCOMM or any Party in these actions, or that is otherwise relevant to these actions.

**D.     Access to Designated QUALCOMM Material**

22.     Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" only to:

   a.   Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

   b.   Counsel of Record;

   c.   Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this

7

Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

e.      Court reporters and videographers employed in connection with this action; and

f.      Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception:

8

Designated QUALCOMM Material shall not be disclosed to mock jurors without Non-Party QUALCOMM's express written consent;

g.     The Court and its personnel.

23.     Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material:  Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document, or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" only to:

a.     Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

b.     Counsel of Record;

c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have,

after the date of this Supplemental Protective Order, signed the

"Acknowledgement And Agreement To Be Bound By Supplemental

Protective Order Governing Confidential Information of Non-Party

Qualcomm In This Case" attached hereto as Exhibit A, and the

"Certification Of Consultant Re Supplemental Protective Order Governing

Confidential Information of Non-Party Qualcomm In This Case," attached

hereto as Exhibit B, as well as any arbitrator's or mediator's staff who

have also signed Exhibits A and B, provided, however, that before such

disclosure, QUALCOMM is provided notice including: (a) the

individual's name and business title; (b) business address; (c) business or

professions; and (d) the individual's CV. QUALCOMM shall have five

(5) business days from receipt of the notice to object in writing to such

disclosure (plus three (3) extra days if notice is given other than by hand

delivery, e-mail delivery or facsimile transmission). After the expiration

of the 5 business days (plus 3 days, if appropriate) period, if no objection

has been asserted, then "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE" materials may be

disclosed pursuant to the terms of this Supplemental Protective Order;

e.      Court reporters and videographers employed in connection with this

action, subject to the provisions provided in subparagraph 33(g) herein;

f.      Professional Vendors to whom disclosure is reasonably necessary for this

action, and a representative of which has signed the "Acknowledgement

And Agreement To Be Bound By Supplemental Protective Order

10

Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated QUALCOMM Material shall not be disclosed to mock jurors without Non-Party QUALCOMM's express written consent; and

g. The Court and its personnel.

24. Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

25. Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to mock jurors.

26. Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Producing Party, Designated QUALCOMM Material may not be disclosed to any in-house counsel for the Receiving Party.

27. The Parties acknowledge that Designated QUALCOMM Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated QUALCOMM Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government

11

authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

28.     Receiving Party may host "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party. "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated pursuant to subparagraphs 22(c) and 23(c) above. To the extent that any "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means. "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" may not be transmitted by electronic means.

29.     Each person to whom Designated QUALCOMM Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated QUALCOMM

Material is disclosed to him or her.  Counsel for the Receiving Party who makes any disclosure of Designated QUALCOMM Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party QUALCOMM at the termination of this action.

30.     Absent written permission from Non-Party QUALCOMM, persons not permitted access to Designated QUALCOMM Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated QUALCOMM Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated QUALCOMM Material from disclosure to persons not authorized to have access to such Designated QUALCOMM Material.  Any Party intending to disclose or discuss Designated QUALCOMM Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

**E.     Access By Outside Consultants**

31.     **Notice.** If a Receiving Party wishes to disclose Designated QUALCOMM Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated QUALCOMM Material, provide notice to counsel for Non-Party QUALCOMM, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with Non-Party QUALCOMM or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and

13

copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, that have both been signed by that Outside Consultant.

32. **Objections.** With respect to Outside Consultants that have not been previously disclosed to Non-Party QUALCOMM, Non-Party QUALCOMM shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 31 to the Producing Party, to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Non-Party QUALCOMM, then Designated QUALCOMM Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by Non-Party QUALCOMM must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Non-Party QUALCOMM. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Non-Party QUALCOMM, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Non-Party Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent

resolution of the objection for good cause by Receiving Party and Non-Party QUALCOMM, the

discovery material shall not be disclosed to the person objected to by Non-Party QUALCOMM.

