

September 13, 2016

**VIA E-FILE**
The Honorable Richard G. Andrews
USDC for the District of Delaware
844 North King Street, Unit 9, Room 6325
Wilmington, DE 19801

    Re:    <u>TQ Delta, LLC v. 2Wire, Inc., C.A. No. 13-cv-1835-RGA</u>

Dear Judge Andrews:

    I write on behalf of TQ Delta, LLC ("TQ Delta") with respect to a straightforward discovery dispute with 2Wire, Inc. ("2Wire"). In short, 2Wire provided summary sales information for the accused products-in-suit up through June of 2015 but refuses to provide updated sales figures. By this letter, TQ Delta respectfully requests that the Court compel 2Wire to provide updated information. Notably, the other two original Delaware Defendants, Zhone and ZyXEL, have recently provided updated sales information.

    In its September 22, 2014 Second Scheduling Order, the Court ordered that discovery would commence for a limited number of issues, including the following information: "iv. monthly or yearly units and revenue for each accused product by location of manufacture and sale, and v. damages, if any, provided however that discovery in addition to that listed in Paragraph 4.a.iv. above during this phase shall be limited to summary damages information sufficient to allow the parties to assess the potential value of the case." (*Id.*, D.I. 66 at p. 3.)

    On October 14, 2014, TQ Delta served 2Wire with its First Set of Interrogatories, including Interrogatory No. 6, which sought the following information: "For each Accused Product, identify the sales (in units and revenue) broken down by month, quarter, and year, separately for the U.S. and outside of the U.S.; and the place(s) of manufacture and assembly of the Accused Product, and include in your response an identification of the documents and things sufficient to show the same and an identification of the person(s) employed by Defendant (other than legal counsel) most knowledgeable regarding the same." (*Id.*)

    2Wire provided an initial response to TQ Delta's Interrogatory No. 6 on November 13, 2014 and provided one supplement eight months later on July 15, 2015. 2Wire's supplemental response did not include any sales past June 15, 2015. On March 8, 2016, TQ Delta requested that 2Wire supplement its summary sales information. 2Wire refused to supplement on March 28, 2016. TQ Delta repeated its request in April, July, and numerous times during August of 2016, citing 2Wire's ongoing duty to supplement its discovery response pursuant at least to Federal Rule of Civil Procedure 26(e). 2Wire continues to refuse to supplement its sales data. 2Wire's incomplete interrogatory response is now missing more than 14 months' worth of sales data.

    Rule 26(e) of the Federal Rules states in relevant part, "A party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete . . . and

if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). As set forth in Moore's Federal Practice, "[I]f after answering interrogatories additional information becomes known to the answering party, this information must be disclosed and no additional interrogatories are necessary to obtain this information." *Id.* at § 26.131[3] (citing *Pasant v. Jackson Nat'l Life Ins. Co.*, 137 F.R.D. 255, 257 (N.D. Ill. 1991).) "The duty to supplement does not depend on repeated requests by an adversary for updated information." *Id.* (citing *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995).) "A party may not escape the burden of full compliance with the rules of discovery by placing a duty of repeated requests on its adversary." *Id.* at § 26.132[1] (citing *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 77 (D. Mass. 2008).)

TQ Delta's Interrogatory No. 6 requesting unit sales information falls squarely within the Court's description of appropriate topics for discovery, which included "summary damages information sufficient to allow the parties to assess the potential value of the case." (D.I. 66, p. 3.) Moreover, an accurate and updated summary of the sales figures (as ordered and requested) will potentially allow for further narrowing of the case. Finally, 2Wire has the fewest number of different accused models in the related 2Wire cases, so it cannot credibly claim that providing the updated information would create an undue burden.

2Wire's original reason for refusing to supplement its discovery response was that 2Wire felt that the request was premature given that TQ Delta had not served its final infringement contentions. But 2Wire has not explained why the pendency of final infringement contentions is a reason to refuse financial discovery. On the contrary, updated financial disclosures may help TQ Delta streamline its ongoing third-party DSL chip discovery, product testing, and claim charting efforts by focusing on products with higher sales volume. TQ Delta is working diligently to finalize its infringement contentions. In early January 2016, TQ Delta served subpoenas on several DSL chip suppliers, including Qualcomm Atheros, Inc., Intel Corporation, and Metanoia Technologies, Inc. TQ Delta has had substantial difficulty in securing timely and reasonably complete document production pursuant to these subpoenas. Currently, TQ Delta has a motion to compel pending against third party Qualcomm (in the Southern District of California) and just received an order compelling third party Metanoia (in the Western District of Texas) to comply with TQ Delta's subpoena. TQ Delta also fears that it may need to file a similar motion against Intel. Because of these delays, TQ Delta has also not yet had an opportunity to obtain testimony from these parties through deposition.

Additionally, TQ Delta has not yet begun the subpoena process with DSL chip supplier Broadcom Corporation because it is awaiting the Court's decision on Broadcom's motion to disqualify TQ Delta's trial counsel. The ruling from the Court will also affect TQ Delta's ability to finalize its infringement contentions. Regardless, all of the third party discovery delays have hamstrung TQ Delta and its ability to prosecute this case. 2Wire should not be able to rely on delay caused by third parties as an excuse to further delay TQ Delta's discovery of financial information from 2Wire.

TQ Delta therefore respectfully requests an order compelling 2Wire to produce supplemental sales information in response to TQ Delta's Interrogatory No. 6.

                                            Respectfully submitted,

                                            /s/ Michael J. Farnan

                                            Michael J. Farnan

cc:  All Counsel of Record (via E-File)