IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1835-RGA |
| PACE PLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1836-RGA |
| ZHONE TECHNOLOGIES INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-2013-RGA |
| ZYXEL COMMUNICATIONS INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

I entered an opinion and order (No. 13-1835, D.I. 238 & 239) in the above that directed that Plaintiff "needs to obtain conflicts counsel to undertake any third-party discovery of Broadcom." Since the briefing leading up to the opinion and order had mostly been about

whether disqualification should be ordered, I did not "address the exact way in which conflicts counsel will function." I asked the parties to "submit a status report with their prospective proposals and supporting argument" for how this should work if they could not "agree upon a satisfactory procedure for the operation of conflicts counsel." The parties could not, and I now have the requested joint report with two proposed orders. (No. 13-1835, D.I. 240).

The parties do not cite much relevant caselaw, but they do cite three cases addressing the issue of how conflicts counsel should work, in more-or-less analogous circumstances.

In *Sykes v. Matter*, in which the conflict existed because one side's expert witness was a former client of the other side's attorney, the Court held that the Rule 1.9 conflict was resolved by the use of conflicts counsel because "there is no risk to either client if outside counsel is retained to conduct the deposition [of the former client] and his examination at trial, if necessary." 316 F.Supp.2d 630, 636 (M.D. Tenn. 2004). Relatively-speaking, this was a fairly easy solution, because the new case's merits were unrelated to the former representation.

In *Wal-Mart Stores, Inc. v. Vidalakis*, which involved a real estate transaction, defendant's counsel had long represented Wal-Mart in real estate transactions, although not the one at issue. 2007 WL 4468688 (W.D. Ark. Dec. 17, 2007). Defendant's counsel hired an unrelated law firm, which would be walled off, "to take the depositions and handle all discovery matters related to Wal-Mart," and Wal-Mart "object[ed] to the level of participation that [defendant's conflicted counsel] propose[d] to have with regard to advising and consulting with the [unrelated] counsel regarding discovery requests and the formulation of deposition questions." *Id.* at *3. The Court noted that "the use of outside, independent counsel to handle the depositions, discovery exchange, and all trial issues involving Wal-Mart is the most reasonable solution," and that the "properly erected . . . wall will require that the [unrelated] firm

have absolutely no exposure to any information of any kind relating to [conflicted counsel's] prior representation of Wal-Mart, or any information obtained therefrom." *Id.* at *4, *5.

In *High Point SARL v. Sprint Nextel Corp.*, the Court had issued an order requiring conflicts counsel "to handle any discovery that may be directed at [the concurrent client], and [conflicted counsel] shall have no involvement in that discovery whatsoever." 2011 WL 147527, *3 (D.Kan. Jan. 18, 2011). The parties disagreed about what this order meant. The Court then clarified: "[conflicted counsel] cannot cross-examine a [client's] witness, [conflicted counsel] cannot serve a subpoena on [client], and [conflicted counsel] cannot take any other discovery action directed at [client]." *Id.* The Court further noted, "nothing . . . prohibits [conflicted counsel] from reading testimony given by [client] or from reviewing documents provided by [client] or related to [client]." *Id.*

In light of these decisions, and my prior opinion, I think conflicts counsel in this case should be walled off from the McAndrews firm. Conflicts counsel need not be walled off from local counsel. Conflicts counsel may be provided with any and all (unredacted) filings on the docket. They may be further provided with any discovery served or received to date, including any infringement or validity contentions. Further, to the extent Plaintiff has any relevant written expert (including consulting expert) opinions, they may be provided to conflicts counsel. On the other hand, conflicts counsel does not get any tutorial from McAndrews, and does not get any draft Broadcom discovery. Conflicts counsel, if it needs expert advice beyond that identified above, will need to obtain its own expert(s). Conflicts counsel will need to formulate its own discovery requests to Broadcom, but is not prohibited from copying discovery requests already made to the parties or to other third parties. Conflicts counsel will need to serve any Broadcom subpoenas, deal with any Broadcom counsel, take any Broadcom depositions, and collect any

Broadcom documents. Any discovery obtained by conflicts counsel may be provided to local counsel, and local counsel may provide the discovery to McAndrews. McAndrews may decide which discovery to provide to its experts, and which discovery to use at trial. The wall will continue at least through the close of discovery, but, it seems to me, it will have to be relaxed at some point before trial, since McAndrews will need to be in charge of trying Plaintiff's case.[1] If any Broadcom witnesses appear at trial, however, any examination (or, more likely, cross-examination) will need to be done by conflicts counsel.

I think the above provides a reasonable and practical solution to the complexity that now exists. Broadcom's proposal in the joint report would, in my opinion, essentially be unworkable. Plaintiff's proposal in the joint report does not sufficiently embrace the concept of a wall.

I have tried to resolve the disputes in the joint report. The parties are directed to meet-and-confer, and to the extent there are gaps or ambiguities in the procedures set forth above, submit a further status report identifying them, with proposed resolutions.

IT IS SO ORDERED this 5 day of January 2017.

/s/ Richard G. Andrews
United States District Judge

---

[1] The wall will continue until further court order. Trying to predict exactly how things will play out is probably not a good idea right now. Thus, I would prefer to revisit the details some time after the close of discovery.