## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | |
|         Plaintiff, | C.A. No. 13-cv-1835-RGA |
|    v. | |
| 2WIRE, INC., | |
|         Defendant. | |
| TQ DELTA, LLC, | |
|         Plaintiff, | C.A. No. 13-cv-1836-RGA |
|    v. | |
| ZHONE TECHNOLOGIES, INC., | |
|         Defendant. | |
| TQ DELTA, LLC, | |
|         Plaintiff, | C.A. No. 13-cv-2013-RGA |
|    v. | |
| ZYXEL COMMUNICATIONS, INC. and ZYXEL COMMUNICATIONS CORPORATION, | |
|         Defendants. | |
| TQ DELTA, LLC, | |
|         Plaintiff, | C.A. No. 14-cv-954-RGA |
|    v. | |
| ADTRAN, INC., | |
|         Defendant. | |
| ADTRAN, INC., | |
|         Plaintiff, | C.A. No. 15-cv-121-RGA |
|    v. | |
| TQ DELTA, LLC, | |
|         Defendant. | |

## THIRD AND FINAL SCHEDULING ORDER

This  10  day of April, 2017, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures. The parties have produced their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

2.      Discovery Coordination.

        a.      The parties propose to coordinate discovery in the above-captioned cases

where practicable. Although proposing to coordinate discovery in these four cases where

practicable, the defendants expressly reserve, and do not waive, the right to separate trials on any

and all issues to be resolved at trial.

        b.      Any submissions to the Court shall be filed in the specific case(s) to which

they are believed in good faith to pertain.

        c.      For purposes of counting discovery requests and deposition hours, the

related defendants named in each case count as a single defendant.

        d.      Except as modified herein, or by subsequent Court order, the Default

Standard shall apply to each of the above-captioned cases.

3.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before August 31, 2017.

2

4.   Initial Discovery.[1]

The parties have served their Default Standard Paragraph 4.a., b., c., and d.

disclosures.

5.   Discovery.

a.   Discovery Cut Off. All discovery in this case shall be initiated so that it

will be completed on or before the following dates, which apply to both TQ Delta and the

identified defendant:

| Defendant | Discovery Cutoff |
|-----------|------------------|
| 2Wire | Dec. 5, 2017 |
| Zhone | Feb. 16, 2018 |
| ZyXEL | April 4, 2018 |
| ADTRAN | May 11, 2018 |

b.   Document Production. Document production shall be substantially

completed 60 days prior to the discovery cutoff above.

c.   Requests for Admission. A maximum of 40 requests for admission are

permitted for plaintiff as to each defendant. The defendants may collectively serve 30 joint

requests for admission on plaintiff and each defendant may individually serve 20 requests for

admission on plaintiff. Notwithstanding the foregoing, there is no limitation on the number of

requests for admission that a document is authentic and/or a business record.

d.   Interrogatories. A maximum of 25 interrogatories, including contention

interrogatories, are permitted for plaintiff as to each defendant. The defendants may collectively

serve 15 joint interrogatories on plaintiff. Each defendant may individually serve 20 additional

defendant-specific interrogatories on plaintiff.

e.   Depositions.

[1] As these disclosures are "initial," each party shall be permitted to timely supplement.

3

i. <u>Limitation on Hours for Deposition Discovery</u>. Plaintiff may take

up to [Plaintiff's Proposal: 75; Defendants' Proposal: 49] hours of fact deposition of each

defendant (i.e., no more than [Plaintiff's Proposal: 75; Defendants' Proposal: 49] hours of

deposition time collectively for the defendant in each case and its past or current officers,

employees, and agents) and up to 100 hours of third party depositions. Defendants may

collectively take up to 100 hours of fact deposition of plaintiff and up to 100 hours of third party

depositions [Defendants' Proposal: excluding named inventors on each asserted patent each

**of whom may be deposed without regard for the party and third party time limits.**]

[Defendants' Proposal: Defendants may collectively depose an inventor for up to 10 hours

**per patent family for which the witness is a named inventor, but no single defendant shall**

**be permitted more than 7 hours of deposition time per inventor for each patent family.**]

Plaintiff may take a second deposition of an individual witness where the first deposition took

place prior to the opening of general discovery; however, the total deposition time for the two

depositions shall be limited to no more than 8 hours, subject to extension for good cause. For

any depositions taken in a language other than English, each deposition hour will be counted as

only one-half hour for purposes of any deposition hour limit. The foregoing limitations do not

apply to the deposition of experts pursuant to Fed. R. Civ. P. 26(b)(4)(A). These time limitations

may be amended by agreement of the parties or further order of the Court.

ii. <u>Location of Depositions</u>. Any party or representative (officer,

director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court or by agreement of the parties.

