# In The United States District Court
# For The District Of Delaware

| | |
|---|---|
| TQ DELTA LLC, <br><br> Plaintiff, <br><br> v. <br><br> 2WIRE INC., <br><br> Defendant. | No. 13-cv-1835 (RGA) |
| TQ DELTA LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZHONE TECHNOLOGIES INC., <br><br> Defendant. | No. 13-cv-1836 (RGA) |
| TQ DELTA LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZYXEL COMMUNICATIONS INC. and ZYXEL COMMUNICATIONS CORP., <br><br> Defendants. | No. 13-cv-2013 (RGA) |

| TQ DELTA LLC, | |
|---|---|
| Plaintiff, | |
| v. | No. 14-cv-954 (RGA) |
| | No. 15-cv-121 (RGA) |
| ADTRAN, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff TQ Delta filed a motion to compel third party Broadcom to produce engineering documents. (D.I. 301).[1] Plaintiff served a subpoena on Broadcom for these documents. (D.I. 302-1 at 2–20). Broadcom represents, and Plaintiff does not dispute, that Broadcom timely objected to the subpoena. (D.I. 315 at 3). Thus, the Federal Rules of Civil Procedure give Plaintiff the option to move to compel compliance with the subpoena in "the district where compliance is required...." Rule 45(d)(2)(B)(i).

Broadcom argues that Plaintiff is required to file the motion to compel in the Central District of California, where Broadcom is located. Plaintiff responds by arguing that Broadcom consented to jurisdiction here (D.I. 301 at 4; D.I. 319 at 2–3) and that litigation of compliance with the subpoena in this Court would "not impose any additional burden on Broadcom." (D.I. 319 at 3).

---

[1] All docket citations are to Civil Action No. 13-1835.

2

Plaintiff's arguments miss the point. While the Rules specifically provide for jurisdiction here, in the district where the litigation is pending, for issuance of the subpoena, they vest jurisdiction over compliance with the subpoena in the "district of compliance." *Compare* Rule 45(a)(2) ("A subpoena must issue from the court where the action is pending.") *with* Rule 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection") *and* Rule 37(1)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

Plaintiff does not contest that the district of compliance is the Central District of California. Broadcom is incorporated in California and conducts its business in Irvine, California. (*See* D.I. 316-1 at 2). Broadcom asserts that the documents are located in the Central District. (D.I. 315 at 7). Plaintiff states that a lawyer in Colorado provided the first round of production (D.I. 319 at 3), but does not actually contest that the documents targeted by the request are located in the Central District. Thus, Plaintiff must move for compliance with the subpoena in the United States District Court for the Central District of California. Plaintiff's motion (D.I. 301) is **DENIED**.

Broadcom requested an award of attorney's fees for opposing the motion. I am inclined to grant Broadcom's request as I see no reasonable basis for Plaintiff to believe that the District of Delaware was the proper jurisdiction for Plaintiff's

3

motion. From the face of the rules, it is not. Plaintiff is **DIRECTED** to file a three-page letter brief addressing Broadcom's request for attorney's fees within one week of this order. Broadcom is **DIRECTED** to file a responsive three-page letter brief within one week of Plaintiff's letter. The parties should address the appropriate source of authority for the award and whether the fees should be awarded in whole or in part.

IT IS SO ORDERED this 13 day of June 2017.

*Richard G. Andrews*
United States District Judge