IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>2WIRE INC.,<br><br>   Defendant. | No. 13-cv-1835 (RGA) |
| TQ DELTA LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>ZHONE TECHNOLOGIES INC.,<br><br>   Defendant. | No. 13-cv-1836 (RGA) |
| TQ DELTA LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>ZYXEL COMMUNICATIONS INC. and ZYXEL COMMUNICATIONS CORP.,<br><br>   Defendants. | No. 13-cv-2013 (RGA) |

| TQ DELTA LLC, | |
| :--- | :--- |
| Plaintiff, | |
| v. | No. 14-cv-954 (RGA) |
| | No. 15-cv-121 (RGA) |
| ADTRAN, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

On June 13, I denied Plaintiff TQ Delta's motion to compel nonparty Broadcom to comply with a subpoena because I found jurisdiction in Delaware was improper under Federal Rules of Civil Procedure 45 and 37. (D.I. 322).[1] Rule 45 requires a part to move to compel in the "district where compliance is required" and Rule 37 requires orders against nonparties to "be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 45(d)(2)(B)(i), 37(a)(2). Broadcom is not a party, is not located in Delaware, and the documents sought by the subpoena are not located here either.

Broadcom requested attorney's fees (D.I. 315 at 12), and I directed the parties to brief the issue. Having considered those papers (D.I. 327, 328, 336), I am **DENYING** Broadcom's request.

Rule 37 allows and generally requires me to award fees to the prevailing party. It dictates:

> If the motion is denied, the court... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred

---

[1] All citations are to the docket in Civil Action No. 13-1835 unless otherwise noted.

in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(a)(5)(B).[2]

I am denying Broadcom's request because I find Plaintiff's motion was "substantially justified" for two reasons. First, Broadcom had already actively participated in this case in this court. (*See, e.g.*, D.I. 104, 106). Second, Plaintiff's counsel points to my resolution of a motion to compel in *Delaware Display Grp. LLC v. Lenovo Grp. Ltd.*, 2016 WL 720977 (D. Del. 2016). In that case, which Plaintiff's counsel was a part of, I resolved a motion to compel involving a non-party over jurisdictional objections similar to those here. (*See id.*, No. 13-2108 D.I. 136 at 12–15).[3] Thus, I understand why Plaintiff might have expected the same treatment here. I find Plaintiff's decision to file the motion to compel in this Court substantially justified and deny Broadcom's request for attorney's fees.

**IT IS SO ORDERED** this 9 day of August 2017.

Richard G. Andrews
United States District Judge

---

[2] Broadcom also argues I have authority to award fees under Rule 45(d)(1) but that Rule empowers the "district where compliance is required" to award fees. As has been established, that is not the District of Delaware.

[3] I say, "similar," because they were not the same. There, both of the non-parties were Delaware corporations, and at least one of the subpoenas designated this District as the place of compliance. Nevertheless, I did (erroneously) skip over the jurisdictional objections in an attempt to reach a practical and expeditious "work-around." No similar "work-around" existed here.