# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | ) |
| | ) |
| Plaintiff, | )   C.A. No.   13-cv-1835-RGA |
| | ) |
| v. | ) |
| | )   **FILED UNDER SEAL** |
| 2WIRE, INC., | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] JOINT PRETRIAL ORDER FOR FAMILY 1 – LIABILITY PHASE**

## TABLE OF CONTENTS

I. NATURE OF THE CASE ... 1
   A. PROCEDURAL HISTORY ... 2
   B. OUTSTANDING MOTIONS ... 3
      1. The Following Plaintiff's Motions Remain Outstanding (relating to Family 1 Infringement and Validity) ... 3
      2. The Following Defendant's Motions Remain Outstanding (relating to Family 1) ... 3
II. FEDERAL JURISDICTION ... 3
III. FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF ... 4
IV. ISSUES OF FACT WHICH REMAIN TO BE LITIGATED ... 4
V. ISSUES OF LAW WHICH REMAIN TO BE LITIGATED ... 4
VI. EXHIBITS TO BE OFFERED AT TRIAL ... 4
   A. Trial Exhibits ... 4
   B. Procedures for Demonstrative Exhibits ... 6
VII. WITNESSES ... 7
   A. Trial Witnesses ... 7
   B. Presentation of Witnesses at Trial ... 7
   C. Deposition Designations ... 8
VIII. PLAINTIFF'S STATEMENT OF INTENDED PROOF ... 9
   A. INFRINGEMENT ... 9
   B. VALIDITY ... 10
IX. DEFENDANT'S STATEMENT OF INTENDED PROOF ... 10
   A. INFRINGEMENT ... 10
   B. VALIDITY ... 10
X. AMENDMENTS OF THE PLEADINGS ... 10
XI. CERTIFICATION REGARDING SETTLEMENT ... 11
XII. ADDITIONAL MATTERS ... 11
   A. Expected Duration and Scope of Trial ... 11
   B. Representative Products ... 12
   C. Federal Judicial Center Introduction to Patent System Video ... 13
   D. Interrogatories ... 13
   E. Motions *in Limine* ... 13

XIII.   ORDER TO CONTROL COURSE OF ACTION ................................................................. 13

Plaintiff TQ Delta, LLC and 2Wire, Inc. jointly submit this Pretrial Order pursuant to Federal Rule of Civil Procedure 16, District of Delaware Local Rule 16.3, and the Court's Final Scheduling Order, D.I. 513. The pretrial conference is scheduled for March 29, 2019 at 8:30 a.m., and a subsequent jury trial against 2Wire in Civil Action No. 13-cv-1835-RGA (for the Family 1 Patents) will take place starting on April 8, 2019 and is scheduled to last for 5 days.

This order shall control the subsequent course of the action, unless modified by the Court.

I.  **NATURE OF THE CASE**

1. TQ Delta is the owner by assignment of a portfolio of patents relating to digital subscriber line ("DSL") technology, including for example asymmetric digital subscriber line ("ADSL") technology and very-high-bit-rate digital subscriber line ("VDSL") technology. DSL allows existing telephone lines to be used for high speed data communication, including broadband access to the Internet.

2. The Family 1 patent being litigated during the first trial between TQ Delta and 2Wire is U.S. Patent No. 7,889,784 ("'784 patent"). TQ Delta asserts claim 1 of the '784 patent. That claim generally covers a transceiver capable of transmitting a message containing "an array representing Signal-to-Noise Ratio ("SNR") per subchannel during Showtime information. The patent generally relates to the ability to perform remote diagnostics of transmission lines to identify possible channel quality problems that might cause slow data rates, errors, or disrupted transmission. According to the '784 patent, collecting the specific types of diagnostic information claimed can eliminate the need for a "truck roll," i.e., dispatching a technician to the remote site of the far-end DSL transceiver.

3. 2Wire makes DSL equipment (e.g., DSL gateways or modems) that TQ Delta accuses of infringing claim 1 of the '784 patent.

