IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>2WIRE, INC.,<br><br>       Defendant. | Civil Action No. 13-1835-RGA |

MEMORANDUM ORDER

On April 2, 2019, I issued an order granting Defendant's Motion for Leave to Serve Supplemental Expert Reports of Dr. Walker (D.I. 741) and denying Plaintiff's Cross-Motion to Strike Untimely Supplemental Reports of Dr. Walker and Dr. Walker's Untimely Expert Declaration. (D.I. 847). I now write to explain the reasoning supporting that order. Additionally, I address Plaintiff's pending Motion to Strike Dr. Walker's Untimely Expert Declaration for Family 3. (D.I. 970). I have reviewed the parties' briefing associated with all three motions. (D.I. 742, 848, 917, 970, 994, 1024, 1052).

**I.  BACKGROUND**

Plaintiff TQ Delta filed this lawsuit against Defendant 2Wire on November 4, 2013 asserting infringement of twenty-four patents. (D.I. 1). I have divided the case into separate trials based on families of patents. (D.I. 280). The motions at issue herein address untimely disclosure of expert opinion relating to the Family 2 and 3 patents. Fact discovery for all the asserted patent families closed on October 1, 2018. Expert reports were sequenced as follows: Family 2 opening reports were due on November 2, 2018; Family 2 rebuttal reports were due on

1

November 29, 2018; Family 2 reply reports were due on December 21, 2018; Family 3 opening reports were due on November 28, 2018; Family 3 rebuttal reports were due on December 28, 2018; and Family 3 reply reports were due on January 18, 2019. Expert discovery for both Family 2 and Family 3 closed on February 8, 2019. The pretrial conference for Family 2 is scheduled for April 18, 2019 and trial is scheduled for April 29, 2019.[1] (D.I. 513). The pretrial conference for Family 3 is scheduled for May 10, 2019 and trial is scheduled for May 20, 2019.

The motions discussed herein concern supplemental reports and declarations of Dr. Walker, Defendant's technical expert. The supplemental reports were served on Plaintiff on February 5 (Family 2), the day before, and February 6 (Family 3), the day of, Plaintiff's deposition of Dr. Walker and after the deadline for expert reports. Defendant has filed a motion for leave to serve the supplemental reports. (D.I. 741). Plaintiff has cross-moved to strike the reports and to strike Dr. Walker's declaration (D.I. 717) filed in support of Defendant's motion for summary judgment of noninfringement. (D.I. 847). Plaintiff has additionally filed a motion to strike Dr. Walker's declaration (D.I. 881) filed in support of Defendant's opposition brief in summary judgment briefing for Family 3. (D.I. 970).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To determine whether a failure to disclose was harmless, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the

---

[1] Currently double-booked.

potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

## III. DISCUSSION

### A. Dr. Walker's Supplemental Rebuttal Reports

Defendant requests leave to serve the supplemental expert reports of Dr. Walker for Family 2 and Family 3. Defendant asserts that there is good cause for the late disclosure of these opinions because Defendant was barred from accessing the Broadcom source code from November 14, 2018 to January 14, 2019, when it gained access through Broadcom itself. (D.I. 742 at 4). Defendant also asserts that the *Pennypack* factors weigh in favor of permitting the reports because Plaintiff was not surprised by the supplemental reports. (*Id.* at 6; D.I. 917 at 8-9). Plaintiff responds that the *Pennypack* factors weigh in favor of excluding the reports because Defendant acted in bad faith and the prejudice to Plaintiff is incurable at this stage in the litigation. (D.I. 848 at 19-22). It is undisputed that the reports are untimely.

The first *Pennypack* factor weighs in favor of exclusion. Plaintiff has clearly been prejudiced by Defendant's service of the reports just one day before (Family 2) and during (Family 3) Plaintiff's deposition of Dr. Walker. The late disclosure deprived Plaintiff of the opportunity to adequately prepare for deposition. I do not believe that Plaintiff's awareness of

3

Defendant's ongoing efforts to access the non-produced source code diminishes the prejudice to Plaintiff. However, I note that the prejudice to Plaintiff in the summary judgment briefing is minimal as it received the supplemental reports before the end of expert discovery.

The second and third *Pennypack* factors weigh against exclusion. Plaintiff argues that the reports will disrupt preparation for the trials. I disagree. There is still adequate time for Plaintiff to depose Dr. Walker on his supplemental reports and for Plaintiff's expert, Dr. Almeroth, to supplement his reply reports. At the time of my previous order, there was still three full weeks before the Family 2 trial and six weeks until the Family 3 trial. Moreover, Plaintiff has had the reports since early February, almost three full months before the Family 2 trial.

