IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1835-RGA |
| 2WIRE, INC., | : | |
| Defendant. | : | |

**ORDER ON MOTIONS IN LIMINE**

The proposed pretrial order (D.I. 1068) contains six motions in limine (Exhibits 10, 11, 12, 15, 16, 17). I rule on them as follows.

PMIL #1. The MIL is dismissed in part, granted in part, and deferred in part. Defendant states it will not use pejorative terms to refer to Plaintiff and will not discuss the assertion (or non-assertion) of patents against Defendant in other litigation. The motion as to those two issues is thus dismissed. The only issues in the upcoming trial are infringement and invalidity. Most of the rest of what Plaintiff seeks to exclude, such as its size, wealth, number of employees, and sources of funding are irrelevant, and I grant the motion to that extent. On the relevance of Plaintiff's business model to commercial success, I would like to hear about that at the pretrial conference.

PMIL #2. The MIL is dismissed in part and granted in part. As to Plaintiff's first request that Defendant be limited to invalidity theories expressly included in its expert's reports, there is

no dispute that Defendant is so limited. That portion of the motion is dismissed as moot. As to the remainder of Plaintiff's request, Defendant offers no argument in support of the proposition that Dr. Jacobsen should be allowed to testify about references that she did not disclose or discuss in her report. It is too late to supplement Dr. Jacobsen's report with another sixteen references about the state of the art. Fed. R. Civ. Pro. 37(c)(1); Fed. R. Civ. Pro. 26(a)(2)(B). It is not good enough to say that since the sixteen references were disclosed in various contentions along the way, Dr. Jacobsen is free to use them to support her opinions. Thus, the balance of the motion is granted.

PMIL #3. Both sides agree that Defendant has stated that it will not appeal to jurors by implicitly or explicitly arguing that a verdict for Plaintiff will result in higher prices for internet use by the jurors. Thus, the motion is moot and is dismissed.

DMIL #1. This MIL concerns Defendant's request for indemnity from Broadcom. Defendant asserts that Broadcom is not indemnifying Defendant and at least implies that the issue is not subject to further debate. Plaintiff's position on this is unclear. As to Dr. Yu, the MILs do not say whether he was asked about indemnity and/or shown any of the relevant documents. As to the Broadcom letter concerning standard essentiality, Defendant asserts that would be hearsay (which seems like a reasonable argument), but Plaintiff has not addressed it. The parties are requested to have the relevant documents ready to give me, and to be prepared to discuss them at the pretrial conference.

DMIL #2. This MIL concerns the possibility of Plaintiff advancing a doctrine of equivalents argument when none has ever been properly disclosed. Plaintiff's rejoinder is that Defendant is improperly using a claim construction, so Plaintiff should be able to respond with its own undisclosed arguments in reply. It does not go like that. If I decide Defendant's use of

the claim construction is improper, then the issue will not arise. If I decide Defendant's use is proper, then Plaintiff has no basis to argue that it should be allowed to break the rules. Thus, the motion is granted.

DMIL #3. This MIL is premised on the possibility that I will allow Plaintiff to amend its complaint after more than five years of litigation and within weeks of trial to add willfulness. Since I am not going to do that, this motion is moot and I will dismiss it.

IT IS SO ORDERED this 16 day of April 2019.

/s/ Richard G. Andrews
United States District Judge