**F.     Production of QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE Material**

33.    Non-Party QUALCOMM's Source Code and Chip-Level Schematics:

a.     To the extent that a Producing Party makes Non-Party QUALCOMM's

Source Code or Chip-Level Schematics available for inspection:

(i) The Producing Party shall make all relevant and properly requested

Non-Party QUALCOMM Source Code available electronically and in text

searchable form in a separate room at a secure facility selected by or

approved by Non-Party QUALCOMM.  The Producing Party shall make

the Source Code available for inspection on a stand-alone, non-networked

personal computer running a reasonably current version of the Microsoft

Windows operating system ("Source Code Computer").  Alternatively,

solely at the option of the Producing Party, the Producing Party may make

such source code available on a Source Code Computer that is networked,

in a configuration deemed secure by Non-Party QUALCOMM.  The

Source Code Computer shall be configured to permit review of the Source

Code through a password-protected account having read-only access.  To

facilitate review of the Source Code at the secure facility, the Receiving

Party may use appropriate tool software on the Source Code Computer,

which shall be installed by the Producing Party, including at least one text

editor like Visual Slick Edit that is capable of printing out Source Code

with page and/or line numbers, a source code comparison tool like Araxis

15

Merge, and at least one multi-text file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party.

(ii) The Producing Party shall make all relevant and properly requested Chip-Level Schematics available for inspection electronically on the Source Code Computer in a secure room at a secure facility selected by Non-Party QUALCOMM. The Producing Party shall ensure that the Source Code Computer includes software sufficient to allow a user to view such electronic Chip-Level Schematics.

b.  The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the secure facility.

c.  The Source Code Computer shall be equipped to allow printing of the Source Code and Chip-Level Schematics made available for inspection by the Producing Party. Copies of Source Code and Chip-Level Schematics shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the Source Code or Chip-Level Schematics to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, the Receiving Party may not print any continuous block of source code that results in more than 50 consecutive printed pages, except that Authorized Reviewer(s)

16

may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party. Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within four (4) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated. Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of Source Code or Chip-Level Schematics. No more than 10% or 500 pages of the total Source Code (not including copies of original printouts) whichever is greater, for any software release (or in the case of hardware Source Code, for any hardware product), no more than 500 pages of Chip-Level Schematics, and no continuous blocks of Source Code or Chip-Level Schematics that exceed 50 pages, may be in printed form at any one time, without the express written consent of Non-Party QUALCOMM, which shall not be unreasonably denied. All printed Source Code and Chip-Level Schematics shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 33 (i) below. No additional electronic copies of the Source Code or Chip-Level Schematics shall be provided by the Producing Party. Hard copies of the Source Code or Chip-Level Schematics also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR")

17

technology. Only printouts of Source Code and Chip-Level Schematics
may be made, and such printouts must include (1) directory path
information and filenames from which the Source Code and Chip-Level
Schematics came and (2) line numbers. The Producing Party may refuse
to provide copies of Source Code and Chip-Level Schematics printouts
that fail to comply with this section.

d.    Authorized Reviewer(s) in this action shall not print Source Code or Chip-
Level Schematics which have not been reviewed on the Source Code
Computer, or in order to review the Source Code or Chip-Level
Schematics elsewhere in the first instance, i.e., as an alternative to
reviewing that Source Code or Chip-Level Schematics electronically on
the Source Code Computer, as the Parties and QUALCOMM
acknowledge and agree that the purpose of the protections herein would be
frustrated by such actions.

e.    Authorized Reviewer(s) are prohibited from bringing outside electronic
devices, including but not limited to laptops, floppy drives, zip drives, or
other hardware into the secure room. Nor shall any cellular telephones,
personal digital assistants (PDAs), Blackberries, cameras, voice recorders,
Dictaphones, external or portable telephone jacks or other outside
electronic devices be permitted inside the secure room, except for medical
devices, implants, or equipment reasonably necessary for any legitimate
medical reason.