A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be

4

considered as having filed an action in this Court for the purpose of this provision. The parties agree that in these cases the depositions of party witnesses shall occur in the situs where the witness' business office is located[2] or at a mutually agreeable location.

                 iii.      Expert Depositions. The parties agree to meet and confer with regard to time limitations for expert depositions by no later than 14 days after the conclusion of fact discovery.

                 f.      The parties are not required to prepare privilege logs or otherwise identify documents withheld from production to the extent that they: (i) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B) or similar requirements; or (ii) are withheld from production on the basis of privilege, work product, and/or any other exemption or immunity from production and are generated after the filing of the initial complaint in the lawsuit. All other withheld documents must be logged in compliance with Fed. R. Civ. P. 26(b)(5)(A), absent agreement of the parties or further order of the Court.

                 g.      Discovery Matters and Disputes Relating to Protective Orders. The Court has assigned the parties to a Special Master for purposes of resolving discovery matters. D.I. 273. The parties will follow the procedures set out in this Court's orders with respect to the Special Master. *See* D.I. 275.

                 If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

---

[2] If in the United States.

5

6.      Application to Court for Protective Order. A protective order has been entered in these actions.

7.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9.      Claim Construction Issue Identification. On or before (**see chart below section 11**), the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, each party shall have the right to propose a construction for a term proposed by the other party, and the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than (**see chart below section 11**). The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

6

10. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening

brief, on (**see chart below section 11**). The defendants shall serve, but not file, a joint answering

brief on (**see chart below section 11**). The plaintiff shall serve, but not file, its reply brief on

(**see chart below section 11**). The defendant shall serve, but not file, a joint sur-reply brief on

(**see chart below section 11**). No later than (**see chart below section 11**), the parties shall file a

Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one

brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

   A.   [TERM I]

        1.   Plaintiff's Opening Position
        2.   Defendant's Answering Position
        3.   Plaintiff's Reply Position
        4.   Defendants' Sur-Reply Position

   B.   [TERM 2]

        1.   Plaintiff's Opening Position
        2.   Defendants' Answering Position
        3.   Plaintiffs Reply Position
        4.   Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim

construction. If there are any materials that would be submitted in an appendix, the parties shall

submit them in a Joint Appendix.

11.     Hearing on Claim Construction. Beginning at (**see chart below**), the Court will

hear argument on claim construction. Absent prior approval of the Court (which, if it is sought,

must be done so by joint letter submission no later than the date on which sur-reply construction

7

briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

| Family | Terms and Constructions | Joint CC Chart | Opening Brief | Responsive Brief | Reply Brief | Sur-Reply Brief | Joint CC Brief | Hearing |
|--------|-------------------------|----------------|---------------|------------------|-------------|-----------------|----------------|---------|
| 1A & 1B | 4/18/17 | 5/9/17 | 6/6/17 | 7/10/17 | 7/31/17 | 8/14/17 | 8/22/17 | 9/5/17 at 9:00 AM |
| 2 | 4/26/17 | 5/17/17 | 6/14/17 | 7/12/17 | 8/2/17 | 8/16/17 | 8/30/17 | 9/13/17 at 9:00 AM |
| 3 | 5/3/17 | 5/24/17 | 6/21/17 | 7/19/17 | 8/9/17 | 8/23/17 | 9/6/17 | 9/20/17 at 9:00 AM |
| 4 | 5/11/17 | 6/1/17 | 6/29/17 | 7/27/17 | 8/17/17 | 8/31/17 | 9/14/17 | 9/28/17 at 9:00 AM |
| 5 | 5/18/17 | 6/8/17 | 7/6/17 | 8/3/17 | 8/24/17 | 9/7/17 | 9/21/17 | 10/4/17 at 9:00 AM |
| 6 | 8/2/17 | 8/23/17 | 9/20/17 | 10/18/17 | 11/8/17 | 11/22/17 | 12/6/17 | 12/20/17 at 9:00 AM |
| 7 | 8/23/17 | 9/13/17 | 10/11/17 | 11/8/17 | 11/29/17 | 12/13/17 | 12/27/17 | 1/10/18 at 9:00 AM |
| 8 | 9/1/17 | 9/22/17 | 10/20/17 | 11/17/17 | 12/8/17 | 12/22/17 | 1/5/18 | 1/19/18 at 9:00 AM |
| 9A & 9B | 9/6/17 | 9/27/17 | 10/25/17 | 11/22/17 | 12/13/17 | 12/27/17 | 1/10/18 | 1/24/18 at 9:00 AM |
| 10 | 9/14/17 | 10/6/17 | 11/3/17 | 12/1/17 | 12/22/17 | 1/9/18 | 1/18/18 | 2/1/18 at 9:30 AM |

12.    Disclosure of Expert Testimony.

    a.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before (**see chart below**). The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before (**see chart below**). Reply expert reports

8

from the party with the initial burden of proof are due on or before (**see chart below**). No other
expert reports will be permitted without either the consent of all parties or leave of the Court.
Along with the submissions of the expert reports, the parties shall advise of the dates and times
of their experts' availability for deposition. Depositions of experts shall be completed on or
before (**see chart below**).