1

A.     **PROCEDURAL HISTORY**

4.     On November 4, 2013, TQ Delta filed a complaint against Pace Americas, Inc. alleging infringement of 19 U.S. patents, including the '784. D.I. 1. On November 20, 2013, TQD filed a First Amended Complaint ("FAC") adding five additional patents. D.I. 6. TQD filed a Second Amended Complaint ("SAC") on February 7, 2014 in response to arguments raised in a Motion to Dismiss. D.I. 24. TQD filed a Third Amended Complaint on October 13, 2017 in response to arguments raised in a Motion to Dismiss relating to its indirect infringement claims. D.I. 380.

5.     On March 27, 2018, 2Wire filed its Answer, Affirmative Defenses, and Counterclaims to TQ Delta's Third Amended Complaint, in which 2Wire denied TQ Delta's allegations of infringement, and asserted various affirmative defenses including, but not limited to, TQ Delta's failure to comply with 35 U.S.C. § 287. D.I. 505. In its Counterclaims, 2Wire asserted a declaratory judgment action seeking, *inter alia*, a declaration that each of the asserted patents is invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.* and that 2Wire does not infringe any valid and enforceable claim of those patents. *Id*. 2Wire further asserted a claim that TQ Delta breached its contract with the ITU to license its patents on FRAND terms.

6.     The Court's Final Scheduling Order divided the case against 2Wire into separate trials such that only a single patent family will be at issue in any single jury trial. D.I. 513. The Court recently ordered that the issues from Family 1 relating to "FRAND, contract, and damages issues (and any equitable issues)" will be tried at a later date, after issues of infringement and validity are determined. Accordingly, the infringement and validity case is scheduled to go to trial on April 8, 2019 with respect to TQD's "Family 1 Patents." *Id*.

B. **OUTSTANDING MOTIONS**

1. **The Following Plaintiff's Motions Remain Outstanding (relating to Family 1 Infringement and Validity)**

| Motion | Date Filed | Docket Nos. |
|---|---|---|
| *TQ Delta's Motion for Summary Judgment of Infringement* | January 18, 2019 | 620, 622, 654, 693 |
| *TQ Delta's Motion for Summary Judgment of No Invalidity* | January 18, 2019 | 615, 616, 655, 694 |
| *TQ Delta's Motion to Exclude Certain Opinions of Dr. Krista Jacobsen* | January 18, 2019 | 597, 598, 650, 691 |

2. **The Following Defendant's Motions Remain Outstanding (relating to Family 1)**

| Motion | Date Filed | Docket Nos. |
|---|---|---|
| *Defendant 2Wire, Inc.'s Motion for Summary Judgment of Invalidity of Claim 1 of U.S. Patent No. 7,889,784 ("FAMILY 1")* | January 18, 2019 | D.I. 608, 609, 664, 686 |
| *Defendant 2Wire, Inc.'s Motion to Exclude the Expert Testimony of Dr. Todor Cooklev for Family 1* | January 18, 2019 | D.I. 618, 619, 668, 683 |

II. **FEDERAL JURISDICTION**

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction over TQ Delta's claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391, §1400(b). Venue is not disputed.

3

9. TQ Delta owns all right, title, and interest in the '784 patent. Standing is not disputed.

## III. FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

10. The parties' joint statement of facts which are admitted and require no proof is attached as Exhibit 1.

## IV. ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

11. TQ Delta's statement of issues of fact which remain to be litigated is attached as Exhibit 2.  2Wire's statement of issues of fact which remain to be litigated is attached as Exhibit 3.

## V. ISSUES OF LAW WHICH REMAIN TO BE LITIGATED

12. TQ Delta's statement of issues of law which remain to be litigated is attached as Exhibit 4.  2Wire's statement of issues of law which remain to be litigated is attached as Exhibit 5.

## VI. EXHIBITS TO BE OFFERED AT TRIAL

### A. Trial Exhibits

13. TQ Delta's list of (non-demonstrative) trial exhibits is attached as Exhibit 6. 2Wire's list of (non-demonstrative) trial exhibits is attached as Exhibit 7.

14. TQ Delta will begin its trial exhibit list numbering at PTX0001.  TQ Delta's demonstrative exhibits will be identified by numbers prefixed with "PD."  2Wire will begin its trial exhibit list numbering at DTX0001.  2Wire's demonstrative exhibits will be identified by numbers prefixed with "DD."  Agreed exhibits will be numbered beginning at JTX0001.