The fourth *Pennypack* factor weighs against exclusion. Plaintiff alleges that Defendant's late disclosure of the supplemental reports was done in bad faith and in willful violation of the scheduling order. Plaintiff argues that Defendant (1) first requested to view the escrowed source code after Plaintiff's Family 2 opening expert report and after forgoing the opportunity to do so during fact discovery, (2) served the supplemental reports shortly before and during Plaintiff's deposition of Dr. Walker while providing the reports to Defendant's own expert, Dr. Jacobsen, two days earlier, and (3) failed to request leave to serve the reports before it did so. (D.I. 848 at 9-10, 12, 19-20). Defendant responds that (1) Plaintiff carries the burden of proof on infringement, and thus its delay in viewing the escrowed source code was legitimate, (2) its failure to disclose these opinions at the time for expert reports was due to the unexpected actions of the third-party escrow vendor in preventing its review of the source code after November 14, 2018, and (3) it diligently worked from the time it received access to the code to provide the new opinions in a timely manner. (D.I. 917 at 4, 7-8).

While I am sympathetic to Plaintiff's frustration at the timing of service of Dr. Walker's reports, I do not believe that the timing was a result of bad faith or willful deception. While Defendant certainly could have undertaken to review the source code in full during fact discovery, it was also logical for Defendant to believe that it could undertake a more streamlined review of the specific source code identified in the initial reports at a later date. Moreover, the third-party escrow vendor's refusal to allow Defendant's expert to continue to review the source code after November 14, 2018 was unexpected. Finally, it appears that Defendant's expert diligently and timely prepared his reports after gaining access to the source code through Broadcom itself, examining the code and drafting his opinions in roughly two weeks. (D.I. 742 at 4, 6). Given the factual circumstances, and Defendant's inability to access the source code for a significant period of time during expert discovery, I do not find that Defendant's failure to disclose the information during the scheduled period for expert reports was in bad faith, and thus, the fourth *Pennypack* factor weighs against exclusion.

The fifth *Pennypack* factor also weighs against exclusion. The new opinions offered by Dr. Walker are important evidence in support of Defendant's noninfringement case. Plaintiff argues that many of the new opinions improperly reply to opinions in Dr. Almeroth's reply reports. (D.I. 848 at 11, 17-18). However, the opinions offered in Dr. Walker's supplemental reports appear to be responsive to the corresponding opening reports of Dr. Almeroth, and to expand upon opinions that would have been offered in Dr. Walker's timely rebuttal reports if he had had access to the source code at that time. (*Compare, e.g.*, D.I. 849-22 ¶ 63 (Family 3 rebuttal report) *with* D.I. 849-17 ¶¶ 24-26 (Family 3 supplemental report); *compare* D.I. 849-22 ¶¶ 55-56 *with* D.I. 849-17 ¶ 27; *compare* D.I. 849-21 ¶¶ 43, 48 (Family 2 rebuttal report) *with*

D.I. 849-16 ¶¶ 17-21 (Family 2 supplemental report)). Thus, this factor weighs against exclusion.

Thus, the *Pennypack* factors weigh against exclusion. *See Glaxosmithkline LLC v. Glenmark Pharms. Inc., USA*, 2017 U.S. Dist. LEXIS 21049, at *9 (D. Del. Feb. 6, 2017).

### B. Dr. Walker's Declarations in Support of Summary Judgment Briefing

Plaintiff also moves to strike Dr. Walker's untimely declaration (D.I. 717) filed in association with Defendant's motion for summary judgment of non-infringement on Family 2 and Dr. Walker's untimely declaration (D.I. 881) filed in support of Defendant's opposition to Plaintiff's motion for summary judgment of infringement on Family 3. (D.I. 848 at 23; D.I. 970). Plaintiff asserts that both declarations should be struck for the same reasons that it provides for striking the supplemental reports. (D.I. 848 at 24).[2] However, in its motion to strike the Family 3 declaration, Plaintiff identifies paragraphs 22 and 26-31 as entirely new opinions first disclosed in the declaration. (D.I. 970 at 2).

#### 1. Declaration Opinions that Were Present in the Supplemental Reports

As stated above, the first *Pennypack* factor weighs in favor of exclusion. To the extent the declarations provide opinions first disclosed in Dr. Walker's supplemental reports, Plaintiff has suffered the same prejudice as discussed above. However, there is no additional surprise or prejudice from the inclusion of those opinions in Dr. Walker's declarations because the opinions had already been disclosed in the supplemental reports.