18

f.    If any Authorized Reviewer(s) reviewing Non-Party QUALCOMM's
      Source Code or Chip-Level Schematics seeks to take notes, all such notes
      will be taken on bound (spiral or other type of permanently bound)
      notebooks.  No loose paper or other paper that can be used in a printer
      may be brought into the secure room.

g.    In the event copies of Source Code or Chip-Level Schematic printouts are
      used as exhibits in a deposition, additional copies may be made for the
      witness and outside counsel for the parties.  The printouts shall not be
      provided to the court reporter, except that the one copy for the witness
      which will be used as an exhibit can be provided to the court reporter for
      the purpose of marking the exhibit, and the further copies of the original
      QUALCOMM Source Code or Chip-Level Schematics printouts made for
      the deposition or trial shall be destroyed at the conclusion of the
      deposition or trial.  The original copies of deposition exhibits designated
      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –
      CONFIDENTIAL SOURCE CODE" will be maintained by the deposing
      party under the terms set forth in this Supplemental Protective Order.

h.    In addition to other reasonable steps to maintain the security and
      confidentiality of Non-Party QUALCOMM's Source Code and Chip-
      Level Schematics, printed copies of the Designated Source Code Material
      maintained by the Receiving Party must be kept in a locked storage
      container when not being actively reviewed or otherwise being transferred

19

as permitted by the Protective Order and/or this Supplemental Protective Order.

i.  The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of each Producing Party's QUALCOMM Source Code or Chip-Level Schematics is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Non-Party QUALCOMM the log.  In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the QUALCOMM Source Code or Chip-Level Schematics were provided must certify in writing that all copies of the QUALCOMM Source Code or Chip-Level Schematics were destroyed or returned to the counsel who provided them the information and that they will make no use of the Source Code or Chip-Level Schematics, or of any knowledge gained from the source code in any future endeavor.

## G.  Procedure for Designating Materials

34.  Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, any Party or Non-Party QUALCOMM may:  designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" information that it believes, in good faith, meets the definition set forth in paragraph 5 above.

35.　Except as provided above in paragraph 33 with respect to "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material, any

material, including (including physical objects) made available by Non-Party QUALCOMM for

initial inspection by counsel for the Receiving Party prior to producing copies of selected items

shall initially be considered, as a whole, to constitute "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, Non-

Party QUALCOMM shall have seven (7) calendar days from the inspection to review and

designate the appropriate documents as "QUALCOMM – OUTSIDE ATTORNEYS' EYES

ONLY" prior to furnishing copies to the Receiving Party.

　　　　a.　Any disagreement with regard to designations of QUALCOMM Material

under this supplemental protective order shall be governed by Section 6 of

the Protective Orders entered in the Delaware Cases.

36.　Designation in conformity with the Protective Order and this Supplemental

Protective Order shall be made as follows:

　　　　a.　For information in documentary (including "electronically stored

information") form (apart from transcripts of depositions or other pretrial

or trial proceedings): the Designating Party shall affix the legend

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –

CONFIDENTIAL SOURCE CODE" conspicuously on each page that

contains Protected Material.

　　　　　　A party or non-party that makes original documents or materials

available for inspection need not designate them for protection until after

21

the Receiving Party has indicated which material it would like copied or

produced.  Before and during the inspection, all material made available

for inspection shall be deemed "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY."  After the Receiving Party has identified

the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection

under this Order and, before producing the specified documents, the

Producing Party must affix the appropriate legend to each page that

contains Designated QUALCOMM Material.

b.      For Testimony Given in Deposition:  For deposition transcripts, the

Designating Party shall specify any portions of the testimony that it wishes

to designate, by line and page number, no later than 20 business days after

the final transcript of the deposition has been received.  The Party or Non-

Party may identify the entirety of the transcript as "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE

CODE," but all deposition transcripts not designated during the deposition

will nonetheless be treated as "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE,"

until the time within which it may be appropriately designated as provided

for herein has passed.  Any Protected Material that is used in the taking of

a deposition shall remain subject to the provisions of this Supplemental

22

Protective Order and the Protective Order in these actions, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Supplemental Protective Order and shall be required to operate in a manner consistent with this Supplemental Protective Order.  Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and/or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE."  An encrypted, password protected copy of deposition transcripts containing Designated Qualcomm Material made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall of a law firm representing the Receiving Party, however, all other restrictions in this Supplemental Protective Order pertaining to Designated Source Code Material apply.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Supplemental Protective Order and the Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written