| Family | Opening Expert Reports (as to the parties designated for trial only) | Rebuttal Expert Reports (as to the parties designated for trial only) | Reply Expert Reports (as to the parties designated for trial only) | Completion of Expert Depositions (as to the parties designated for trial only) |
|---|---|---|---|---|
| 1A & 1B | Dec. 7, 2017 | Jan. 4, 2018 | Jan. 25, 2018 | Feb. 15, 2018 |
| 2 | Dec. 22, 2017 | Jan. 19, 2018 | Feb. 9, 2018 | Mar. 2, 2018 |
| 3 | Jan. 12, 2018 | Feb. 9, 2018 | Mar. 2, 2018 | Mar. 23, 2018 |
| 4 | Mar. 2, 2018 | Mar. 30, 2018 | Apr. 20, 2018 | May 11, 2018 |
| 5 | Mar. 30, 2018 | Apr. 27, 2018 | May 18, 2018 | June 8, 2018 |
| 6 | Apr. 20, 2018 | May 18, 2018 | June 8, 2018 | June 29, 2018 |
| 7 | May. 4, 2018 | June 1, 2018 | June 22, 2018 | July 13, 2018 |
| 8 | June 1, 2018 | June 29, 2018 | July 20, 2018 | Aug. 10, 2018 |
| 9A & 9B | June 15, 2018 | July 13, 2018 | Aug. 3, 2018 | Aug. 24, 2018 |
| 10 | July 13, 2018 | Aug. 10, 2018 | Aug. 31, 2018 | Sept. 21, 2018 |

       b.    Objections to Expert Testimony. To the extent any objection to expert
testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,*
509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by
motion no later than the deadline for dispositive motions set forth herein, unless otherwise
ordered by the Court.

9

13.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before (**see chart below**). No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

| Family | Case Dispositive and *Daubert* Motions (as to the parties designated for trial only) |
|---|---|
| 1A & 1B | Mar. 8, 2018 |
| 2 | Mar. 23, 2018 |
| 3 | Apr. 13, 2018 |
| 4 | June 1, 2018 |
| 5 | June 29, 2018 |
| 6 | July 20, 2018 |
| 7 | Aug. 3, 2018 |
| 8 | Aug. 31, 2018 |
| 9A & 9B | Sept. 14, 2018 |
| 10 | Oct. 12, 2018 |

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference. On (**see chart below**), the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at (**see chart below**). The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on (**see chart below**). Unless otherwise ordered by the Court, the parties shall comply with the

10

timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

| Family | Joint Submission of Proposed Final Pretrial Order, any motions in limine, voir dire, jury instructions, and special verdict forms (as to parties designated for trial only) | Pretrial Conference (as to parties designated for trial only) |
|---|---|---|
| 1A & 1B | May 18, 2018 | May 25, 2018 at 8:30 a.m. |
| 2 | June 1, 2018 | June 8, 2018 at 8:30 a.m. |
| 3 | June 22, 2018 | June 29, 2018 at 8:30 a.m. |
| 4 | Aug. 10, 2018 | Aug. 17, 2018 at 8:30 a.m. |
| 5 | Sept. 7, 2018 | Sept. 14, 2018 at 8:30 a.m. |
| 6 | Sept. 28, 2018 | Oct. 5, 2018 at 8:30 a.m. |
| 7 | Oct. 12, 2018 | Oct. 19, 2018 at 8:30 a.m. |
| 8 | Nov. 9, 2018 | Nov. 16, 2018 at 8:30 a.m. |
| 9A & 9B | Nov. 23, 2018 | Nov. 30, 2018 at 8:30 a.m. |
| 10 | Dec. 21, 2018 | Dec. 28, 2018 at 8:30 a.m. |

16.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms. Pursuant to Local Rules

47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury

instructions, (iii) final jury instructions, and (iv) special verdict forms on (**see chart below**

**section 15**). The parties shall submit simultaneously with filing each of the foregoing four

documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18.     Trial. The first matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on

(**see chart below**), with the subsequent trial days beginning at 9:30 a.m. Until the case is

submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial

will be timed, as counsel will be allocated a total number of hours in which to present their

respective cases.

19.

| Family | Defendant Designated for Trial | Trial Date (as to parties designated for trial only) |
|---|---|---|
| 1A & 1B | 2Wire | June 4, 2018 |
| 2 | 2Wire | June 18, 2018 |
| 3 | 2Wire | July 9, 2018 |
| 4 | Zhone | Aug. 27, 2018 |
| 5 | Zhone | Sept. 24, 2018 |
| 6 | Zhone | Oct. 15, 2018 |
| 7 | ZyXEL | Oct. 29, 2018 |
| 8 | ZyXEL | Nov. 26, 2018 |
| 9A & 9B | ADTRAN | Dec. 10, 2018 |
| 10 | ADTRAN | Jan. 7, 2019 |

20.    ADR Process. This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

The Honorable Richard G. Andrews