15. Unless listed for limited purposes (e.g., an expert report not to be used for substantive evidence), each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all objections that

may arise by virtue of the change in the identity of the party sponsoring the exhibit. If such evidentiary objections are overruled, any such exhibit may be admitted into evidence. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

16. Exhibits shown to a witness on the stand to which no objection has been made will be received into evidence by operation of the Final Pretrial Order without the need for additional foundational testimony.

17. The parties agree that documents created by a party and thereafter produced by that party in this case and identified in the final exhibit lists that are submitted to the Court are presumed prima facie genuine and authentic pursuant to Federal Rule of Evidence 901. However, nothing shall prohibit a party from offering argument or evidence to rebut these presumptions, or from otherwise seeking admittance of any documents or communications for purposes other than the truth of the stated matters. The parties further agree to meet and confer regarding the authenticity and business records status of documents produced by third parties pursuant to a subpoena in this litigation and identified in the final exhibit lists.

18. A party shall identify non-demonstrative trial exhibits to be used in connection with direct examination, per witness, by 7 P.M. Eastern Time 2 calendar days before their intended use (e.g., exhibits for Monday morning will be disclosed on Saturday evening). Any objections will be provided no later than 7 P.M. Eastern 1 calendar day before their intended use, and the parties shall meet and confer on any such objections by 9 P.M. 1 calendar day before their intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall notify the party sponsoring the exhibits as to which objections the objecting party

intends to bring to the Court's attention on the following day, and the objecting party shall do so prior to the witness being called to the stand.]

19. Each party shall make available for inspection in Wilmington, Delaware any physical exhibits by 12:00 noon, Eastern Time, four days prior to the start of trial, or on a mutually agreeable date. Each party shall also provide, electronically, photographs of any such proposed physical exhibits, as practicable. To the extent physical exhibits are to be offered, neither party waives any rights to object to the admissibility by virtue of this protocol.

**B.     Procedures for Demonstrative Exhibits**

20. The parties have agreed that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.

21. The parties shall identify and exchange demonstrative exhibits to be used in opening statements by 5 P.M. Eastern Time 2 calendar days before opening statements will be given. The parties shall exchange any objections to such demonstrative exhibits to be used in opening statements by 5 P.M. 1 calendar day before opening statements will be given, and the parties meet and confer on any such objections by 9 P.M. on the day objections are exchanged.]

22. The parties shall identify and exchange demonstrative exhibits to be used by witnesses by 7 P.M. Eastern Time 2 calendar days before the demonstrative will be used. The parties shall exchange any objections to such demonstrative exhibits to be used by witnesses by 7 P.M. Eastern Time 1 calendar day before the demonstrative will be used, and the parties shall meet and confer on any such objections by 9 P.M. Eastern Time on the day objections are exchanged.

23. The party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side.

6

24. For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format. For irregularly sized physical demonstrative exhibits, the party seeking to use it shall provide a color representation in PDF format, indicating to the other party its intended physical size at trial.

25. The foregoing provisions do not apply to demonstratives created during testimony or to exhibits and demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use (without waiving either party's right to object to the same).

26. The parties agree that the above stated provisions regarding exchanges of exhibits does not require the disclosure of exhibits, including demonstratives, to be used solely for cross-examination or rebuttal.

## VII. WITNESSES

### A. Trial Witnesses

27. TQ Delta's list of trial witnesses is attached as Exhibit 8.  2Wire's list of trial witnesses is attached as Exhibit 9.  The parties reserve the right to call additional witnesses for purposes of impeachment, rebuttal, or authenticating an exhibit.

### B. Presentation of Witnesses at Trial

28. A party shall identify the witnesses it intends to call to testify, whether it intends to do so in person or by deposition, and the order in which they are to be called, by 6:30 p.m. Eastern Time one (1) calendar day before they are to be called (e.g., witnesses for Monday morning will be disclosed on Sunday evening).

29. The parties agree that the Court shall order fact witnesses, including rebuttal witnesses but excluding one (1) party representative, sequestered during witness testimony prior

to their testifying at trial. This exclusion does not apply to closing arguments. For clarity, this paragraph does not apply to expert witnesses.