The remainder of the factors weigh against exclusion, as explained above. Thus, the *Pennypack* factors weigh against exclusion of Dr. Walker's Declaration. (D.I. 717).

---

[2] Plaintiff's motion to strike the Family 3 declaration also "adopts the reasoning in its memorandum of support of its motion to strike, D.I. 848, as reasons why the [Family 3 declaration] should be stricken." (D.I. 970 at 2). It provides no new grounds.

6

## 2. New Opinions in Family 3 Declaration

Plaintiff has identified new opinions in Dr. Walker's Family 3 declaration that were not disclosed in either his original or supplemental Family 3 rebuttal reports. (D.I. 970 at 2; D.I. 881 ¶¶ 22, 26-31).[3] Defendant argues that these new opinions should not be struck as there is good cause for the Court to permit supplementation of Dr. Walker's opinions. (D.I. 1042 at 2).

I agree with Plaintiff that paragraphs 26-31 of Dr. Walker's declaration provide new and untimely opinions. Applying the *Pennypack* factors, however, I determine that the declaration will not be struck.

The first *Pennypack* factor weighs in favor of exclusion. By providing new opinions concurrently with its opposition brief to Plaintiff's motion for summary judgment briefing, Defendant has prejudiced Plaintiff. Plaintiff could not affirmatively address these opinions in its opening brief, and the untimely disclosure gave Plaintiff limited time to assess these opinions and to respond in its reply brief.

The second and third *Pennypack* factors weigh against exclusion. The prejudice to Plaintiff may be cured by giving Plaintiff leave to depose Dr. Walker on these opinions, per my previous order (D.I. 1046), and by excluding paragraphs 26-31 from consideration on Plaintiff's summary judgment motion. Admission of these opinions will not disrupt the trial schedule.

The fourth *Pennypack* factor is neutral. While Defendant asserts that paragraphs 26-31 are responsive to disclosures first made in Dr. Cooklev's Family 3 reply expert report, Dr. Walker's own opinions make clear that the underlying source code assumptions were previously disclosed in Dr. Almeroth's Family 3 opening expert report, served on November 28, 2018. (D.I.

---

[3] Paragraph 22 of Dr. Walker's declaration was previously set forth in Dr. Walker's supplemental report. (D.I. 744-2 ¶ 17). Thus, my previous analysis applies, and this paragraph will not be struck.

881 ¶¶ 28-31). The failure to disclose the challenged opinions in either Dr. Walker's original rebuttal report or his supplemental rebuttal report for Family 3 permits an inference of bad faith. Despite being aware of Dr. Almeroth's opinions, Dr. Walker's original rebuttal report for Family 3, dated December 28, 2018, made no mention of the substance of the newly disclosed opinions of paragraphs 26-31. (D.I 849-22). Moreover, Dr. Walker's supplemental rebuttal report—served after Dr. Cooklev's reply report—also made no mention of these opinions. (D.I. 849-17). At the time Defendant gained access to the source code through Broadcom on January 14, 2019, it was clearly aware of the contentions made by Dr. Cooklev and Dr. Almeroth. The challenged opinions thus could have been included in Dr. Walker's supplemental report for Family 3, dated February 4, 2019, rather than saved for disclosure in a declaration in the middle of summary judgment briefing.

However, while the facts here permit an inference that the failure to disclose these opinions before the summary judgment briefing was in bad faith, I do not think the inference is so strong as to justify the extreme sanction of exclusion.

The fifth *Pennypack* factor is neutral. While Dr. Walker's opinions support Defendant's noninfringement contentions, Defendant, by its own admission, did not realize the need to respond to Dr. Cooklev's and Dr. Almeroth's contentions until receipt of Plaintiff's opening summary judgment brief. (D.I. 1042 at 2).

On balance, the *Pennypack* factors weigh against exclusion of Dr. Walker's new opinions in his Family 3 declaration. Thus, Plaintiff's motion is denied.

### IV. CONCLUSION

As stated in my previous order, Defendant's Motion for Leave to Serve (D.I. 741) is GRANTED and Plaintiff's Cross-Motion to Strike (D.I. 847) is DENIED. Additionally, for the

reasons stated above, Plaintiff's Motion to Strike Dr. Walker's Family 3 declaration (D.I. 970) is DENIED.

IT IS SO ORDERED this 9 day of April, 2019.

United States District Judge