23

stipulation of the parties." Counsel for any Designating Party shall have

the right to exclude from oral depositions, other than the deponent,

deponent's counsel, and the reporter and videographer (if any), any person

who is not authorized by the Protective Orders in this action to receive or

access Protected Material based on the designation of such Protected

Material.

c. For information produced in some form other than documentary, and for

any other tangible items, the Designating Party shall affix, in a prominent

place on the exterior of the medium, container or containers in which the

information or item is stored, the appropriate legend.

d. The provisions of subparagraphs 36(a-c) do not apply to documents

produced in native format. For documents produced in native format, the

parties shall provide written notice to the Receiving Party of any

confidentiality designations at the time of production.

**H.     Use of Designated QUALCOMM Material**

37.     Use of Designated QUALCOMM Material By Receiving Party: Unless otherwise

ordered by the Court, or agreed to in writing by Non-Party QUALCOMM, all Designated

QUALCOMM Material, and all information derived therefrom, shall be used by the Receiving

Party only for purposes of this action, and shall not be used in any other way, or for any other

purpose, including the acquisition, preparation or prosecution before the Patent office of any

patent, patent application, for drafting or revising patent claims, or in connection with patent

licensing or product development work directly or indirectly intended for commercial purposes

related to the particular technologies or information disclosed in the Designated QUALCOMM

Material. Information contained or reflected in Designated QUALCOMM Material shall not be

24

disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated QUALCOMM Material, except in accordance with the terms of the Protective Order or this Supplemental Protective Order.

38. Use of Designated QUALCOMM Material by Non-Party QUALCOMM: Nothing in this Supplemental Protective Order shall limit Non-Party QUALCOMM's use of its own documents and information, nor shall it prevent Non-Party QUALCOMM from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Supplemental Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

39. Use of Designated QUALCOMM Material at Deposition: Non-Party QUALCOMM shall, on request prior to the deposition, make a searchable electronic copy of the QUALCOMM Source Code available on a stand-alone computer connected to a printer during depositions of QUALCOMM personnel otherwise permitted access to such Source Code. To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of the Protective Order and this Supplemental Protective Order. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated QUALCOMM Material of which such person has prior knowledge.

40. Use of Designated QUALCOMM Material at Hearing or Trial: The parties will give Non-Party QUALCOMM prior notice of, and an opportunity to object to, any intended use of the Designated QUALCOMM Material at any hearing or trial in this case. Said notice shall

(a) be served by facsimile or email on counsel for Non-Party QUALCOMM at least five (5)

business days prior to the hearing or first day of trial, (2) identify the Designated QUALCOMM

Material with specificity while redacting any other Party's Confidential Business Information

and (3) identify the measures the party intends to rely upon to protect the Designated

QUALCOMM Material when used at any hearing or trial consistent with this Supplemental

Protective Order. This section shall not limit in any way the use of Designated QUALCOMM

Material during the cross-examination of any witness otherwise permitted access to such

Designated QUALCOMM Material, as long as the parties take all necessary steps to protect and

maintain the confidentiality of any such Designated QUALCOMM Material.

**I.      Prosecution and Development Bar**

  41. Unless otherwise permitted in writing between Producing Party and Receiving

Party, any individual who personally receives, other than on behalf of Producing Party, any

material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE

CODE" shall not participate in amending or drafting patent specifications or claims before a

Patent Office of any patent or patent application related to the information disclosed in the

Designated QUALCOMM Material, from the time of receipt of such material through the date

the individual person(s) cease to have access to materials designated "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or

disclose Designated QUALCOMM Material. This provision shall not apply to post-grant

proceedings, including without limitation reexamination or opposition proceedings filed in

relation to the patents-in-suit or foreign counterparts.