### C. Deposition Designations

30. TQ Delta shall serve its initial deposition designations with its draft proposed pretrial order on February 20, 2019. 2Wire shall serve its initial deposition designations, counter-designations, and objections to TQ Delta's designations with when it serves it proposed edits to the proposed pretrial order on March 8, 2019. TQ Delta shall serve its counter-designations and objections to 2Wire's designations and counter-designations on March 15, 2019. 2Wire shall serve its objections to TQ Delta's counter-designations on March 18, 2019.

31. The deposition designations, counter-designations, and objections that are provided pursuant to the prior paragraph contain the maximum universe of deposition designations, counter-designations, and objections; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown, or unless used exclusively for rebuttal or impeachment or by an expert as part of the expert's testimony.

32. If there are objections that remain to be resolved regarding deposition designations after the pretrial conference, the party calling the witness by deposition shall, no later than 8:00 p.m. two (2) business days before the witness is to be called at trial, submit, on behalf of all parties, a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections.

33. If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played in chronological order. Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations for each deposition so read or played. For clarity, primary designations will count

against the time limits for the primary-designating party, and counter-designations will count against the time limits for the counter-designating party.

34. Objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial to the extent feasible.

35. Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections that may arise by virtue of the change in the identity of the party sponsoring the testimony.

36. The parties may offer some or all of the deposition testimony set forth herein at trial. A party's decision not to introduce some or all of the deposition testimony of a witness designated herein shall not be commented upon at trial.

37. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

38. In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different trial exhibit number, the parties will refer to the first trial exhibit (if possible).

VIII. **PLAINTIFF'S STATEMENT OF INTENDED PROOF**

39. TQ Delta provides this statement of intended proof in this case. TQ Delta reserves its right to modify its statement of intended proof based on any of 2Wire's pretrial statements and to the extent any amendments or other alterations arise impacting the facts or issues for trial.

A. **INFRINGEMENT**

40. TQ Delta will establish that 2Wire infringes claim 1 of the '784 patent by making, using, selling, importing, and/or offering for sale the following accused products: 5168N, 5168NV, 5268AC, 3801HGV, i3812V, 5031NV, and 4111N.

### B. VALIDITY

41. TQ Delta will rebut 2Wire's allegations that there is clear and convincing evidence that claim 1 of the '784 patent is invalid as anticipated by 2Wire's asserted prior art under 35 U.S.C. § 102 or that the asserted claim of the '784 patent is invalid as obvious in view of 2Wire's asserted prior art and secondary considerations of non-obviousness under 35 U.S.C. § 103. TQ Delta will rebut 2Wire's allegations that there is clear and convincing evidence that claim 1 of the '784 patent is invalid under 35 U.S.C. §§ 101 or 112.

## IX. DEFENDANT'S STATEMENT OF INTENDED PROOF

42. 2Wire provides this statement of intended proof based on the current status of this case. 2Wire reserves its right to modify its statement of intended proof in light of further decisions or orders from this Court, any of TQ Delta's pretrial statements, and to the extent any amendments or other alterations arise impacting the facts or issues for trial.

### A. INFRINGEMENT

43. 2Wire intends to establish that TQ Delta has not carried its burden of proving that 2Wire infringes Claim 1 of the '784 patent.

### B. VALIDITY

44. 2Wire intends to establish that there is clear and convincing evidence that Claim 1 of the '784 patent is invalid as under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## X. AMENDMENTS OF THE PLEADINGS

45. TQ Delta hereby requests leave to file a Fourth Amended Complaint in order to expressly add a count of post-suit willful infringement.

46. 2Wire opposes TQ Delta's request on at least the following grounds:

    a. It is untimely, coming on the eve of trial.

    b. TQ Delta has not and cannot show good cause for seeking leave to amend now.

  c. The proposed amendment would be futile, at least because (1) TQ Delta cannot present any evidence that 2Wire had any knowledge of the '784 patent prior to the filing of the lawsuit, (2) TQ Delta did not seek a preliminary injunction, and (3) TQ Delta cannot present any evidence that 2Wire could have, but did not, design around the invention claimed by claim 1 of the '784 patent, which TQ Delta contends is compelled by both the ADSL2/2+ and VDSL2 standards.

  d. 2Wire would be prejudiced if TQ Delta were allowed to add this claim now.