26

42.    Unless otherwise permitted in writing between Non-Party QUALCOMM and

Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be

given access to Non-Party QUALCOMM's documents, Source Code, or Chip-Level Schematics

designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" must agree in

writing, using the form in Exhibit B, not to perform hardware or software development work or

product development work directly or indirectly intended for commercial purposes related to the

information disclosed in the Designated QUALCOMM Material, which is not publicly known,

from the time of first receipt of such material through the date the expert consultant ceases to

have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES

ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL

SOURCE CODE," as well as any materials that contain or disclose Designated QUALCOMM

Material.

**J.    Designated QUALCOMM Material Subpoenaed or Ordered Produced In Other
       Litigation**

43.    If a Receiving Party is served with a subpoena or a court order that would compel

disclosure of any information, documents or things designated in this action as "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE," Receiving Party must notify the

Producing Party and Non-Party QUALCOMM of such information, documents or things, in

writing (by fax and email) promptly, and in no event more than ten (10) calendar days after

receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.

Receiving Party also must immediately inform, in writing, the party who caused the subpoena or

order to issue that some or all of the material covered by the subpoena or order is subject to this

Supplemental Protective Order and the Protective Order.  In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated QUALCOMM Material in this case, is at issue in the other case, an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated QUALCOMM Material.  Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

**K.      Unauthorized Disclosure Of Designated QUALCOMM Material**

44.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated QUALCOMM Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Non-Party QUALCOMM of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated QUALCOMM Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" that is attached hereto as Exhibit A.  Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

28

**L.     Duration**

45.     Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Non-Party QUALCOMM agrees otherwise in writing or a court order otherwise directs.

**M.     Final Disposition**

46.     Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated QUALCOMM Material produced by Non-Party QUALCOMM or any other Party in this action and will destroy or redact any such Designated QUALCOMM Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Non-Party QUALCOMM with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated QUALCOMM Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**IT IS SO ORDERED** this ___6___ day of ___June___ 2016.

Honorable Richard G. Andrews

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], state:  My

business address is _____;

    1.      My present employer is _____;

    2.      My present occupation or job description is _____;

    3.      I have been informed of and have reviewed the Supplemental Protective Order

Governing Discovery from Non-Party QUALCOMM in this case (the "Supplemental Protective

Order") entered in this case, and understand and agree to abide by its terms.  I agree to keep

confidential all information provided to me in the matters of *TQ Delta v. 2Wire*, C.A. No. 13-cv-

01835-RGA ("the *2Wire* case"); *TQ Delta v. Zhone*, C.A. No. 13-cv-01836-RGA ("the *Zhone*

case"); and *TQ Delta v. ZyXEL*, C.A. No. 13-cv-02013-RGA ("the *ZyXEL* case") pending in the

United States District Court, District of Delaware in accordance with the restrictions in the

Supplemental Protective Order, and to be subject to the authority of that Court in the event of

any violation or dispute related to the Supplemental Protective Order.

    4.      I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

_____
[Signature]

Executed On_____

_____
[Printed Name]

31

**EXHIBIT B**

## CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party or Non-Party QUALCOMM and will not use any

information, documents, or things that are subject to the Supplemental Protective Order

Governing Discovery From Non-Party QUALCOMM in *TQ Delta v. 2Wire*, C.A. No. 13-cv-

01835-RGA ("the *2Wire* case"); *TQ Delta v. Zhone*, C.A. No. 13-cv-01836-RGA ("the *Zhone*

case"); and *TQ Delta v. ZyXEL*, C.A. No. 13-cv-02013-RGA ("the *ZyXEL* case") pending in the

United States District Court, District of Delaware, for any purpose other than this litigation. I

agree not to perform hardware or software development work or product development work

intended for commercial purposes related to the information disclosed in the Designated

QUALCOMM Material, from the time of receipt of such material through and including the date

that I cease to have access to any material designated "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –

CONFIDENTIAL SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____
[Signature]

Executed On_____          _____
                                     [Printed Name]

32