47. If, notwithstanding the foregoing, the Court permits TQ Delta to add a willfulness claim at this late date, 2Wire respectfully requests permission to supplement its witness and exhibit lists to attempt to respond to the new claim at trial. 2Wire also respectfully requests leave to file an additional motion in limine to narrow the evidence and testimony TQ Delta may present at trial in support of its willfulness claim.

## XI. CERTIFICATION REGARDING SETTLEMENT

[**PLAINTIFF'S STATMENT**: TQ Delta has attempted in good faith to explore resolution of the controversy by way of settlement, but 2Wire has refused to engage in any meaningful discussions that would make such a resolution possible.]

[**DEFENDANT'S STATEMENT**: 2Wire denies that it has refused to engage in any meaningful settlement discussions. 2Wire certifies that it has engaged in a good faith effort to explore the resolution of this controversy by way of settlement, but settlement has not yet been reached.]

## XII. ADDITIONAL MATTERS

  A. **Expected Duration and Scope of Trial**

48. Trial is scheduled to begin on April 8, 2019 at 9:00 AM and to last five days. Each party shall have one hour for opening statements.

49. Time that a party is objecting to evidence in open court, examining or cross-examining witnesses, presenting deposition designations that are read or played into evidence, or otherwise speaking or arguing on behalf of a party will be counted as the time of that party.

## XIII. JURY TRIAL

### 1. TQ Delta's Position

50. Any other claim or defense remaining after resolution of the parties' pending summary judgment motions in this phase of the case will be tried to a jury. As for other phases of the case, the issues of FRAND and breach of contract should be tried to the Court.

### 2. 2Wire's Position

51. All claims and defenses remaining after resolution of the parties' pending summary judgment motions will be tried to a jury.

## B. Representative Products

### 1. TQ Delta's Position

52. TQ Delta will prove the infringement of one representative product per unique DSL digital chip, which, if TQ Delta is successful in so proving, the parties agree will be sufficient to prove that the other accused products sold by 2Wire containing the same DSL digital chip likewise infringes, as follows:

- REDACTED

REDACTED

### C. Federal Judicial Center Introduction to Patent System Video

53. The parties agree that the Federal Judicial Center's video titled "The Patent Process: An Overview for Jurors" found at https://www.fjc.gov/publications/patent-process-overview-jurors will be played to the jurors at the start of trial.

### D. Interrogatories

54. The parties agree that all or any part of any interrogatory response(s) of the opposing party can be read to the jury at any time during trial. The reading of interrogatory responses shall count against the time of the party who is offering the interrogatory response in to evidence.

### E. Motions *in Limine*

55. TQ Delta's opposed motions *in limine*, 2Wire's oppositions to the motions and TQ Delta's replies are attached as Exhibits 10, 11, and 12, respectively, followed by supporting declarations, if any, as Exhibit 13 (TQ Delta) and Exhibit 14 (2Wire).

56. 2Wire's opposed motions *in limine*, TQ Delta's oppositions to the motions and 2Wire's replies are attached as Exhibits 15, 16, and 17, respectively, followed by supporting declarations, if any, as Exhibit 18 (2Wire) and Exhibit 19 (TQ Delta).

## XIV. ORDER TO CONTROL COURSE OF ACTION

57. This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice

| | |
|---|---|
| Dated: March 22, 2019 | Respectfully submitted, |

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

| | |
|---|---|
| Dated March 22, 2019 | /s/ Jody C. Barillare |

Jody C. Barillare (#5107)
**MORGAN LEWIS & BOCKIUS LLP**
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone:  302.574.3000
Facsimile:  302.574.3001
*jody.barillare@morganlewis.com*

14

    Brett Schuman (*pro hac vice*)
    Rachel M. Walsh (*pro hac vice*)
    Monte M.F. Cooper (*pro hac vice*)
    **GOODWIN PROCTER LLP**
    Three Embarcadero Center, 24th Floor
    San Francisco, California 94111
    Telephone:  415.733.6000
    Facsimile:  415.677.9041
    *bschuman@goodwinprocter.com*
    *rwalsh@goodwinprocter.com*
    *mcooper@goodwinlaw.com*