# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES' JOINT STATEMENT OF UNDISPUTED FACTS

The following facts are admitted by the parties and require no proof:

### *The Asserted Patent*

1. On November 18, 2008, the United States Patent and Trademark Office issued U.S. Patent No. 7,453,881 (the "'881 Patent"), entitled "Systems and Methods for Multi-Pair ATM Over DSL."

2. The non-provisional application (10/264,258) that issued as the '881 Patent was filed on October 4, 2002.

3. The '881 Patent ultimately claims priority on its face to U.S. Provisional Application No. 60/327,440, filed on October 5, 2001.

4. The named inventors on the '881 Patent are Marcos C. Tzannes, Edmund Reiter, and Christopher Cahill.

5. Plaintiff TQ Delta, LLC ("TQ Delta" or "Plaintiff") owns the '881 patent.

### *The Parties*

6. TQ Delta is a limited liability company organized and existing under the laws of the State of Delaware and having a principal place of business at 805 Las Cimas Parkway, Suite 240, Austin, Texas 78746.

7. Defendant 2Wire, Inc. ("2Wire" or "Defendant") was a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1764 Automation Parkway, San Jose, California 95131.

8. As of January 1, 2017, 2Wire, Inc. was merged to form ARRIS Solutions, Inc. as a result of a merger between 2Wire, Inc., Aurora Networks, Inc., and ARRIS Solutions Inc.

ACTIVE/99012786.1

### *Accused Products*

9.　2Wire makes, has made, sells, has sold, offers for sale, has offered for sale, imports, or has imported the following products: 5168 N, 5168NV, 5268AC, and i3812V.

10.　The aforementioned products contain the following ████████████████ ████████████

　　a.　5168N, 5168NV, and 5268AC ██████████████

　　b.　3812V ████████████

11.　The accused products were first sold and offered for sale in the U.S. on or about the following date:

　　a.　5168N – September 2012

　　b.　5168NV – February 2013

　　c.　5268AC – July 2014

　　d.　3812V – February 2010

### *Prior Art*

12.　The ATM Forum Technical Committee's "Inverse Multiplexing over ATM (IMA) Specification Version 1.0 (AF-PHY-0086.000)" is prior art to the '881 patent.

13.　U.S. Patent No. 6,222,858 to Counterman is prior art to the '881 patent.

14.　U.S. Patent No. 6,956,872 to Djokovic is prior art to the '881 patent.

15.　European Application No. WO 99/39468 to Edvardsen is prior art to the '881 patent.

16.　U.S. Patent No. 7,068,657 to Keller-Tuberg is prior art to the '881 patent.

17.　U.S. Patent No. 6,772,388 to Cooper is prior art to the '881 patent.

ACTIVE/99012786.1

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TQ DELTA'S STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE**
**LITIGATED**

TQ Delta identifies the following issues of fact which remain to be litigated. This statement is based on the current status of the case and the Court's rulings to date. TQ Delta reserves the right to modify or supplement this statement in response to subsequent rulings by the Court. Should the Court determine that any issue identified here is more appropriately considered an issue of law, TQ Delta incorporates such issues by reference into its Statement of Issues of Law That Remain to Be Litigated (Exhibit 4). To the extent that TQ Delta's Statement of Issues of Law That Remain to Be Litigated contains issues that the Court deems to be issues of fact, those issues are incorporated herein by reference.

TQ Delta does not assume the burden of proof with regard to any of the below-mentioned facts.  TQ Delta reserves is right to revise this statement in light of the Court's rulings.

**I.    Infringement of the '881 Patent.**

Whether 2Wire infringed the asserted claims of the '881 Patent by making, using, selling, importing and/or offering for sale the products accused of infringement by TQ Delta.

II.     **Invalidity.**

Whether 2Wire has proven by clear and convincing evidence that any asserted claim of

TQ Delta '881 Patent is invalid under 35 U.S.C. § 102, 103, and the Written Description

provision of 112.

III.    **Breach of FRAND Obligation (not to be tried at first trial for Family 2).**

Whether 2Wire has proven by a preponderance of the evidence that TQ Delta breached

the following contractual obligation to the ITU-T and/or third party beneficiaries as it relates to

its '881 patent: "The patent holder is willing to negotiate licences with other parties on a non-

discriminatory basis on reasonable terms and conditions.  Such negotiations are left to the parties

concerned and are performed outside ITU-T/ITU-R/ISO/IEC."

Subject to motions and objections by TQ Delta, the amount of money has 2Wire proven

by a preponderance of the evidence that it is entitled to receive from TQ Delta, if any, to

compensate 2Wire for any actual injury caused by any material breach of the above referenced

"FRAND" obligation.

IV.    **Damages – Patent (not to be tried at first trial for Family 2).**

        **A.  Reasonably Royalty.**

The damages of not less than a reasonable royalty that TQ Delta should be awarded due

to 2Wire's infringement of TQ Delta's '881 Patent.

The amount owed to TQ Delta for damages through 12/31/16 and through trial and post-

verdict infringement.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## 2WIRE'S STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

2Wire identifies the following issues of fact which remain to be litigated.  This statement is based on the current status of the case, the Court's April 1, 2019 Order indicating that the Court does not "intend to try any FRAND, contract, damages, and equitable issues until after I have determined which patents asserted against 2Wire are valid and infringed," D.I. 1043, and the Court's April 10, 2019 Memorandum Opinion and Order, D.I. 1058, 1059.  2Wire reserves the right to modify or supplement this statement in light of further decisions or orders from this Court, any of TQ Delta's pretrial statements, and to the extent any amendments or other alterations arise impacting the facts or issues for trial.

Should the Court determine that any issue identified here is more appropriately considered an issue of law, 2Wire incorporates such issue by reference into its Statement of Issues of Law That Remain to Be Litigated (Exhibit 5).  To the extent that 2Wire's Statement of Issues of Law That Remain to Be Litigated contains issues that the Court deems to be issues of fact, those issues are incorporated herein by reference.

2Wire does not assume the burden of proof with regard to any of the below-mentioned factual issues.

**I.      Infringement of the '881 Patent.**

1.      Whether 2Wire infringes Claims 17 and 18 of the '881 patent by making, using, selling, importing and/or offering for sale the products accused of infringement by TQ Delta.

**II.      Invalidity of the '881 Patent.**

2.      Whether Claims 17 and 18 of the '881 patent are invalid as anticipated under 35 U.S.C. § 102 by the IMA Spec 1.0.

3.      Whether Claims 17 and 18 of the '881 patent are invalid as anticipated under 35 U.S.C. § 102 by Counterman.

4.      Whether Claims 17 and 18 of the '881 patent are invalid as anticipated under 35 U.S.C. § 102  by Edvardsen.

5.      Whether Claims 17 and 18 of the '881 patent are invalid as anticipated under 35 U.S.C. § 102  by Keller-Tuberg.

6.      Whether Claims 17 and 18 of the '881 patent are invalid as obvious under 35 U.S.C. § 103 over Counterman and Djokovic.

7.      Whether Claims 17 and 18 of the '881 patent are invalid as obvious under 35 U.S.C. § 103 over Edvardsen and Djokovic.

8.      Whether Claims 17 and 18 of the '881 patent are invalid as obvious under 35 U.S.C. § 103 over Edvardsen and Counterman.

9.      Whether Claim 17 of the '881 patent is invalid as obvious under 35 U.S.C. § 103 over Keller-Tuberg and the IMA Spec 1.0.

10.      Whether Claims 17 and 18 of the '881 patent are invalid as obvious under 35 U.S.C. § 103 over Keller-Tuberg and Cooper.

ACTIVE/98936863.8

11.     Whether Claims 17 and 18 of the '881 patent are invalid as obvious under 35 U.S.C. § 103 over Keller-Tuberg and Djokovic.

12.     Whether Claims 17 and 18 of the '881 patent are invalid for lack of written description under 35 U.S.C. § 112 for failure to disclose "each bonded transceiver utilizing at least one transmission parameter value to reduce a difference in latency between the bonded transceivers."

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TQ DELTA'S STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE**
**LITIGATED**

TQ Delta identifies the following issues of law which remain to be litigated, with a citation to authorities relied upon. This statement is based on the arguments TQ Delta expects to make as well as its understanding of the arguments that 2Wire, Inc. ("2Wire") is likely to make. If 2Wire seeks to introduce different legal arguments, TQ Delta reserves the right to supplement this statement. This statement is based on the current status of the case and the Court's rulings to date. TQ Delta reserves the right to modify or supplement this statement in response to subsequent rulings by the Court. Should the Court determine that any issue identified here is more appropriately considered an issue of fact, TQ Delta incorporates such issues by reference into its Statement of Issues of Fact That Remain to Be Litigated (Exhibit 2). To the extent that TQ Delta's Statement of Issues of Fact That Remain to Be Litigated contains issues that the Court deems to be issues of law, those issues are incorporated herein by reference. The authority cited herein is not exhaustive; any party may rely on authority not cited in this statement.

**I.      Attorneys' Fees and Costs.**

Whether TQ Delta has proven by a preponderance of the evidence that it is entitled to attorneys' fees and costs.

- Authority: F.R.C.P. 54; 35 U.S.C. § 285; 28 U.S.C. § 1920; *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

## II.    Injunction.

Whether, upon a finding of infringement, a preponderance of the evidence supports a finding that TQ Delta is entitled to a permanent injunction prohibiting 2Wire's continued infringement of the asserted patent.

- Authority: 35 U.S.C. § 283; *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006).

## III.    Breach of FRAND Obligation (not to be tried at first trial for Family 2).

The scope of any contractual obligation to be prepared to license the asserted patent on fair, reasonable and non-discriminatory terms pursuant to ITU-T policy.

The scope of any contractual obligation to disclose certain patent information to the ITU-T pursuant to ITU-T policy.

Whether the asserted breach by TQ Delta (or Aware, Inc., its predecessor in interest to the asserted patent) of an alleged obligation to disclose certain patent information to the ITU-T would result in a waiver of TQ Delta's right to enforce the '881 Patent against 2Wire.

Whether 2Wire may maintain an action for breach of a FRAND obligation of the asserted patent where it has never applied for a license or negotiated for one in good faith, denies that the subject patent claims are standard essential, denies that it implements the sections of the standards relevant to the asserted patent, and has failed to commit itself to FRAND licensing for the DSL standards.

- Authority: *Core Wireless Licensing S.A.R.L. v. Apple, Inc.*, 899 F.3d 1356, 1368 (Fed. Cir. 2018); *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008); *Godo Kaisha IP Bridge 1 v. TCL Commun. Tech. Holdings Ltd.*, 2017 U.S. Dist. LEXIS 26824 at *9 (D. Del. Feb. 27, 2017); ITU-T Policy; *Ivize of Milwaukee, LLC v. Compex Litig. Support, LLC*, C.A. No. 3158, 2009 Del. Ch.LEXIS 55 at *41 n.48 (Del. Ch., Apr. 27, 2009) (Citing RESTATEMENT (SECOND) OF CONTRACT § 246 (1981)); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1049 (9th Cir. 2015); *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 627 (D. Del. 2015); *Princeton Dig. Image Corp. v. Office Depot, Inc.*, C.A. No. 13-239, 2017 U.S. Dist. LEXIS 120493, at *15 (D. Del. Aug. 1, 2017); *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real* Estate Fund, 68 A.3d 665, 686 (Del. 2013); *Testa v. Nixon Unif. Serv.*, C.A. No. 3886- VCS, 2008 Del. Ch. LEXIS 170 at *11 (Del. Ch. Nov. 21, 2008); *Tyco Healthcare Grp., LP v. C.R. Bard, Inc.*, 818 F. Supp. 2d 777, 787 (D. Del. 2011).

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## 2WIRE'S STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE LITIGATED

2Wire identifies the following issues of law which remain to be litigated, with a citation to authorities relied upon.  This statement is based on the arguments 2Wire expects to make as well as its understanding of the arguments that TQ Delta is likely to make.  If TQ Delta seeks to introduce different legal arguments, 2Wire reserves the right to supplement this statement.  This statement is based on the current status of the case, the Court's April 1, 2019 Order indicating that the Court does not "intend to try any FRAND, contract, damages, and equitable issues until after I have determined which patents asserted against 2Wire are valid and infringed," D.I. 1043, and the Court's April 10, 2019 Memorandum Opinion and Order, D.I. 1058, 1059.   2Wire reserves the right to modify or supplement this statement in light of further decisions or orders from this Court, any of TQ Delta's pretrial statements, and to the extent any amendments or other alterations arise impacting the facts or issues for trial.

Should the Court determine that any issue identified here is more appropriately considered an issue of fact, 2Wire incorporates such issue by reference into its Statement of Issues of Fact That Remain to Be Litigated (Exhibit 3).  To the extent that 2Wire's Statement of Issues of Fact That Remain to Be Litigated contains issues that the Court deems to be issues of

law, those issues are incorporated herein by reference. The authority cited herein is not exhaustive; any party may rely on authority not cited in this statement.

## I.     Invalidity.

1.     Whether Claims 17 and 18 of the '881 patent are invalid as anticipated under 35 U.S.C. § 102.

- Authority: 35 U.S.C. § 102; *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272,1282 (Fed. Cir. 2000) (citations omitted) (Invalidity for anticipation "requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation").

2.     Whether Claims 17 and 18 of the '881 patent are invalid as obvious under 35 U.S.C. § 103.

- Authority: 35 U.S.C. § 103; *WBIP, LLC v. Kohler Co*., 829 F.3d 1317, 1326 (Fed. Cir. 2016) (obviousness is question of law based on underlying facts); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406-07 (2007) (determination of obviousness requires a factual inquiry into (1) the scope and content of the prior art; (2) the level of ordinary skill in the art in the pertinent art; (3) the differences between the prior art and the claimed invention; and (4) extent of any objective indicia of non-obviousness).

3.     Whether Claims 17 and 18 of the '881 patent are invalid for lack of written description under 35 U.S.C. § 112.

- Authority: 35 U.S.C. § 112; *Moba, B.V. v. Diamond Automation, Inc.,* 325 F.3d 1306, 1319 (Fed. Cir. 2003) (to satisfy written description requirement, patent specification

ACTIVE/98936860.7

must describe the claimed invention in sufficient detail that one skilled in the art can

reasonably conclude that the inventor had possession of the claimed invention.)

ACTIVE/98936860.7

# EXHIBIT 6

*TQ DELTA, LLC, v. 2WIRE, INC.,*
C.A. No. 13-cv-1835-RGA

| Code | Ground |
|------|--------|
| 401/402 | Not relevant. Fed. R. Evid. 401, 402 |
| 403 | Unduly prejudicial, confusing, wasteful, or cumulative. Fed. R. Evid. 403 |
| 701 | Improper lay opinion. Fed. R. Evid. 701 |
| 702 | Improper expert testimony. Fed. R. Evid. 702, 703 |
| 802 | Hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 802 |
| 901 | Requires authenticity or identification. Fed. R. Evid. 901 |
| 1002 | Violates best evidence rule. Fed. R. Evid. 1002 |
| 1006 | Improper summary. Fed. R. Evid. 1006 |
| CC | Related to claim construction |
| D | Duplicate |
| Daub | Subject to exclusion pending Daubert Motion |
| DESC | Inadequate, misleading, or improper description |
| F | Lacks foundation/lacks personal knowledge/speculation. Fed. R. Evid. 104, 602, 1003, 1005 |
| FL | Foreign language document |
| ILL | Illegible |
| UT | Untimely disclosed/not produced in discovery |
| MIL | Subject to pending MIL issue |
| SAN | Subject to pending motion for sanctions |
| M | Mismatch (marked exhibit and exhibit list description do not match) |
| NE | Not Evidence |
| NS | Exhibit not stamped with trial exhibit number |
| OS | Outside Scope of Rule 30(b)(6) Topic |
| SJ | Subject to exclusion pending Motion for Summary Judgment |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 1 | TQD000132 | TQD000146 | U.S. Patent No. 7,453,881 | 10/04/02 | PDX 122 | |
| 2 | TQD000897 | TQD001089 | File History for USPN 7,453,881 | 10/04/02 | | |
| 3 | | | Red Ribbon Copy of U.S. Patent No. 7,453,881 | 10/04/02 | | |
| 4 | | | Certified File History for USPN 7,453,881 | 10/04/02 | | |
| 5 | | | Certified Patent Assignment 013670/0078 | 01/17/03 | | |
| 6 | | | Certified Patent Assignment 029154/0937 | 10/18/12 | | |
| 7 | | | Plaintiff TQ Delta, LLC's First Rule 30(b)(6) Deposition Notice | 05/27/15 | PDX 1 | NE |
| 8 | 2WIRE00001896 | 2WIRE00001928 | DSP Engineering 2Wire ADSL Requirements Specification, Section 4, Version 1.8 | 11/11/09 | PDX 2 | |
| 9 | 2WIRE00001955 | 2WIRE00001969 | DSP Engineering 2Wire ADSL Requirements Specification, Version 1.4 | 10/20/09 | PDX 3 | |
| 10 | 2WIRE00001869 | 2WIRE00001873 | 2017 PRD 2Wire 2071 Family Product Requirements Document, Rev. 1.0 | 04/04/06 | PDX 4 | 401/402, 403 |
| 11 | 2WIRE00004628 | 2WIRE00004673 | 503XNV VDSL Product Family Product Requirements Document, Rev. 06 | 05/15/09 | PDX 5 | |
| 12 | 2WIRE00003290 | 2WIRE00003678 | ███████████████ | 01/26/12 | PDX 6 | |
| 13 | | | 11 page PDF of Topics for Deposition and 2Wire's Responses | No Date | PDX 7 | NE |
| 14 | | | 10 page PDF - 5600-000172-000_Control_of_Records_Rev.03 | 07/11/11 | PDX 8 | 401/402 |
| 15 | | | Plaintiff TQ Delta, LLC's Second Notice of Rule 30(b)(6) Deposition to 2Wire, Inc. | 10/24/17 | PDX 9 | NE |
| 16 | | | 2Wire Inc.'s Supplemental Responses to TQ Delta LLC's Interrogatories Nos. 1, 6 and 7 | 05/16/17 | PDX 10 | |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 17 | 2WIRE00038743 | 2WIRE00038747 | █████████████ | No Date | PDX 11 | |
| 18 | 2WIRE00037840 | 2WIRE00037842 | 5268AC Data Sheet | No Date | PDX 12 | |
| 19 | 2WIRE00048927 | 2WIRE00048928 | HomePortal 2070 Data Sheet | 06/05 | PDX 13 | 401/402, 403 |
| 20 | 2WIRE00001892 | 2WIRE00001895 | HomePortal 2000 Series Data Sheet | 01/07 | PDX 14 | 401/402, 403 |
| 21 | 2WIRE00000711 | 2WIRE00000712 | HomePortal 2701HG Data Sheet | 02/08 | PDX 15 | 401/402, 403 |
| 22 | 2WIRE00048929 | 2WIRE00048930 | HomePortal 2700HGV Data Sheet | 09/05 | PDX 16 | 401/402, 403 |
| 23 | 2WIRE00000672 | 2WIRE00000673 | HomePortal 3801HGV Data Sheet | 12/09 | PDX 17 | 401/402, 403 |
| 24 | 2WIRE00001617 | 2WIRE00001618 | HomePortal iNID Data Sheet i3800V | 01/07 | PDX 18 | 401/402, 403 |
| 25 | 2WIRE00001204 | 2WIRE00001207 | HomePortal iNID Data Sheet i3802V | 06/08 | PDX 19 | 401/402, 403 |
| 26 | TQD-2WIRE 000694 | TQD-2WIRE 000697 | HomePortal iNID Data Sheet i3812V | 04/10 | PDX 20 | |
| 27 | 2WIRE00000674 | 2WIRE00000675 | 4111N Data Sheet | No Date | PDX 21 | 401/402, 403 |
| 28 | 2WIRE00000676 | 2WIRE00000677 | 5031NV Data Sheet | No Date | PDX 22 | |
| 29 | 2WIRE00001573 | 2WIRE00001574 | 5111NV Data Sheet | No Date | PDX 23 | 401/402, 403 |
| 30 | 2WIRE00001575 | 2WIRE00001576 | 5168N Data Sheet | No Date | PDX 24 | |
| 31 | 2WIRE00001577 | 2WIRE00001578 | 5168NV Data Sheet | No Date | PDX 25 | |
| 32 | 2WIRE00036399 | 2WIRE00036407 | ████████████ | 09/20/13 | PDX 26 | |
| 33 | 2WIRE00001829 | 2WIRE00001832 | HomePortal 5031NV Quick Start Guide | 09/29/11 | PDX 27 | |
| 34 | 2WIRE00048826 | 2WIRE00048873 | ████████████ | 12/27/12 | PDX 28 | |
| 35 | 2WIRE00046452 | 2WIRE00046537 | ████████████ | 2014 | PDX 29 | |
| 36 | 2WIRE00041709 | 2WIRE00041746 | ████████████ | 2016 | PDX 30 | |
| 37 | | | Defendant 2Wire, Inc.'s Objections and Responses to Plaintiff TQ Delta's 5th Set of Rule 33 Interrogatories | 11/15/17 | PDX 31 | |
| 38 | 2WIRE00042869 | 2WIRE00042873 | Document Retention Policy | No Date | PDX 32 | 401/402 |
| 39 | | | 2Wire's Answer, Affirmative Defenses, and Counterclaims to Second Amended Complaint for Patent Infringement | 06/02/14 | PDX 33 | 401/402, 403, NE |
| 40 | | | 2Wire, Inc.'s Supplemental Response to | 11/10/15 | PDX 35 | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | TQ Delta LLC's Interrogatory No. 4 | | | |
| 41 | TQD021303 | TQD021318 | Negotiations Notebook – Tab 1 – Letter from Matthew DelGiorno to Sean McGhie re: DSL Patent Portfolio Licensing | 07/15/13 | PDX 36 | DESC |
| 42 | TQD021319 | TQD021321 | Negotiations Notebook – Tab 2 – Letter from Matthew DelGiorno to Sean McGhie re: DSL Patent Portfolio Licensing | 08/06/13 | PDX 37 | DESC |
| 43 | TQD021248 | TQD021267 | Negotiations Notebook – Tab 3 – Email with attachments from Matthew DelGiorno to Sean McGhie re: TQ Delta/Pace/Patent licensing discussions | 08/23/13 | PDX 38 | DESC |
| 44 | 2WIRE00047137 | 2WIRE00047138 | Negotiations Notebook – Tab 4 – Email from Matthew DelGiorno to Dave Cordeiro re: TQ Delta/Pace – phone call | 09/04/13 | PDX 39 | DESC |
| 45 | 2WIRE00047142 | 2WIRE00047145 | Negotiations Notebook – Tab 5 – Email from Matthew DelGiorno to Dave Cordeiro re: TQ Delta/Pace – phone call | 10/09/13 | PDX 40 | DESC |
| 46 | 2WIRE00047146 | 2WIRE00047152 | Negotiations Notebook – Tab 7 – Email from Matthew DelGiorno to Dave Cordeiro re: TQ Delta/Pace – phone call | 10/30/13 | PDX 41 | DESC |
| 47 | 2WIRE00047134 | 2WIRE00047136 | Negotiations Notebook – Tab 8 – Email from Matthew DelGiorno to Dave Cordeiro re: Pace | 11/01/13 | PDX 42 | DESC |
| 48 | 2WIRE00047153 | 2WIRE00047153 | Negotiations Notebook – Tab 9 – Email from Matthew DelGiorno to Dave Cordeiro re: TQ Delta v. Pace/Patent Infringement Suit | 11/05/13 | PDX 43 | DESC |
| 49 | TQD-2WIRE 001100 | TQD-2WIRE 001100 | Negotiations Notebook – Tab 11 – Email from Bernstein to Schuman re: TQ Delta | 07/08/15 | PDX 44 | 401/402, 403, 802, DESC, MIL |
| 50 | TQD-2WIRE 001101 | TQD-2WIRE 001102 | Negotiations Notebook – Tab 12 – Email from Bernstein to Schuman re: TQ Delta | 07/27/15 | PDX 45 | 401/402, 403, 802, DESC, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | | | | MIL |
| 51 | TQD-2WIRE 001103 | TQD-2WIRE 001105 | Negotiations Notebook – Tab 13 – Email from Bernstein to Schuman re: TQ Delta | 08/03/15 | PDX 46 | 401/402, 403, 802, DESC, MIL |
| 52 | TQD-2WIRE 001110 | TQD-2WIRE 001113 | Negotiations Notebook – Tab 14 – Email from Schuman to Bernstein re: TQ Delta | 08/04/15 | PDX 47 | 401/402, 403, 802, DESC, MIL |
| 53 | TQD-2WIRE 001114 | TQD-2WIRE 001114 | Negotiations Notebook – Tab 16 – Email from Bernstein to Schuman re: TQ Delta | 08/17/15 | PDX 48 | 401/402, 403, 802, DESC, MIL |
| 54 | TQD-2WIRE 001115 | TQD-2WIRE 001116 | Negotiations Notebook – Tab 17 – Email from Schuman to Bernstein re: TQ Delta | 08/31/15 | PDX 49 | 401/402, 403, 802, DESC, MIL |
| 55 | TQD-2WIRE 001117 | TQD-2WIRE 001119 | Negotiations Notebook – Tab 18 – Email from Bernstein to Schuman re: TQ Delta | 09/07/15 | PDX 50 | 401/402, 403, 802, DESC, MIL |
| 56 | TQD-2WIRE 001120 | TQD-2WIRE 001168 | Negotiations Notebook – Tab 19 – Email (and attachment) from Bernstein to Schuman re: TQ Delta/Arris | 05/09/17 | PDX 51 | 401/402, 403, 802, DESC, MIL |
| 57 | 2WIRE00048895 | 2WIRE00048903 | | 02/15/11 | PDX 52 | 401/402, 403 |
| 58 | 2WIRE00048904 | 2WIRE00048925 | | 12/24/14 | PDX 53 | 401/402, 403 |
| 59 | 2WIRE00051146 | 2WIRE00051154 | | 05/28/09 | PDX 54 | 401/402, 403 |
| 60 | 2WIRE00051796 | 2WIRE00051833 | | 02/02/99 | PDX 55 | 401/402, 403 |
| 61 | 2WIRE00051834 | 2WIRE00051837 | Amendment A to Agreement at #55 | 05/19/00 | PDX 56 | 401/402, 403 |
| 62 | TQD078668 | TQD078919 | ITU-T G.993.2 | 02/2006 | PDX 57 | |
| 63 | 2WIRE00047897 | 2WIRE00047930 | 2Wire ITU-T SG15/Q4 Meeting Report (Krista S. Jacobsen & Hossein Sedarat) | 01/17/05 | PDX 62 | 401/402, 403, 802 |
| 64 | | | 2Wire, Inc.'s Supplemental Objections | 06/28/17 | PDX 63 | |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | and Response to TQ Delta's Interrogatory No. 12 | | | |
| 65 | 2WIRE00042943 | 2WIRE00043178 | | 12/03/09 | PDX 64 | MIL, 401/402, 403, 802 |
| 66 | 2WIRE00037997 | 2WIRE00037999 | | 03/02/16 | PDX 65 | MIL, 401/402, 403, 802 |
| 67 | 2WIRE00038000 | 2WIRE00038001 | | 10/04/16 | PDX 66 | MIL, 401/402, 403, 802 |
| 68 | 2WIRE00048050 | 2WIRE00048051 | | 08/01/17 | PDX 67 | MIL, 401/402, 403, 802 |
| 69 | 2WIRE00048046 | 2WIRE00048047 | | 08/10/17 | PDX 68 | MIL, 401/402, 403, 802 |
| 70 | 2WIRE00048048 | 2WIRE00048049 | | 10/27/17 | PDX 69 | MIL, 401/402, 403, 802 |
| 71 | | | Defendant 2Wire, Inc.'s Supplemental Responses to Plaintiff TQ Delta LLC's Fourth Set of Rule 33 Interrogatories | 12/21/17 | PDX 71 | |
| 72 | | | 2Wire Inc.'s Responses and Objections to TQ Delta LLC's First Set of Interrogatories | 11/13/14 | PDX 72 | |
| 73 | | | 2Wire Inc.'s Supplemental Response to TQ Delta LLC's Interrogatory Nos. 3 and 6 | 07/14/15 | PDX 73 | |
| 74 | | | 2Wire Inc.'s Second Supplemental Response to TQ Delta LLC's Interrogatory No. 6 | 11/16/16 | PDX 74 | |
| 75 | 2WIRE00052100 | 2WIRE00052100 | | No Date | PDX 88 | 401/402, 403 |
| 76 | 2WIRE00041539 | 2WIRE00041632 | | 10/17/16 | PDX 89 | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---------|-----------|-----------|---------------------|---------------|-------------------|------------|
| 77 | 2WIRE00051255 | 2WIRE00051337 | 2Wire Management Presentation | No Date | PDX 90 | 401/402, 403 |
| 78 | | | Plaintiff TQ Delta, LLC's Amended 2nd Notice of 30b6 Deposition to 2Wire | 08/07/18 | PDX 91 | NE |
| 79 | | | Plaintiff's Notice of Deposition | 08/28/18 | PDX 92 | NE |
| 80 | TQD077648 | TQD078051 | ITU-T G.992.3 | 04/2009 | PDX 93 | |
| 81 | TQD114197 | TQD114306 | ITU-T G.992.5 | 01/2009 | PDX 94 | |
| 82 | TQD114647 | TQD115022 | ITU-T G.993.2 | 12/2011 | PDX 95 | |
| 83 | TQD115442 | TQD115459 | ITU-T G.998.2 | 01/2005 | PDX 96 | |
| 84 | TQD112245 | TQD112884 | IEEE  Standard 802.3ah - 2004 | 09/07/04 | PDX 97 | |
| 85 | 2WIRE00042024 | 2WIRE00042043 | ███████████████████████ | 07/13/12 | PDX 98 | |
| 86 | 2WIRE00004082 | 2WIRE00004603 | BCM63168 Data Sheet | 01/24/14 | PDX 99 | |
| 87 | 2WIRE00005009 | 2WIRE00005009 | ████████████████ | No Date | PDX 100 | |
| 88 | 2WIRE00005009 | 2WIRE00005009 | Hard copy – portion of excel – 5168 NV | No Date | PDX 101 | D |
| 89 | | | 2Wire Inc.'s Second Supplemental Objections and Responses to TQ Delta LLC's Sixth Set of Interrogatories (No. 18) | 06/22/18 | PDX 102 | |
| 90 | TQD017521 | TQD017522 | 5031NV Data Sheet | No Date | PDX 103 | |
| 91 | 2WIRE00052086 | 2WIRE00052086 | 5031NV-030 Block Diagram | No Date | PDX 104 | |
| 92 | 2WIRE00003685 | 2WIRE00004075 | BCM6368 Data Sheet | 01/16/14 | PDX 105 | |
| 93 | 2WIRE00005009 | 2WIRE00005009 | Hard copy – portion of excel – 5031NV | No Date | PDX 106 | D |
| 94 | 2WIRE00004805 | 2WIRE00004822 | Gateway Product Requirement Document iNIDv2, Version 2.2 | 07/01/08 | PDX 107 | 401/402, 403 |
| 95 | 2WIRE-SC-0000037 | 2WIRE-SC-0000041 | 2Wire Source Code Manifest | No Date | PDX 108 | |
| 96 | 2WIRE00005009 | 2WIRE00005009 | Hard copy – portion of excel – i3812V | No Date | PDX 109 | D |
| 97 | 2WIRE00022998 | 2WIRE00022998 | Excel - 4111N Requirement | No Date | PDX 110 | D |
| 98 | 2WIRE00022998 | 2WIRE00022998 | Hard copy – portion of excel – 4111N | No Date | PDX 111 | D |
| 99 | TQD-2WIRE 001310 | TQD-2WIRE 001324 | US 7,443,916 – Sedarat – 2Wire patent – Method and Apparatus for | 11/24/03 | PDX 112 | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Communication in the Presence of Impulse Noise | | | |
| 100 | | | ITU – Question 4/15 – Temporary Document SI-045 – Source: 2Wire – VDSL2: Proposal for Impulse Noise Mitigation Scheme for VDSL2 | 10/18/04 | PDX 113 | 401/402, 403, 901, F |
| 101 | | | Patent Statement and Licensing Declaration – 2Wire – G.993.2 VDSL2 Recommendation | 07/29/05 | PDX 114 | 401/402, 403, 901, F |
| 102 | | | Expert Report of Richard J. Eichmann for Family 1 (with exhibits and appendices) | 11/09/18 | PDX 115 | NE, 401/402, 403 |
| 103 | | | Common Patent Policy for ITU-T/ITU-R/ISO/IEC | 2018 | PDX 116 | |
| 104 | TQD115660 | TQD115681 | █████████████████████ | 11/30/17 | PDX 117 | 401/402, 403, 802, 901, F |
| 105 | TQD 139062 | TQD 139083 | ███████████████████ | 12/06/18 | PDX 118 | 401/402, 403, 802, 901, F |
| 106 | | | Geradin Article "The Complements Problem within Standard Setting: Assessing the Evidence on Royalty Stacking" | 04/25/08 | PDX 119 | 401/402, 403, 802 |
| 107 | | | 2Wire Inc.'s Fourth Supplemental Response to TQ Delta LLC's Interrogatory No. 6 | 09/12/18 | PDX 120 | |
| 108 | | | Reply Report of Todor Cooklev on Behalf of Plaintiffs Regarding Infringement of U.S. Patent No. 7,453,881 (report only) | 12/21/18 | PDX 123 | NE, 802 |
| 109 | | | Opening Report of Todor Cooklev Regarding Infringement of U.S. Patent No. 7,453,881 (report only) | 11/02/18 | PDX 124 | NE, 802 |
| 110 | TQD000184 | TQD000199 | US 7,809,028 – Tzannes | 10/08/08 | PDX 125 | |
| 111 | TQD000267 | TQD000281 | US 7,978,706 – Tzannes | 04/28/10 | PDX 126 | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 112 | TQD000407 | TQD000423 | US 8,422,511 – Tzannes | 05/20/10 | PDX 127 | |
| 113 | TQD041100 | TQD041117 | US 8,831,031 – Tzannes | 04/15/13 | PDX 128 | 401/402, 403 |
| 114 | TQD041118 | TQD041135 | US 9,014,193 – Tzannes | 08/21/14 | PDX 129 | 401/402, 403 |
| 115 | | | Non-Binding Term Sheet for License under TQ Delta Patent Portfolio Siemens DSL Products | 06/15/17 | PDX 132 | 401/402, 403, 802, 901, F |
| 116 | | | Opening Expert Report of Dr. Krista S. Jacobsen for Family 1 Patents (with Appendices A & B) | 10/12/18 | PDX Jacobsen 1 | 401/402, 403, NE |
| 117 | | | Rebuttal Expert Report of Dr. Krista Jacobsen for Family 1 Patents (with Appendices A & B) | 11/09/18 | PDX Jacobsen 2 | 401/402, 403, NE |
| 118 | | | Reply Expert Report of Dr. Krista S. Jacobsen for Family 1 Patents | 11/30/18 | PDX Jacobsen 3 | NE |
| 119 | | | Jacobsen Declaration from IPR re: 7,292,627 with exhibits | 11/05/14 | PDX Jacobsen 5 | 401/402, 403 |
| 120 | | | US 5,479,447 – Chow | 05/03/93 | PDX Jacobsen 6 | 401/402, 403 |
| 121 | TQD030661 | TQD030678 | US 6,434,119 – Wiese | 07/07/98 | PDX Jacobsen 7 | 401/402, 403 |
| 122 | TQD022234 | TQD022255 | US 6,636,603 – Milbrandt | 07/30/99 | PDX Jacobsen 8 | 401/402, 403 |
| 123 | TQD031711 | TQD031718 | US 6,788,705 – Rango | 01/18/00 | PDX Jacobsen 9 | 401/402, 403 |
| 124 | TQD043009 | TQD043264 | ITU-T G.992.1 | 06/99 | PDX Jacobsen 10 | 401/402, 403 |
| 125 | | | Opening Expert Report of Dr. Krista S. Jacobsen for Family 2 Patents | 11/02/18 | PDX Jacobsen 11 | NE |
| 126 | | | Reply Expert Report of Dr. Krista S. Jacobsen for Family 2 Patents | 12/21/18 | PDX Jacobsen 12 | NE |
| 127 | | | Rebuttal Expert Report of Dr. Krista S. Jacobsen on Non-Infringement of Family 2 Patents | 11/30/18 | PDX Jacobsen 13 | NE |
| 128 | 2WIRE00030964 | 2WIRE00031098 | Inverse Multiplexing For ATM (IMA) | 07/97 | PDX | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Specification Version 1.0 | | Jacobsen 14 | |
| 129 | 2WIRE00031817 | 2WIRE00031832 | US 6,956,872- Djokovic | 05/22/01 | PDX Jacobsen 15 | |
| 130 | 2WIRE00026281 | 2WIRE00026297 | US 6,222,858- Counterman | 02/10/99 | PDX Jacobsen 16 | |
| 131 | | | ResearchGate Cell Transfer Delay Monitoring in ATM Networks | 01/01 | PDX Jacobsen 17 | |
| 132 | | | ATM, Networks and LANs (Faulker and Harmer) | No Date | PDX Jacobsen 18 | |
| 133 | | | Estimating Call Transfer Delay in ATM Networks Using In-Service Monitoring Methods | No Date | PDX Jacobsen 19 | |
| 134 | 2WIRE00028268 | 2WIRE00028294 | US 7,068,657- Keller-Tuberg | 01/18/02 | PDX Jacobsen 20 | |
| 135 | 2WIRE00031501 | 2WIRE00031530 | International Application Published Application Number WO 99/39468 - Edvardsen | 08/05/99 | PDX Jacobsen 21 | |
| 136 | 2WIRE00026803 | 2WIRE00026814 | US 6,772,388 - Cooper | 12/06/00 | PDX Jacobsen 22 | |
| 137 | | | Opening Expert Report on Invalidity of Dr. Krista S. Jacobsen for Family 3 Patents with Appendices | 11/28/18 | PDX Jacobsen 23 | NE |
| 138 | | | Reply Expert Report of Dr. Krista S. Jacobsen for Family 3 Patents (report only) | 01/18/19 | PDX Jacobsen 24 | NE |
| 139 | | | Rebuttal Expert Report on Non-Infringement of Dr. Krista S. Jacobsen for Family 3 Patents with Appendices | 12/28/18 | PDX Jacobsen 25 | NE |
| 140 | | | US 5,764,649 – Tong | 03/29/96 | PDX Jacobsen 26 | |
| 141 | | | Fundamentals of DSL Technology – Excerpt – Chapter 9 Error Control Coding in DSL Systems | 2006 | PDX Jacobsen 27 | |
| 142 | 2WIRE00028340 | 2WIRE00028353 | US 7,269,208 – Mazzoni | 07/11/01 | PDX | 401/402, 403 |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---------|------------|------------|----------------------|---------------|--------------------|------------|
| | | | | | Jacobsen 28 | |
| 143 | 2WIRE00030957 | 2WIRE00030963 | LB-031 | 06/14/04 | PDX Jacobsen 29 | 401/402, 403 |
| 144 | 2WIRE00030729 | 2WIRE00030956 | ITU-T G.993.1 | 06/2004 | PDX Jacobsen 30 | 401/402, 403 |
| 145 | 2WIRE00052246 | 2WIRE00052424 | ITU-T G.992.2 | 06/99 | PDX Jacobsen 31 | 401/402, 403 |
| 146 | 2WIRE00028366 | 2WIRE00028378 | US 5,751,741 – Voith | 11/20/96 | PDX Jacobsen 32 | 401/402, 403 |
| 147 | 2WIRE00052176 | 2WIRE00052184 | US 6,707,822 – Fadavi-Ardekani | 01/07/00 | PDX Jacobsen 33 | 401/402, 403 |
| 148 | | | TQ Delta's Notice of Deposition of Dr. Martin Walker | 02/04/19 | PDX Walker 1 | NE |
| 149 | | | Rebuttal Expert Report of Dr. Martin Walker ████████ – Family 2 Patents | 11/29/18 | PDX Walker 2 | NE |
| 150 | | | Rebuttal Expert Report of Dr. Martin Walker ████████ Family 3 Patents | 12/28/18 | PDX Walker 3 | NE |
| 151 | | | ████████ | 09/07/17 | PDX Walker 4 | NE |
| 152 | | | ████████ | 05/17/18 | PDX Walker 5 | NE |
| 153 | | | 2Wire Inc.'s Supplemental Objections and Responses to TQ Delta LLC's Sixth Set of Interrogatories (No. 18) | 06/08/18 | PDX Walker 6 | |
| 154 | | | Claim Construction Order for Family 2 Patents | 02/13/18 | PDX Walker 8 | NE |
| 155 | | | US 8,276,048 | 10/11/10 | PDX Walker 9 | 401/402, 403 |
| 156 | | | US 8,495,473 | 08/06/12 | PDX Walker | 401/402, 403 |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  | 10 |  |
| 157 |  |  | US 7,844,882 | 04/16/10 | PDX Walker 11 | 401/402, 403 |
| 158 |  |  | US 7,836,381 | 08/09/10 | PDX Walker 12 | 401/402, 403 |
| 159 |  |  | ███████████ | 05/04/18 | Yu Ex. 1 | NE |
| 160 |  |  | ███████████ | 05/04/18 | Yu Ex. 2 | NE |
| 161 |  |  | ███████████ |  | Yu Ex. 3 |  |
| 162 |  |  | ███████████ | 02/09/18 | Yu Ex. 4 | 401/402, 802, NE |
| █ | ████████ | ████████ | ██████████ |  | ████ | █ |
| █ |  |  | ██████ |  | ██ | █ |
| █ |  |  | ██████ | ████ | ██ | █ |
| █ | ████ | ████ | ████████ |  | ████ | ████ |
| █ | ████ | ████ | ████████ | ████ | ████ | ███ |
| █ | ████████ | ████████ | ████████ | ████ | ████ | █ |

Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---------|------------|------------|----------------------|---------------|--------------------|------------|
| ▮ | | | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 192 | | | TQ Delta's First Set of Interrogatories | 10/14/14 | | NE |
| 193 | | | 2Wire Inc.'s Responses and Objections to TQ Delta, LLC's First Set of Interrogatories (Exhibit A) | 11/12/14 | | |
| 194 | | | Responses to TQ Delta's First Set of Requests for Production of Documents and Things | 11/13/14 | | |
| 195 | | | 2Wire's Responses and Objections to 2nd Set of Interrogatories (No. 10) | 12/18/14 | | |
| 196 | | | 2Wire's Supplemental Response to Interrogatory No. 7 | 01/07/15 | | |
| 197 | | | 2Wire's Supplemental Response to TQ Delta's Interrogatory No 7 | 01/09/15 | | |
| 198 | | | 2Wire's Non-Infringement Contentions and Supplemental Responses to 1st Set of Interrogatories (Nos. 2 and 3) | 03/20/15 | | |
| 199 | | | 2Wire's Supplemental Responses to 1st Set of Interrogatories (Nos. 3 & 6) | 07/15/15 | | |
| 200 | | | TQ Delta, LLC's Third Supplemental Response to the Defendants' Joint Interrogatory No. 2 with Verification | 07/17/15 | | 802 |
| 201 | | | 2Wire, Inc.'s Objections and Response to TQ Delta LLC's Second Set of Requests for Production of Documents and Things | 09/11/15 | | |
| 202 | | | TQ Delta LLC's Supplemental Responses to the Defendants' Joint Interrogatories Nos. 1, 2, 5, and 6 | 11/10/15 | | 802 |
| 203 | | | TQ Delta LLC's Second Supplemental Response to the Defendants' Joint Interrogatory No. 2 | 11/25/15 | | 802 |
| 204 | | | Defendant 2Wire, Inc.'s Objections and Response to Plaintiff TQ Delta LLC's Third Set of Requests for Production of | 09/01/16 | | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Documents and Things | | | |
| 205 | | | 2Wire's Responses and Objections to 3rd Set of Rogs (Nos. 11 – 12) | 04/28/17 | | |
| 206 | | | 2Wire, Inc.'s Objections and Responses to Plaintiff TQ Delta LLC's Fourth Set of Request for Production of Documents and Things | 04/28/17 | | |
| 207 | | | 2Wire's Responses and Objections to 4th Set of Rogs (No. 13) | 08/07/17 | | |
| 208 | | | TQ Delta, LLC's Second Supplemental Response to the Defendants' Joint Interrogatory No. 1 and Supplemental Response to Joint Interrogatory No. 3 | 09/29/17 | | 802 |
| 209 | | | TQ Delta's Fifth Set of Rule 33 Interrogatories | 10/11/17 | | 802 |
| 210 | | | TQ Delta, LLC's Responses to 2Wire's Second Set of Individual Interrogatories | 11/15/17 | | 802 |
| 211 | | | 2Wire's Responses and Objections to 5th Set of Rogs (Nos. 14-17) | 11/16/17 | | |
| 212 | | | TQ Delta's Responses to Defendants 2nd Set of Joint Interrogatories Nos. 7-14 | 11/17/17 | | 802 |
| 213 | | | 2Wire's Supplemental Objections & Responses to 2nd Set of Interrogatories (Nos. 10) | 03/09/18 | | |
| 214 | | | TQ Delta, LLC's Supplemental Response to 2Wire, Inc.'s Interrogatory No. 16 | 04/20/18 | | 802 |
| 215 | | | 2Wire's Responses to 6th Set of Interrogatories (No. 18) | 05/21/18 | | |
| 216 | | | 2Wire's Objections and Responses to 7th Set of Interrogatories (No. 19) | 06/06/18 | | |
| 217 | | | 2Wire's Supplemental Response to 5th Set of Interrogatories (No. 15) | 06/08/18 | | |
| 218 | | | TQ Delta, LLC's Third Supplemental | 07/17/18 | | 802 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Response to 2Wire, Inc.'s Joint Interrogatory No. 2 (Appendix A) | | | |
| 219 | | | 2Wire's 2nd Supplemental Response to TQD's Interrogatory No. 2 | 09/11/18 | | |
| 220 | | | 2Wire's Supplemental Responses to Interrogatory Nos. 3, 4, 8, 14 and 15 | 10/01/18 | | |
| 221 | | | Complaint for patent infringement. *TQ Delta, LLC v. 2Wire*, D. Del., C. A. No. 13-cv-1835-RGA | 11/04/13 | | 401/402, 403, 802, 901, 1005, NE |
| 222 | | | Complaint for Patent Infringement between TQ Delta and Zhone | 11/04/13 | | 401/402, 403, 802, 901, 1005, NE |
| 223 | | | *TQ Delta, LLC v. Zhone Technologies, Inc.*, D. Del., C.A. No. 13-cv-1836-RGA, First Amended Complaint for Patent Infringement | 11/20/13 | | 401/402, 403, 802, 901, 1005, NE |
| 224 | | | Complaint for Patent Infringement (TQ Delta vs. Zyxel) | 12/09/13 | | 401/402, 403, 802, 901, 1005, NE |
| 225 | | | Amended Complaint for Patent Infringement, TQ Delta, LLC vs. Adtran, Inc. | 07/07/15 | | 401/402, 403, 802, 901, 1005, NE |
| 226 | | | Third Amended Complaint for Patent Infringement (TQ Delta vs. 2WIRE) | 10/13/17 | | 401/402, 403, 802, 901, 1005, NE |
| 227 | | | Expert Report of Dr. Kevin C. Almeroth – Family 1 – 2Wire with Attachments | 10/09/18 (10/12/18) | | 401/402, 403, 802, NE |
| 228 | | | Expert Report of Arthur Brody, Ph.D. with Attachments | 10/12/18 | | 401/402, 403, 802, NE |
| 229 | | | Expert Report of Todor Cooklev Regarding the Testing and Operation of Certain Accused 2Wire Products with Exhibits | 10/12/18 | | 401/402, 403, 802, NE |
| 230 | | | Expert Report of Dr. Kevin C. Almeroth | 10/30/18 | | 802, NE |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | – Family 2 – 2Wire with Attachments | (served 11/02/18) | | |
| 231 | | | Expert Rebuttal Report of Arthur Brody, Ph.D., Regarding Validity of U.S. Patent No. 7,889,784 with Attachments | 11/09/18 | | 401/402, 403, 802, NE |
| 232 | | | Rebuttal Expert Report of Dr. Todor Cooklev | 11/29/18 | | 802, NE |
| 233 | | | Almeroth Corrected Attachment I | 11/30/18 | | 802, NE |
| 234 | | | Expert Reply Report of Arthur Brody, Ph.D., Regarding Infringement of U.S. Patent No. 7,889,784 with Attachments | 11/30/18 | | 401/402, 403, 802, NE |
| 235 | | | Reply Expert Report of Dr. Todor Cooklev Regarding the Testing and Operation of Certain Accused 2Wire Products with Attachments | 11/30/18 | | 401/402, 403, 802, NE |
| 236 | | | Errata to the Expert Report of Richard Eichmann (F1) with Exhibits | 12/17/18 | | |
| 237 | | | Expert Sur-Reply Report of Arthur Brody, Ph.D., Regarding Validity of U.S. Patent No. 7,889,784 | 12/19/18 | | 401/402, 403, 802, NE |
| 238 | | | Reply Expert Report of Dr. Kevin Almeroth – Family 2 – 2Wire | 12/13/18 (served 12/21/18) | | 802, NE |
| 239 | | | Reply Expert Report of Dr. Kevin C. Almeroth – Family 3 – 2Wire (with Attachments E and M) | 01/18/19 | | 401/402, 403, 802, NE |
| 240 | | | Expert Reply Report of Dr. Cooklev F3 with Exhibit | 01/18/19 | | 401/402, 403, 802, NE |
| 241 | | | Supplemental Expert Report of Dr. Martin Walker ███████ ███████ – Family 3 Patents | 02/04/19 | | 401/402, 403 |
| 242 | | | Supplemental Expert Report of Dr. Martin Walker ███████ | 02/05/19 | | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | ███████████ – Family 2 | | | |
| 243 | | | Kevin Almeroth CV | | | 401/402, 403, 802 |
| 244 | | | Jay Bhatia CV | | | 401/402, 403, 802 |
| 245 | | | Arthur Brody, Ph.D. CV | | | 401/402, 403, 802 |
| 246 | | | Todor Cooklev CV | | | 401/402, 403, 802 |
| 247 | | | Peter Heller CV | | | 401/402, 403, 802 |
| 248 | PIZ000001 | PIZ000003 | Robert Pizzano CV | | DDX 538 | 401/402, 403, 802 |
| 249 | | | Vivek Shinde CV | | | 401/402, 403, 802 |
| 250 | | | Parties' Joint Claim Construction Brief for the Family 1 Patents (Dkt #342) | 08/22/17 | | 401/402, 403, 802, 901, CC, NE |
| 251 | | | Parties' Joint Claim Construction Brief F2, Dkt. # 346 | 08/30/17 | | 401/402, 403, 802, 901, CC, NE |
| 252 | | | F1 Claim Construction Memorandum Opinion Dkt. No. 477 | 01/30/18 | | 401/402, 403, NE |
| 253 | | | Claim Construction Order F1 | 02/06/18 | | 401/402, 403, NE |
| 254 | | | Memorandum Opinion for Family 2, Dkt #486 | 02/07/18 | | NE |
| 255 | | | ███████████████ | | | 401/402, 403, NE |
| 256 | | | ███████████████ | | | 802, NE |
| 257 | | | Almeroth Table Product/Chip | | | 802, NE |
| 258 | | | Cited Docs 1) Computer Architecture | | | 802, F |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Course Info; 2) Microsoft Computer Dictionary 4th ed.; 3) IEEE 100 7th ed.; 4) Mepits Hardware Description Language; 5) Simic Accelerating algorithms in hardware | | | |
| 259 | TQD077212 | TQD077647 | G.992.3 | 01/2005 | | |
| 260 | | | G.992.5 | 01/2005 | | |
| 261 | | | IEEE 802.3-2008 | | | |
| ███ | ███ | ███ | ███ | | | ███ |
| 263 | | | ███ | | | 802, DESC |
| 264 | | | Infringement Contentions of TQ Delta, LLC for US Patent 7,453,881 | 01/30/17 | | 401/402, 403, 802, 901, 1006, NE |
| 265 | | | TQ Delta's Final Claim Charts for US Patent 7,453,881 | 07/02/18 | | 401/402, 403, 802, 901, 1006, NE |
| 266 | | | TQ Delta's Corrected Claim Charts/Appendices for '881 | 09/04/18 | | 401/402, 403, 802, 901, 1006, NE |
| 267 | | | Opening Report of Todor Cooklev Regarding Infringement of U.S. Patent No. 7,453,881 with Attachments | 11/02/18 | | 401.402, 403, 802, NE |
| 268 | TQD-2WIRE 000564 | TQD-2WIRE 000575 | Test PA51-ZY17-B1-090915-114530 (G.993.2 – 5168NV) | | | 401/402, 403, Daub, 802, NE |
| 269 | | | Claim Chart - Infringement Contentions: U.S. Patent 7,453,881 Claim(s) 17, 18 - 2Wire/Pace 5168NV (███     ███) (Chart No. 2.5158NV.1) – Infringement Support - ITU-T G.998.2 Ethernet-Bonding Standard | 07/02/18 | | 401/402, 403, 802, 901, 1006, NE |
| 270 | | | Claim Chart - Infringement Contentions: | 07/02/18 | | 401/402, 403, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---------|-----------|-----------|---------------------|--------------|-------------------|-----------|
| | | | U.S. Patent 7,453,881 Claim(s) 17, 18 – 2Wire/Pace i3812V ▆▆▆▆▆ – Infringement Support – ITU-T G.998.2 Ethernet-Bonding Standard | | | 802, 901, 1006, NE |
| 271 | | | Code Appendix - Infringement Contentions: APPENDIX 2.1 - TQ Delta Infringement Contentions for U.S. Patent 7,453,881 - STANDARD G.998.2 – SOURCE CODE SET BCM6091 | 07/02/18 | | 401/402, 403, 802, 901, 1006, NE |
| 272 | | | Code Appendix - Infringement Contentions: APPENDIX 2.2 - TQ Delta Infringement Contentions for U.S. Patent 7,453,881 - STANDARD G.998.2 (Ethernet-Bonding) – SOURCE CODE SET ▆▆▆▆▆ ▆▆▆▆ | 07/02/18 | | 401/402, 403, 802, 901, 1006, NE |
| 273 | TQD115406 | TQD115441 | ITU-T G.998.1 (G.bond ATM) | 01/2005 | | |
| 274 | | | ITU-T G.993.5 | 04/2010 | | |
| 275 | TQD017527 | TQD017528 | 5168NV Data Sheet | No Date | | |
| 276 | TQD037333 | TQD037364 | DSL Forum Technical Report TR-042 – ATM Transport over ADSL Recommendation (August 2001) | 08/2001 | | 401/402, 403 |
| 277 | TQD135589 | TQD135664 | Spirent DLS-8234 Operating Manual VDSL2 Wireline Simulator Europe | 05/2006 | | 401/402, 403, 802, 901, F |
| 278 | TQD135461 | TQD135588 | Spirent Operating Manual DLS-410B North American ADSL2++ Wireline Simulator | 06/2007 | | 401/402, 403, 802, 901, F |
| 279 | COOKLEV 02580 | COOKLEV 02595 | *Implementation and Applications of DSL Technology,* edited by Philip Golden Herve Dedieu, and Krista S. Jacobsen, 2008, at pp. 560-565 | 2008 | | |
| 280 | 2WIRE00007648 | 2WIRE00007713 | 2Wire 5138/5168N(V) Product | 02/23/10 | | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Requirements Document | | | |
| 281 | 2WIRE00008300 | 2WIRE00008323 | | 07/22/11 | | |
| 282 | 2WIRE00008156 | 2WIRE00008165 | | 02/20/13 | | |
| 283 | 2WIRE00007996 | 2WIRE00008009 | | 12/18/13 | | |
| 284 | 2WIRE00052031 | 2WIRE00052085 | | 01/13/14 | | |
| 285 | | | About ITU from ITU Website | | | 401/402, 403, 802, 901, F |
| 286 | | | Royalty rate calculation for essential TQ Delta DSL Patents | | | 401/402, 403, 802, DESC, NE |
| 287 | | | TQ Delta rate card | | | 401/402, 403, 802, DESC, NE |
| 288 | | | 2Wire summary of damages for Family 2 | | | 401/402, 403, 802, DESC, NE |
| 289 | | | TQ Delta asserted patent families | | | 401/402, 403, 802, DESC, NE |
| 290 | | | Summary of 2Wire agreements | | | 401/402, 403, 802, DESC, NE |
| 291 | | | Relevant and irrelevant terms in Aware's agreement | | | 401/402, 403, 802, DESC, NE |
| 292 | | | FTTP vs. FTTx (DSL) costs summary | | | 401/402, 403, 802, DESC, NE |
| 293 | | | Fiber vs. FTTx (DSL) costs saving regression results | | | 401/402, 403, 802, DESC, NE |
| 294 | | | Expected DSL-essential patent families | | | 401/402, 403, 802, DESC, NE |
| 295 | | | TQ Delta patent family rates | | | 401/402, 403, 802, DESC, NE |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 296 | | | Broadband internet service subscriptions and market penetration in the U.S. (2005-1H2016) | | | 401/402, 403, 802, DESC, NE |
| 297 | | | History of Aware license reassignment | | | 401/402, 403, 802, 1006, DESC, NE |
| 298 | | | Cost of FTTP and DSL + FTTx | | | 401/402, 403, 802, DESC, NE |
| 299 | | | DSL Patent Sampling | | | 401/402, 403, 802, DESC, NE |
| 300 | | | Plaintiff TQ Delta's Identification of Accused Products and Asserted Patents | 04/25/14 | | 401/402, 403, NE |
| 301 | | | ███████████████████████ | 12/08/16 | | 401/402, 403, 1006, NE |
| 302 | | | Third and Final Scheduling Order | 04/10/17 | | 401/402, 403, NE |
| 303 | TQD017525 | TQD017526 | 5168N Data Sheet | No Date | | |

Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| ███ | ███████ | ██████ | Corporation ███████████ | ████ | | ███████ |
| ███ | ████████████ | ███████████ | ███████████ | ███████ | | ███████ |
| ███ | ███████ | ██████ | ███████████ | | | ██████ |
| ███ | █████ | █████ | ██ ██ ██ | ████ | | ██████ |
| ███ | ███████ | ██████ | ███████████ | | | ███████ |
| ███ | ███████ | ██████ | ██████ ██ ██ ██ | ██████ | | ███████ |
| ███ | ███████ | ██████ | ███████ | ██████ | | ███████ |
| ███ | ███████ | ██████ | ██ ██ ██ | ██████ | | ███████ |
| ███ | ███████ | ██████ | ███████ | ████ | | ███████ |
| ███ | █████████ | ██████ | ██ ██ ██ | ████ | | ██████ |

Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| █ | █████████ | ████████ | ██████████████████ | ████ | | █████████ |
| █ | █████████ | ████████ | ██████████████████ | | | █████████ |
| █ | █████████ | ████████ | ██████████████████ | ███ | | █████████ |
| █ | █████████ | ████████ | ██████████████████ | ████████ | | █████████ |
| █ | █████████ | ████████ | ██████████████████ | ███ | | █████████ |
| █ | █████████ | ████████ | ██████████████████ | ███ | | █████████ |
| █ | ████████ | ██████ | ██████████████████ | | | █████████ |
| █ | ██████████ | █████████ | ██████████████████ | ████ | | █████████ |
| █ | █████████ | ██████ | ██████████████████ | ████ | | █████████ |
| █ | ███████ | ███████ | ██████████████████ | ████ | | █████████ |
| █ | ██████████ | ████████ | ██████████████████ | ████ | | █████████ |
| █ | ██████ | █████ | ██████████████████ | | | █████████ |
| █ | | | █████████████ | ████ | | ████████ |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | | | | 802 |
| 333 | | | Leo Tan Wee Hin and R. Subramaniam, "Asymmetric Digital Subscriber Line - INTRODUCTION, BACKGROUND, ADSL TECHNOLOGY, Signal Modulation, Code and Error Correction, Framing and Scrambling, STANDARDS FOR ADSL," Encyclopedia.Jrank.org, Web. ("ADSL – Introduction") | No Date | | 401/402, 403, 802 |
| 334 | | | "What is a Dialup Internet Service", WhatIsMyIPAddress.com, Web. | No Date | | 401/402, 403, 802 |
| 335 | | | Beal, Vangie. "Broadband Definition." Webopedia | No Date | | 401/402, 403, 802 |
| 336 | | | "The Past, Present & Future: DSL Vs. Cable Vs. Fiber Optic Networks," Web | No Date | | 401/402, 403, 802 |
| 337 | | | "Evolution of the SBC and AT&T Brands: A Pictorial Timeline." AT&T | No Date | | 401/402, 403, 802 |
| 338 | | | DSL Reports; Michal Miturski, Angel Mirkovski, Igor Sacevski, "ADSL," University of Salzburg, Salzburg, Austria | No Date | | 401/402, 403, 802 |
| 339 | | | "DSL Technology Evolution," Broadband Forum | No Date | | 401/402, 403, 802 |
| 340 | | | "Difference Between ADSL and VDSL," DifferenceBetween.net, Web. | No Date | | 401/402, 403, 802 |
| 341 | | | Benefits of Pair-Bonded VDSL2, ZyXEL, Web. | No Date | | 401/402, 403, 802 |
| 342 | | | Vectored VDSL2 (Vectoring), Assia Inc., Web. | No Date | | 401/402, 403, 802 |
| 343 | | | What is VDSL Vectoring, SRA and G.INP," DrayTek, April 2, 2016. Web | 04/02/16 | | 401/402, 403, 701, 702, 802 |
| 344 | | | Errata – Rebuttal Report of Dr. Todor Cooklev | 01/24/19 | | 401/402, 403, NE |
| 345 | 2WIRE00029898 | 2WIRE00030083 | ANSI T1.413 Issue 1 | 1995 | | |
| 346 | | | ATM Forum Traffic Management | 04/1996 | | |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Specification (af-tm-0056, April 1996) – Section 3.1 | | | |
| 347 | | | ███████████████████████ | | | 401/402, 403, 802, 1006, NE, DESC |
| 348 | | | TQ Delta v. 2Wire et al., Hearing Transcript | 05/05/15 | | 401/402, 403, NE |
| 349 | TQD137303 | TQD137358 | TR-159 Management Framework for xDSL Bonding | 12/08 | | |
| 350 | TQD137084 | TQD137227 | TR-114 VDSL2 Performance Test Plan | 11/09 | | |
| 351 | TQD137228 | TQD137302 | TR-115 VDSL2 Functionality Test Plan | 11/09 | | |
| 352 | | | TR-105 ADSL2/ADSL2plus Functionality Test Plan | 02/2010 | | |
| 353 | COOKLEV 02596 | COOKLEV 02622 | TR-273 Testing of Bonded, Multi-Pair xDSL Systems | 08/2012 | | |
| 354 | 2WIRE00036872 | 2WIRE00036872 | Excel | No Date | | 401/402, 403 |
| 355 | 2WIRE00042942 | 2WIRE00042942 | Excel | No Date | | 401/402, 403 |
| 356 | 2WIRE00052087 | 2WIRE00052087 | Excel | No Date | | 401/402, 403 |
| 357 | 2WIRE00052092 | 2WIRE00052092 | Excel | No Date | | 401/402, 403 |
| 358 | 2WIRE00052096 | 2WIRE00052096 | Excel | No Date | | 401/402, 403 |
| 359 | 2WIRE00052534 | 2WIRE00052534 | Excel | No Date | | 401/402, 403 |
| 360 | 2WIRE00052535 | 2WIRE00052535 | Excel | No Date | | 401/402, 403 |
| 361 | | | Rugged Communications Equipment for Harsh Environments, Siemens | 12/11/18 | | 401/402, 403, 802 |
| 362 | | | Transcript of Scheduling Conference Before the Honorable Richard G. Andrews | 03/03/17 | | 401/402, 403, NE |
| 363 | | | U.S. Patent 4,330,687 | | | 401/402, 403, UT |
| 364 | | | U.S. Patent 4,476,559 | | | 401/402, 403, UT |
| 365 | | | U.S. Patent 4,924,492 | | | 401/402, 403, UT |
| 366 | AWARE001791 | AWARE001861 | Patent Purchase Agreement between | | | 401/402, 403 |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | ▮ | | ▮ |
| ▮ | | | ▮ | | ▮ |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| ■ | | | ■■■■■■■■■ | | | ■■■■ |
| ■ | | | ■■■■■■■ | | | ■■■■ |
| ■ | | | ■■■■■■ | ■■ | | ■■■■ |
| ■ | | | ■■■■■■ | ■■ | | ■■■■ |
| ■ | | | ■■■■■■ | ■■ | | ■■■■ |
| 384 | TQD036966 TQD036981 | TQD036968 TQD037015 | Assignments 013670/0078 & 029154/0937 & USPTO Patent Assignment Abstract of Title | | | Compound |
| 385 | 2WIRE00037831 | 2WIRE00037833 | 5268AC Data Sheet | | | |
| 386 | 2WIRE00005009 | 2WIRE00005009 | ■■■■ for the 5268AC Product (Excerpt) | | | |
| 387 | | | Cooklev Submission re: Extended Data Rate 802.11a | 03/2002 | | 401/402, 403 |
| 388 | | | DSL Forum Marketing Report MR-001, DSL Anywhere – Issue 2 | 09/2004 | | 401/402, 403 |
| 389 | | | Broadband Forum TR-197 | 08/2012 | | 401/402, 403 |
| 390 | | | Analysis of the Impact of Impulse Noise in Digital Subscriber Line Systems by Nedev | 03/2003 | | 401/402, 403 |
| 391 | | | Fundamentals of DSL Technology (excerpt – pgs 122-125) | 2006 | | DUP |
| 392 | | | Plaintiff TQ Delta, LLC's Non-Final Claims Charts for Representative Claims on Products ■■■■■■ | ■■■■ | | ■■■■ |
| ■ | | | ■■■■■■■■■ | ■■■ | | ■■■ |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 394 | | | TQ Delta, LLC's Final Claim Charts for Products ▮▮▮▮ | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 395 | | | Email from Walsh to Counsel serving Walker's Supplemental Report | 02/05/19 | | 401/402, 403, NE |
| 396 | | | Email from Peter McAndrews to Counsel re: Walker's late expert report | 02/07/19 | | 401/402, 403, NE |
| 397 | | | Email from Walsh to Prange re: deposition dates | 01/27/19 | | 401/402, 403, NE |
| 398 | 2WIRE00005009 | 2WIRE00005009 | Excerpt from the ▮▮▮ for 5268AC | | | DUP |
| 399 | | | Plaintiff TQ Delta, LLC's Final Claim Charts for Products that ▮▮▮▮ | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 400 | | | 2019 Revised Patent Subject Matter Eligibility Guidance | 12/29/18 | | 401/402, 403, NE |
| 401 | | | "Fundamentals of DSL Technology" by Golden, Dedieu and Jacobsen (Entire Book) | 2006 | | DUP |
| 402 | | | "Implementation and Applications of DSL Technology", Golden, Dedieu and Jacobsen (ENTIRE BOOK) | 2008 | | DUP |
| 403 | TQD 138197 | TQD 138302 | Stout Risius Ross, Inc. 2013 Report | 02/10/14 | | 401/402, 403, 802, F |
| 404 | TQD 138303 | TQD 138442 | Stout Risius Ross, Inc. 2014 Report | 02/19/15 | | 401/402, 403, 802, F |
| 405 | TQD 138443 | TQD 138508 | Stout Risius Ross, Inc. 2015 Report | 02/18/16 | | 401/402, 403, 802, F |
| 406 | TQD 138509 | TQD 138578 | Stout Risius Ross, Inc. 2016 Report | 03/20/17 | | 401/402, 403, 802, F |
| 407 | TQD 138579 | TQD 138658 | Stout Risius Ross, Inc. 2017 Report | 02/20/18 | | 401/402, 403, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | | | | 802, F |
| 408 | TQD 020457 | TQD 020458 | Patent Statement and Licensing Declaration re: G.992.3 – ADSL2 Annex C | 04/26/04 | | 401/402, 403 |
| 409 | TQD 020497 | TQD 020499 | Patent Statement and Licensing Declaration re: G.993.2 amd1 – VDSL2 | 01/18/12 | | 401/402, 403 |
| 410 | | | Guidelines for Implementation of ITU-T Patent Policy | 03/12/05 | | 401/402, 403 |
| 411 | TQD021322 | TQD021324 | Confidentiality & FRE 408 Agreement between TQ Delta, LLC and Pace Americas, Inc. | 12/16/13 | | |
| 412 | TQD-2WIRE 001170 | TQD-2WIRE 001171 | Email from Bernstein to Schuman re: TQ Delta/Arris | 05/22/17 | | 401/402, 403 |
| 413 | 2WIRE00051785 | 2WIRE00051786 | Patent Statement and Licensing Declaration re: G.993.2 – VDSL2 Recommendation | | | 401/402, 403 |
| 414 | | | Hearing Transcript | 03/21/14 | | NE |
| 415 | | | Wyglinski, Labeau and Kabal, "Bit Loading with BER-Constraint for Multicarrier Systems" | 07/2005 | | 401/402, 403, 802, |
| 416 | | | Tse and Viswanath, "Fundamentals of Wireless Communication", Chapter 5 | | | 401/402, 403, 802 |
| 417 | 2WIRE00049169 | 2WIRE00049186 | UNH-IOL DSL Consortium Broadband Forum TR-114i2 Report | 07/22/13 | | |
| 418 | 2WIRE00054866 | 2WIRE00054866 | 7330 Gold Standard Profiles Version 2.0 | 09/30/14 | | |
| 419 | | | "Intellectual property rights (IPR) in ITU Recommendations," International Telecommunication Union. (Search Aware & G.992.3) | No Date | | 401/402, 403 802, F, NE |
| 420 | | | "Intellectual property rights (IPR) in ITU Recommendations," International Telecommunication Union. (Search G.992.3) | No Date | | 401/402, 403 802, F, NE |
| 421 | | | "Intellectual property rights (IPR) in ITU | No Date | | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Recommendations," International Telecommunication Union. (Search G.992.5) | | | 802, F, NE |
| 422 | | | "Intellectual property rights (IPR) in ITU Recommendations," International Telecommunication Union. (Search G.993.2) | No Date | | 401/402, 403 802, F, NE |
| 423 | | | "Intellectual property rights (IPR) in ITU Recommendations," International Telecommunication Union. (Search G.998.2) | No Date | | 401/402, 403 802, F, NE |
| 424 | | | Mr. Eichmann's "forward citation analysis" methodology applied to the '784 patent including Exhibit 12a to Errata of Eichmann Report | | | 401/402, 403, 802, 1006, NE |
| 425 | | | ETSI Rules of Procedure | 2011 | | 401/402, 403 |
| 426 | TQD116472 | TQD116473 | ITU Contribution | 10/15/01 | | 401/402, 403 |
| 427 | TQD116862 | TQD116863 | ITU Contribution | 12/10/01 | | 401/402, 403 |
| 428 | TQD117903 | TQD117904 | ITU Contribution | 05/21/01 | | 401/402, 403 |
| 429 | | | ███████████ | | | ████████ |
| ██ | | | | | | |
| ██ | | | | | | |
| ██ | | | | | | |
| 433 | | | FCC Types of Broadband Connections | 06/23/14 | | 401/402, 403, 802, |
| 434 | | | "Computer Architecture" at 3 in the Department of Computing at East Tennessee State University | | | 401/402, 403, 802, INC |
| 435 | | | Definition of "firmware" from the 4th edition of the Microsoft Computer | 1999 | | 401/402, 403, 802 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---------|-----------|-----------|---------------------|---------------|-------------------|-----------|
| | | | Dictionary (1999) | | | |
| 436 | | | Definition of "firmware" from a dictionary titled The Authoritative Dictionary of IEEE Standard Terms, 7th edition (2000) | 2000 | | 401/402, 403, 802 |
| 437 | | | Webpage titled "Hardware Descriptive Language" | 07/15/14 | | 401/402, 403, 802 |
| 438 | | | Simsic, Lara, "Accelerating algorithms in hardware" | 01/20/04 | | 401/402, 403, 802 |
| 458 | | | Claim Chart - 2Wire-Pace 2701HGV ███████ US7,889,784 - ADSL2-2+ - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 459 | | | Claim Chart - 2Wire-Pace 2701HGV ███████ US7,889,784 - ADSL2-2+ - | 07/02/18 | | 401/402, 403, 802, 1006, NE |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Claim 2 | | | |
| 460 | | | Claim Chart - 2Wire-Pace 4111N ▮▮▮ US7,889,784 - ADSL2-2+ - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 461 | | | Claim Chart - 2Wire-Pace 4111N ▮▮▮ US7,889,784 - ADSL2-2+ - Claim 2 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 462 | | | Claim Chart - 2Wire-Pace 5031NV ▮▮▮ US7,889,784 - ADSL2-2+ - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 463 | | | Claim Chart - 2Wire-Pace 5031NV (▮▮▮ US7,889,784 - ADSL2-2+ - Claim 2 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 464 | | | Claim Chart - 2Wire-Pace 5031NV ▮▮▮ US7,889,784 - VDSL2 - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 465 | | | Claim Chart - 2Wire-Pace 5031NV ▮▮▮ US7,889,784 - VDSL2 - Claim 2 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 466 | | | Claim Chart - 2Wire-Pace 5168NV ▮▮▮ US7,889,784 - ADSL2-2+ - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 467 | | | Claim Chart - 2Wire-Pace 5168NV ▮▮▮ US7,889,784 - ADSL2-2+ - Claim 2 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 468 | | | Claim Chart - 2Wire-Pace 5168NV ▮▮▮ US7,889,784 - VDSL2 - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 469 | | | Claim Chart - 2Wire-Pace 5168NV ▮▮▮ US7,889,784 - VDSL2 - Claim 2 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 470 | | | Claim Chart - 2Wire-Pace i3812V ▮▮▮ US7,889,784 - VDSL2 - Claim 1 | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 471 | | | Claim Chart - 2Wire-Pace i3812V ▮▮▮ | 07/02/18 | | 401/402, 403, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | ███ US7,889,784 - VDSL2 - Claim 2 | | | 802, 1006, NE |
| 472 | | | Code Appendix - 1.1 - 784 Patent - Claim 1 - ██████ | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 473 | | | Code Appendix - 1.2 - 784 Patent - Claim 1 - ██████ | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 474 | | | Code Appendix - 1.3 - 784 Patent - Claim 1 - ██████ ███ase | 07/02/18 | | 401/402, 403, 802, 1006, NE |
| 475 | | | Code Appendix - 1.3 - 784 Patent - Claim 1 - ████████ | 08/30/18 | | 401/402, 403, 802, 1006, NE |
| 476 | | | Gareth Marples "The History of DSL Internet Access" | 05/04/04 | | 401/402, 403, NE |
| 477 | | | DSL A Wiley Tech Brief by Bourne and Burstein | 2002 | | 401/402, 403, NE |
| 478 | | | ADSL Technology White Paper (JDSU) | | | 401/402, 403, NE |
| 479 | | | ADSL Technology Explained, Part 1: The Physical Layer by Litwin, Pugel, Rhodes & Richardson | 03/01/01 | | 401/402, 403, NE |
| 480 | | | A DFT and FFT Tutorial | 06/05/14 | | 401/402, 403, NE |
| 481 | TQD074039 | TQD074188 | ITU-T G.997.1 | 06/2012 | | 401/402, 403 |
| ███ | ██████ | ██████ | ████████████ | ███████ | | ████ |
| ███ | ██████ | ██████ | ████████████ | ███████ | | ████ |
| 484 | TQD135799 | TQD136009 | DSL Xpert User's Guide Version 4.14 | Feb. 2012 | | 401/402, 403, 802, F |
| 485 | TQD137409 | TQD137453 | TR-138 Accuracy Tests for Test Parameters- Issue 1 | 11/2009 | | 401/402, 403, 802, F |
| 486 | TQD-2WIRE000639 | TQD-2WIRE000657 | Test PA36-AL73-V6B-042216-161830 | | | 401/402, 403, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Phase Descrambling ITU Recommendation: VDSL2 (6.993.2), CPE: Pace-2Wire 3600HGV | | | 802, F |
| 487 | TQD-2WIRE000998 | TQD-2WIRE001017 | Test PA50-AL73-A1-102215-091230 SNR Per Subarrier ITU Recommendation: ADSL2+ (G.992.5), CPE: Pace 5031NV | | | 401/402, 403, 802, F |
| 488 | 2WIRE00001579 | 2WIRE00001610 | User Guide HomePortal Intelligent Gateway | | | |
| 489 | 2WIRE00022877 | 2WIRE00022890 | Hardware Specification 4111N/4112N | | | 401/402, 403 |
| 490 | TQD-2WIRE 000978 | TQD-2WIRE 000997 | PA41-AL73-A1-102215-104030 Test (4111N – █████████) | | | 401/402, 403, 802, F, NE, DAUB |
| 491 | TQD-2WIRE 001018 | TQD-2WIRE 001037 | PA50-AL73-V1-102115-143030 Test (5031NV – █████████) | | | 401/402, 403, 802, F, NE, DAUB |
| 492 | TQD-2WIRE 001038 | TQD-2WIRE 001057 | PA51-AL73-A1-102215-095830 Test (5168NV – █████████) | | | 401/402, 403, 802, F, NE, DAUB |
| 493 | TQD-2WIRE 001058 | TQD-2WIRE 001077 | PA51-AL73-V1-102130-155030 Test (5168NV – █████████) | | | 401/402, 403, 802, F, NE, DAUB |
| 494 | TQD136922 | TQD137083 | TR-100 | March 2007 | | 401/402, 403, 802, F |
| 495 | TQD-2WIRE 001325 | TQD-2WIRE 001325 | Directory Tree for TQD-2WIRE 001325 | | | 401/402, 403, 802, F, NE |
| 496 | TQD-2WIRE 000581 | TQD-2WIRE 000600 | PA36-AL73-V1-050316-094030 Test (3600HGV – Accelity DA87781) | | | 401/402, 403, 802, F, NE |
| 497 | TQD017543 | TQD017674 | iNID User Guide – i3812V | | | |
| 498 | 2WIRE00000705 | 2WIRE00000708 | Data Sheet HomePortal 3000 | 04/2010 | | |
| 499 | TQD135665 | TQD135798 | Spirent User Guide DLS 5500 xDSL Custom Noise Generator | Feb 2008 | | 401/402, 403 |
| 500 | TQD136010 | TQD136262 | VDSL Xpert User's Guide Software Version 3.8.0 | Feb 2014 | | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 501 | TQD115128 | TQD115255 | ITU-T G.997.1 | 04/2009 | | 401/402, 403 |
| 502 | | | 1,100 Sampled and Reviewed Patents | | | NE, DESC |
| 503 | | | 132 Second Reviewed Patents | | | NE, DESC |
| 504 | | | G.992.3 (2009) Corrigendum 1 | 11/09 | | 401/402, 403 |
| 505 | | | G.992.3 (2009) Amendment 1 | 03/10 | | 401/402, 403 |
| 506 | | | G.992.3 (2009) Amendment 2 | 07/10 | | 401/402, 403 |
| 507 | | | G.992.3 (2009) Amendment 3 | 11/10 | | 401/402, 403 |
| 508 | | | G.992.3 (2009) Corrigendum 2 | 06/11 | | 401/402, 403 |
| 509 | | | G.992.3 (2009) Amendment 4 | 10/11 | | 401/402, 403 |
| 510 | | | G.992.3 (2009) Amendment 5 | 10/12 | | 401/402, 403 |
| 511 | | | G.992.3 (2009) Corrigendum 3 | 08/13 | | 401/402, 403 |
| 512 | | | G.992.3 (2005) Erratum 1 (Superseded) | 06/07 | | 401/402, 403 |
| 513 | | | G.992.3 (2005) Amendment 1 (Superseded) | 09/05 | | 401/402, 403 |
| 514 | | | G.992.3 (2005) Amendment 2(Superseded) | 03/06 | | 401/402, 403 |
| 515 | | | G.992.3 (2005) Amendment 3(Superseded) | 12/06 | | 401/402, 403 |
| 516 | | | G.992.3 (2005) Amendment 4(Superseded) | 07/07 | | 401/402, 403 |
| 517 | | | G.992.3 (2005) Amendment 5 (Superseded) | 06/08 | | 401/402, 403 |
| 518 | TQD038324 | TQD038635 | G.992.3 (Superseded) | 07/2002 | | 401/402, 403 |
| 519 | | | G.992.3 (2002) Amendment 1 (Superseded) | 05/03 | | 401/402, 403 |
| 520 | | | G.992.3 (2002) Corrigendum 1 (Superseded) | 12/03 | | 401/402, 403 |
| 521 | | | G.992.3 (2002) Amendment 1 Corrigendum 1 (Superseded) | 02/04 | | 401/402, 403 |
| 522 | | | G.992.3 (2002) Amendment 2 (Superseded) | 04/04 | | 401/402, 403 |
| 523 | | | G.992.3 (2002) Amendment 3 (Superseded) | 06/04 | | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 524 | | | G.992.3 (2002) Amendment 4 (Superseded) | 06/04 | | 401/402, 403 |
| 525 | | | G.992.5 (2009) Corrigendum 1 | 11/10 | | 401/402, 403 |
| 526 | | | G.992.5 (2005) Amendment 1 (Superseded) | 07/05 | | 401/402, 403 |
| 527 | | | G.992.5 (2005) Amendment 2 (Superseded) | 06/06 | | 401/402, 403 |
| 528 | | | G.992.5 (2005) Amendment 3 (Superseded) | 12/06 | | 401/402, 403 |
| 529 | | | G.992.5 (2005) Amendment 4 (Superseded) | 07/07 | | 401/402, 403 |
| 530 | | | G.992.5 (2005) Amendment 5 (Superseded) | 06/08 | | 401/402, 403 |
| 531 | TQD078348 | TQD078439 | G.992.5(Superseded) | 05/2003 | | 401/402, 403 |
| 532 | | | G.992.5 (2003) Corrigendum 1 (Superseded) | 04/04 | | 401/402, 403 |
| 533 | | | G.992.5 (2003) Amendment 1 (Superseded) | 04/04 | | 401/402, 403 |
| 534 | | | G.992.5 (2003) Amendment 2 (Superseded) | 06/04 | | 401/402, 403 |
| 535 | | | G.993.2 (2015) Amendment 1 | 11/15 | | 401/402, 403 |
| 536 | | | G.993.2 (2015) Amendment 2 | 03/16 | | 401/402, 403 |
| 537 | | | G.993.2 (2015) Corrigendum 1 | 11/16 | | 401/402, 403 |
| 538 | | | G.993.2 (2015) Amendment 3 | 02/18 | | 401/402, 403 |
| 539 | | | G.993.2 (2015) Amendment 4 | 05/18 | | 401/402, 403 |
| 540 | | | G.993.2 (2011) Erratum 1 (Superseded) | 09/12 | | 401/402, 403 |
| 541 | | | G.993.2 (2011) Amendment 1 (Superseded) | 04/12 | | 401/402, 403 |
| 542 | | | G.993.2 (2011) Corrigendum 1 (Superseded) | 06/12 | | 401/402, 403 |
| 543 | | | G.993.2 (2011) Amendment 2 (Superseded) | 12/12 | | 401/402, 403 |
| 544 | | | G.993.2 (2011) Amendment 3 (Superseded) | 04/13 | | 401/402, 403 |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 545 | | | G.993.2 (2011) Amendment 4 (Superseded) | 08/13 | | 401/402, 403 |
| 546 | | | G.993.2 (2011) Amendment 5 (Superseded) | 01/14 | | 401/402, 403 |
| 547 | | | G.993.2 (2011) Amendment 6 (Superseded) | 05/15 | | 401/402, 403 |
| 548 | TQD137454 | TQD137479 | G.993.2 (2006) Corrigendum 1 (Superseded) | 12/06 | | 401/402, 403 |
| 549 | TQD137562 | TQD137661 | G.993.2 (2006) Amendment 1 (Superseded) | 04/07 | | 401/402, 403 |
| 550 | | | G.993.2 (2006) Amendment 1 Corrigendum 1 (Superseded) | 07/07 | | 401/402, 403 |
| 551 | | | G.993.2 (2006) Corrigendum 2 (Superseded) | 07/07 | | 401/402, 403 |
| 552 | | | G.993.2 (2006) Amendment 2 (Superseded) | 02/08 | | 401/402, 403 |
| 553 | TQD114559 | TQD114646 | G.993.2 (2006) Amendment 3 (Superseded) | 08/08 | | 401/402, 403 |
| 554 | | | G.993.2 (2006) Amendment 4 (Superseded) | 01/09 | | 401/402, 403 |
| 555 | | | G.993.2 (2006) Corrigendum 3 (Superseded) | 06/09 | | 401/402, 403 |
| 556 | | | G.993.2 (2006) Amendment 5 (Superseded) | 04/10 | | 401/402, 403 |
| 557 | | | G.993.2 (2006) Amendment 6 (Superseded) | 11/10 | | 401/402, 403 |
| 558 | | | G.993.2 (2006) Corrigendum 4 (Superseded) | 04/11 | | 401/402, 403 |
| 559 | | | G.993.2 (2006) Amendment 7 (Superseded) | 06/11 | | 401/402, 403 |
| 560 | | | G.998.1 (2005) Amendment 1 | 08/13 | | 401/402, 403 |
| 561 | | | G.998.2 (2005) Amendment 1 | 12/06 | | |
| 562 | | | G.998.2 (2005) Amendment 2 | 12/07 | | |
| 563 | | | G.998.2 (2005) Amendment 3 | 08/13 | | |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 564 | | | G.998.2 (2005) Amendment 4 | 08/15 | | |
| 565 | | | G.998.2 (2005) Corrigendum 1 | 03/18 | | |
| 566 | TQD000158 | TQD000168 | USPN 7,570,686 | 07/16/03 | | 401/402, 403 |
| 567 | TQD000212 | TQD000220 | USPN 7,835,430 | 06/03/09 | | 401/402, 403 |
| 568 | TQD000335 | TQD000344 | USPN 8,238,412 | 05/13/10 | | 401/402, 403 |
| 569 | TQD000424 | TQD000433 | USPN 8,432,956 | 05/21/12 | | 401/402, 403 |
| 570 | TQD135370 | TQD135372 | Development Contract Amendment with Analog Devices Incorporated | 06/28/94 | | 401/402, 403 |
| 571 | QCTQDELTA0072839 | QCTQDELTA0072842 | ███████████████████ | 09/26/95 | | 401/402, 403 |
| 572 | AWARE000629 | AWARE000658 | Remote Side G.bis/ADSL2+ License Agreement between Infineon and Aware | 06/05/03 | | 401/402, 403 |
| 573 | AWARE000626 | AWARE000628 | ███████████████████ | 06/27/07 | | 401/402, 403 |
| 574 | TQD017529 | TQD017530 | 5233NV Data Sheet | No Date | | 401/402, 403 |
| 575 | TQD017505 | TQD017508 | 2Wire Intelligent Gateways Data Sheet | 05/05 | | 401/402, 403 |
| 576 | TQD017513 | TQD017516 | 2Wire HomePortal 3000 Series Data Sheet | 01/07 | | 401/402, 403 |
| 577 | TQD017541 | TQD017542 | HomePortal iNID Data Sheet i3802V | 11/07 | | 401/402, 403 |
| 578 | TQD017509 | TQD017512 | 2Wire HomePortal 2000 Series Data Sheet | 01/08 | | 401/402, 403 |
| 579 | | | V.90 definition | | | 401/402, 403, 802 |
| 580 | | | ITU-T V.90 | 09/1998 | | 401/402, 403, 802 |
| 581 | | | V.34 definition | | | 401/402, 403, 802 |
| 582 | | | ITU-T V.34 | 02/1998 | | 401/402, 403, 802 |
| 583 | | | Signal to Noise Ratio, SNR (Radio Electronics.com) | | | 401/402, 403, 802 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 584 | | | Defendant 2Wire, Inc.'s Opening Brief in Support of Its Motion for Judgment on The Pleadings, D.I. 250 | 12/22/16 | | 401/402, 403 |
| 585 | | | Plaintiff's Opposition to Defendant's Motion For Judgment on the Pleadings Under 35 U.S.C. § 101, D.I. 257, including Exhibit 1. | 01/18/17 | | 401/402, 403, 802 |
| 586 | | | Defendant 2Wire, Inc.'s Reply Brief in Support of Its Motion for Judgment on The Pleadings, D.I. 259 | 01/27/17 | | 401/402, 403 |
| 587 | | | Order Denying Motion for Judgment on the Pleadings (D.I. 249), D.I. 266 | 02/06/17 | | 401/402, 403 |
| 588 | | | IPR Petition filed in IPR2016-01007 re: 8,432,956 | 05/06/16 | | 401/402, 403 |
| 589 | | | Patent Owner's Response filed in IPR2016-01007 | 02/24/17 | | 401/402, 403 |
| 590 | | | Final Written Decision issued in IPR2016-01007 | 10/27/17 | | 401/402, 403 |
| 591 | | | Decision Denying PO Request for Rehearing from IPR2016-01007 | 03/28/18 | | 401/402, 403 |
| 592 | | | 2018-1719 Brief of Appellant TQ Delta | 08/17/18 | | 401/402, 403 |
| 593 | TQD001313 | TQD001911 | USPN 7,570,686 FH | 07/16/03 | | 401/402, 403 |
| 594 | 2WIRE00029628 | 2WIRE00029897 | T1.413 Issue 2 (also referred to as T1.413-1998) | 06/05/98 | | 401/402, 403 |
| 595 | 2WIRE00034631 | 2WIRE00034649 | UPSN 4,679,227 – Hughes-Hartogs | 05/20/85 | | 401/402, 403 |
| 596 | 2WIRE00035112 | 2WIRE00035128 | USPN 6,219,378 – Wu | 12/19/97 | | 401/402, 403 |
| 597 | 2WIRE00035332 | 2WIRE00035343 | USPN 6,590,893 – Hwang | 04/07/99 | | 401/402, 403 |
| 598 | 2WIRE00031692 | 2WIRE00031697 | USPN 6,606,719 - Ryckebusch | 03/10/00 | | 401/402, 403 |
| 599 | 2WIRE00029243 | 2WIRE00029258 | US Prov App 60/078,549 - Jacobsen | 03/19/98 | | 401/402, 403 |
| 600 | | | 4111N Data Sheet | | | 401/402, 403 |
| 601 | | | Fundamentals of DSL Technology Ch 7 | | | DESC, DUP |
| 602 | | | G.993.2 | 01/2015 | | 401/402, 403 |
| 603 | | | U.S. Pat No 5,822,372 - Emami | 08/02/96 | | 401/402, 403 |
| 604 | TQD040192 | TQD040218 | U.S. Pat No 6,226,322 - Mukherjee | 03/30/98 | | 401/402, 403 |

## Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 605 | TQD059367 | TQD059385 | U.S. Pat No 6,389,062 – Wu | 04/30/98 | | 401/402, 403 |
| 606 | TQD030814 | TQD030827 | U.S. Pat No 6,459,678 - Herzberg | 12/01/98 | | 401/402, 403 |
| 607 | TQD030755 | TQD030764 | U.S. Pat No 6,445,730 – Greszczuk | 01/26/99 | | 401/402, 403 |
| 608 | | | U.S. Pat No 7,656,649 – Tee | 11/04/05 | | 401/402, 403 |
| 609 | | | U.S. Pat No 8,290,070 - Guerrieri | 05/28/08 | | 401/402, 403 |
| 610 | | | U.S. Pat No 9,270,509 - Agon | 12/15/14 | | 401/402, 403 |
| 611 | | | Pace acquired 2Wire in 2010 | 07/26/10 | | 401/402, 403 |
| 612 | | | Test Report PA51-ZY17-V1B-112918-154730 (5168NV) | | | 401/402, 403, 802, Daub |
| 613 | | | SNRps during Showtime | | | 401/402, 403, 802, Daub |
| 614 | | | Test Report PA50-ZY17-V1B-112118-171930 (5031NV) | | | 401/402, 403, 802, Daub |
| 615 | | | SNRps during Showtime | | | 401/402, 403, 802, Daub |
| 616 | | | List of key words in TQ Delta's patent claims | | | 401/402, 403, 802 |
| 617 | | | Value shares of TQ Delta DSL patents and other DSL SEPs | | | 401/402, 403, 802 |
| 618 | | | Mr. Eichmann's "value shares" by patent family | | | 401/402, 403, 802 |
| 619 | | | Errors in Mr. Eichmann's bottom-up analysis | | | 401/402, 403, 802 |
| 620 | | | 2Wire damages for Family 1 using alternative sales sources | | | 401/402, 403, 802 |
| 621 | | | Expected cost per premise for FTTN vs. FTTP | | | 401/402, 403, 802 |
| 622 | | | 2Wire's bill of materials for 5268 Gateway product | | | 401/402, 403 |
| 623 | TQD020960 | TQD020969 | Email from Cordeiro (Pace) to DelGiorno re: NDA | 10/28/13 | | |
| 624 | | | "LTE Essential IPR." PA Consulting Group. | 07/2017 | | 401/402, 403, 802 |
| 625 | | | 2Wire's Final Invalidity Contentions & | 08/15/18 | | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | Ex A-14 | | | |
| 626 | TQD022992 | TQD022998 | Provisional Application 60/174,865 | 01/07/00 | | 401/402, 403 |
| 627 | | | Dennis J. Rauschmayer, ADSL/VDSL Principles: A Practical and Precise Study of Asymmetric Digital Subscriber Lines and Very High Speed Digital Subscriber Lines' ("Rauschmayer"). | 1999 | | 401/402, 403, 802 |
| 628 | | | Provisional Patent Application No. 60/090,981 | | | 401/402, 403 |
| 629 | | | Arris International PLC Form 10-K for Fiscal Year ended December 31, 2016, p. 39. | 12/31/16 | | 401/402, 403 |
| 630 | | | Total Households (TTLHH), Fred Economic Research | No Date | | 401/402, 403, 802 |
| 631 | | | Avanish Dixit, Remarks at the AEA 2011 Nobel Lunch Honoring Elinor Ostrom and Oliver Williamson | 01/08/11 | | 401/402, 403, 802 |
| 632 | | | Economists' Roundtable on Hot Patent-Related Antitrust Issues, Vol. 27, No. 3 | Summer 2013 | | 401/402, 403, 802 |
| 633 | 2WIRE00054588 | 2WIRE00054589 | HomePortal 2700HG Data Sheet, Rev. B | 09/05 | | 401/402, 403 |
| 634 | 2WIRE00022261 | 2WIRE00022262 | 2Wire, HomePortal 3800HGV-B Intelligent ResidentialGateway Date Sheet | 12/06 | | 401/402, 403 |
| 635 | 2WIRE00000590 | 2WIRE00000671 | 3800HGV-B Overview | No Date | | 401/402, 403 |
| 636 | | | "Preliminary Amendment," Letter to the USPTO from Jason Vick of Sheridan Ross P.C., | 08/06/12 | | 401/402, 403 |
| 637 | | | "Office Action Summary," USPTO U.S. Patent 6,707,882 | 09/28/12 | | 401/402, 403 |
| 638 | | | "Amendment and Response," Letter to the USPTO from Jason Vick of Sheridan Ross P.C. | 03/28/13 | | 401/402, 403 |
| 639 | | | "Examiner-Initiated Interview Summary," USPTO | 05/10/13 | | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 640 | | | "Notice of Allowability," USPTO | 05/13/13 | | 401/402, 403 |
| 641 | | | "Notice of Allowance and Fee(s) Due," USPTO | 05/21/13 | | 401/402, 403 |
| 642 | | | "Substitute Amendment After Allowance Under 37 C.F.R. 1.312," Letter to the USPTO from Jason Vick of Sheridan Ross P.C., | 06/10/13 | | 401/402, 403 |
| 643 | | | "Applicant Response to Interview Summary," Letter to the USPTO from Jason Vick of Sheridan Ross P.C., | 06/10/13 | | 401/402, 403 |
| 644 | | | "Comment on Statement of Reasons for Allowance," Letter to the USPTO from Jason Vick of Sheridan Ross P.C. | 06/10/13 | | 401/402, 403 |
| 645 | | | "Part B – Fee(s) Transmittal," Letter to the USPTO from Jason Vick of Sheridan Ross P.C. | 06/10/13 | | 401/402, 403 |
| 646 | | | "Amendment After Allowance Under 37 C.F.R. 1.312," Letter to the USPTO from Jason Vick of Sheridan Ross P.C., | 06/11/13 | | 401/402, 403 |
| 647 | | | "Supplemental Notice of Allowability," USPTO | 06/19/13 | | 401/402, 403 |
| 648 | | | ███████████████████ | 2016 | | 401/402, 403 |
| 649 | | | Maurer, Noel, and Stephen Haber, 2018. "An Empirical Analysis of the Patent Troll Hypothesis: Evidence from Publicly-Traded Firms," Hoover Institution Economics Working Paper Series No. 18114: 1-44 | 10/29/2018 | | 401/402, 403, 802 |
| 650 | | | ████████████████████ | 01/05/19 (updated) | | 401/402, 403, 802 |
| 651 | | | Plaintiff TQ Delta's Supplemental Identification of Accused Products and Asserted Patents | 12/16/16 | | 401/402, 403, 802 |
| 652 | | | Second Interim Scheduling Order | 12/28/17 | | 401/402, 403 |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 653 | | | Benjamin Miller Deposition Transcript | 06/18/15 | | 401/402, 403, NE |
| 654 | | | Deposition Transcript of David Krinsky | 11/29/17 | | 401/402, 403, NE, 802 |
| 655 | | | Deposition Transcript of James Shead | 03/21/18 | | 401/402, 403, NE |
| 656 | | | Deposition Transcript of Scott Voegele | 03/21/18 | | 401/402, 403, NE |
| 657 | | | Deposition Transcript of Kevin Russell | 04/17/18 | | 401/402, 403, NE |
| 658 | | | Deposition Transcript of Mehul Patel | 05/31/18 | | 401/402, 403, NE |
| 659 | | | ██████████ Deposition Transcript and Exhibits | 05/22/18 | | 401/402, 403, NE |
| 660 | | | ██████████ Deposition Transcript and Exhibits | 05/23/18 | | 401/402, 403, NE |
| 661 | | | Deposition Transcript of Marcos Tzannes | 09/10/18 | | 401/402, 403, NE, 802 |
| 662 | | | Deposition Transcript of Michael Tzannes | 09/10/18 | | 401/402, 403, NE, 802 |
| 663 | | | Deposition Transcript of Michael Tzannes | 09/11/18 | | 401/402, 403, NE, 802 |
| 664 | | | Deposition Transcript of Mark Roche | 09/12/18 | | 401/402, 403, NE, 802 |
| 665 | | | Abha Divine, Part 1 Deposition Transcript | 09/13/18 | | 401/402, 403, NE, 802 |
| 666 | | | Abha Divine, Part 2 Deposition Transcript | 09/13/18 | | 401/402, 403, NE, 802 |
| 667 | | | Abha Divine, Part 3 Deposition Transcript | 09/13/18 | | 401/402, 403, NE, 802 |
| 668 | | | Ben Miller Deposition Transcript | 09/20/18 | | 401/402, 403, NE |
| 669 | | | Richard Eichmann Deposition Transcript | 12/19/18 | | 401/402, 403, NE |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 670 | | | Deposition Transcript of Dr. Todor Cooklev | 12/19/18 | | 401/402, 403, NE, 802, Daub |
| 671 | | | Deposition Transcript of Arthur T. Brody, Ph.D. | 01/09/19 | | 401/402, 403, NE, 802 |
| 672 | | | Deposition of Abha Divine | 01/09/19 | | 401/402, 403, NE, 802 |
| 673 | | | Krista S. Jacobsen Deposition Transcript | 01/11/19 | | 401/402, 403, NE, 802 |
| 674 | | | Dr. Todor Cooklev Deposition Transcript | 01/25/19 | | 401/402, 403, NE, 802, Daub |
| 675 | | | Richard Eichmann Deposition Transcript | 01/29/19 | | 401/402, 403, 802, NE |
| 676 | | | Kevin C. Almeroth Deposition Transcript | 02/01/19 | | 401/402, 403, NE, 802 |
| 677 | | | Krista S. Jacobsen Deposition Transcript | 02/05/19 | | 401/402, 403, NE, 802 |
| 678 | | | Martin Walker Deposition Transcript | 02/06/19 | | 401/402, 403, NE, 802 |
| 679 | | | Krista S. Jacobsen, Ph.D. Deposition Transcript | 02/06/19 | | 401/402, 403, NE, 802 |
| 680 | | | Kevin Almeroth, Ph.D. Deposition Transcript | 02/08/19 | | 401/402, 403, NE, 802 |
| 681 | | | *AVM Techs., LLC v. Intel Corp.*, No. CIV.A. 10-610-RGA, 2013 WL 126233 (D. Del. Jan. 4, 2013) | | | 401/402, 403, NE |
| 682 | | | *Commonwealth Scientific & Industrial Research Organization v. Cisco Systems, Inc.*, 809 F.3d 1295 (Fed. Cir. 2015) | | | 401/402, 403, NE |
| 683 | | | *Commonwealth Scientific and Industrial Research Organization v. Cisco Systems*, 2015-1066 (Fed. Cir. 2015), slip op. at 11 | | | 401/402, 403, NE |
| 684 | | | *Cornell University v. Hewlett-Packard Co.*, 609 F.Supp.2d 279, 288 (N.D.N.Y. | | | 401/402, 403, NE |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | 2009) | | | |
| 685 | | | *Crystal Semiconductor v. Tritech Microelectronics*, 246 F.3d 1336 (Fed. Cir. 2001) | | | 401/402, 403, NE |
| 686 | | | *Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F. 3d 1336, 1346 (Fed. Cir. 2013) | | | 401/402, 403, NE |
| 687 | | | *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014) | | | 401/402, 403, NE |
| 688 | | | *ESS Tech., Inc. v. PC-Tel, Inc.*, No. C-99-20292, 2001 WL 1891713 (N.D. Cal. Nov. 28, 2001) | | | 401/402, 403, NE |
| 689 | | | *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) | | | 401/402, 403, NE |
| 690 | | | *Fromson v. Western Litho. Plate & Supply Co.*, 853 F.2d 1577 | | | 401/402, 403, NE |
| 691 | | | *Fujitsu v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) | | | 401/402, 403, NE |
| 692 | | | *Garretson v. Clark,* 111 U.S. 120 (1884) | | | 401/402, 403, NE |
| 693 | | | *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116 (1970) | | | 401/402, 403, NE |
| 694 | | | *GPNE Corp. v. Apple, Inc.*, 12-cv-02885-LHK, N.D. Cal., Order (maybe 2014 WL 494247) | 04/16/14 | | 401/402, 403, NE |
| 695 | | | *Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341 (Fed. Cir. 1999) | | | 401/402, 403, NE |
| 696 | | | *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983) | | | 401/402, 403, NE |
| 697 | | | *HTC Corporation, et al., v. Telefonaktiebolaget LM Ericsson, et al.*, ED Tex., CA No. 6:18-CV-00243-JRG, January 7, 2019, Dkt. 376 | | | 401/402, 403, NE |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| 698 | | | *Impression Products, Inc. v. Lexmark International, Inc.* (No. 15-1189, slip op. May 30, 2017) | | | 401/402, 403, NE |
| 699 | | | *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F.Supp.2d 925 (September 27, 2013) | | | 401/402, 403, NE |
| 700 | | | *In re Innovatio IP Ventures, LLC Patent Litig.*, MDL No. 2303, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013) | | | 401/402, 403, NE |
| 701 | | | *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012) | | | 401/402, 403, NE |
| 702 | | | *LG Display Co., Ltd., v. AU Optronics Corp.*, 722 F.Supp.2d 466 (D. Del. 2010) | | | 401/402, 403, NE |
| 703 | | | *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed.Cir.2009) | | | 401/402, 403, NE |
| 704 | | | *M2M Sols. LLC v. Enfora, Inc.*, No. CV 12-32-RGA, *2016 WL 908790, at *8 (D. Del. Mar. 9, 2016), at 19-20* | | | 401/402, 403, NE |
| 705 | | | *Michael Bowling v. Hasbro, Inc.*, 1:05-cv-00229-S-LDA, 2008 WL 717741 (D. RI. March 17, 2008) | | | 401/402, 403, NE |
| 706 | | | *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872 (9th Cir. 2012) | | | 401/402, 403, NE |
| 707 | | | *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823, 2013 WL 2111217 (W.D. Wash.) April 25, 2013 | | | 401/402, 403, NE |
| 708 | | | *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1053 (9th Cir. 2015) | | | 401/402, 403, NE |
| 709 | | | *Monsanto Co. v. McFarling*, 488 F.3d 973 (Fed. Cir. 2007) | | | 401/402, 403, NE |
| 710 | | | *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795 (Fed. Cir. 1988) | | | 401/402, 403, NE |
| 711 | | | *Oracle America, Inc. v. Google, Inc.* | | | 401/402, 403, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | | | | NE |
| 712 | | | *Quanta v. LG Electronics*, 553 U.S. 617 (2008) | | | 401/402, 403, NE |
| 713 | | | *ResQNet.com, Inc.* et al. *v. Lansa, Inc.*, 93 U.S.P.Q.2d 1553, 594 F.3d 860 | | | 401/402, 403, NE |
| 714 | | | *Rude v. Wescott*, 180 U.S. 152, 165, 9 S.Ct. 463, 468, 32 L.Ed. 888 (1889) | | | 401/402, 403, NE |
| 715 | | | *Sprint Commc'ns Co. L.P. v. Comcast IP Holdings, LLC*, No. CV 12-1013-RGA, 2015 WL 456154, at *2 (D. Del. Jan. 30, 2015) | | | 401/402, 403, NE |
| 716 | | | *TCL Communication Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson, et al.*, 2017 WL 6611635 (C.D. Cal. 2017)* | | | 401/402, 403, NE |
| 717 | | | *TCL Communication Technology Holdings, Ltd., et al., v. Telefonaktiebolaget LM Ericsson, et al.*, (United States District Court, C.D. California. March 9, 2018). | | | 401/402, 403, NE |
| 718 | | | *TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson, No. CV 15-2370 JVS(DFMX)*, 2018 WL 4488286, at *8 (C.D. Cal. Sept. 14, 2018) | | | 401/402, 403, NE |
| 719 | | | *TiVo,Inc. v. Echostar Commc'ns Corp.*, 516 F.3d 1290, 1308 (Fed. Cir. 2008) | | | 401/402, 403, NE |
| 720 | | | *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) | | | 401/402, 403, NE |
| 721 | | | *United States v. AT&T* | 01/08/82 | | 401/402, 403, NE |
| 722 | | | *United States v. Cartwright*, 411 U.S. 546 (1973) | | | 401/402, 403, NE |
| 723 | | | *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d | | | 401/402, 403, |

# Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
| | | | 1308, 1327 (Fed. Cir. 2014) | | | NE |
| 724 | | | *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.,* 609 F.3d 1308 (Fed. Cir. 2010) | | | 401/402, 403, NE |
| 725 | | | *World Wide Stationery Manufacturing, Co., Ltd. v. Bensons International Systems Inc., et al.,* 3:11 CV 523 (2012).* | | | 401/402, 403, NE |
| 726 | | | *XpertUniverse, Inc. v. Cisco Sys., Inc., No. CIV.A. 09-157-RGA,* 2013 WL 936449 (D. Del. Mar. 11, 2013) | | | 401/402, 403, NE |
| 727 | | | Declaration of Kevin Du | 09/28/18 | | 401/402, 403, NE, 802 |
| 728 | | | Declaration of Kevin Du | 01/28/19 | | 401/402, 403, NE, 802 |
| 729 | | | Ari B. Lukoff Declaration with Exhibits A-B | 02/26/19 | | 401/402, 403, NE, 802 |
| 730 | 2WIRE00031967 | 2WIRE00031967 | Excel | | | 401/402, 403 |
| 731 | | | VDSL: The Next Step in the DSL Progression | 08/99 | | 401/402, 403, 802 |
| 732 | TQD 116864 | TQD 116864 | Temporary Document FC-060  - Title: G.admin Proposal to start G.bond: Multi-pair (Bonded) ADSL | 12/10/01 | | 401/402, 403, 802 |
| ███ | ████████ | ████████ | ███████████████ | | | ███ |
| ███ | ████████ | ████████ | ███████████████ | | | ███ |
| ███ | ████████ | ████████ | ███████████████ | | | ███ |
| **PHYSICALS** | | | | | | |
| | | | 5168N | | | |
| | | | 5168NV | | | |
| | | | 5268AC | | | |

Exhibit 6 - TQ Delta's Trial Exhibits – Family 2 (April 29, 2019)

| PTX No. | Beg Bates# | End Bates# | Document Description | Document Date | Deposition Exhibit | Objections |
|---|---|---|---|---|---|---|
|  |  |  | I3812v |  |  |  |

# EXHIBIT 7

*TQ DELTA, LLC, v. 2WIRE, INC.,*
C.A. No. 13-cv-1835-RGA

| Code | Ground |
|---|---|
| 401/402 | Not relevant. Fed. R. Evid. 401, 402 |
| 403 | Unduly prejudicial, confusing, wasteful, or cumulative. Fed. R. Evid. 403 |
| 701 | Improper lay opinion. Fed. R. Evid. 701 |
| 702 | Improper expert testimony. Fed. R. Evid. 702, 703 |
| 802 | Hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 802 |
| 901 | Requires authenticity or identification. Fed. R. Evid. 901 |
| 1002 | Violates best evidence rule. Fed. R. Evid. 1002 |
| 1006 | Improper summary. Fed. R. Evid. 1006 |
| CC | Related to claim construction |
| D | Duplicate |
| Daub | Subject to exclusion pending Daubert Motion |
| DESC | Inadequate, misleading, or improper description |
| F | Lacks foundation/lacks personal knowledge/speculation. Fed. R. Evid. 104, 602, 1003, 1005 |
| FL | Foreign language document |
| ILL | Illegible |
| UT | Untimely disclosed/not produced in discovery |
| MIL | Subject to pending MIL issue |
| SAN | Subject to pending motion for sanctions |
| M | Mismatch (marked exhibit and exhibit list description do not match) |
| NE | Not Evidence |
| NS | Exhibit not stamped with trial exhibit number |
| OS | Outside Scope of Rule 30(b)(6) Topic |
| SJ | Subject to exclusion pending Motion for Summary Judgment |

2Wire, Inc.'s Family 2 Trial Exhibit List

This exhibit list is based on the current status of the case, the Court's April 1, 2019 Order indicating that the Court does not "intend to try any FRAND, contract, damages, and equitable issues until after I have determined which patents asserted against 2Wire are valid and infringed," D.I. 1043, and the Court's April 10, 2019 Memorandum Opinion and Order, D.I. 1058, 1059.  2Wire reserves the right to modify or supplement this exhibit list in light of further decisions or orders from this Court, any of TQ Delta's pretrial statements, and to the extent any amendments or other alterations arise impacting the facts or issues for trial.

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 1 | 11/17/2014 | TQ Delta, LLC's Responses to the Defendants' First Set of Joint Interrogatories | | | | |
| 2 | 11/17/2014 | TQ Delta, LLC's Responses to 2Wire, Inc.'s First Set of Interrogatories to TQ Delta, LLC | | | | |
| 3 | 11/10/2015 | TQ Delta, LLC's Supplemental Responses to the Defendants' Joint Interrogatories Nos. 1, 2, 5, and 6 | | | | |
| 4 | 11/25/2015 | TQ Delta, LLC's Second Supplemental Response to the Defendants' Joint Interrogatory No. 2 | | | | |
| 5 | 9/29/2017 | TQ Delta, LLC's Second Supplemental Response to the Defendants' Joint Interrogatory No. 1 and Supplemental Response to Joint Interrogatory No. 3 | | | | |
| 6 | 11/15/2017 | TQ Delta, LLC's Responses to 2Wire's Second Set of Individual Interrogatories | | | | |
| 7 | 11/17/2017 | Plaintiff TQ Delta, LLC's Responses to Defendants' Second Set of Joint Interrogatories Nos. 7-14 | | | Marcos Tzannes Ex. 15 | |
| 8 | 3/7/2018 | TQ Delta, LLC's Responses to 2Wire, Inc.'s Third Set of Interrogatories to TQ Delta, LLC (Nos. 14-20) | | | | |
| 9 | 4/20/2018 | TQ Delta, LLC's Supplemental Response to 2Wire, Inc.'s Interrogatory No. 16 to TQ Delta, LLC | | | | |
| 10 | 6/8/2018 | TQ Delta, LLC's Supplemental Responses to 2Wire's Individual Interrogatories Nos. 9 and 12 | | | | |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 11 | 6/8/2018 | TQ Delta, LLC's Supplemental Responses to the Defendants' Joint Interrogatories Nos. 4, 8, and 12 | | | Marcos Tzannes Ex. 16 | |
| 12 | 7/17/2018 | TQ Delta, LLC's Third Supplemental Response to the Defendants' Joint Interrogatory No. 2 | | | Divine Ex. 29 Vick Ex. 21 | |
| 13 | 7/25/2018 | TQ Delta, LLC's First Supplemental Response to 2Wire, Inc.'s Interrogatory No. 14 | | | Marcos Tzannes Ex. 23 | |
| 14 | 7/25/2018 | TQ Delta, LLC's First Supplemental Response to the Defendants' Joint Interrogatory No. 13 | | | | |
| 15 | 11/17/2014 | TQ Delta, LLC's Responses to the Defendants' First Set of Joint Requests for Admission | | | | |
| 16 | 3/7/2018 | TQ Delta, LLC's Responses to the Defendant 2Wire, Inc.'s First Set of Individual Requests for Admission (Nos. 1-20) | | | | |
| 17 | 3/8/2018 | TQ Delta, LLC's Corrected and Supplemental Responses to Defendant 2Wire, Inc.'s First Set of Individual Requests for Admission (Nos. 1-20) | | | | |
| 18 | 6/8/2018 | TQ Delta, LLC's First Supplemental Responses to Defendant 2Wire, Inc.'s Individual Requests for Admission (Nos. 16-20) | | | | |
| 19 | 1/2/2019 | Subpoena to Testify at a Deposition in a Civil Action to Dr. Kevin C. Almeroth | | | Almeroth Ex. 1 | Incomplete (lacks objections and agreed scope) |
| 20 | 9/7/2017 | ████████████████████████ | | | Almeroth Ex. 3 Walker Ex. 4 | Incomplete (lacks objections and agreed scope) |

ACTIVE/99026563.5

| | | | | | | Objections |
|---|---|---|---|---|---|---|


| DTX No. | Date | ███████ | ███████ | ███████ | Deposition Ex. | Objections |
|---------|------|---------|---------|---------|----------------|------------|
| | | ███████ | ██ | ██ | | |
| ██ | ████ | ███████ | ██████ | ███_000010 | Almeroth Ex. 16 | |
| ██ | ████ | ███████ | | | Bernstein Ex. 2<br>Divine Ex. 2 | 401/402, 403 |
| ██ | ████ | ███████ | | | Bernstein Ex. 3 | |
| ██ | ████ | ███████ | █████ | ███ 362 | Reiter Ex. 532<br>Bernstein Ex. 5<br>Russell Ex. 603<br>Marcos Tzannes Ex. 17<br>Michael Tzannes Ex. 7<br>Vick Ex. 12<br>Almeroth F2 Ex. 2<br>Cahill Ex. 514<br>Plaintiff's Exhibit 122<br>Walker Ex. 7 | |
| ██ | ████ | ███████ | | | Cooklev Ex. 2 | |
| ██ | ████ | ███████ | | | Cooklev Ex. 3 | |
| ██ | ████ | ███████ | █████ | ███ 386 | Divine Ex. 1 | MIL, 401/402, 403 |
| ██ | ████ | ███████ | | | Divine Ex. 3 | MIL, 401/402, 403 |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 39 | 7/15/2018 | Letter From Matthew DelGiorno to Sean McGhie Re: DSL Patent Portfolio Licensing | TQD021303 | TQD021318 | Divine Ex. 4 Plaintiff's Ex. 36 | |
| 40 | 8/6/2013 | Letter From Matthew DelGiorno to Sean McGhie Re: DSL Patent Portfolio Licensing | TQD021319 | TQD021321 | Divine Ex. 5 Plaintiff's Ex. 37 | |
| 41 | 8/23/2013 | Email from Matthew DelGiorno to Sean McGhie Re: TQ Delta / Pace / Patent licensing discussions | TQD021248 | TQD021267 | Divine Ex. 6 Plaintiff's Ex. 38 | |
| 42 | 9/4/2013 | Email from Matthew DelGiorno to David Cordeiro Re: TQ Delta / Pace  - phone call | TQD021146 | TQD21150 | Divine Ex. 7 | |
| 43 | 10/28/2013 | Email from David Cordeiro to Matthew DelGiorno Re: TQ Delta / Pace - phone call | TQD020960 | TQD020969 | Divine Ex. 8 | |
| 44 | 10/28/2013 | Email from Matthew DelGiorno to David Cordeiro Re: TQ Delta / Pace  - phone call | TQD021157 | TQD021166 | Divine Ex. 9 | |
| 45 | 10/31/2013 | Email from Matthew DelGiorno to David Cordeiro Re: TQ Delta / Pace  - phone call | TQD021189 | TQD021200 | Divine Ex. 10 | |
| 46 | 10/31/2013 | Email from Matthew DelGiorno to David Cordeiro Re: TQ Delta / Pace  - phone call | TQD021201 | TQD021212 | Divine Ex. 11 | |
| 47 | 11/1/2013 | Email from David Cordeiro to Matthew DelGiorno Re: TQ Delta / Pace - phone call | TQD021025 | TQD021033 | Divine Ex. 12 | |
| 48 | 11/1/2013 | Email from David Cordeiro to Matthew DelGiorno Re: Pace | TQD020890 | TQD020894 | Divine Ex. 13 | |
| 49 | 11/1/2013 | Email from Matthew DelGiorno to David Cordeiro Re: Pace | TQD021127 | TQD021138 | Divine Ex. 14 | |
| 50 | 11/4/2013 | Email from Matthew DelGiorno to David Cordeiro Re: Pace | TQD021068 | TQD021070 | Divine Ex. 15 | |
| 51 | 11/5/2013 | Email from Matthew DelGiorno to David Cordeiro Re: | TQD021270 | TQD021302 | Divine Ex. 16 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| | | TQ Delta v. Pace / Patent infringement suit | | | | |
| 52 | 12/16/2013 | Confidentiality & FRE 408 Agreement Between TQ Delta, LLC and Pace Americas, Inc. | TQD021322 | TQD021324 | Divine Ex. 17 | |
| 53 | 2/29/2012 | Email from C. Graham Gerst to Mark Roche, Nabha Rege et al. Re: DSL slides | TQD134983 | TQD135054 | Divine Ex. 22 Roche Ex. 17 | 401/402, 403 |
| 54 | | Aware, Inc. DSL Patent Portfolio Opportunity | TQD136263 TQD137408 | TQD136277 TQD137408 | Divine Ex. 23 Marcos Tzannes Ex. 10 | |
| 55 | 06/1999 | ITU-T G992.1 - Asymmetric digital subscriber line (ADSL) transceivers | TQD043009 | TQD043264 | Plaintiff's Jacobsen Ex. 10 | SJ |
| 56 | 5/27/2015 | Plaintiff TQ Delta, LLC's First Rule 30(b)(6) Deposition Notice | | | Plaintiff's Ex. 1 | |
| 57 | 11/11/2009 | 2Wire ADSL Requirements Specification, Section 4 | 2WIRE00001896 | 2WIRE00001928 | Plaintiff's Ex. 2 | |
| 58 | 10/20/2009 | 2Wire ADSL Requirements Specification | 2WIRE00001955 | 2WIRE00001969 | Plaintiff's Ex. 3 | |
| 59 | 5/15/2009 | 2Wire 503x VDSL Product Family Product Requirements Document | 2WIRE00004628 | 2WIRE00004673 | Plaintiff's Ex. 5 | |
| 60 | 04/2010 | 2Wire i3812V Data Sheet | TQD-2WIRE 000694 | TQD-2WIRE 000697 | Plaintiff's Ex. 20 | |
| 61 | | Pace 5168NV Data Sheet | 2WIRE00001577 | 2WIRE00001578 | Plaintiff's Ex. 25 | |
| 62 | 01/2005 | ITU-T G.998.2 - Ethernet-based multi-pair bonding | TQD115442 | TQD115459 | Almeroth F2 Ex. 7 Plaintiff's Ex. 96 Marcos Tzannes Ex. 40 Putnam F2 Ex. 25 | |
| 63 | 9/7/2004 | IEEE 802.3ah-2004 - Part 3: Carrier Sense Multiple Access With Collision Detection (CSMA/CD) Access | TQD112245 | TQD112884 | Plaintiff's Ex. 97 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| | | Method and Physical Layer Specifications - Amendment: Media Access Control Parameters, Physical Layers, and Management Parameters for Subscriber Access Networks | | | | |
| 64 | 7/13/2012 | Pace Customer Hardware Requirement AT&T 5168NV, Version 1.5 | 2WIRE00042024 | 2WIRE00042043 | Plaintiff's Ex. 98 | |
| 65 | 1/24/2014 | ▮▮▮ Data Sheet - High-Performance Multimedia Multimode ADSL2+/VDSL2 Gateway | 2WIRE00004082 | 2WIRE00004603 | Plaintiff's Ex. 99 | |
| 66 | | ▮▮▮ | 2WIRE00005009 | 2WIRE00005009 | Plaintiff's Ex. 100 | |
| 67 | 9/12/2018 | Print-out of ▮▮▮ g to Pace 5168NV | 2WIRE00005009 | 2WIRE00005009 | Plaintiff's Ex. 101 | |
| 68 | 7/1/2008 | Gateway Product Requirement Document iNIDv2, Version 2.2 | 2WIRE00004805 | 2WIRE00004822 | Plaintiff's Ex. 107 | |
| 69 | 9/12/2018 | Print-out of ▮▮▮ Pertaining to Pace i3812V (INID Outside Unit) | 2WIRE00005009 | 2WIRE00005009 | Plaintiff's Ex. 109 | |
| 70 | | ▮▮▮ | 2WIRE00022998 | 2WIRE00022998 | Plaintiff's Ex. 110 | |
| 71 | 10/28/2008 | U.S. Patent No. 7,443,916 | TQD-2WIRE 001310 | TQD-2WIRE 001324 | Plaintiff's Ex. 112 | 401/402, 403 |
| 72 | 10/18/2004 | ITU SI-045 - VDSL2: Proposal for Impulse Noise Mitigation Scheme for VDSL2 | TQD-2WIRE 001255 | TQD-2WIRE 001256 | Plaintiff's Ex. 113 | |
| 73 | 7/29/2005 | 2Wire, Inc. Patent Statement and Licensing Declaration for G993.2 VDSL2 Recommendation | 2WIRE00051785 | 2WIRE00051786 | Plaintiff's Ex. 114 | 401/402, 403 |
| 74 | 10/17/2016 | Arris PowerPoint Presentation Entitled "Telco & Satellite CPE Operations Review" | 2WIRE00041539 | 2WIRE00041632 | Plaintiff's Exhibit 89 | 401/402, 403 |
| 75 | | PowerPoint Entitled "2Wire Management Presentation" | 2WIRE00051255 | 2WIRE00051337 | Plaintiff's Exhibit 90 | 401/402, 403 |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 76 | 2/2/2006 | Aware, Inc. Hercules API | PIZ000192 | PIZ000261 | Pizzano Ex. 547 | 401/402, 403 |
| 77 | 12/3/2002 | Aware, Inc. SHDSL Reference Design - DCE Software Engineering Specification | PIZ000265 | PIZ000303 | Pizzano Ex. 548 | 401/402, 403 |
| 78 | | Proposed Schedule, 930 Development and Proposed Schedule , DCE | PIZ000370 | PIZ000370 | Pizzano Ex. 549 | 401/402, 403 |
| 79 | | Exhibit A3: Third Statement of Work for Dr. DSL Assembly ADSL2 Software Upgrade; Exhibit B3: NRE Fees and License Fees; Exhibit C3 Royalties | PIZ000365 | PIZ000369 | Pizzano Ex. 550 | |
| 80 | 1/29/2018 | Notice of Revised Subpoena to Third Party Edmund Reiter | | | Reiter Ex. 528 | Incomplete (lacks objections and agreed scope) |
| 81 | | Edmund Reiter's LinkedIn Profile | | | Reiter Ex. 529 | |
| 82 | 12/5/2016 | Email From Michael Tzannes to Peter Heller, Michael Lund et al. Re: 2016 Redbones Holiday Lunch - please save the date | | | Reiter Ex. 530 | 401/402, 403 |
| 83 | 10/5/2001 | New Provisional Application Transmittal Letter For Patent Application No. 60/327440 | TQD023548 | TQD023561 | Reiter Ex. 531 Marcos Tzannes Ex. 32 Vick Ex. 13 Cahill Ex. 516 | 401/402, 403 |
| 84 | 10/4/2002 | New Provisional Application Transmittal Letter For Patent Application No. 10/264258 | TQD000897 | TQD000939 | Reiter Ex. 533 | 401/402, 403 |
| 85 | 6/2/2005 | Aware Press Release Entitled "Aware Showcases Its Stratiphy Family of DSL Solutions at Supercomm 2005" | | | Reiter Ex. 534 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 86 | 7/18/2015 | Aware Press Release Entitled "Aware Announces Adoption of its Stratiphy-Bonded ADSL2+ Technology" | | | Reiter Ex. 535 | |
| 87 | 10/1/2007 | License Agreement Between Infineon Technologies AG and Aware Inc. | AWARE001293 | AWARE001342 | Reiter Ex. 536 Russell Ex. 619 | |
| 88 | 8/22/2012 | Patent Purchase Agreement Between Aware, Inc. and TQ Delta, LLC | AWARE001791 | AWARE001861 | Russell Ex. 606 Michael Tzannes Ex. 4 | |
| 89 | 1/8/2018 | Notice of 30(b)(6) Deposition to TQ Delta | | | Roche Ex. 1 Marcos Tzannes Ex. 2 | Incomplete (lacks objections and agreed scope) |
| 90 | | Mark Roche's LinkedIn Profile | | | Roche Ex. 2 | |
| 91 | 8/21/2012 | Limited Liability Company Agreement of TQ Delta LLC | TQD-ADT 025266 | TQD-ADT 025267 | Roche Ex. 3 | 401/402, 403, 802, MIL |
| 92 | 9/7/2012 | Amended and Restated Limited Liability Company Agreement of TQ Delta, LLC | TQD-ADT 131557 | TQD-ADT 131580 | Roche Ex. 4 | 401/402, 403, 802, MIL |
| 93 | 12/15/2016 | Second Amended and Restated Limited Liability Company Agreement of TQ Delta LLC | TQD-ADT 137296 | TQD-ADT 137953 | Roche Ex. 5 | 401/402, 403, 802, MIL |
| 94 | | TechQuity DSL/MoCA Standard Essential Assets Investment | TQD-ADT 131581 | TQD-ADT 131582 | Roche Ex. 6 | 401/402, 403, 802, MIL |
| 95 | 8/22/2012 | Patent Purchase Agreement Between Aware, Inc. and TQ Delta, LLC | TQD-ADT 023862 | TQD-ADT 023932 | Roche Ex. 7 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 96 | 8/22/2012 | Email From Elizabeth Koehn to Mark Roche, cc Graham Gerst Re: minor tweak.. done? | TQD-ADT 136335 | TQD-ADT 136337 | Roche Ex. 8 | 401/402, 403 |
| 97 | 7/12/2012 | Email From C. Graham Gerst to Mark Roche Re: Aware draft sales agreement | TQD-ADT 135612 | TQD-ADT 135612 | Roche Ex.9 | 401/402, 403, 802 |
| 98 | | PowerPoint Entitled "DSL Patent Portfolio" | TQD-ADT 136131 | TQD-ADT 136201 | Roche Ex. 10 Marcos Tzannes Ex. 37 | 401/402, 403, 802 |
| 99 | 5/3/2012 | Email From C. Graham Gerst to Mark Roche Re: Aware DSL portfolio | TQD-ADT 136103 | TQD-ADT 136104 | Roche Ex. 11 Michael Tzannes Ex. 15 | 401/402, 403, 802 |
| 100 | | PowerPoint Entitled "DSL Portfolio Update" | TQD-ADT 136105 | TQD-ADT 136125 | Roche Ex. 12 Michael Tzannes Ex. 16 | 401/402, 403, 802 |
| 101 | | Aware, Inc. DSL Patent Portfolio Opportunity | TQD-ADT 137460 | TQD-ADT 137478 | Roche Ex. 13 | |
| 102 | 10/21/2011 | Email From C. Graham Gerst to Mark Roche Re: Materials we discussed | TQD135062 | TQD135077 | Roche Ex. 14 | 401/402, 403, 802 |
| 103 | 1/31/2012 | Email From C. Graham Gerst to Nabha Rege and Mark Roche Re: Aware Sales Process | TQD135058 | TQD135061 | Roche Ex. 15 | 401/402, 403, 802 |
| 104 | 2/14/2012 | Email From C. Graham Gerst to Mark Roche and Nabha Rege Re: Update concerning the Aware patent portfolios | TQD135055 | TQD135057 | Roche Ex. 16 | 401/402, 403, 802 |
| 105 | 5/3/2012 | Email From C. Graham Gerst to Mark Roche Re: Aware DSL portfolio | TQD134956 | TQD134978 | Roche Ex. 18 | 401/402, 403, 802 |
| 106 | 7/24/2012 | Email From Elizabeth Koehn to Mark Roche Re: DSL Portfolio | TQD135362 | TQD135378 | Roche Ex. 19 | 401/402, 403, 802 |
| 107 | | List of DSL Claim Charts Prepared by Global IP Law | TQD-ADT 137954 | TQD-ADT 137974 | Roche Ex. 20 | 401/402, |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
|  |  | Group, LLC |  |  |  | 403, 802 |
| 108 | 9/20/2012 | Assignment of Patent Rights From Aware, Inc. to TQ Delta, LLC | TQD000072 | TQD000096 | Roche Ex. 21 |  |
| 109 |  | TQ Delta, LLC PowerPoint Presentation Subject to NDA Between Direct Lending Investments, LLC and Techquity Capital Management Dated 1/17/18 | TQD 138984 | TQD 138996 | Roche Ex. 27 Roche Ex. 24 | 401/402, 403 MIL |
| 110 |  | PowerPoint Presentation Entitled "TQ Delta, LLC Patent Portfolio Overview" | TQD 139029 | TQD 139061 | Roche Ex. 25 | 401/402, 403 MIL |
| 111 | 10/5/2018 | Intellectual Property Security Agreement Between TQ Delta, LLC, TQCAP GP, LLC, Techquity Capital Management, LLC and DLI Lending Agent, LLC |  |  | Roche Ex. 26 | 401/402, 403 MIL |
| 112 | 10/4/2018 | Third Amended and Restated Limited Liability Company Agreement of TQ Delta LLC | TQD-ADT 139909 | TQD-ADT 139940 | Roche Ex. 28 | 401/402, 403, MIL |
| 113 | 3/29/2018 | Subpoena to Testify at a Deposition in a Civil Action to Aware, Inc. c/o Kevin Russell |  |  | Russell Ex. 600 |  |
| 114 | 4/3/2018 | Kevin Russell's LinkedIn Profile |  |  | Russell Ex. 601 |  |
| 115 | 8/28/1998 | Frame Agreement Between Siemens and Aware, Inc. | AWARE000965 | AWARE000980 | Russell Ex. 615 |  |
| 116 | 8/28/1998 | License Agreement Between Siemens and Aware, Inc. | AWARE000981 | AWARE001001 | Russell Ex. 616 |  |
| 117 | 6/5/2003 | Remote Side G.bis/ADSL2+ License Agreement Between Aware Inc. and Infineon Technologies | AWARE000629 | AWARE000658 | Russell Ex. 617 |  |
| 118 | 4/30/2004 | ███████████████ | AWARE000783 | AWARE000807 | Russell Ex. 618 |  |
| 119 | 10/14/2009 | ███████████████ | AWARE001658 | AWARE001790 | Russell Ex. 620 |  |

11

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 120 | 11/12/2009 | Letter From Dr. Hoyst Meyer (Infineon Technologies AG) to Mario Finocchario (Aware Inc.) Re: Assignment of Contracts Relating to Infineon's Wireline Communications Business to Lantiq | AWARE001394 | AWARE001428 | Russell Ex. 621 | |
| 121 | 10/1/2015 et al. | Compilation of Letters Regarding Royalty Payments Made by Infineon Technologies AG to Aware, Inc. | AWARE001574 et al. | AWARE001575 et al. | Russell Ex. 622 | 401/402, 403 |
| 122 | 2/3/10 et al. | Compilation of Letters Regarding Royalty Payments Made by Lantiq to Aware, Inc. | AWARE001475 et al. | AWARE001483 et al. | Russell Ex. 623 | 401/402, 403 |
| 123 | 3/22/2000 | Development and License Agreement Between Aware, Inc. and SigmaTel, Inc. | AWARE000018 | AWARE000035 | Russell Ex. 624 | |
| 124 | 10/24/2001 | Amendment No. 1 to Development and License Agreement Between Aware, Inc. and Metanoia Technologies, Inc. | AWARE000011 | AWARE000017 | Russell Ex. 625 | |
| 125 | 5/9/2012 | Letter From Kevin Russell to H. Spence Jackson Re: Development and License Agreement Between Metanoia Technologies, Inc. and Aware, Inc. | AWARE000002 | AWARE000002 | Russell Ex. 626 | |
| 126 | 4/23/1999 | Development and License Agreement Between Aware, Inc. and NEC Corporation | AWARE001908 | AWARE001931 | Russell Ex. 627 | |
| 127 | 9/29/2000 | Amendment No. 1 to Development and License Agreement Between Aware, Inc. and NEC Corporation | AWARE001900 | AWARE001907 | Russell Ex. 628 | |
| 128 | 9/25/1993 | License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE002071 | AWARE002083 | Russell Ex. 629 | |
| 129 | 9/25/1993 | Development Contract Between Aware, Inc. and Analog Devices, Inc. | AWARE002084 | AWARE002092 | Russell Ex. 630 | |
| 130 | 3/20/1998 | Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE002041 | AWARE002070 | Russell Ex. 631 | |

12

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 131 | 12/10/2003 | Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE002009 | AWARE002021 | Russell Ex. 632 | |
| 132 | 9/30/2004 | Amendment "A" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001997 | AWARE002008 | Russell Ex. 633 | |
| 133 | 12/30/2005 | Agreement Between Aware, Inc. and Analog Devices, Inc. Regarding Assignment of Agreements to Ikanos Communications, Inc. | AWARE001994 | AWARE001996 | Russell Ex. 634 | |
| 134 | 3/25/2010 | Assignment Agreement Between Aware, Inc. and Ikanos Communications, Inc. | AWARE001990 | AWARE001993 | Russell Ex. 635 | |
| 135 | 9/14/1999 | Master Development and License Agreement Between Intel Corporation and Aware, Inc. | AWARE002193 | AWARE002246 | Russell Ex. 636 | 401/402, 403 |
| 136 | 5/15/2001 | Second Amendment to the Master Development and License Agreement Between Intel Corporation and Aware, Inc. | AWARE002097 | AWARE002102 | Russell Ex. 637 | 401/402, 403 |
| 137 | 12/1/2005 | Development and License Agreement Between Aware, Inc. and Centillium Communications, Inc. | | | Russell Ex. 638 | 401/402, 403 |
| 138 | 02/2006 | ITU-T G.993.2 - Very high speed digital subscriber line transceivers 2 (VDSL2) | TQD078668 | TQD078919 | Plaintiff's Ex. 57 | |
| 139 | 1/16/2008 | Notice of Subpoenas for Marcos Tzannes | | | Marcos Tzannes Ex. 1 | Incomplete (lacks objections and agreed scope) |
| 140 | | Marcos Tzannes Curriculum Vitae | TQD 115682 | TQD 115682 | Marcos Tzannes Ex. 3 | |
| 141 | | Marcos Tzannes LinkedIn Profile | | | Marcos Tzannes Ex. 4 | |

13

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 142 | 11/19/2012 | Email From Mark Roche to Marcos Tzannes, cc Michael Tzannes Re: NDA | TQD131275 | TQD131280 | Marcos Tzannes Ex. 5 | 401/402, 403, 802 |
| 143 | 7/15/2013 | Common Interest/Confidentiality Agreement Between TQ Delta, LLC and Michael Tzannes, Marcos Tzannes, and Tzannes Patent Management, LLC | TQD 115692 | TQD 115694 | Marcos Tzannes Ex. 6 | 401/402, 403 |
| 144 | 12/14/2012 | Consulting Services Agreement Between TQ Delta, LLC and Tzannes Patent Management, LLC | TQD 115695 | TQD 115703 | Marcos Tzannes Ex. 7 Michael Tzannes Ex. 3 | 401/402, 403 |
| 145 | 8/15/2018 | Consulting Services Agreement Between TQ Delta, LLC and Tzannes Patent Management, LLC | TQD136282 | TQD136291 | Marcos Tzannes Ex. 8 Michael Tzannes Ex. 5 | 401/402, 403 |
| 146 | 11/9/2012 | Email From Marcos Tzannes to Mark Roche and Michael Tzannes Re: Call to discuss structure | TQD131289 | TQD131289 | Marcos Tzannes Ex. 9 | 401/402, 403 |
| 147 | | Spreadsheet Print-outs From Global IP Law Group Regarding DSL Sales Data | TQD136278 | TQD136278 | Marcos Tzannes Ex. 11 | |
| 148 | | Spreadsheet Print-outs From Tabs Titled "NA and Row Service Providers" and "EU Service Providers" With Revenue, Subscriber, and Sales Information | TQD136279 | TQD136279 | Marcos Tzannes Ex. 12 | |
| 149 | | Aware, Inc.'s Explanation of Financial Information to Interested Buyers | TQD136280 | TQD136281 | Marcos Tzannes Ex. 13 | |
| 150 | 12/10/2001 | ITU-T FC-060 - G.admin: Proposal to start G.bond: Multi-pair (Bonded) ADSL | TQD 116864 | TQD 116864 | Marcos Tzannes Ex. 31 Vick Ex. 14 | |
| 151 | 3/8/2004 | ITU-T MC-123R2 - G.bond, G.hs: Proposed codepoint for max delay variation in ATM-based bonding | | | Marcos Tzannes Ex. 33 | |
| 152 | 4/24/2001 | U.S. Patent No. 6,222,858 - Counterman | ADTRAN_00055190 | ADTRAN00055206 | Marcos Tzannes Ex. 38 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 153 | 01/2005 | ITU-T G.998.1 - ATM-based multi-pair bonding | ADTRAN_00073740 | ADTRAN_00073775 | Marcos Tzannes Ex. 39 | |
| 154 | 10/5/2010 | U.S. Patent No. 7,809,028 - Tzannes | TQD000184 | TQD000199 | Marcos Tzannes Ex. 45<br>Plaintiff's Exhibit 125 | |
| 155 | 1/16/2018 | Notice of Subpoenas for Michael Tzannes | | | Michael Tzannes Ex. 1 | Incomplete (lacks objections and agreed scope) |
| 156 | | Michael Andrew Tzannes Curriculum Vitae | TQD130636 | TQD130641 | Michael Tzannes Ex. 2 | |
| 157 | 12/14/2012 | First Amendment to the Consulting Services Agreement Between TQ Delta, LLC and Tzannes Patent Management, LLC | TQD037138 | TQD037143 | Michael Tzannes Ex. 10 | 401/402, 403 |
| 158 | 12/21/2017 | Second Amendment to the Consulting Services Agreement Between TQ Delta, LLC and Tzannes Patent Management, LLC | TQD123043 | TQD123045 | Michael Tzannes Ex. 11 | 401/402, 403 |
| 159 | 5/13/2013 | Tzannes Patent Management, LLC Invoice to TQ Delta, LLC Re: Patent Prosecution Support for DSL/MoCA Patent Portfolio | TQD 138677 | TQD 138683 | Michael Tzannes Ex. 24 | |
| 160 | 6/10/2016 | Tzannes Patent Management, LLC Invoice to TQ Delta, LLC Re: Patent Prosecution Support for DSL/MoCA Patent Portfolio | TQD 138929 | TQD 138935 | Michael Tzannes Ex. 25 | |
| 161 | 1/3/2017 | Tzannes Patent Management, LLC Invoice to TQ Delta, LLC Re: Patent Prosecution, Litigation and Licensing Support for DSL/MoCA Patent Portfolio | TQD 138944 | TQD 138945 | Michael Tzannes Ex. 26 | |
| 162 | | Jason Vick's LinkedIn Profile | | | Vick Ex. 1 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 163 | 12/6/2018 | Jason Vick's Sheridan Ross PC Website Profile | | | Vick Ex. 2 | |
| 164 | 10/27/2017 | Notice of Subpoena for Jason H. Vick | | | Vick Ex. 3 | Incomplete (lacks objections and agreed scope) |
| 165 | 03/1999 | ITU-T COM 15-133-E Draft New Recommendation G.996.1: Test Procedures For Digital Subscriber Line (DSL) Transceivers - For Approval | VICK_0001 | VICK_0002 | Vick Ex. 4 | |
| 166 | 11/16/2018 | Privilege Log for Withheld Documents Pertaining to Jason Vick | | | Vick Ex. 5 | 401/402, 403 |
| 167 | 10/12/2001 | Letter From Kevin Russell to the Director of the Telecommunication Standardization Bureau Attaching Patent Statement and Licensing Declarations From Aware, Inc. for ITU-T Recommendations 1) G.dmt.bis and 2) G.lite.bis | AWARE000269 | AWARE000273 | Vick Ex. 10 | 401/402, 403 |
| 168 | 7/17/2013 | TQ Delta, LLC Patent Statement and Licensing Declaration Regarding Amendment 1 to Recommendation ITU-T G.998.1 (2005) | TQD126753 | TQD126755 | Vick Ex. 15 | |
| 169 | 11/29/2004 | Aware, Inc. Patent Statement and Licensing Declaration Regarding G.bond-ATM | TQD020675 | TQD020676 | Vick Ex. 16 | |
| 170 | | Pace PowerPoint Slides Discussing 2013 and 2014 Products and Product Features | 2WIRE00038743 | 2WIRE00038747 | Plaintiff's Ex. 11 | |
| 171 | | Pace 5268AC Data Sheet | 2WIRE00037840 | 2WIRE00037842 | Plaintiff's Ex. 12 | |
| 172 | | 2Wire HomePortal INID Outdoor Residential Gateway Data Sheet | 2WIRE00001617 | 2WIRE00001618 | Plaintiff's Ex. 18 | |
| 173 | | 2Wire HomePortal INID Outdoor Residential Gateway Data Sheet | 2WIRE00001204 | 2WIRE00001207 | Plaintiff's Ex. 19 | |

16

| DTX No. | Date | Description | Beg Bates | ████es | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 174 | | Pace 5168N Data Sheet | 2WIRE000015█ | ████0001576 | Plaintiff's Ex. 24 | |
| 175 | 9/20/2013 | Pace 5268AC Proposal for AT&T - Submitted by Brad Richardson | 2WIRE000363█ | ████0036407 | Plaintiff's Ex. 26 | |
| 176 | | Pace PowerPoint Presentation Entitled "Advisory Board Meeting 2014 Boca Raton, FL" | 2WIRE000464█ | ████0046537 | Plaintiff's Ex. 29 | |
| 177 | | Arris PowerPoint Presentation Entitled "Americas Telco Gateways 2016 WWSM Conference" | 2WIRE000417█ | ████0041746 | Plaintiff's Ex. 30 | |
| 178 | 5/4/2018 | ██████████ to ████ | | | Yu Ex. 1 | Incomplete (lacks objections and agreed scope) |
| 179 | 5/4/2018 | Subpoena to Testify at a Deposition in a Civil Action to Gong San-Yu | | | Yu Ex. 2 | Incomplete (lacks objections and agreed scope) |
| 180 | | ██████████ | | | Yu Ex. 3 | |
| 181 | 2/9/2018 | ██████████ | | | Yu Ex. 4 | 401/402, 403 |
| 182 | | ██████████ | ████████ | ████████ | Yu Ex. 5 | |
| 183 | | ██████████ | ████████ | ███O███1 | Yu Ex. 6 | |
| 184 | | ██████████ | | | Yu Ex. 7 | |

ACTIVE/99026563.5



| | | | | | | Objections |
|---|---|---|---|---|---|---|
| | | | | | | |



| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 221 | 10/1/2007 | License Agreement Between Infineon Technologies AG and Aware Inc. | AWARE000861 | AWARE000904 | | |
| 222 | 9/16/2008 | Amendment No. 3 to License Agreement Between Aware, Inc. and Infineon Technologies AG Dated October 1, 2007 | AWARE001348 | AWARE001361 | | |
| 223 | 12/17/2008 | Amendment No. 5 to License Agreement Between Aware, Inc. and Infineon Technologies AG Dated October 1, 2007 | AWARE000936 | AWARE000943 | | |
| 224 | 9/26/1995 | Second Amendment to Development Contract Between Aware and Analog Devices | TQD135373 | TQD135375 | | |
| 225 | 9/26/1995 | Appendix 2 to License Agreement Between Aware and Analog Devices, Inc. Dated September 1993 and Effective as of This 26th Day of September 1995 | TQD135364 | TQD135367 | | |
| 226 | 6/22/2005 | Amendment No. 5 to Remote Side G.Bis/ADSL2+License Agreement Between Aware, Inc. and Infineon Technologies AG Dated June 5, 2003 | AWARE000683 | AWARE000697 | | |
| 227 | 10/14/2005 | Amendment No. 6 to Remote Side G.Bis/ADSL2+License Agreement Between Aware, Inc. and Infineon Technologies AG Dated June 5, 2003 | AWARE000698 | AWARE000705 | | |
| 228 | 3/31/2008 | Amendment No. 1 to License Agreement Between Aware, Inc. and Infineon Technologies AG Dated October 1, 2007 | AWARE000905 | AWARE000910 | | |
| 229 | 6/30/2008 | Amendment No. 2 to License Agreement Between Aware, Inc. and Infineon Technologies AG Dated October 1, 2007 | AWARE000911 | AWARE000915 | | |
| 230 | 6/17/2002 | ITU-T - BB-U07 - G.bond: Updated "Issues List" for G.bond | 2WIRE00052482 | 2WIRE00052484 | | |
| 231 | 3/8/2014 | ITU-T - MC-U07R1 - G.bond Issues List | 2WIRE00052491 | 2WIRE00052499 | | |

21

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 232 | 06/1999 | ITU-T G.992.2 - Splitterless Asymmetric Digital Subscriber Line (ADSL) Transceivers | 2WIRE00052246 | 2WIRE00052424 | | 401/402, 403, 802, F |
| 233 | 9/30/2014 | ▮▮▮▮▮▮▮ | 2WIRE00054866 | 2WIRE00054866 | | 401/402, 403, 802, DAUB, UT |
| 234 | 7/22/2013 | Document Entitled "UNH-IOL DSL Consortium Broadband Forum TR-114i2 Report" Revision 1.0 | 2WIRE00049169 | 2WIRE00049186 | | 401/402, 403, 802, DESC |
| 235 | 12/6/2013 | Email From Matt DelGiorno to Dave Cordeiro Re: Pace/TQD | TQD21074 | TQD021079 | | No obj. assuming other post-suit negotiation are not objected to, otherwise incomplete |
| 236 | | Aware, Inc. Patent Statement and Licensing Declaration for G992.3-02 G.dmt.bis | TQD020684 | TQD020684 | | |
| 237 | | 2Wire iNID and iPSU Installation Guide i3812V | 2WIRE00001407 | 2WIRE00001454 | | |
| 238 | | Pace User Guide HomePortal Intelligent Gateway 5168 | 2WIRE00001579 | 2WIRE00001610 | | |
| 239 | | 2Wire iNID User Guide i3812V | 2WIRE00001619 | 2WIRE00001750 | | |
| 240 | | Native Spreadsheet With Testing Data | 2WIRE00004889 | 2WIRE00004889 | | |
| 241 | | Native Spreadsheet With Testing Data | 2WIRE00004890 | 2WIRE00004890 | | |
| 242 | | Native Spreadsheet With Testing Data | 2WIRE00004910 | 2WIRE00004910 | | |
| 243 | | Native Spreadsheet with Product Information and Data | 2WIRE00005009 | 2WIRE00005009 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 244 | | Native Spreadsheet with Product Information and Data | 2WIRE00005010 | 2WIRE00005010 | | |
| 245 | | Native Spreadsheet with Product Information and Data | 2WIRE00005011 | 2WIRE00005011 | | |
| 246 | | Native Spreadsheet with Product Information and Data | 2WIRE00005013 | 2WIRE00005013 | | |
| 247 | 7/18/2012 | Pace Installation Guide HomePortal Intelligent Gateway 5168NV | 2WIRE00006203 | 2WIRE00006222 | | |
| 248 | 9/27/2012 | Pace Product Requirement Document (PRD) 10.1.1 Release, Version 1.3 | 2WIRE00007413 | 2WIRE00007429 | | |
| 249 | 5/20/2013 | Pace Product Requirement Document (PRD) 10.1.1 Release, Version 1.5 | 2WIRE00007458 | 2WIRE00007476 | | |
| 250 | 2/13/2012 | PowerPoint Presentation Entitled "NMD 10.1.1 (Reventon) Content | 2WIRE00007504 | 2WIRE00007506 | | |
| 251 | 2/6/2012 | Pace Product Requirement Document (PRD) 10.3.1 Release, Version 0.3 | 2WIRE00007508 | 2WIRE00007517 | | |
| 252 | 2/23/2010 | 2Wire 5138/5168N(V) Product Requirements Document | 2WIRE00007523 | 2WIRE00007583 | | |
| 253 | 2/23/2010 | 2Wire 5138/5168N(V) Product Requirements Document | 2WIRE00007584 | 2WIRE00007647 | | |
| 254 | 2/23/2010 | 2Wire 5138/5168N(V) Product Requirements Document | 2WIRE00007648 | 2WIRE00007713 | | |
| 255 | | Native Spreadsheet with Product Information and Data | 2WIRE00007715 | 2WIRE00007715 | | |
| 256 | | Gateway Product Requirement Document Lanai PRD Version 1.0 | 2WIRE00007818 | 2WIRE00007870 | | |
| 257 | 9/10/2009 | 2Wire Gateway Product Requirement Document Hawaii MR1 Gateway Firmware Release, Version 0.9 | 2WIRE00007871 | 2WIRE00007886 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 258 | | Gateway Product Requirement Document Lanai PRD Version 1.0 | 2WIRE00007921 | 2WIRE00007973 | | |
| 259 | 10/18/2003 | Pace Product Requirements Document (PRD) 10.5.1 Release Version 0.6 | 2WIRE00007996 | 2WIRE00008009 | | |
| 260 | 7/22/2011 | Pace Software Product Requirements Document (PRD) 9.8.x Release for 5168 (AT&T) Version 1.2 | 2WIRE00008300 | 2WIRE00008323 | | |
| 261 | | Native Spreadsheet with Product Information and Data | 2WIRE00008324 | 2WIRE00008324 | | |
| 262 | | Native Spreadsheet with Product Information and Data | 2WIRE00008325 | 2WIRE00008325 | | |
| 263 | | Native Spreadsheet with Product Information and Data | 2WIRE00008326 | 2WIRE00008326 | | |
| 264 | | Native Spreadsheet with Product Information and Data | 2WIRE00008327 | 2WIRE00008327 | | |
| 265 | | Native Spreadsheet with Product Information and Data | 2WIRE00008328 | 2WIRE00008328 | | |
| 266 | | Native Spreadsheet with Product Information and Data | 2WIRE00008329 | 2WIRE00008329 | | |
| 267 | 3/6/2014 | Pace CR1271 Functional Specification RGW Gateway Platform Support | 2WIRE00008569 | 2WIRE00008572 | | |
| 268 | 2/23/2010 | 2Wire 5138/5168N(V) Product Requirements Document | 2WIRE00009681 | 2WIRE00009741 | | |
| 269 | | Native Spreadsheet With Testing Data | 2WIRE00012048 | 2WIRE00012048 | | |
| 270 | | Native Spreadsheet With Testing Data | 2WIRE00012049 | 2WIRE00012049 | | |
| 271 | | Native Spreadsheet With Testing Data | 2WIRE00013680 | 2WIRE00013680 | | |
| 272 | | Native Spreadsheet With Testing Data | 2WIRE00013696 | 2WIRE00013696 | | |
| 273 | | Native Spreadsheet With Testing Data | 2WIRE00013698 | 2WIRE00013698 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 274 | | Native Spreadsheet With Testing Data | 2WIRE00013703 | 2WIRE00013703 | | |
| 275 | | Native Spreadsheet With Testing Data | 2WIRE00013704 | 2WIRE00013704 | | |
| 276 | | Native Spreadsheet With Testing Data | 2WIRE00013733 | 2WIRE00013733 | | |
| 277 | | Engineering QA Test Document ADSL Physical Layer Test Result, Revision 0.20 | 2WIRE00013795 | 2WIRE00013804 | | |
| 278 | | Engineering QA Test Document ADSL Physical Layer Test Results for 5.29.117.8 | 2WIRE00014396 | 2WIRE00014403 | | |
| 279 | | Native Spreadsheet With Testing Data | 2WIRE00016291 | 2WIRE00016291 | | |
| 280 | | Native Spreadsheet With Testing Data | 2WIRE00016293 | 2WIRE00016293 | | |
| 281 | | Native Spreadsheet With Testing Data | 2WIRE00016295 | 2WIRE00016295 | | |
| 282 | | Native Spreadsheet With Testing Data | 2WIRE00016298 | 2WIRE00016298 | | |
| 283 | | Native Spreadsheet With Testing Data | 2WIRE00016299 | 2WIRE00016299 | | |
| 284 | | Native Spreadsheet With Testing Data | 2WIRE00019282 | 2WIRE00019282 | | |
| 285 | | Native Spreadsheet With Testing Data | 2WIRE00019381 | 2WIRE00019381 | | |
| 286 | | Native Spreadsheet With Testing Data | 2WIRE00019386 | 2WIRE00019386 | | |
| 287 | | Native Spreadsheet With Testing Data | 2WIRE00019388 | 2WIRE00019388 | | |
| 288 | | Native Spreadsheet With Testing Data | 2WIRE00019435 | 2WIRE00019435 | | |
| 289 | | Native Spreadsheet With Testing Data | 2WIRE00019437 | 2WIRE00019437 | | |
| 290 | | Engineering QA Test Document ADSL Physical Layer Test Result, Version 7.2.6 | 2WIRE00019578 | 2WIRE00019585 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 291 | | Native Spreadsheet With Testing Data | 2WIRE00019636 | 2WIRE00019636 | | |
| 292 | | Native Spreadsheet With Testing Data | 2WIRE00019642 | 2WIRE00019642 | | |
| 293 | 1/14/2009 | 2Wire Engineering QA Test Document Bonded iNID VDSL2 Physical Layer Test Result | 2WIRE00019661 | 2WIRE00019717 | | |
| 294 | | Native Spreadsheet With Testing Data | 2WIRE00019719 | 2WIRE00019719 | | |
| 295 | | Native Spreadsheet With Testing Data | 2WIRE00021531 | 2WIRE00021531 | | |
| 296 | | Engineering QA Test Document  Hana 6.3.5 ADSL Physical Layer Test Result | 2WIRE00021576 | 2WIRE00021586 | | |
| 297 | | Native Spreadsheet With Testing Data | 2WIRE00021589 | 2WIRE00021589 | | |
| 298 | | Native Spreadsheet With Testing Data | 2WIRE00021648 | 2WIRE00021648 | | |
| 299 | | Native Spreadsheet With Testing Data | 2WIRE00021651 | 2WIRE00021651 | | |
| 300 | | Native Spreadsheet With Testing Data | 2WIRE00022708 | 2WIRE00022708 | | |
| 301 | | Native Spreadsheet with Product Information and Data | 2WIRE00022998 | 2WIRE00022998 | | |
| 302 | | 2Wire iNID and iPSU Installation Guide i3812V | 2WIRE00022999 | 2WIRE00023046 | | |
| 303 | | 2Wire iNID User Guide i3812V | 2WIRE00023047 | 2WIRE00023178 | | |
| 304 | | Native Spreadsheet With Testing Data | 2WIRE00023532 | 2WIRE00023532 | | |
| 305 | | Native Spreadsheet with Product Information and Data | 2WIRE00023533 | 2WIRE00023533 | | |
| 306 | | 2Wire iNID and iPSU Installation Guide Release 1.0 Rev. 003 | 2WIRE00023588 | 2WIRE00023637 | | |
| 307 | | Native Spreadsheet with Product Information and Data | 2WIRE00031967 | 2WIRE00031967 | | |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 308 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000001 | TQD-2WIRE 000001 | | |
| 309 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000002 | TQD-2WIRE 000002 | | |
| 310 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000003 | TQD-2WIRE 000003 | | |
| 311 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000004 | TQD-2WIRE 000004 | | |
| 312 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000005 | TQD-2WIRE 000005 | | |
| 313 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000006 | TQD-2WIRE 000006 | | |
| 314 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000975 | TQD-2WIRE 000975 | | |
| 315 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000976 | TQD-2WIRE 000976 | | |
| 316 | | Native Spreadsheet With Data Pertaining to Carriers and Subcarriers | TQD-2WIRE 000977 | TQD-2WIRE 000977 | | |
| 317 | | 2Wire HomePortal INID Outdoor Residential Gateway Data Sheet | TQD017541 | TQD017542 | | |
| 318 | | Bill of Materials for I3812V INIDv2 | 2WIRE00004891 | 2WIRE00004891 | | 401/402, 403, F |
| 319 | | Bill of Materials for 5168N-110 Gateway | 2WIRE00004905 | 2WIRE00004905 | | 401/402, 403, F |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 320 | | Bill of Materials for 5168NV-110 Gateway | 2WIRE00004906 | 2WIRE00004906 | | 401/402, 403, F |
| 321 | | Bill of Materials for I3800V | 2WIRE00004908 | 2WIRE00004908 | | 401/402, 403, F |
| 322 | | Bill of Materials for I3802V INID | 2WIRE00004909 | 2WIRE00004909 | | 401/402, 403, F |
| 323 | 5/30/2008 | 2Wire AT&T 6.1.3 MR2 PRD, Version 1.2 | 2WIRE00007743 | 2WIRE00007746 | | |
| 324 | 1/25/2007 | SaskTel 5.31.x PRD Rev 1.0 | 2WIRE00008014 | 2WIRE00008053 | | |
| 325 | 1/3/2011 | Oahu 6.7.x Product Requirements RGW Platform Release | 2WIRE00008078 | 2WIRE00008096 | | |
| 326 | 2/20/2013 | Pace Product Requirement Document (PRD) 6.11.1 Release, Version 1.2 | 2WIRE00008156 | 2WIRE00008165 | | |
| 327 | 2/7/2012 | Pace RGW 6.9.1 (FKA Mauna Kea) Product Requirements | 2WIRE00008194 | 2WIRE00008207 | | |
| 328 | 6/5/2009 | 2Wire Gateway Product Requirement Document Hilo Gateway Firmware Release, Version 0.9 | 2WIRE00008256 | 2WIRE00008280 | | |
| 329 | 3/9/2010 | 2Wire Maui Product Requirements | 2WIRE00008281 | 2WIRE00008294 | | |
| 330 | 4/10/2017 | Arris Gateway Firmware Release Notes Version 10.5.6.529420 5268AC, Document Version 1.0 | 2WIRE00037912 | 2WIRE00037995 | | |
| 331 | 7/15/2013 | Letter From Matthew DelGiorno to Sean McGhie Re: DSL Patent Portfolio Licensing | 2WIRE00047186 | 2WIRE00047200 | | |
| 332 | 1/13/2014 | Gateway Firmware Release Notes Version 6.11.1.24 for 3600HGV, 3800HGV-B, 3801HGV, i3812V, i38HG | 2WIRE00052031 | 2WIRE00052085 | | |

28

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 333 | 11/13/2009 | Amendment and Restatement of the License Agreement Between Lantiq and Aware, Inc. | AWARE000072 | AWARE000104 | | |
| 334 | 12/17/2012 | Amendment "V" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001932 | AWARE001933 | | |
| 335 | 6/25/2012 | Amendment "U" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001934 | AWARE001935 | | |
| 336 | 6/25/2012 | Amendment "T" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001936 | AWARE001938 | | |
| 337 | 3/13/2012 | Amendment "S" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001939 | AWARE001941 | | |
| 338 | 12/9/2011 | Amendment "R" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001942 | AWARE001944 | | |
| 339 | 9/19/2011 | Amendment "Q" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001945 | AWARE001947 | | |
| 340 | 3/11/2011 | Amendment "O" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001948 | AWARE001950 | | |
| 341 | 12/1/2010 | Amendment "N" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001951 | AWARE001953 | | |
| 342 | 6/1/2010 | Amendment "M" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001954 | AWARE001956 | | |

29

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 343 | 6/1/2010 | Amendment "L" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001957 | AWARE001959 | | |
| 344 | 2/17/2010 | Amendment "K" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001960 | AWARE001962 | | |
| 345 | 8/12/2009 | Amendment "J" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001963 | AWARE001965 | | |
| 346 | 8/12/2009 | Amendment "I" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001966 | AWARE001968 | | |
| 347 | 4/28/2009 | Amendment "H" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001969 | AWARE001971 | | |
| 348 | 2/2/2009 | Amendment "G" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001972 | AWARE001974 | | |
| 349 | 10/27/2008 | Amendment "F" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001975 | AWARE001977 | | |
| 350 | 8/19/2008 | Amendment "E" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001978 | AWARE001980 | | |
| 351 | 6/17/2008 | Amendment #1 to Amendment "D" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001981 | AWARE001984 | | |
| 352 | 3/28/2008 | Amendment "C" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, | AWARE001985 | AWARE001986 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| | | Inc. and Analog Devices, Inc. | | | | |
| 353 | 3/30/2007 | Amendment "B" to Amendment #3 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE001987 | AWARE001989 | | |
| 354 | 8/22/2003 | Amendment #2 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE002022 | AWARE002036 | | |
| 355 | 1/20/2000 | Amendment #1 to the Amendment and Source Code License Agreement Between Aware, Inc. and Analog Devices, Inc. | AWARE002037 | AWARE002040 | | |
| 356 | | 2Wire, Inc. and Comit Systems, Inc. Denali Specification | ███████ | ███████ | | |
| 357 | 10/7/2016 | ██████████████████████ | ███████ | ███████ | | |
| 358 | | 2Wire, Inc. and Comit Systems, Inc. Denali Specification | ███████ | ███████ | | |
| 359 | 4/12/2005 | 2Wire, Inc. and Comit Systems, Inc. Perseus Architecture Specification Document | ███████ | ███████ | | |
| 360 | 1/24/2014 | ██████████████████████ | ███████ | ███████ | | |
| 361 | 06/2004 | ITU-T G.993.1 - Very High Speed Digital Subscriber Line Transceivers | 2WIRE00030729 | 2WIRE00030956 | | |
| 362 | 6/12/2006 | AT&T Product Specifications for an ADSL Residential Gateway Version 1.01 | 2WIRE00004911 | 2WIRE00005003 | | |
| 363 | | Pace 5268AC Data Sheet | 2WIRE00037831 | 2WIRE00037833 | | |

31

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 364 | | Pace 5168N Data Sheet | TQD017525 | TQD017526 | | |
| 365 | | Pace 5168NV Data Sheet | TQD017527 | TQD017528 | | |
| 366 | 01/2007 | 2Wire HomePortal iNID Residential Gateway Data Sheet | TQD017539 | TQD017540 | | |
| 367 | 8/3/2013 | Email from Matthew DelGiorno to Sean McGhie Re: TQ Delta / Pace / Patent licensing discussions | TQD021248 | TQD021267 | | |
| 368 | 10/30/2018 | Expert Report of Dr. Kevin Almeroth - Family 2 - 2Wire | | | Almeroth F2 Ex. 3 Cooklev F2 Ex. 11 | |
| 369 | 7/2/2018 | Appendix 2.1 - TQ Delta Infringement Contentions for U.S. Patent No. 7,453,881 - Claims 17 and 18 - Source Code Set ▮▮▮ | | | Almeroth F2 Ex. 8 | |
| 370 | 7/2/2018 | Appendix 2.2 - TQ Delta Infringement Contentions for U.S. Patent No. 7,453,881 - Claims 17 and 18 - Source Code Set ▮▮▮ | | | Almeroth F2 Ex. 9 | |
| 371 | 1/30/2017 | Claim Chart 2Wire-Pace  i3812v (▮▮▮ - US7,453,881 - G.998.2 - Claim 18 | | | Almeroth F2 Ex. 10 | |
| 372 | 1/30/2017 | Claim Chart 2Wire-Pace  5168NV (▮▮▮ - US7,453,881 - G.998.2 - Claim 18 | | | Almeroth F2 Ex. 11 | |
| 373 | 7/2/2018 | Chart No. 2.5168NV.1 - US 7,453,881 - G.998.2 - Claim(s) 17, 18 - 2WIRE 5168NV ▮▮▮ | | | Almeroth F2 Ex. 12 | |
| 374 | 11/2/2018 | Opening Report of Todor Cooklev Regarding Infringement of U.S. Patent No. 7,453,881 | | | Cooklev F2 Ex. 9 Almeroth F2 Ex. 13 Plaintiff's Ex. 124 | |

| DTX No. | Date | Description | Beg Bates | ___es | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-------|----------------|------------|
| 375 | | ███████████ - ███████████ ████████ | ███████ | ████████ | Almeroth F2 Ex. 14 | |
| 376 | 12/13/2018 | Reply Expert Report of Dr. Kevin C. Almeroth - Family 2 - 2Wire | | | Almeroth F2 Ex. 15 | |
| 377 | 11/29/2018 | Rebuttal Expert Report of Dr. Martin Walker Regarding ███████ Source Code as Used in Accused 2Wire Products - Family 2 Patents | | | Walker Ex. 2 Almeroth F2 Ex. 16 | |
| 378 | | ███████████ - ████ | ████████ | ██████O█ | Almeroth F2 Ex. 18 | |
| 379 | | ███████████ ██████ | ██ | ██████ 3 | Almeroth F2 Ex. 19 | |
| 380 | | ███████████ - ███████████ ████████ | ████████0 | ███████ | Almeroth F2 Ex. 20 | |
| 381 | | ███████████ - ███████████ ████ | ████████0 | █████████ | Almeroth F2 Ex. 21 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 382 | | ██████████ | ██████ | ██████ | Almeroth F2 Ex. 22 | |
| 383 | | ██████████ | ██████ | ████O█ | Almeroth F2 Ex. 23 | |
| 384 | 11/21/2017 | Subpoena to Testify at a Deposition in a Civil Action - Christopher Cahill | | | Cahill Ex. 511 | Incomplete (lacks objections and agreed scope) |
| 385 | | Christopher Cahill's Curriculum Vitae | | | Cahill Ex. 512 | |
| 386 | 12/8/2014 | Email From Michael Tzannes to Peter Heller, Michael Lund et al. Re: 2016 Redbones Holiday Lunch | | | Cahill Ex. 513 | 401/402, 403 |
| 387 | 1/17/2003 | Assignment of Patent Application Nos. 10/264,258 and 60,327,440 From Marcos C. Tzannes, Edmund Reiter, and Christopher Cahill to Aware, Inc. | TQD036966 | TQD036968 | Cahill Ex. 515 | |
| 388 | 1/17/2003 | Fee Transmittal for FY 2003 in the Amount of ████████ for Patent Application No. 10/264,258 | | | Cahill Ex. 517 | 401/402, 403 |
| 389 | | Exhibit 1 to Todor Cooklev's Expert Report | | | Cooklev F2 Ex. 10 | |
| 390 | 11/29/2018 | Rebuttal Expert Report of Dr. Todor Cooklev | | | Cooklev F2 Ex. 12 | |
| 391 | 07/1997 | The Atm Forum Technical Committee Inverse Multiplexing for ATM (IMA) Specification Version 1.0 - AF-PHY-0086.000 | 2WIRE00030964 | 2WIRE00031098 | Cooklev F2 Ex. 13 Plaintiff's Jacobsen Ex. 14 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 392 | 12/21/2018 | Reply Report of Todor Cooklev on Behalf of Plaintiffs Regarding Infringement of U.S. Patent No. 7,453,881 | | | Plaintiff's Ex. 123 | |
| 393 | 7/12/2011 | U.S. Patent No. 7,978,706 - Tzannes | TQD000267 | TQD000281 | Plaintiff's Ex. 126 | MIL |
| 394 | 4/16/2013 | U.S. Patent No. 8,422,511 - Tzannes | TQD000407 | TQD000423 | Plaintiff's Ex. 127 | MIL |
| 395 | 9/9/2014 | U.S. Patent No. 8,831,031 - Tzannes | TQD041100 | TQD041117 | Plaintiff's Ex. 128 | MIL |
| 396 | 4/21/2015 | U.S. Patent No. 9,014,193 - Tzannes | TQD041118 | TQD041135 | Plaintiff's Ex. 129 | MIL |
| 397 | 11/2/2018 | Opening Expert Report of Dr. Krista S. Jacobsen for Family 2 Patents | | | Plaintiff's Jacobsen Ex. 11 | 802 |
| 398 | 12/21/2018 | Reply Expert Report of Dr. Krista S. Jacobsen for Family 2 Patents | | | Plaintiff's Jacobsen Ex. 12 | 802 |
| 399 | 11/30/2018 | Rebuttal Expert Report of Dr. Krista S. Jacobsen on Non-Infringement of Family 2 Patents | | | Plaintiff's Jacobsen Ex. 13 | 802 |
| 400 | 10/18/2005 | U.S. Patent No. 6,956,872 - Djokovic | 2WIRE00031817 | 2WIRE00031832 | Plaintiff's Jacobsen Ex. 15 | |
| 401 | 4/24/2001 | U.S. Patent No. 6,222,858 - Counterman | 2WIRE00026281 | 2WIRE00026297 | Plaintiff's Jacobsen Ex. 16 | |
| 402 | 01/2001 | Fabio Sakuray et al., *Cell Transfer Delay Monitoring in ATM Networks* (2001) | | | Plaintiff's Jacobsen Ex. 17 | |
| 403 | | Excerpts From ATM, Networks and LANs - NOC '96 (D. W. Faulkner and A. L. Harmer, eds., Amsterdam : IOS, 1996) | | | Plaintiff's Jacobsen Ex. 18 | |
| 404 | | Carsten Roppel, *Estimating Cell Transfer Delay in ATM Networks Using In-Service Monitoring Methods* (1995 IEEE) | | | Plaintiff's Jacobsen Ex. 19 | |
| 405 | 6/27/2006 | U.S. Patent No. 7,068,657 - Keller-Tuberg | 2WIRE00028268 | 2WIRE00028294 | Plaintiff's Jacobsen Ex. 20 | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 406 | 8/5/1999 | PCT Application No. PCT/No99/00024, WO 99/39468 (Edvardsen) | 2WIRE00031501 | 2WIRE00031530 | Plaintiff's Jacobsen Ex. 21 | |
| 407 | 8/3/2004 | U.S. Patent No. 6,772,388 - Cooper | 2WIRE00026803 | 2WIRE00026814 | Plaintiff's Jacobsen Ex. 22 | |
| 408 | 1/24/2019 | Errata - Rebuttal Report of Dr. Todor Cooklev on Validity of Family 2 Submitted November 29, 2018 | | | | |
| 409 | 2/5/2019 | ███████████████████████████████████████ ████ ███████████████████████████████████ | | | | 802 |
| 410 | 08/2001 | █████████orum Technical Report - TR-042 - ATM █████████er ADSL Recommendation (Update to ████ | 2WIRE00025012 | 2WIRE00025045 | | |
| 411 | 3/4/1997 | U.S. Patent No. 5,608,733 - Vallee | 2WIRE00025587 | 2WIRE00025599 | | 401/402, 403 MIL |
| 412 | 6/18/2012 | U.S. Patent No. 6,408,005 - Fan | 2WIRE00026096 | 2WIRE00026116 | | 401/402, 403 MIL |
| 413 | 3/20/2001 | U.S. Patent No. 6,205,142 - Vallee | 2WIRE00026121 | 2WIRE00026146 | | 401/402, 403 MIL |
| 414 | 5/28/2002 | U.S. Patent No. 6,396,837 - Wang | 2WIRE00026150 | 2WIRE00026159 | | 401/402, 403 MIL |
| 415 | 1/23/2001 | U.S. Patent No. 6,178,448 - Gray | 2WIRE00026163 | 2WIRE00026186 | | 401/402, 403 MIL |
| 416 | 9/6/2005 | U.S. Patent No. 6,941,252 - Nelson | 2WIRE00026378 | 2WIRE00026390 | | 401/402, 403 MIL |
| 417 | 8/10/2004 | U.S. Patent No. 6,775,268 - Wang | 2WIRE00026423 | 2WIRE00026441 | | 401/402, 403 MIL |
| 418 | 1/20/2004 | U.S. Patent No. 6,680,954 - Cam | 2WIRE00026489 | 2WIRE00026502 | | 401/402, 403 MIL |
| 419 | 3/10/1998 | U.S. Patent No. 5,727,951 - Holender | 2WIRE00026604 | 2WIRE00026647 | | 401/402, 403 MIL |
| 420 | 4/1/1997 | U.S. Patent No. 5,617,417 - Sathe | 2WIRE00026683 | 2WIRE00026701 | | 401/402, 403 MIL |
| 421 | 11/23/2004 | U.S. Patent No. 6,822,960 - Manchester | 2WIRE00027738 | 2WIRE00027779 | | 401/402, 403 MIL |

36

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 422 | 3/11/2008 | U.S. Patent No. 7,343,543 - Mantha | 2WIRE00028204 | 2WIRE00028217 | | 401/402, 403 MIL |
| 423 | 6/14/2000 | EP1009154(A2) - Aravamudan | 2WIRE00028322 | 2WIRE00028339 | | 401/402, 403 MIL |
| 424 | 6/8/2004 | U.S. Patent No. 6,747,964 - Bender | 2WIRE00028566 | 2WIRE00028577 | | 401/402, 403 MIL |
| 425 | 12/14/1999 | U.S. Patent No. 6,002,670 - Rahman | 2WIRE00031399 | 2WIRE00031404 | | 401/402, 403 MIL |
| 426 | 8/10/2004 | U.S. Patent No. 6,775,320 - Tzannes | 2WIRE00031638 | 2WIRE00031650 | | 401/402, 403 MIL |
| 427 | 2/19/2019 | Declaration of Dr. Martin Walker in Support of Defendant 2Wire, Inc.'s Motion for Summary Judgment of Non-Infringement of Claims 17-18 of U.S. Patent No. 7,453,881 (Family 2) and Exhibits 1-3 | | | | 802 |
| 428 | 08/2012 | Broadband Forum Technical Report - TR-273 - Testing of Bonded, Multi-Pair xDSL Systems Issue: 1 | COOKLEV 002596 | COOKLEV 002622 | | |
| 429 | 01/2004 | IEEE-SA Standards Board Operations Manual | 2WIRE00054714 | 2WIRE00054752 | | |
| 430 | 04/2002 | IEEE Standards Style Manual | 2WIRE00054609 | 2WIRE00054660 | | |
| 431 | 3/5/2019 | Declaration of Todor Cooklev, Ph.D. in Support of TQ Delta's Opposition to 2Wire's Motion to Exclude the Expert Testimony of Dr. Todor Cooklev for Family 2 and Exhibits A-F | | | | |
| 432 | 12/28/2018 | Rebuttal Expert Report of Dr. Martin Walker Regarding Broadcom Source Code as Used in Accused 2Wire Products - Family 3 Patents | | | | 802 |
| 433 | 2/19/2019 | Declaration of Todor Cooklev, Ph.D. | | | | |
| 434 | 2/19/2019 | Declaration of Kevin C. Almeroth and Supporting Exhibits | | | | |
| 435 | 10/18/2012 | Assignment Related Documents Between TQ Delta, LLC and Aware, Inc. | TQD036981 | TQD037015 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 436 | | 5168NV Data Sheet | TQD017527 | TQD017528 | | |
| 437 | | ▮▮▮ | 2WIRE00022711 | 2WIRE00022711 | | 401/402, 403 |
| 438 | | ▮▮▮ | 2WIRE00031967 | 2WIRE00031967 | | |
| 439 | 10/4/2002 | File History for U.S. Patent Application No. 10/264,258 | TQD000897 | TQD001089 | | |
| 440 | 11/13/2009 | Amendment and Restatement of the License Agreement Between Lantiq and Aware, Inc. | TQD020788 | TQD020820 | | |
| 441 | 5/9/2001 | Compilation of Documents Related to Development and Licensing Between Aware, Inc., Metanonia and SigmaTel, Inc. | TQD020821 | TQD020853 | | |
| 442 | 10/6/2002 | Compilation of Documents Related to Development and Licensing Between Aware, Inc., and NEC Corporation | TQD020854 | TQD020889 | | |
| 443 | 12/6/2013 | Email From Dave Cordeiro to Matt DelGiorno Re: Pace/TQD | TQD020904 | TQD020906 | | No obj. assuming other post-suit negotiation are not objected to, otherwise incomplete |
| 444 | 1/30/2001 | U.S. Patent No. 6,182,264 - Ott | TQD030143 | TQD030154 | | 401/402, 403 |
| 445 | 11/9/1999 | New Provisional Application Transmittal Letter for Application No. 60/164,134 | TQD036943 | TQD036949 | | |
| 446 | 2015 | Print-out From TQ Delta's Website Regarding "Who We Are" | TQD036950 | TQD036950 | | 401/402, 403 |
| 447 | 6/13/2000 | Assignment From Michael Tzannes et al. to Aware, Inc. of Application No. 09/581,400 | TQD036960 | TQD036965 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 448 | 9/27/2012 | Amended and Restated Limited Liability Company Agreement of TQ Delta, LLC | TQD037016 | TQD037039 | | 401/402, 403 |
| 449 | 8/21/2012 | Limited Liability Company Agreement of TQ Delta, LLC | TQD037058 | TQD037059 | | 401/402, 403 |
| 450 | 10/5/2012 | Common Interest Agreement Between Sheridan Ross, PC and Tzannes Patent Management LLC | TQD037128 | TQD037132 | | 401/402, 403 |
| 451 | 9/30/2013 | ITU Temporary Document 2013-09-Q4-022 re: G.vdsl, G.inp: LPM Proposal | TQD037144 | TQD037148 | | 401/402, 403 |
| 452 | | TechQuity DSL/MoCA Standard Essential Assets Investment | TQD103811 | TQD103812 | | 401/402, 403 |
| 453 | 12/26/2008 | IEEE Std 802.3-2008 - Part 3: Carrier Sense multiple access with Collision Detection (CSMA/CD) Access Method and Physical Layer Specifications | TQD109268 | TQD112244 | | |
| 454 | 01/2005 | ITU-T G.992.3 - Asymmetric digital subscriber line transceivers 2 (ADSL2) | TQD112885 | TQD113320 | | |
| 455 | 04/2009 | ITU-T G.992.3 Annex C - Asymmetric digital subscriber line transceivers 2 (ADSL2) Annex C: Specific requirements for an ADSL system operating in the same cable as ISDN as defined in Appendix III of Recommendation ITU-T G.961 | TQD113321 | TQD113616 | | |
| 456 | 04/2009 | ITU-T G.992.3 - Asymmetric digital subscriber line transceivers 2 (ADSL2) | TQD113617 | TQD114020 | | |
| 457 | 01/2005 | ITU-T G.992.5 - Asymmetric Digital Subscriber Line (ADSL) transceivers - Extended bandwidth ADSL2 (ADSL2+) | TQD114021 | TQD114130 | | |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 458 | 01/2009 | ITU-T G.992.5 Annex C - Asymmetric digital subscriber line transceivers 2 (ADSL2) - Extended bandwidth (ADSL2plus) Annex C: Specific requirements for an ADSL system operating in the same cable as ISDN as defined in Appendix III of Recommendation ITU-T G.961 | TQD114131 | TQD114196 | | |
| 459 | 01/2009 | ITU-T G.992.5 - Asymmetric digital subscriber line transceivers 2 (ADSL2) - Extended bandwidth (ADSL2plus) | TQD114197 | TQD114306 | | |
| 460 | 02/2006 | ITU-T G.993.2 - Very high speed digital subscriber line transceivers 2 (VDSL2) | TQD114307 | TQD114558 | | |
| 461 | 08/2008 | ITU-T G.993.2 Amendment 3 - Very high speed digital subscriber line transceivers 2 (VDSL2) Amendment 3: Support for emergency rate adjustment, specification of test parameter accuracy and other improvements | TQD114559 | TQD114646 | | |
| 462 | 12/2011 | ITU-T G.993.2 - Very high speed digital subscriber line transceivers 2 (VDSL2) | TQD114647 | TQD115022 | | |
| 463 | 6/28/2012 | ITU-T Website Information Regarding G.993.2 (2011) Amendment 1 | TQD115023 | TQD115023 | | |
| 464 | 01/2005 | ITU-T G.998.1 - ATM based multi-pair bonding | TQD115406 | TQD115441 | | |
| 465 | 01/2005 | ITU-T G.998.2 - Ethernet-based multi-pair bonding | TQD115442 | TQD115459 | | |
| 466 | | Bill of Materials for 5268 | 2WIRE00037834 | 2WIRE00037834 | | 401/402, 403 |
| 467 | | Bill of Materials for 5268 | 2WIRE00037835 | 2WIRE00037835 | | 401/402, 403 |
| 468 | | Bill of Materials for 5268N | 2WIRE00037852 | 2WIRE00037852 | | 401/402, 403 |
| 469 | 04/2010 | iNID Data Sheet | 2WIRE00051792 | 2WIRE00051795 | | |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 470 | 1/29/1998 | T1E1.4/98-024 - Liaison from T1E1.4 (T1E1.4/98-024) regarding performance requirements for ADSL | 2WIRE00052159 | 2WIRE00052167 | | 401/402, 403 |
| 471 | 5/22/2018 | Letter From Curtis Brownmiller to Tom Starr Re: Liaison to T1E1.4 on ADSL Performance Parameters | 2WIRE00052168 | 2WIRE00052175 | | 401/402, 403 |
| 472 | 6/14/2004 | ITU-T LB-U07 - G.bond Issues List | 2WIRE00054797 | 2WIRE00054806 | | |
| 473 | 6/14/2004 | ITU-T LB-U07R1 - G.bond Issues List | 2WIRE00054807 | 2WIRE00054816 | | 401/402, 403, UT, F |
| 474 | | Test Data | 2WIRE00054817 | 2WIRE00054817 | | 401/402, 403, UT, F |
| 475 | | Test Data | 2WIRE00054818 | 2WIRE00054818 | | 401/402, 403, UT, F |
| 476 | | Test Data | 2WIRE00054819 | 2WIRE00054819 | | 401/402, 403, UT, F |
| 477 | | Test Data | 2WIRE00054820 | 2WIRE00054820 | | 401/402, 403, UT, F |
| 478 | | Test Data | 2WIRE00054821 | 2WIRE00054821 | | 401/402, 403, UT, F |
| 479 | | Test Data | 2WIRE00054822 | 2WIRE00054822 | | 401/402, 403, UT, F |
| 480 | | Test Data | 2WIRE00054823 | 2WIRE00054823 | | 401/402, 403, UT, F |
| 481 | | Test Data | 2WIRE00054824 | 2WIRE00054824 | | 401/402, 403, UT, F |
| 482 | | Test Data | 2WIRE00054825 | 2WIRE00054825 | | 401/402, 403, UT, F |
| 483 | | Test Data | 2WIRE00054826 | 2WIRE00054826 | | 401/402, 403, UT, F |
| 484 | | Test Data | 2WIRE00054827 | 2WIRE00054827 | | 401/402, 403, UT, F |
| 485 | | Test Data | 2WIRE00054828 | 2WIRE00054828 | | 401/402, 403, UT, F |
| 486 | | Test Data | 2WIRE00054829 | 2WIRE00054829 | | 401/402, 403, UT, F |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 487 |  | Test Data | 2WIRE00054830 | 2WIRE00054832 |  | 401/402, 403, UT, F |
| 488 |  | Test Data | 2WIRE00054833 | 2WIRE00054833 |  | 401/402, 403, UT, F |
| 489 |  | Test Data | 2WIRE00054834 | 2WIRE00054834 |  | 401/402, 403, UT, F |
| 490 |  | Test Data | 2WIRE00054835 | 2WIRE00054835 |  | 401/402, 403, UT, F |
| 491 |  | Test Data | 2WIRE00054836 | 2WIRE00054836 |  | 401/402, 403, UT, F |
| 492 |  | Test Data | 2WIRE00054837 | 2WIRE00054837 |  | 401/402, 403, UT, F |
| 493 |  | Test Data | 2WIRE00054838 | 2WIRE00054838 |  | 401/402, 403, UT, F |
| 494 |  | Test Data | 2WIRE00054839 | 2WIRE00054839 |  | 401/402, 403, UT, F |
| 495 |  | Test Data | 2WIRE00054840 | 2WIRE00054840 |  | 401/402, 403, UT, F |
| 496 |  | Test Data | 2WIRE00054841 | 2WIRE00054841 |  | 401/402, 403, UT, F |
| 497 |  | Test Data | 2WIRE00054842 | 2WIRE00054842 |  | 401/402, 403, UT, F |
| 498 |  | Test Data | 2WIRE00054843 | 2WIRE00054843 |  | 401/402, 403, UT, F |
| 499 |  | Test Data | 2WIRE00054844 | 2WIRE00054844 |  | 401/402, 403, UT, F |
| 500 |  | Test Data | 2WIRE00054845 | 2WIRE00054845 |  | 401/402, 403, UT, F |
| 501 |  | Test Data | 2WIRE00054846 | 2WIRE00054846 |  | 401/402, 403, UT, F |
| 502 |  | Test Data | 2WIRE00054847 | 2WIRE00054847 |  | 401/402, 403, UT, F |
| 503 |  | Test Data | 2WIRE00054848 | 2WIRE00054848 |  | 401/402, 403, UT, F |
| 504 |  | Test Data | 2WIRE00054849 | 2WIRE00054849 |  | 401/402, 403, UT, F |

ACTIVE/99026563.5

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| 505 | | Test Data | 2WIRE00054850 | 2WIRE00054850 | | 401/402, 403, UT, F |
| 506 | | Test Data | 2WIRE00054851 | 2WIRE00054851 | | 401/402, 403, UT, F |
| 507 | | Test Data | 2WIRE00054852 | 2WIRE00054852 | | 401/402, 403, UT, F |
| 508 | | Test Data | 2WIRE00054853 | 2WIRE00054853 | | 401/402, 403, UT, F |
| 509 | | Test Data | 2WIRE00054854 | 2WIRE00054854 | | 401/402, 403, UT, F |
| 510 | | Test Data | 2WIRE00054855 | 2WIRE00054855 | | 401/402, 403, UT, F |
| 511 | | Test Data | 2WIRE00054856 | 2WIRE00054856 | | 401/402, 403, UT, F |
| 512 | | Test Data | 2WIRE00054857 | 2WIRE00054857 | | 401/402, 403, UT, F |
| 513 | | Test Data | 2WIRE00054858 | 2WIRE00054858 | | 401/402, 403, UT, F |
| 514 | | Test Data | 2WIRE00054859 | 2WIRE00054859 | | 401/402, 403, UT, F |
| 515 | | Test Data | 2WIRE00054860 | 2WIRE00054860 | | 401/402, 403, UT, F |
| 516 | | Test Data | 2WIRE00054861 | 2WIRE00054861 | | 401/402, 403, UT, F |
| 517 | | Test Data | 2WIRE00054862 | 2WIRE00054862 | | 401/402, 403, UT, F |
| 518 | | Test Data | 2WIRE00054863 | 2WIRE00054863 | | 401/402, 403, UT, F |
| 519 | | Test Data | 2WIRE00054864 | 2WIRE00054864 | | 401/402, 403, UT, F |
| 520 | | Test Data | 2WIRE00054865 | 2WIRE00054865 | | 401/402, 403, UT, F |
| 521 | 3/15/2016 | ████████████████ | 2WIRE00054867 | 2WIRE00054952 | | |
| 522 | | D. Rauschmayer, "Adsl/Vdsl Principles: A Practical and Precise Study of Asymmetric Digital Subscriber Lines and Very High Speed Digital Subscriber Lines" | | | | SJ, 401/402, 403, 802, F, |

43

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---|---|---|---|---|---|---|
| | | | | | | UT |
| 523 | | Charles K. Summers, ADSL Standards, Implementation and Architecture (Saba Zamir ed., 1st Ed. 1999) | | | | |
| 524 | 03/1999 | The Atm Forum Technical Committee Inverse Multiplexing for ATM (IMA) Specification Version 1.1 | | | | |
| 525 | 1996 | K. Slower et al., The PPP Multilink Protocol (MP), RFC 1990, Standards Track | | | | 401/402, 403 |
| 526 | 2/2001 | ITU-T G.991.2 – Single-pair high-speed digital subscriber line (SHDSL) transceivers | | | | 401/402, 403 |
| 0562 | 3/8/2004 | ITU-T MC-049 – G.bond – Proposed working text for Ethernet Specific Bonding | 2WIRE00054953 | 2WIRE00054967 | | UT, 401-403, Foundation |
| 0563 | 3/8/2004 | ITU-T MC-049R1 – G.bond – Proposed working text for Ethernet Specific Bonding | 2WIRE00054968 | 2WIRE00054982 | | UT, 401-403, Foundation |
| | **Physical Exhibits** | | | | | |
| 527 | 3/4/2018 | 2Wire Source Code Print-outs - C:\Users\CodeReview\Desktop\biNID\biNID\head\firmware\tw\main.c | 2WIRE-SC-0000005 | 2WIRE-SC-0000007 | | |
| 528 | 3/4/2018 | 2Wire Source Code Print-outs - C:\Users\CodeReview\Desktop\src_10.5\libdsl\libdsl.c | 2WIRE-SC-0000008 | 2WIRE-SC-0000008 | | |
| 529 | 3/4/2018 | 2Wire Source Code Print-outs - C:\Users\CodeReview\Desktop\biNID\biNID\head\README.TXT | 2WIRE-SC-0000009 | 2WIRE-SC-0000010 | | |
| 530 | 3/4/2018 | 2Wire Source Code Print-outs - C:\Users\CodeReview\Desktop\biNID\biNID\head\firmware\tw\paf.c | 2WIRE-SC-0000011 | 2WIRE-SC-0000018 | | |

44

ACTIVE/99026563.5

| | | | | | | Objections |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| DTX No. | Date | Description | Beg Bates | End Bates | Deposition Ex. | Objections |
|---------|------|-------------|-----------|-----------|----------------|------------|
| 543 | 9/25/2018 | ████████████ - █████ | ███████████ | ███████████ | | |
| 544 | 9/25/201█ | ████████████████ | ███████████ | ███████████ | | |
| 545 | 9/27/201█ | ██████████████ | ███████████ | ███████████ | | |
| 546 | 10/11/20█ | ██████████████ | ███████████ | ███████████ | | |
| 547 | 1/25/201█ | ██████████████ | ███████████ | ███████████ | | 401/402, 403, UT |
| 548 | 1/28/201█ | █████████████ | ███████████ | ████████ █████ | | 401/402, 403, UT |
| 549 | 3/15/201█ | ██████████████ | ██████ ████ 2 | ███████████ 3 | | |
| 550 | 9/25/2018 | Data Associated With Test Reports Cited in TQ Delta's Infringement Contentions | TQD-2WIRE 001325 | TQD-2WIRE 001325 | | |
| 551 | 10/1/2018 | Data Associated With Test Report PA38-ZY17-V9-092518-093330 | TQD-2WIRE 001326 | TQD-2WIRE 001326 | | |
| 552 | | Product Sample - 5168N | | | | |
| 553 | | Product Sample - 5168NV | | | | |
| 554 | | Product Sample - 5031NV | | | | |
| 555 | | Product Sample - 5268AC | | | | |
| 556 | | Product Sample - I3812v | | | | |
| 557 | | Product Sample - ██████ | | | | |
| 558 | | Product Sample - █████ | | | | |

46

| DTX No. | Date | Description | Beg Bates | ██████ | ██eposition Ex. | Objections |
|---------|------|-------------|-----------|--------|------------------|------------|
| 559 | | Implementation and Applications of DSL Technology (Philip Golden, Herve Dedieu, and Krista S. Jacobsen, eds., Auerbach Publications, 2008) | | | | |
| 560 | | Fundamentals of DSL Technology (Philip Golden, Herve Dedieu, and Krista S. Jacobsen, eds., Auerbach Publications, 2006) | | | | |
| 561 | 4/3/2018 | ██████S██████████ | ████████████ | ████████████ | | 401/402, 403, UT |

47

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TQ DELTA'S TRIAL WITNESS LIST**

## I.   "WILL CALL" LIST

TQ Delta "will call" at least the following witnesses for its Family 2 trial:

- Dr. Todor Cooklev

## II.   MAY CALL LIST

TQ Delta "may call" live and/or by deposition designation the following witnesses for its Family 2 trial:

- Abha Divine

- Mark Roche

- Marcos Tzannes

- Dr. Kevin Almeroth

- Michael Tzannes (deposition designations attached hereto as Exhibit 8a)

- Benjamin Miller (deposition designations attached hereto as Exhibits 8b and 8c)

- Scott Voegele (deposition designations attached hereto as Exhibit 8d)

- Mehul Patel (deposition designations attached hereto as Exhibit 8e)

- James Shead (deposition designations attached hereto as Exhibit 8f)

- Dr. Krista Jacobsen (deposition designations attached hereto as Exhibits 8g and 8h)

- Gong-San Yu (deposition designations attached hereto as Exhibits 8i and 8j)

- Christopher Cahill (deposition designations attached hereto as Exhibits 8k)

- All witnesses named on 2Wire's witness list

*TQ DELTA, LLC, v. 2WIRE, INC.,*
C.A. No. 13-cv-1835-RGA

| Code | Ground |
|---|---|
| 401/402 | Not relevant. Fed. R. Evid. 401, 402 |
| 403 | Unduly prejudicial, confusing, wasteful, or cumulative. Fed. R. Evid. 403 |
| 701 | Improper lay opinion. Fed. R. Evid. 701 |
| 702 | Improper expert testimony. Fed. R. Evid. 702, 703 |
| 802 | Hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 802 |
| 901 | Requires authenticity or identification. Fed. R. Evid. 901 |
| 1002 | Violates best evidence rule. Fed. R. Evid. 1002 |
| 1006 | Improper summary. Fed. R. Evid. 1006 |
| CC | Related to claim construction |
| D | Duplicate |
| Daub | Subject to exclusion pending Daubert Motion |
| DESC | Inadequate, misleading, or improper description |
| F | Lacks foundation/lacks personal knowledge/speculation. Fed. R. Evid. 104, 602, 1003, 1005 |
| FL | Foreign language document |
| ILL | Illegible |
| UT | Untimely disclosed/not produced in discovery |
| MIL | Subject to pending MIL issue |
| SAN | Subject to pending motion for sanctions |
| M | Mismatch (marked exhibit and exhibit list description do not match) |
| NE | Not Evidence |
| NS | Exhibit not stamped with trial exhibit number |
| OS | Outside Scope of Rule 30(b)(6) Topic |
| SJ | Subject to exclusion pending Motion for Summary Judgment |

# EXHIBIT A

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Michael Tzannes 9-11-18 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objection(s) to Counter-designation | Reply Designation |
| 7:5-15 | | | | | |
| 8:20-22 | | | | | |
| 47:13-23 | | | | | |
| 102:1-16 | | | 106:1-108:8 | OS, 403 | 105:4-25 & 108:9-24 |
| 117:19-118:4 | 401/402, 403 | | | | |
| 118:9-17 | 401/402, 403 | | 121:16-25 | | 121:5-15 |
| 118:20-119:1 | 401/402, 403 | | 121:16-25 | | 121:5-15 |
| 125:7-10 | 401/402, 403, 701 | | | | |
| 135:21-25 | 401/402, 403 | | 136:20-137:4 | | |
| 136:1-7; 14-19 | 401/402, 403 | | 136:20-137:4 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| TQ Delta's Deposition Designations of Michael Tzannes 9-11-18 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objection(s) to Counter-designation | Reply Designation |
| | | | | | |
| | | | | | |
| | | | | | |

2

# EXHIBIT B

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Benjamin Miller (1) – 06-18-15 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objection(s) |
| 7:4-8:10 | | | | |
| 9:12-14 | | | | |
| 16:2-4 | | | | |
| 21:13-25 | | | | |
| 22:9-18 | | | | |
| 23:10-16 | | | 23:9 | |
| 23:19-22 | | | | |
| 24:2-17 | | | | |
| 27:3-14 | | | 27:15–29:3 | |
| 29:4-12 | | | | |
| 31:10-13 | | | | |
| 91:12-16 | | | 91:17–92:19 | |
| 92:20-93:3 | | | 93:4–20 | |
| 95:6-8 | | | 95:9–11 | |
| 95:12-13 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2

# EXHIBIT C

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Benjamin Miller (2) – 09-20-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objection(s) |
| 7:4-14 | | | | |
| 8:1-5 | | | | |
| 8:8-25 | | | | |
| 9:4-11:15 | | | | |
| 12:12-13:16 | 401/402 | | | |
| 18:15-23 | | | | |
| 36:20-37:2 | | | 36:15–20 | |
| 43:15-17 | | | | |
| 45:5-9 | | | 44:14–45:4 | |
| 49:5-9 | | | 48:4–49:4 | 401 |
| 56:8-15 | | | 56:16 | |
| 61:20-62:3 | | | | |
| 63:10-12 | | | | |
| 65:24-66:1 | | | | |
| 74:21-75:8 | | | | |
| 77:6-22 | | | 77:23–79:18 | |
| 78:2-6 | | | 77:23–79:18 | |
| 79:20-80:18 | | | | |
| 84:18-20 | OS | | | |
| 84:21-24 | OS | | | |
| 85:3-7 | | | | |
| 85:12-16 | | | | |
| 86:3-9 | | | | |
| 86:13-15 | | | | |
| 86:19-24 | | | | |
| 87:6-11 | OS, F | | | |
| 87:14-19 | OS, F | | | |
| 88:2-5 | OS, F | | | |

| TQ Delta's Deposition Designations of Benjamin Miller (2) – 09-20-18 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objection(s) | |
| 88:9-16 | OS, F | | 88:2–5 | | |
| 89:1-6 | | | 89:7–10 | | |
| 91:5-7 | OS, F | | | | |
| 91:15-93:9 | OS, F | | 91:11–14 | | |
| 93:19-94:9 | | | | | |
| 94:11-16 | | | | | |
| 95:13-15 | OS, F | | | | |
| 95:17-19 | OS, F | | | | |
| 99:15-18 | OS | | | | |
| 99:23-100:1 | | | | | |
| 102:6-9 | | | | | |
| 102:11-14 | | | | | |
| 102:19-20 | | | 102:23–25 | | |
| 103:1-4 | | | | | |
| 103:12-15 | | | | | |
| 104:9-15 | | | 104:16–105:10 | | |
| 107:8-108:7 | | | | | |
| 109:3-110:25 | | | | | |
| 111:4-11 | | | | | |
| 145:20-146:1 | | | | | |
| 149:16-150:16 | OS | | | | |
| 150:17-19 | OS | | | | |
| 151:12-18 | OS | | | | |
| 151:21-158:13 | OS | | | | |
| 160:21-161:5 | | | 160:7–20 | 401 | |
| 165:5-166:18 | F | | | | |
| 167:13-15 | | | | | |
| 180:11-21 | NE, 401/402, 403 | | | | |
| 183:25-184:8 | | | 184:9–16 | | |
| 184:17-25 | | | | | |

2

| TQ Delta's Deposition Designations of Benjamin Miller (2) – 09-20-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objection(s) |
| 185:1-187:15 | | | 187:16–188:6 | |
| 188:7-189:4 | | | | |
| 190:1-2 | | | | |
| 190:6-191:10 | | | | |
| 192:1-197:12 | F | | 197:13-17 | |
| 241:3-242:7 | | | 240:23–241:2 | |
| 242:24-246:3 | OS, F | | | |

ACTIVE/99006636.2

# EXHIBIT D

TQ Delta's Preliminary Deposition Designations – Family 2

| TQ Delta's Deposition Designations of Scott Voegele 3-21-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections |
| 7:6-7; 11-16 | | | | |
| 18:15-18; 22-24 | | | | |
| 20:1-5 | | | | |
| 25:22-26:1 | | | | |
| 38:3-15 | | | | |
| 44:7-15 | 401/402, 403 | | | |
| 46:3-6 | | | 44:16-46:2 | |
| 46:23-47:12 | | | 46:11-22 | |
| 55:4-9 | | | | |
| 60:13-15 | | | | |
| 60:22-61:2 | | | | |
| 63:11-20 | | | | |
| 65:20-23 | Missing question | | 65:22-24 | 65:24 |
| 66:1-13 | 401/402, 403 | | | |
| 67:4-9; 12-24 | | | | |
| 68:9-13 | | | | |
| 69:1-8 | | | | |
| 70:21-71:7 | 401/402, 403 | | 71:7 | |
| 71:16-73:21 | 401/402, 403 | | | |
| 74:14-17 | | | | |
| 75:3-5 | 401/402, 403, OS | | | |
| 79:17-80:1 | | | | |
| 80:9-15 | | | | |
| 82:7-11   BONDING | | | | |
| 84:10-17  BONDING | | | | |
| 85:5-11 | | | | |
| 86:12-15 BONDING | | | | |
| 93:11-17 | F, OS | | 93:19-94:6 | |

| TQ Delta's Deposition Designations of Scott Voegele 3-21-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections |
| 98:10-13 | 401/402, 403 | | 97:14-98:9 | |
| 98:20-23 | 401/402, 403 | | | |
| 100:4-14; 17-19 | 401/402, 403 | | | |
| 105:12-22 | | | | |
| 106:1-24  BONDING | | | | |
| 108:18-24  BONDING | 401/402, 403, F | | | |
| 109:23-110:8 F2 & F3 | 401/402, 403, F | | 110:9-16 | |
| 112:12-113:3 | 401/402, 403, F, OS | | 93:19-94:6 | |
| 124:9-23 | | | | |
| 125:8-11 | | | | |
| 155:14-16; 20-23 | 401/402, 403 | | | |
| 159:16-160:7 | 401/402, 403, F | | | |
| 169:17-170:1 | | | 169:8-15 | |
| 170:16-24 | 401/402, 403 | | | |
| 171:17-20 | 401/402, 403 | | | |
| 172:12-173:5 | 401/402, 403 | | | |
| 177:2-6 | 401/402, 403 | | | |
| 179:12-180:12 | 401/402, 403 | | | |
| 184:24-185:6 | 401/402, 403 | | | |
| 185:17-21 | OS, 401/402, 403, 802 | | | |
| 186:3-12; 15-19 | OS, 401/402, 403, 802 | | | |
| 190:23-191:9 | 401/402, 403 | | | |
| 200:11-15 | 401/402, 403 | | | |
| 201:1-5 | 401/402, 403 | | | |
| 201:19-202:4 | F, 1002, 401/402, 403 | | | |
| 203:13-204:4 | OS, 401/402, 403 | | | |
| 210:14-21 | 401/402, 403 | | | |
| 216:2-13 | 401/402, 403 | | | |
| 221:18-20 | 401/402, 403 | | 221:21 | |
| 222:14-223:2 | 401/402, 403, F | | | |

ACTIVE/99003489.2

| TQ Delta's Deposition Designations of Scott Voegele 3-21-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections |
| 224:19-225:4 | 401/402, 403, F | | | |
| | | | | |
| | | | | |

ACTIVE/99003489.2

# EXHIBIT E

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Mehul Patel | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counterdesignations |
| 6:6-11 | 401/402, 403 | | |
| 9:9-12 | 401/402, 403 | | |
| 19:14-24 | 401/402, 403 | | |
| 20:1-3; 19-23 | 401/402, 403 | | |
| 21:10-12; 17-21 | 401/402, 403 | | |
| 25:5-9 | 401/402, 403 | | |
| 32:22-33:12 | 401/402, 403, OS | | |
| 59:10-19; 21-24 | 401/402, 403, OS | | |
| 60:1-5; 17-19; 21-22 | 401/402, 403, OS | | |
| 91:24-93:7 | 401/402, 403, OS | | |
| 96:24-97:8 | 401/402, 403, OS | | |
| 98:14-18 | 401/402, 403 | | 98:13 |
| 99:12-100:4 | 401/402, 403 OS | | |
| 144:16-20 | 401/402, 403, OS | | |
| 105:18-106:10 | 401/402, 403 | | |
| 146:20-147:8 | 401/402, 403, OS | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TQ Delta's Deposition Designations of Mehul Patel | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counterdesignations |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# EXHIBIT F

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of James D. Shead 3-22-18 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 8:14 | 401/402 | | |
| 8:17-23 | 401/402 | | |
| 27:2-4 | | | |
| 27:9-11 | | | |
| 40:18-22 | 401/402, 403 | | |
| 49:1-8 | 401/402, 403 | | |
| 49:11-16 | 401/402, 403 | | |
| 49:19-21 | 401/402, 403OS | | |
| 50:2-5 | 401/402, 403, OS | | |
| 50:10-15 | 401/402, 403, OS | | |
| 50:20-23 | 401/402, 403, OS | | |
| 51:4-8 | 401/402, 403, OS | | |
| 51:13 | 401/402, 403, OS | | |
| 63:10-11 | 403 | | |
| 63:17-18 | 403 | | |
| 65:23-66:1 | 401/402, 403 | | |
| 66:3 | 401/402, 403 | | |
| 76:8-15 | 401/402, 403, MIL | | |
| 77:2-10 | 401/402, 403, MIL | | |
| 78:7-20 | 401/402, 403, MIL | | |
| 79:2-19 | 401/402, 403, MIL | | |
| 80:10-22 | 401/402, 403, MIL | | 81:5-11 |
| 81:12-13 | 401/402, 403, MIL | | |
| 81:17-21 | 401/402, 403, MIL | | |
| 84:12-13 | 401/402, 403, MIL | | |
| 84:19-85:8 | 401/402, 403, MIL | | |
| 85:15-86:6 | 401/402, 403, MIL | | |
| 87:14-15 | 401/402, 403, MIL | | |

| TQ Delta's Deposition Designations of James D. Shead 3-22-18 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 87:21-88:4 | 401/402, 403, MIL | | |
| 88:9-15 | 401/402, 403, MIL | | 88:5-8 |
| 88:22-89:16 | 401/402, 403, MIL | | |
| 92:7-8 | 401/402, 403, MIL | | |
| 92:13-15 | 401/402, 403, MIL | | |
| 92:18-20 | 401/402, 403, MIL, OS | | |
| 93:2-6 | 401/402, 403, MIL, OS | | |
| 93:11-12 | 401/402, 403, MIL | | |
| 97:6-98:1 | 401/402, 403, MIL | | |
| 103:20-24 | 401/402, 403, MIL | | 104:9-105:21 |
| 104:3-8 | 401/402, 403, MIL | | |
| 105:22-106:8 | 401/402, 403, MIL | | |
| 107:4-15 | 401/402, 403, MIL | | |
| 108:8-16 | 401/402, 403, MIL | | 108:17-109:6 |
| 109:7-11 | 401/402, 403, MIL | | |
| 109:14-16 | 401/402, 403, MIL | | 109:17-110:17 |
| 112:1-9 | 401/402, 403, MIL | | |
| 112:12-113:3 | 401/402, 403, MIL | | |
| 113:19-114:7 | 401/402, 403, MIL | | |
| 115:15-117:8 | 401/402, 403, 701, MIL | | |
| 117:23-118:1 | 401/402, 403, 701, MIL | | |
| 118:8-12 | 401/402, 403, MIL | | |
| 118:15-16 | 401/402, 403, MIL | | |
| 126:4-127:5 | 401/402, 403, MIL | | |
| 127:14-128:6 | 401/402, 403, MIL | | |
| 129:13-14 | 401/402, 403, MIL, OS, 701, 702 | | |
| 129:18-21 | 401/402, 403, MIL, OS | | |
| 130:1 | 401/402, 403, MIL | | |
| 133:4-9 | 401/402, 403, MIL, OS, 701, 702 | | |
| 133:13 | 401/402, 403, MIL, OS, 701, 702 | | |

ACTIVE/99003066.2

| TQ Delta's Deposition Designations of James D. Shead 3-22-18 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 135:2-4 | OS, 401/402, 403, MIL | | |
| 135:11-14 | OS, 401/402, 403, MIL | | |
| 135:21 | 401/402, 403, MIL | | |
| 137:5-20 | 401/402, 403, MIL | | |
| 137:22 | 401/402, 403, MIL | | |
| 138:1-2 | 401/402, 403, MIL | | |
| 138:11-17 | 401/402, 403, MIL | | |
| 138:22-139:6 | 401/402, 403, MIL | | |
| 139:24-140:1 | 401/402, 403, MIL | | |
| 140:7-8 | 401/402, 403, MIL | | |
| 140:17-19 | 401/402, 403, MIL | | |
| 140:23-141:7 | 401/402, 403, MIL | | |
| 143:1-9 | 401/402, 403, MIL | | |
| 143:17-22 | 401/402, 403, MIL | | |
| 145:6-146:1 | 401/402, 403, MIL | | |
| 151:6-15 | 401/402, 403, MIL | | |
| 154:2-3 | 401/402, 403, MIL | | |
| 154:6 | 401/402, 403, MIL | | 154:7-17 |
| 155:11-13 | 401/402, 403, MIL | | |
| 155:18-21 | 401/402, 403, MIL | | |
| 156:2 | 401/402, 403, MIL | | |
| 157:1-7 | 401/402, 403, MIL | | |
| 158:1-9 | 401/402, 403, MIL | | |
| 159:9-10 | 401/402, 403, MIL | | |
| 159:24-160:4 | 401/402, 403, MIL | | |
| 160:22-161:4 | 401/402, 403, MIL | | |
| 162:16-19 | 401/402, 403, MIL | | |
| 164:8-19 | 401/402, 403, MIL | | |
| 166:20-167:4 | 401/402, 403, MIL | | |
| 168:12-169:9 | 401/402, 403, MIL | | |

3

| TQ Delta's Deposition Designations of James D. Shead 3-22-18 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 170:21-23 | 401/402, 403, MIL | | |
| 171:1-2 | 401/402, 403, MIL | | |
| 173:14-17 | 401/402, 403 | | |
| 174:22-24 | 401/402, 403 | | |
| 175:3 | 401/402, 403 | | 175:4-5 |
| 227:12-14 | 401/402, 403 | | |
| 227:17 | 401/402, 403 | | |

4

# EXHIBIT G

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Dr. Krista Jacobsen, 01-11-2019 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 6:6 - 7:14 | | | |
| 13:21 - 14:9 | 401/402 | | 14:10–15 |
| 20:9-16 | 401/402 | | |
| 24:16-21 | | | |
| 25:8-16 | 401/402 | | 25:17–23 |
| 26:7-12 | | | |
| 32:14 - 33:17 | | | |
| 34:14-17 | | | |
| 42:3-21 | | | 42:1–2 |
| 48:17 - 49:16 | 401/402 | | 49:17–50:7 |
| 50:8-18 | 401/402 | | |
| 51:17 - 52:8 | 401/402, F | | |
| 62:12 - 66:18 | 401/402 | | |
| 67:13 - 68:6 | 401/402 | | |
| 69:4-13 | 401/402 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TQ Delta's Deposition Designations of Dr. Krista Jacobsen, 01-11-2019 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2

# EXHIBIT H

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Dr. Krista Jacobsen, 02-5-2019 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 229:23 – 231:7 | 401/402, 403 | | 234:5–235:2 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TQ Delta's Deposition Designations of Dr. Krista Jacobsen, 02-5-2019 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

2

# EXHIBIT I

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of BCM Gong-San Yu - 05-22-18 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | 2Wire's Counter-Designations | Objections | TQD's Reply Designations |
| 9:4-18 | | | | | |
| 10:12-16 | | | | | |
| 11:1-12:2 | | | 12:3-13:20 | | |
| 17:21-20:24 | | | | | |
| 25:24-26:11 | | | | | |
| 34:2-34:3 | | | | | |
| 34:11-34:12 | | | | | |
| 91:20-93:13 | 401/402, 403, 802, 901, F | | 93:14-94:9 | | |
| 94:12-17 | 401/402, 403, 802, 901, F | | | | |
| 119:5-19 | | | 118:9-119:4, 119:21-120:6, 120:8 | | |
| 120:11-121:11 | | | 121:11-123:18, 123:20-23, 124:1-10 | | 299:17-300:8; 302:13-304:25 |
| 236:11-16 | 401/402, 403, 802, 901, F | | 236:19-236:24 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# EXHIBIT J

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations ███████████ | | | | | |
|---|---|---|---|---|---|
| Designations | 2Wire's Objections(s) | Ruling | 2Wire's Counter-Designations | TQ Delta's Objections | TQD's Reply Designations |
| 305:17-307:1 | 401/402, 403, F | | | | |
| 322:16-20 | | | 321:21-22; 321:24-322:15 | | |
| 347:17-20 | 401/402, 403, F | | 347:21-348:10 | | |
| 348:13-21 | 401/402, 403, F | | 347:21-348:10(repeating above) | form, asked and answered, and 403 | |
| 348:13-15 | 401/402, 403, F, D (duplicate of above citations) | | 347:21-348:10(repeating above) | form, asked and answered, and 403 | |
| 348:19-21 | 401, 402, 403, F, D (duplicate of above citations) | | | | |
| 428:6-429:13 | | | 429:14-430:2 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| TQ Delta's Deposition Designations of ██████████ | | | | | |
|---|---|---|---|---|---|
| Designations | 2Wire's Objections(s) | Ruling | 2Wire's Counter-Designations | TQ Delta's Objections | TQD's Reply Designations |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

2

# EXHIBIT K

TQ Delta's Preliminary Deposition Designations

| TQ Delta's Deposition Designations of Christopher W. Cahill - 11-29-17 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counterdesignations |
| | 401/402 | | |
| 6:19 – 7:4 | | | |
| 18:3-10 | | | 18:3 |
| 18:23 – 19:5 | | | |
| 21:7-9 | | | |
| 22:5-16 and 22:19-22 | | | |
| 24:17-25 | | | |
| 26:3-6 | | | |
| 26:23 – 27:9 | | | |
| 53:17 – 54:8 | | | |
| 54:25 – 55:2 | | | |
| 55:5-18 | | | |
| 56:3-10 | | | |
| 57:6-15 | | | 57:15-21 |
| 57:22-24 and 58:4-11 | | | |
| 62:15 – 63:9 | | | |
| 65:19-20 and 65:23 – 66:12 | | | |
| 72:14-23 | | | |
| 83:18-23 and 84:2 | | | |
| 84:3 – 84:6-12 and 84:16-23 | | | |
| 85:15-16 and 85:18 – 86:11 | | | |
| 86:14 – 89:14 | | | 86:20-25 |
| 92:12-18 and 92:20 – 93:8 | | | |
| 93:9-11 and 93:15 | | | |
| 93:16 – 94:6 and 94:7 | | | |
| 95:14-15 and 95:18 – 96:11 | | | |
| 98:21 – 99:12 | | | |
| 99:19 – 100:11 | | | |

| TQ Delta's Deposition Designations of Christopher W. Cahill - 11-29-17 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counterdesignations |
| 113:22-25 | 401/402 | | |

2

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.   13-cv-1835-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## 2WIRE, INC.'S TRIAL WITNESS LIST

2Wire identifies the following witnesses that it will or may call at trial.  This list and the accompanying deposition designations are based on the current status of the case and the Court's April 1, 2019 Order indicating that the Court does not "intend to try any FRAND, contract, damages, and equitable issues until after I have determined which patents asserted against 2Wire are valid and infringed," D.I. 1043, and the Court's April 10, 2019 Memorandum Opinion and Order, D.I. 1058, 1059.  2Wire reserves the right to modify or supplement this list and/or the deposition designations in light of further decisions or orders from this Court, any of TQ Delta's pretrial statements, and to the extent any amendments or other alterations arise impacting the facts or issues for trial.

## I.    "WILL CALL" LIST

2Wire "will call" at least the following witnesses for its Family 2 trial:

- Abha Divine (deposition designations attached hereto as Exhibit 9a)

- Dr. Krista Jacobsen

- Benjamin Miller

- Marcos Tzannes (deposition designations attached hereto as Exhibit 9b)

- Dr. Martin Walker

- Gong-San Yu (deposition designations attached hereto as Exhibit 9c)

## II.     "MAY CALL" LIST

2Wire "may call" live and/or by deposition designation the following witnesses for its

Family 2 trial:

- Christopher Cahill (deposition designations attached hereto as Exhibit 9d)

- Peter Heller (deposition designations attached hereto as Exhibit 9i)

- Ed Reiter (deposition designations attached hereto as Exhibit 9e)

- Mark Roche (deposition designations attached hereto as Exhibit 9f)

- Kevin Russell (deposition designations attached hereto as Exhibit 9g)

- Michael Tzannes (deposition designations attached hereto as Exhibit 9h)

- All witnesses named on TQ Delta's witness list

ACTIVE/98960099.4

*TQ DELTA, LLC, v. 2WIRE, INC.,*
C.A. No. 13-cv-1835-RGA

| Code | Ground |
|---|---|
| 401/402 | Not relevant. Fed. R. Evid. 401, 402 |
| 403 | Unduly prejudicial, confusing, wasteful, or cumulative. Fed. R. Evid. 403 |
| 701 | Improper lay opinion. Fed. R. Evid. 701 |
| 702 | Improper expert testimony. Fed. R. Evid. 702, 703 |
| 802 | Hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 802 |
| 901 | Requires authenticity or identification. Fed. R. Evid. 901 |
| 1002 | Violates best evidence rule. Fed. R. Evid. 1002 |
| 1006 | Improper summary. Fed. R. Evid. 1006 |
| CC | Related to claim construction |
| D | Duplicate |
| Daub | Subject to exclusion pending Daubert Motion |
| DESC | Inadequate, misleading, or improper description |
| F | Lacks foundation/lacks personal knowledge/speculation. Fed. R. Evid. 104, 602, 1003, 1005 |
| FL | Foreign language document |
| ILL | Illegible |
| UT | Untimely disclosed/not produced in discovery |
| MIL | Subject to pending MIL issue |
| SAN | Subject to pending motion for sanctions |
| M | Mismatch (marked exhibit and exhibit list description do not match) |
| NE | Not Evidence |
| NS | Exhibit not stamped with trial exhibit number |
| OS | Outside Scope of Rule 30(b)(6) Topic |
| SJ | Subject to exclusion pending Motion for Summary Judgment |

# EXHIBIT A

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 1 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 4:1-5 | | | |
| 4:22-5:3 | | | |
| 9:2-13 | | | |
| 10:25-11-4 | | | |
| 11:7-10 | | | |
| 11:24-12:3 | 401/402; 403; MIL; OS | | |
| 12:6-7 | 401/402; 403; MIL; OS | | |
| 14:22-15:6 | 401/402; 403; MIL; OS | | |
| 15:10-13 | 401/402; 403; MIL; OS | | |
| 20:17-18 | 401/402; 403; MIL; OS | | |
| 20:21 | 401/402; 403; MIL; OS | | |
| 20:23-24 | 401/402; 403; MIL; OS | | |
| 21:2 | 401/402; 403; MIL; OS | | |
| 25:2-11 | 401/402; 403; MIL; | | |
| 25:17-18 | 401/402; 403; MIL; | | |
| 27:1-5 | 401/402; 403; MIL; | | |
| 29:14-30:5 | 401/402; 403; MIL; | | |
| 30:8-9 | 401/402; 403; MIL; | | |
| 30:14-21 | 401/402; 403; MIL; | | |
| 30:25-31:1 | 401/402; 403; MIL; | | |
| 32:20-24 | 401/402; 403; MIL; OS | | |
| 33:2 | 401/402; 403; MIL; OS | | |
| 33:4-6 | 401/402; 403; MIL; OS | | |
| 33:10 | 401/402; 403; MIL; OS | | |
| 35:15 | 401/402; 403; MIL; OS | | |
| 35:18-36-3 | 401/402; 403; MIL; OS | | |
| 36:6-9 | 401/402; 403; MIL; OS | | |
| 36:12-14 | 401/402; 403; MIL; OS | | |

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 1 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 36:17-37:1 | 401/402; 403; MIL; remove atty speech (21-22, 24); Arg | | |
| 37:4-7 | 401/402; 403; MIL | | |
| 42:5-9 | 401/402; 403; | | |
| 42:11-24 | 401/402; 403; | | |
| 43:3 | 401/402; 403; | | |
| 43:5-8 | 401/402; 403; | | |
| 43:12 | 401/402; 403; | | |
| 43:14-15 | 401/402; 403; | | |
| 43:17-21 | 401/402; 403; | | |
| 44:15 | 401/402; 403; MIL; OS | | |
| 44:19-22 | 401/402; 403; MIL; OS | | |
| 45:1-2 | 401/402; 403; MIL; OS | | |
| 45:4-9 | 401/402; 403; MIL; OS | | |
| 45:13-16 | 401/402; 403; MIL; OS | | |
| 46:5-9 | 401/402; 403; MIL; OS | | |
| 46:16-17 | | | |
| 46:19 | | | |
| 46:22 | | | |
| 48:24-25 | 401/402; 403; MIL; OS | | |
| 51:3-14 | | | |
| 51:19-22 | | | |
| 54:22-55:4 | 401/402; 403; | | |
| 55:7-8 | 401/402; 403; MIL; OS | | |
| 55:12-18 | 401/402; 403; MIL; OS | | |
| 55:21-56:24 | 401/402; 403; MIL; OS | | |
| 57:2-7 | 401/402; 403; MIL; OS | | |
| 57:9-10 | 401/402; 403 | | |
| 60:1-7 | | | |
| 60:9-10 | | | |

2

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 1 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 62:5-13 | 401; 403; OS | | |

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 2 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections to Counters |
| 4:1-17 | | | | |
| 5:9-13 | | | | |
| 7:7-15 | | | 7:16-17 | |
| 7:18-20 | | | | |
| 7:23-8:6 | | | | |
| 8:10-25 | | | | |
| 9:4 | | | | |
| 9:9-12 | | | 9:14-15 | |
| 9:16-19 | | | | |
| 11:18-13:13 | | | | |
| 13:19-22 | | | 14:3-15; 16:9-24 | Improper Counter, 1002 |
| 18:23-19-23 | | | | |
| 20:8-18 | | | | |
| 21:6-17 | | | | |
| 22:11-24:8 | | | 31:18-32:10; 32:15-33:18; 34:1-14; 35:3-8; 35:25-36:3; 36:7-8; 36:10-37:12. | Improper Counter, 1002 |
| 24:11-21 | | | | |
| 24:25-25:6 | | | | |
| 26:1-27:14 | | | | |
| 28:12-20 | | | | |
| 29:3-25 | | | | |

ACTIVE/99152219.1

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 2 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections to Counters |
| 30:24-31:9 | | | | |
| 31:12-16 | | | | |
| 31:18-25 | | | | |
| 32:14-34:1 | | | | |
| 34:4-7 | | | | |
| 34:9-17 | | | | |
| 34:24-35:2 | | | | |
| 35:4-35:12 | | | | |
| 35:14-17 | | | | |
| 35:19-36:17 | | | | |
| 36:23-37:1 | | | | |
| 37:3-38:16 | | | 38:25-39:3; 39:8-22;40:1-3; 40:6-17 | Improper Counter, 401/402, 403, 802, 1002, MIL |
| 40:18-42:5 | | | | |
| 42:9-45:16 | | | 56:4-8; 56:13-57:23: 58:3-7; 58:11-14; 58:21-59:24; 60:2-4; 62:20-63:11; 67:14-22; 69:13-25; 70:24-71:3; 71:6-11; 71:23-73:7; 73:11-73:20 | Improper Counter, 401/402, 403, 802, 1002, MIL |
| 45:20-46:3 | | | | |
| 47:5-8 | | | | |
| 47:10-19 | | | 56:4-8; 56:13-57:23: 58:3-7; 58:11-14; 58:21-59:24; 60:2-4; 62:20-63:11; 67:14-22; 69:13-25; 70:24-71:3; 71:6-11; 71:23-73:7; 73:11-73:20 | Improper Counter, 401/402, 403, 802, 1002, MIL |
| 49:16-50:6 | | | 56:4-8; 56:13-57:23: | Improper Counter, |

4

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 2 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections to Counters |
| | | | 58:3-7; 58:11-14; 58:21-59:24; 60:2-4; 62:20-63:11; 67:14-22; 69:13-25; 70:24-71:3; 71:6-11; 71:23-73:7; 73:11-73:20 | 401/402, 403, 802, 1002, MIL |

| 2Wire's Deposition Designation of Abha Divine 9-13-18 – Part 3 | | | |
|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations |
| 4:21-25 | 401/402; 403; MIL | | |
| 5:11-21 | 401; 403; MIL; OS; Legal Concl; F | | |
| 12:12-17 | 401; 403; MIL; OS; Legal Concl; F | | |
| 12:23-13:1 | 401; 403; MIL; OS; Legal Concl; F | | |
| 13:5-12 | 401; 403; MIL; OS; Legal Concl; F | | |
| 13:16-19 | 401; 403; MIL; OS; Legal Concl; F | | |
| 96:5-7 | 401; 403; MIL; OS | | |
| 96:10 | 401; 403; MIL; OS | | |
| 96:12-17 | 401; 403; MIL; OS | | |
| 96:20-22 | 401; 403; MIL; OS | | |

ACTIVE/99152219.1

# EXHIBIT B

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designation of Marcos Tzannes – September 10 and 11, 2018 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objections to Counters |
| 9:6-19 | | | | |
| 11:12-18 | | | | |
| 20:11-22:4 | | | | |
| 25:20-26:7 | | | | |
| 31:19-33:4 | | | | |
| 36:4-37:9 | OS | | | |
| 40:7-41:10 | | | | |
| 49:2-9 | OS | | | |
| 49:16-50:15 | OS | | | |
| 50:19-51:2 | | | | |
| 51:22-52:12 | OS | | | |
| 55:18-56:10 | OS | | | |
| 57:4-18 | | | | |
| 59:14-62:21 | OS | | | |
| 63:11-64:19 | OS, 401/402, 403 | | | |
| 67:6-14 | OS | | | |
| 68:14-19 | | | | |
| 70:16-72:5 | OS, 401/402, 403 | | | |
| 73:14-77:6 | OS | | 77:7-17 | 401/402, 403 |
| 77:18-79:10 | OS | | | |
| 79:18-24 | | | | |
| 81:17-82:1 | | | | |
| 86:22-23 | | | 86:18-21, 86:24-87:5 | Improper Counter, 401/402, 403, 802 |
| 87:8-12 | | | 87:13-88:25 | Improper Counter, 401/402, 403, 802 |

| 2Wire's Deposition Designation of Marcos Tzannes – September 10 and 11, 2018 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objections to Counters |
| 89:6-90:14 | | | 90:15-24 | 401/402, 403 |
| 91:21-92:5 | | | | |
| 92:12-14 | | | | |
| 94:12-15 | | | | |
| 104:2-22 | | | | |
| 150:2-9 | | | | |
| 150:17-151:19 | | | | |
| 153:18-154:3 | | | | |
| 154:18-25 | OS | | | |
| 156:2-4 | | | 155:10, 155:14 – 156:7, 156:10 – 157:9 | Improper Counter, 401/402, 403, 802 |
| 160:4-22 | | | | |
| 161:2-9 | | | 161:10-16 | 401/402, 403 |
| 162:6-18 | | | 161:17 – 162:5 | Improper counter, 401/402, 403 |
| 164:9-17 | | | | |
| 249:16-250:1 | | | 248:19 – 249:15 | |
| 250:11-251:5 | | | 250:2-10 | |
| 251:10-22 | OS | | 251:23 – 252:2 | 401/402, 403 |
| 252:3-11 | OS | | | |
| 253:17-255:17 | OS | | | |
| 264:1-10 | | | | |
| 274:5-12 | | | | |
| 280:2-25 | 401/402, 403 | | | |
| 294:11-20 | OS | | 294:21 – 295:4 | 401/402, 403, 802 |
| 295:5-15 | OS | | 295:16 – 295:23 | 401/402, 403, 802 |
| 295:24-296:8 | OS | | 296:9 – 296:19 | 401/402, 403, 802 |
| 296:20-298:1 | OS | | 298:5-9, 29812 – 298:21 | 401/402, 403, 802 |
| 304:4-14 | OS | | 303:7-303:2 | 401/402, 403, OS |

ACTIVE/99235728.1

| 2Wire's Deposition Designation of Marcos Tzannes – September 10 and 11, 2018 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objections to Counters |
| 404:13-406:7 | OS | | | |

# EXHIBIT C

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designations of ▮▮▮▮▮▮▮▮▮ | | | | | | |
|---|---|---|---|---|---|---|
| Designations | TQ Delta's Objections(s) | Ruling | TQ Delta's Counter-Designations | 2Wire's Objections | Ruling | 2Wire's Reply Designations |
| 11:1-4 | | | | | | |
| 11:10-12:11 | | | | | | |
| 12:12-13:3 | | | 13:4 | | | |
| 17:22-20:24 | | | | | | |
| 21:4-22:11 | | | 22:6-12 | 401/402, 403 | | |
| 25:24-26:11 | | | 26:12-23, 27:16-28:1 | 401, 402, 403, 802, 901 | | 28:2-7 |
| 34:11-12 | | | 34:2-3 | | | |
| 49:19-22 | | | 50:17-50 | Incomplete Designation, 401, 402, 403, 802, 901 | | 51:1-4 |
| 51:6-18 | | | | | | |
| 73:24-74:5 | | | | | | |
| 74:12-75:6 | | | | | | |
| 75:10-19 | | | | | | |
| 99:22-25 | | | | | | |
| 100:4-10 | | | 95:4-9, 97:20-98:9, 100:12-101:11 | Improper Counter-Designation 401, 402, 403, 802, 901, F, OS | | |
| 110:12-111:2 | 401 | | | | | |
| 118:9-119:19 | | | 306:21-307:1, 298:1-304:25, 127:18-128:2 | Improper Counter, 401/402, 403, 802, OS, | | |

| 2Wire's Deposition Designations of ████████████ | | | | | | |
|---|---|---|---|---|---|---|
| Designations | TQ Delta's Objections(s) | Ruling | TQ Delta's Counter-Designations | 2Wire's Objections | Ruling | 2Wire's Reply Designations |
| 120:11-121:10 | | | 306:21-307:1, 298:1-304:25, 127:18-128:2 | | | |
| 124:11-127:2 | | | 306:21-307:1, 298:1-304:25, 127:18-128:2 | Improper Counter-Designation, 401, 402, 403, 802, 901, F | | |
| 131:25-132:24 | | | 132:25-134:8 | 401, 402, 403 | | |
| 134:9-136:13 | | | | | | |
| 136:15-24 | | | | | | |
| 137:2-11 | | | | | | |
| 137:15-138:9 | | | | | | |
| 139:19-140:15 | | | | | | |
| 140:17-24 | | | 141:22-25, 142:2-4 | 401, 402, 403 | | |
| | | | 143:15-144:10 | Improper Counter-Designation, 401, 402, 403, 802, 901, F | | |
| 146:24-147:9 | 401 | | | | | |
| 171:3-16 | 401, 402, 403 | | | | | |
| 171:18-172:13 | 401, 402, 403 | | | | | |
| 172:15-25 | 401, 402, 403 | | | | | |
| 173:8-20 | 401, 402, 403 | | | | | |
| 174:3-13 | 401, 402, 403 | | | | | |
| 184:1-21 | 401, 402, 403 | | | | | |
| 201:11-202:1 | 401, 402, 403 | | 198:10-11; 198:13-199:15 | Improper Counter-Designation, | | 199:15-17; 199:19-200:13 |

2

| 2Wire's Deposition Designations of ████████████ | | | | | | |
|---|---|---|---|---|---|---|
| Designations | TQ Delta's Objections(s) | Ruling | TQ Delta's Counter-Designations | 2Wire's Objections | Ruling | 2Wire's Reply Designations |
| | | | | 401, 402, 403, 802, 901, F | | |
| 219:12-15 | | | 219:7-9 | | | |
| 219:18-20 | | | | | | |
| 220:9-221:3 | | | | | | |
| 221:5-11 | | | | | | |
| 221:13-222:10 | | | | | | |
| 222:12-223:4 | | | | | | |
| 223:6-25 | | | | | | |
| 225:24-226:3 | | | | | | |
| 226:6-12 | | | | | | |
| 226:15-227:9 | | | | | | |
| 242:11-243:15 | | | | | | |
| 283:11-15 | | | | | | |
| 285:20-286:3 | | | | | | |
| 312:3-5 | 401, 402, 403 | | | | | |
| 312:7-12 | 401, 402, 403 | | | | | |
| 312:14-314:16 | 401, 402, 403 | | 306:21-307:1, 298:1-304:25, 127:18-128:2 | Incomplete Counter-Designation, Improper Counter-Designation, 401, 402, 403, 802, 901, F | | |
| | | | 306:21-307:1 | Improper Counter-Designation, | | |

3

| 2Wire's Deposition Designations of ▆▆▆▆▆▆▆▆▆▆ | | | | | | |
|---|---|---|---|---|---|---|
| Designations | TQ Delta's Objections(s) | Ruling | TQ Delta's Counter-Designations | 2Wire's Objections | Ruling | 2Wire's Reply Designations |
| | | | | 401, 402, 403, 901, F | | |
| 317:22-25 | F | | | | | |
| 318:2-319:1 | | | 322:16-20 | Improper Counter-Designation, 401, 402, 403 | | |
| 325:9-326:13 | F | | | | | |
| 412:22-24 | Relevance 401, 402 | | | | | |
| 413:1-8 | Relevance 401,402 | | | | | |
| 424:25-425:1 | 702 | | | | | |
| 425:3-15 | 702 | | | | | |
| 425:17-426:21 | 702 | | | | | |
| 426:23-427:8 | 702 | | | | | |
| 427:10-16 | 702, foundation, form leading | | 427:17 | 401, 402, 403, NE | | |
| 427:18-428:5 | | | 428:6-12; | | | |
| | | | 428:17-18; | | | 428:14-15 |
| | | | 428:20-25. | | | 428:1-430:2 |
| 428:6-430:2 | | | 431:12-436:6 | 401/402, 403, Improper counter, | | 437:7-14 |
| 430:3-9 | 401, 402, 403 | | | | | |
| 430:11-431:11 | 401, 402, 403 | | | | | |
| 435:1-3 | | | | | | |
| 435:5-436:2 | 401, 402, 403, 702 | | | | | |

4

| 2Wire's Deposition Designations of ▇▇▇▇▇▇▇▇▇▇ | | | | | | |
|---|---|---|---|---|---|---|
| Designations | TQ Delta's Objections(s) | Ruling | TQ Delta's Counter-Designations | 2Wire's Objections | Ruling | 2Wire's Reply Designations |
| 436:4-8 | | | | | | |
| 436:10-18 | | | | | | |
| 436:20-437:5 | 802, F | | 34:2:3 | Improper Counter-Designation, 401/402, 403 | | |
| 437:7-8 | 802, F | | 34:2-3 | Improper Counter-Designation, 401/402, 403 | | |

ACTIVE/99146535.3

# EXHIBIT D

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designations of Christopher W. Cahill - 11-29-17 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections to Counters | Reply Designations |
| 6:21-7:4 | | | | | |
| 9:15-22 | | | | | |
| 17:24-18:15 | | | | | |
| 18:22-19:13 | | | | | |
| 22:9-22 | | | | | |
| 23:8-24:25 | | | 24:25 – 25:4 | 401/402, 403 | |
| 25:12-15 | | | | | |
| 26:3-6 | | | | | |
| 26:23-27:9 | | | | | |
| 30:22-24 | | | | | |
| 31:15-25 | | | | | |
| 35:2-12 | | | | | |
| 51:21-52:8 | 401-402, 403 | | | | |
| 53:14-54:4 | | | 54:5-8 | | |
| 56:11-21 | 401-402, 403 | | | | |
| 58:24-59:17 | 401-402, 403, Foundation | | | | |
| 61:19-25 | | | | | |
| 62:15-63:13 | 401-402, 403 | | | | |
| 63:20-64:12 | 401-402, 403 | | | | |
| 78:21-79:14 | | | 77:11 – 78:20 | 401/402, 403, F | |
| 91:18-93:15 | Foundation | | 93:16 – 94:2 | 401/402, 403, F | |
| 94:8-20 | Foundation | | 93:16 – 94:2 | 401/402, 403, F | |
| 99:13-18 | 401-402, 403 | | | | |

# EXHIBIT E

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designation of Edmund Reiter 1-30-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objection(s) to Counter Designations |
| 6:19-25 | | | | |
| 17:5-8 | | | | |
| 20:2-22:19 | | | | |
| 24:20-23 | | | | |
| 32:1-5 | | | 32:6-17 | 401/402, 403 |
| 32:18-34:1 | | | 34:2-14 | Improper Counter; 401/402, 403 |
| 34:17-36:3 | | | 36:4-18 | |
| 40:17-41:2 | 401/402, 403 | | | |
| 82:8-24 | 401/402, 403 | | 82:25 – 83:2 | Improper Counter; 401/402, 403, F |
| 83:3-16 | 401/402, 403 | | 83:17 – 84:13 | Improper Counter; 401/402, 403, F |
| 84:14-84:13 | 401/402, 403 | | | |
| 86:10-17 | 401/402, 403 | | | |
| 87:11-22 | 401/402, 403 | | | |
| 89:2-90:12 | 401/402, 403 | | 90:13 – 91:4 | 401/402 |
| 91:5-25 | 401/402, 403 | | 92:1-7 | Improper Counter; 401/402, 403, F |
| 93:8-20 | 401/402, 403 | | | |
| 94:11-96:17 | 401/402, 403 | | | |
| 98:2-100:23 | 401/402, 403 | | | |
| 102:6-19 | 401/402, 403 | | | |
| 109:19-112:9 | 401/402, 403 | | 109:6-18 | Improper Counter; 401/402, 403 |
| 128:10-129:5 | | | 129:6-18 | 401/402, F |
| 129:19-130:7 | | | | |

| 2Wire's Deposition Designation of Edmund Reiter 1-30-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objection(s) to Counter Designations |
| 130:15-132:23 | | | | |
| 133:8-134:12 | | | 134:15-23 | |
| 134:24-135:16 | | | 135:16 – 135:17 | |
| 136:18-137:10 | | | | |
| 145:3-9 | 401/402, 403 | | | |
| 146:21-147:3 | | | | |
| 150:5-25 | | | | |

2

# EXHIBIT F

2Wire's Preliminary Deposition Designations – Family 2

| 2Wire's Deposition Designation of Mark Roche 9-12-2018 and 12-4-2018 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections to Counters |
| 8:2-4 | | | | |
| 8:14-9:2 | | | | |
| 9:17-10:5 | | | 12:17-22 | 401/402, 403 |
| 10:12-11:10 | | | 11:11-12:1 | 401/402, 403 |
| 13:9-16:23 | | | | |
| 18:24-19:23 | | | 20:10-23; 21: 3-5 | 401/402, 403 |
| 27:6-17 | MIL, 401/402, 403 | | 22:3-21; 23:13-21 | 401/402, 403, improper counter |
| 28:12-16 | MIL, 401/402, 403 | | | |
| 29:8-16 | MIL, 401/402, 403 | | | |
| 29:24-30:15 | MIL, 401/402, 403 | | | |
| 30:23-31:4 | MIL, 401/402, 403; remove objs | | | |
| 33:16-22 | MIL, 401/402, 403 | | | |
| 34:6-35:14 | MIL, 401/402, 403 | | 35: 15-18 | 401/402, 403, improper counter |
| 45:13-46:3 | 401/402; 403 (remove obj) | | | |
| 51:23-52:6 | MIL, 401/402, 403 | | | |
| 52:22-24 | MIL, 401/402, 403 | | | |
| 54:20-55:14 | MIL, 401/402, 403 | | | |
| 59:5-21 | MIL, 401/402, 403 | | | |
| 68:20-70:3 | MIL, 401/402, 403 | | | |
| 111:7-11 | | | | |
| 119:2-121:5 | MIL, 401/402, 403 | | 121:6-17; 187-188:19 | 401/402, 403, Improper counter |
| 237:15-238:1 | | | | |
| 242:7-243:7 | 401/402; 403 | | | |

| 2Wire's Deposition Designation of Mark Roche 9-12-2018 and 12-4-2018 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections to Counters |
| 245:1-6 | 401/401; 403 | | | |

ACTIVE/99162083.2

# EXHIBIT G

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designation of Kevin Russell 4-17-2018 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objection(s) to Counters | Reply Designations |
| 6:18-7:17 | | | | | |
| 8:24-9:6 | | | | | |
| 13:23-14:3 | | | | | |
| 15:24-16:8 | | | | | |
| 17:13-18:20 | Foundation | | | | |
| 20:10-22:10 | 401-402, 403 | | | | |
| 23:17-27:8 | 401-402, 403 | | 27:9-15 | 401/402, 403 | |
| 27:25-28:19 | 401-402, 403, Foundation | | | | |
| 35:22-36:10 | | | | | |
| 39:1-18 | | | | | |
| 67:3-68:14 | 401-402, 403, Foundation | | | | |
| 127:10-129:18 | 401-402, 403, Foundation | | | | |
| 129:21-133:22 | 401-402, 403, Foundation | | | | |
| 133:25-139:6 | 401-402, 403, Foundation | | | | |
| 139:9-142:21 | 401-402, 403, Foundation | | | | |
| 142:24-145:17 | 401-402, 403 | | | | |
| 149:3-153:14 | 401-402, 403, Foundation | | | | |
| 153:17-154:16 | 401-402, 403, Foundation | | | | |
| 169:5-17 | 401-402, 403 | | | | |

| 2Wire's Deposition Designation of Kevin Russell 4-17-2018 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objection(s) to Counters | Reply Designations |
| 170:1-11 | 401-402, 403 | | | | |
| 171:22-174:12 | 401-402, 403, Foundation | | | | |
| 174:19-176:9 | 401-402, 403, Foundation | | | | |
| 176:12-178:3 | 401-402, 403, Foundation | | | | |
| 178:8-25 | 401-402, 403, Foundation | | | | |
| 180:3-182:11 | 401-402, 403 | | | | |

ACTIVE/99166756.2

# EXHIBIT H

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designations of Michael Tzannes 9-11-18 & 12-4-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections(s) to TQ Delta's Counter-Designations |
| 8:8-22 | | | | |
| 23:9-24:11 | | | | |
| 40:13-41:3 | 401-403 | | | |
| 47:13-25 | | | | |
| 59:4-60:3 | | | | |
| 62:12-64:20 | 401-403 | | | |
| 66:24-67:12 | | | | |
| 68:11-69:7 | 401-403 | | 66:16-23 | Improper Counter, 401/402, 403 |
| 72:8-77:5 | 401-403 | | 69:12 – 70:7 | Improper Counter, 401/402, 403 |
| 79:1-80:13 | 401-403 | | | |
| 82:7-83:3 | 401-403 | | | |
| 84:19-86:25 | 401-403 | | | |
| 89:13-90:8 | | | | |
| 97:10-12 | | | | |
| 107:4-108:8 | 401-403 | | 102:1 – 103:9 | 401/402, 403, Improper Counter |
| 137:5-138:21 | | | | |
| 141:3-143:5 | 401-403 | | | |
| 144:5-145:13 | 401-403 | | | |
| 146:12-23 | 401-403 | | | |
| 221:4-222:2 | 401-403 | | | |
| 225:20-226:21 | 401-403 | | | |
| 406:12-409:2 | 401-403 | | 409:3 – 410:11 | Improper Counter; 401/402, 403 |

| 2Wire's Deposition Designations of Michael Tzannes 9-11-18 & 12-4-18 | | | | |
|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter-Designations | Objections(s) to TQ Delta's Counter-Designations |
| 411:21-413:22 | 401-403 | | | |

ACTIVE/99016320.6

# EXHIBIT I

2Wire's Preliminary Deposition Designations

| 2Wire's Deposition Designation of Peter Heller, Ph. D. 2-8-2019 | | | | | |
|---|---|---|---|---|---|
| Designations | Objections(s) | Ruling | Counter Designations | Objection(s) to Counters | Reply Designations |
| 5:9-10 | | | | | |
| 6:9-17 | | | | | |
| 7:25-8:5 | | | | | |
| 10:10-11:1 | | | | | |
| 11:11-13:10 | | | 13:12-23 | | |
| 26:3-10 | | | | | |
| 26:25-27:8 | | | | | |
| 27:15-28:2 | | | | | |
| 29:6-15 | 401-403 | | | | |
| 33:19-34:21 | | | 34:22 – 35:6 | 401/402, 403 | |
| 36:20-37:6 | | | | | |
| 43:9-44:2 | 401-403 | | | | |
| 55:14-56:2 | 401-403, Foundation | | 56:3-5 and 56:8-12 | 401/402, 403 | 12:13-13:4 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# EXHIBIT 10

## (TQ Delta MIL No. 1)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TQ DELTA, LLC, | |
| Plaintiff, | C.A. No.   13-cv-1835-RGA |
| v. | |
| 2WIRE, INC., | |
| Defendant. | |

**PLAINTIFF TQ DELTA'S MOTIONS *IN LIMINE* No. 1 FOR FAMILY 2 TRIAL**

TQ Delta hereby submits the attached motion *in limine* to exclude disparaging and prejudicial comments about TQ Delta, TQ Delta's business model or practices, regarding TQ Delta's corporate structure, size, wealth, overall revenues, or number of employees, or relating to other litigations, litigation funding, investors, or TQ Delta's parent or related companies.

**Plaintiff's Motion in *Limine* No. 1**: TQ Delta moves *in limine* pursuant to FRE 401, 402, and 403 to preclude 2Wire from offering argument, evidence, or testimony disparaging TQ Delta's business model or practices, regarding TQ Delta's corporate structure, size, wealth, overall revenues, or number of employees, or relating to other litigations, litigation funding, investors, or TQ Delta's parent or related companies.

References to TQ Delta as a "patent troll," "non-practicing entity" and the like should be precluded as irrelevant and unduly prejudicial. Such terms have no bearing on 2Wire's infringement of TQ Delta's '881 patent or its validity. This Court has granted similar motions *in limine*. As one example, in *Intellectual Ventures LLC v. Xilinx, Inc*., this Court stated:

> There will be no reference to IV as a patent troll. There will be no other pejorative terms referring to IV or its business model and they will not be reference to IV litigation or license activity unrelated to the patent in suit. . . [t]here is no relevance to pejorative terms or any effort to denigrate either side's business practices including IV or no relevance to whatever impact on the economy or on innovation there may be from IV's business practice.

D.I. 622-1 (Transcript of Pretrial Conference) in Case No. 10-CV-1065-LPS (D. Del. Apr. 25, 2014), at p. 5 of 24. In *Xilinx*, this Court rightly noted that "to the extent there is any relevance, it is far outweighed by the risk of unfair prejudice and the likelihood of this trial devolving from what it should be, which is to focus on the infringement, the validity and the damages issues to a sideshow about I suppose current issues in patent litigation, patent reform." *Id.; see also Interdigital Communications Inc. v. Nokia Corp.,* No. 13-CV-00010-RGA, D.I. 339, at p. 2 (D. Del. Aug. 28, 2014); *Intellectual Ventures I LLC v. Symantec Corp.,* No. 10-CV-1067-LPS, D.I. 615, at p. 1 (D. Del. Jan. 6, 2015); *Personalized User Model, L.L.P., v. Google Inc.,* No. 09-CV-525-LPS, D.I. 606, at pp. 6-7 (D. Del. Feb. 27, 2014); *British Telecommunications PLC v. Google Inc.*, No. 11-CV-1249-LPS, D.I. 382, at pp.1-2 (D. Del. Jan. 23, 2014).

In related litigation, this Court warned against the use of disparaging remarks:

1

**THE COURT: . . .** ad hominem sorts of things don't really go too far, and so calling the other side a patent troll and calling the U.K. Court a troll friendly Court, that's not going to help you win. All right?

\*        \*        \*

. . . that's the kind of thing that you counsel your out-of-town-counsel not to say.

*TQ Delta, LLC v. Zyxel Communications, Inc.,* No. 13-CV-02013-RGA, D.I. 458, at 3:25-4:15

(D. Del. Dec. 19, 2017). It follows that 2Wire be precluded from using such terms as well.

This Court should also preclude any reference to TQ Delta's size, wealth, number of employees or overall revenue, as irrelevant to the issues in this case and unfairly prejudicial to TQ Delta. Recently, this Court granted-in-part a plaintiff's motion in *limine* to exclude evidence of the parties' size, wealth, and overall revenue stating that "[the defendant] is not permitted to denigrate Plaintiffs by painting a 'David and Goliath' scenario or [by] inflammatory terms characteriz[ing] Plaintiffs' size." *Alarm.com, Inc. v. Securenet Tech. LLC,* No. 15-cv-00807-RGA, D.I. 242 (D. Del. Jan. 23, 2019); *see also HTC Corp. v. Tech. Properties Ltd.,* No. 5:08-CV-00882, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) ("the probative value of evidence related to. . . size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice"). Similarly, TQ Delta's investors and litigation funding are irrelevant and would only to confuse the jury. *See Mondis Tech. Ltd. v. LG Elecs. Inc.,* No. 15-cv-04431, D.I. 429-1 (D.N.J. March 25, 2019) ("[Defendant] is precluded from referring to the investors or ownership of [plaintiff] or its parent company. . . ."). Nor does TQ Delta's corporate relationship with other entities have any bearing on any issue in this case.

Just as irrelevant and prejudicial is evidence that TQ Delta has not commercialized the asserted patent. Infringement "is determined by comparing an accused product not with. . . a commercialized embodiment. . . but with the. . . claims." *SRI Int'l v. Matsushita Elec. Corp.,* 775 F.2d 1107, 1121 (Fed. Cir. 1985). Argument and evidence that TQ Delta, or the prior patent owners, has not commercialized a product embodying the patents or that TQ Delta should

2

recover less because of a lack of commercialization, will confuse or mislead the jury into thinking that such efforts are required for the patents to be valid and infringed. *See Mondis,* No. 15-cv-04431, D.I. 429-1 ("[defendant]. . . may not argue that there is something wrong with [a licensing] business model or [plaintiff] because it does not make a product."). Likewise, testimony about the circumstances surrounding the purchase of the patents by TQ Delta and the purchase price is not relevant, and is likely to cause confusion about damages. Notably, TQ Delta would not have been a party to the hypothetical negotiation—so its business details have no bearing whatsoever on any issue in this case.

Finally, with the exception of certain licenses, arguments and evidence that TQ Delta has asserted other patents in other cases should be precluded as irrelevant and as distracting and misleading to the jury. *See British Telecommunications*, No. 11-1249-LPS (D. Del. Jan. 23, 2014), D.I. 382 (excluding evidence of other litigation); *ICU Med., Inc. v. RyMed Techs., Inc.,* 752 F. Supp. 2d 486, 490 (D. Del. 2010); *Cordis Corp. v. Medtronic Vascular, Inc*., No. 97-550-SLR, 2005 WL 885381, at *5 (D. Del. Feb. 28, 2005) (precluding reference to "any prior proceedings, trials, verdicts, judgments, decisions, or rulings"). This Court has instructed that evidence of prior lawsuits is "generally inadmissible." *See Johns Hopkins Univ. v. Alcon Labs. Inc.,* No. 15-CV-525, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018); *Alarm.com,* No. 15-CV-00807-RGA, D.I. 242 (precluding reference to prior litigation); *Sonos, Inc. v. D&M Holdings Inc.,* No. 14-CV-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) (same).

TQ Delta will limit its trial presentation to the merits of the case, presenting itself as a patent owner alleging infringement of valid patents to protect its intellectual property rights. 2Wire should likewise limit its trial presentation to the merits, and should be prohibited from using argument, evidence, or testimony characterizing TQ Delta or its business model.

Dated: April 1, 2019                  Respectfully submitted,
FARNAN LLP


/s/     *James P. Murphy*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

**2WIRE, INC.'S OPPOSITION TO TQ DELTA LLC'S**
**MOTION *IN LIMINE* NO. 1 FOR FAMILY 2**

## I.    INTRODUCTION

TQ Delta's Motion *in Limine* No. 1 for Family 2 is effectively four separate motions.  It seeks to preclude 2Wire from referencing at trial:  (1) TQ Delta as a patent troll, non-practicing entity, and the like; (2) TQ Delta's size, wealth, number of employees, or overall revenue; (3) the fact that TQ Delta has not commercialized the asserted patent; and (4) the fact that "with the exception of certain licenses, arguments and evidence that TQ Delta has asserted other patents in cases."  *See generally*, TQ Delta's Motion *in Limine* No. 1.  As an initial matter, 2Wire has no intention of (1) referring to TQ Delta as a "patent troll" or using other pejorative terms to refer to TQ Delta during trial, or (4) referring to the fact that TQ Delta has or is asserting patents that are not asserted against 2Wire in other litigations.  These aspects of TQ Delta's motion should be denied as moot.  However, TQ Delta's Motion *in Limine* No. 1 goes too far by seeking to preclude introduction of relevant and objective facts about the nature of TQ Delta and its business.

## II.    ARGUMENT

TQ Delta cannot present itself to the jury in a vacuum.

As an initial matter, the jury entitled to know that TQ Delta does not develop products, but instead is a licensing entity that does not practice the patents it seeks to license.  *Personalized User Model, L.L.P. v. Google, Inc.*, No. 09--525, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (holding that defendant can present necessary background information).  Indeed, courts have generally permitted defendants to reference such facts.  *See also HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-cv-00882, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (permitting HTC to use

neutral language to describe a licensing entity);[1] *Inventio AG v. Thyssenkrupp Corp.*, C.A. No. 08-874-RGA, D.I 612 (D. Del. Jan. 9, 2015) (Pretrial Hearing Tr.), at 42:24-43:5 (denying *in limine* motion as moot following defendant's representation that it did not intend to refer to the plaintiff as a "patent troll" and not precluding defendant from referring to plaintiff as a non-practicing entity); *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) ("Adobe may, however, describe the nature of Digital Reg's business with **neutral, strictly factual terms**, such as . . . a 'company that does not make anything,' a 'company that does not sell anything,' or 'licensing entity.'") (emphasis added). Moreover, as one recent order found, not only could defendants refer to plaintiffs as a licensing enterprise, but they were also permitted to ask plaintiffs' witness "what [the witness'] business [was] as general background and [to] inquire, without overemphasis, how [the witness'] business makes money, which [was] by licensing patents, and if people [did] not accept licenses, by initiating litigation[.]" *Mondis Technology Ltd. et al v. LG Electronics Inc.*, *et al.*, C.A. No. 2:15-cv-04431-SRC-CLW, D.I. 432 (D.N.J. Mar. 26, 2019) (Order Regarding the Parties' *Motions In Limine*), at ¶ 7. These decisions demonstrate that true and correct descriptions of the licensing entity business model are admissible. Likewise, they are accurate when applied to TQ Delta, and may therefore be used at trial by 2Wire.

Moreover, the nature of TQ Delta's business, including its business tactics and the size of the company—which demonstrate that TQ Delta is in fact a licensing entity—is plainly relevant

---

[1] The *HTC* court also granted a motion *in limine* seeking to exclude testimony or evidence related to HTC's size, wealth, or overall revenue. *HTC Corp.*, 2013 WL 4782598, at *6. However court specifically noted that that the size or revenue of a company could not be used "**as a check to confirm the reasonableness of a jury award**", *id.*(emphasis added), which is not at issue in TQ Delta's Motion *in Limine* No. 1 or in this trial.

at least to rebutting TQ Delta's arguments regarding the commercial success of the asserted Family 2 patent. *See Personalized User Model*, 2014 WL 807736, at *3.[2]

Finally, TQ Delta identifies no basis for precluding the fact that it has not commercialized the asserted patent. This is relevant at least to rebutting TQ Delta's secondary inidicia of non-obviousness, including any evidence on commercial success. *See Personalized User Model*, 2014 WL 807736, at *3 (holding that where patentee relied on accused infringer's commercial success as an indicia of non-obviousness, the accused infringer could rely on the patentee's lack of commercial success). In its brief, TQ Delta cites to *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985), which does not address the issue raised in TQ Delta's Motion *in Limine* No. 1. TQ Delta has identified no basis for excluding this relevant and undisputed fact of the nature of its business.

## III.     CONCLUSION

For the reasons set forth above, TQ Delta respectfully requests this Court deny TQ Delta's Motion *in Limine* No. 1 to the extent that it seeks to preclude 2Wire from using appropriate and neutral descriptions of TQ Delta's business.

---

[2] TQ Delta's business model is also relevant at least as to damages and determining a reasonable royalty, which are to be decided in later stages of this litigation. *See, e.g.*, *Digital Reg of Texas*, 2014 WL 4090550, at *12 ("Digital Reg's status as a non-practicing entity is relevant to damages."); *Invention AG*, C.A. No. 08-874-RGA, D.I 612, at 42:13-17 (court stating "[a]nd at some point along the lines, there will probably be some testimony about the fact that you are, what I believe, a patent holding subsidiary of [a company] and that may be relevant to reasonably royalty damages"); *Intellectual Ventures I LLC v. Symantec Corp.*, No. CV10-1067-LPS, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (permitting defendant "to present argument and evidence that [plaintiff] does not practice the patents-in-suit, which is relevant to damages").

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | |
| Plaintiff, | C.A. No.   13-cv-1835-RGA |
| v. | |
| 2WIRE, INC., | |
| Defendant. | |

### PLAINTIFF TQ DELTA'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* No. 1 FOR FAMILY 2 TRIAL

TQ Delta hereby submits the attached Reply Brief in support of its motion *in limine* to exclude disparaging and prejudicial comments about TQ Delta, TQ Delta's business model or practices, regarding TQ Delta's corporate structure, size, wealth, overall revenues, or number of employees, or relating to other litigations, litigation funding, investors, or TQ Delta's parent or related companies.

**Plaintiff's Reply in Support of its Motion in *Limine* No. 1**: As an initial matter, 2Wire agrees (A) not to refer to TQ Delta as a "patent troll" or by any other pejorative terms; and (B) not to refer to the fact that TQ Delta has or is asserting other patents in other litigations.

2Wire, however, argues that "the jury is entitled to know that TQ Delta does not develop products, but instead is a licensing entity that does not practice the patents it seeks to license." But those matters have no relevance where the only issues in this trial are infringement and validity.[1] 2Wire's cited case law is distinguishable because damages were an issue in those cases.[2] 2Wire's own cited case law states that a "[defendant]. . . may not argue that there is something wrong with [a licensing] business model or [plaintiff] because it does not make a product." *Mondis Tech. v. LG Elecs. Inc.,* No. 15-cv-04431, D.I. 429-1 (D.N.J. March 25, 2019).

Further, 2Wire's argument that TQ Delta's business tactics and size are allegedly relevant to rebutting commercial success fails because TQ Delta has never asserted that it attempted to commercialize the '881 patent. *See PUM,* 2014 WL 807736, at *3 (defendant may rebut commercial success with "[e]vidence showing that [plaintiffs] were not successful at the time they owned the patents-in-suit"). 2Wire has also failed to demonstrate that TQ Delta's size, wealth, number of employees, overall revenue, or lack of commercialization of the '881 patent are relevant to infringement or validity. TQ Delta's motion in *limine* should be granted.

---

[1] 2Wire's argument that TQ Delta's business model is relevant to damages is moot. D.I. 1043.

[2] In *Digital Reg. of Texas v. Adobe Sys.,* No. 12-CV-1971, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014), the court allowed the defendant to refer to the plaintiff's business with "neutral, strictly factual terms," because it was "relevant to damages and the *Georgia-Pacific* factors." *Id.* at *12 (citing *HTC Corp. v. Tech. Prop. Ltd.,* 08-CV-00882, 2013 WL 4782598, at *3-*4 (N.D. Cal. Sept. 6, 2013) (also cited by 2Wire)). In *PUM v. Google,* No. 09-CV-525, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014), the Court allowed the defendant to introduce "necessary background information," out of <u>fairness</u> because the plaintiff had already committed to introducing such information. Moreover, 2Wire even acknowledges that, in *HTC Corp.,* the defendant was precluded from referencing the plaintiff's size, wealth or overall revenues, the court stating that "the probative value. . . is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury." 2013 WL 4782598, at *6.

Dated: April 10, 2019                    Respectfully submitted,
                                         FARNAN LLP


                                         /s/      *James P. Murphy*
                                         Brian E. Farnan (Bar No. 4089)
                                         Michael J. Farnan (Bar No. 5165)
                                         919 North Market Street, 12th Floor
                                         Wilmington, DE 19801
                                         (302) 777-0300
                                         (302) 777-0301 (Fax)
                                         bfarnan@farnanlaw.com
                                         mfarnan@farnanlaw.com


                                         Peter J. McAndrews (admitted *pro hac vice*)
                                         Thomas J. Wimbiscus (admitted *pro hac vice*)
                                         James P. Murphy (admitted *pro hac vice*)
                                         Paul W. McAndrews (admitted *pro hac vice*)
                                         Anna M. Targowska (admitted *pro hac vice*)
                                         Rajendra A. Chiplunkar (admitted *pro hac vice*)
                                         McAndrews, Held & Malloy, Ltd
                                         500 West Madison Street, 34th Floor
                                         Chicago, IL 60661
                                         (312) 775-8000
                                         (312) 775-8100 (Fax)
                                         pmcandrews@mcandrews-ip.com

                                         *Counsel for Plaintiff TQ Delta, LLC*

# EXHIBIT 11

## (TQ Delta MIL No. 2)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | |
| Plaintiff, | C.A. No.   13-cv-1835-RGA |
| v. | |
| 2WIRE, INC., | |
| Defendant. | |

## <u>PLAINTIFF TQ DELTA'S MOTIONS *IN LIMINE* No. 2 FOR FAMILY 2 TRIAL</u>

TQ Delta hereby submits the attached motion *in limine* to preclude 2Wire from presenting evidence or argument on invalidity theories, prior art references, or background references that were not relied upon by its expert, Dr. Jacobsen, in her expert reports.

**Plaintiff's Motion in *Limine* No. 2:** TQ Delta moves *in limine* pursuant to FRE 401, 402, and 403 to preclude 2Wire from presenting evidence or argument on invalidity theories that its expert, Dr. Krista Jacobsen, did not explicitly disclose in her expert reports.  To prevent unfair surprise, 2Wire and Dr. Jacobsen should be restricted to using the prior art discussed in Dr. Jacobsen's reports, and only for the purpose for which it was disclosed.  For example, if Dr. Jacobsen only discusses a reference a background, it should only be used at trial for background and not as a basis for an anticipation or obviousness theory.

On March 29, 2019, 2Wire submitted a Notice pursuant to 35 U.S.C. § 282 (Exhibit 1 attached hereto), including numerous references that were not relied upon by Dr. Jacobsen in her expert reports. *See* Exhibit 2 attached hereto. 2Wire filed its Section 282 Notice only 30 days before trial is set to begin, nearly 6 months after the close of fact discovery, and nearly 5 months after providing its opening expert report on invalidity. *See* D.I. 513. Notably, 2Wire's Notice does not even disclose whether it intends to use the listed prior art references for purposes of arguing invalidity or as background references. Regardless, 2Wire should be precluded from introducing these references, or any other references, that Dr. Jacobsen did not opine on in her expert reports because 2Wire's eleventh-hour disclosure (1) would circumvent this Court's Scheduling Order and Rule 26 expert disclosures, and (2) is unduly prejudicial to TQ Delta.

Section 282 of the Patent Act provides, in relevant part:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial. . . of any publication to be relied upon as anticipation of the patent in suit or. . . as showing the state of the art.

35 U.S.C. § 282.

In *ATD Corp. v. Lydall, Inc.,* the Federal Circuit made clear that Section 282 does not trump the Federal Rules of Civil Procedure or the Court's Scheduling Order:

> [W]hen the court has set and the parties have agreed to a discovery period, that procedure necessarily governs that trial. Thus, although §282 sets a minimum period for the identification of prior art to be introduced as evidence of anticipation, a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound.

159 F.3d 534, 550-551 (Fed. Cir. 1998). The Federal Circuit explained that the purpose of Section 282, like the Federal Rules of Civil Procedure, is to prevent unfair and prejudicial surprise, "not to facilitate last-minute product of evidence." *Id.*

In *Innogenetics, N.V. v. Abbott Labs.,* the Federal Circuit addressed an abuse of Section 282, affirming the exclusion of allegedly anticipatory prior art disclosed on the last day of discovery:

> This case aptly demonstrates the pitfalls of playing fast and loose with rules of discovery. Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process.

512 F.3d 1363, 1376, n. 4 (Fed. Cir. 2008). Section 282 is not a substitute for a party's compliance with the Federal Rules of Civil Procedure. Just like the alleged infringer in *ATD* and *Innogenetics,* 2Wire should not be allowed to use its Section 282 Notice to sneak in invalidity defenses that were not properly disclosed pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

TQ Delta is concerned that 2Wire will use its Section 282 Notice as a backdoor attempt to include previously undisclosed anticipation grounds. This is particularly problematic considering that the parties agreed, on February 13, 2019, that 2Wire would limit the prior art used for §102 or §103 purposes to the references cited for that purpose by Dr. Jacobsen in her expert report on invalidity. *See* Exhibit 3 (February 13, 2019 Email from Brett Schuman to Peter McAndrews). Dr. Jacobsen testified that her opening and reply reports on invalidity and her rebuttal report on infringement constitute all of her opinions regarding Family 2. *See* D.I. 743-6

(Jacobsen Dep. Tr. Feb. 5, 2019) at 205:6-206:3. Notably, the Section 282 Notice contains many references that not only were not relied on by Dr. Jacobsen for her invalidity opinions, but also were not even cited in the "Background of the Technology" section of her expert reports. At most, many of these references were only listed in Appendix B, "Materials Considered." Since Dr. Jacobsen did not rely on these references in her grounds for invalidity or as background information, 2Wire should be precluded from introducing them, or any others, at trial.

This Court should preclude 2Wire's belated attempt to include additional prior art references, as this would be unduly prejudicial to TQ Delta. By surprising TQ Delta with references that were not previously relied on in its expert reports, 2Wire places an impossible burden on TQ Delta and on the Court. TQ Delta and its experts would be required to analyze each of these references, and the numerous possible combinations, and do so without any explanation from 2Wire as to how the references allegedly suggest invalidity of the patent-in-suit. Even if 2Wire only intends to use the references as background information, the same problem results because TQ Delta had no notice of 2Wire position or Dr. Jacobsen's opinion on these references, and still has no notice regarding how such references are to be used. Thus, TQ Delta has no way of preparing to challenge these references at trial.

TQ Delta respectfully requests that 2Wire be precluded from (1) introducing invalidity theories that were not explicitly disclosed in Dr. Jacobsen's expert reports, (2) relying on background references for any purpose other than that explicitly disclosed by Dr. Jacobsen, and (3) relying on any prior art references that Dr. Jacobsen did not rely on in her expert reports.

Dated: April 1, 2019

Respectfully submitted,
FARNAN LLP


/s/      *James P. Murphy*

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

4

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COFURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 13-cv-1835-RGA |
| 2WIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>2WIRE, INC.'S NOTICE PURSUANT TO 35 U.S.C. § 282</u>

Defendant 2Wire, Inc. ("2Wire"), through its undersigned attorneys, makes the following disclosures pursuant to § 282 of Title 35 of the United States Code.  2Wire reserves the right to supplement these disclosures before or during trial consistent with the evidence presented, any new evidence, and 2Wire's trial exhibit list.  In addition to the materials below, 2Wire may rely upon any material considered or relied upon by any expert or mentioned in any expert report, appendix, materials considered section or deposition; any material referred to in any written discovery response or Rule 26 disclosure; any material discussed by any witness in any deposition in this case; any exhibit used at any deposition in this case; any exhibit listed on any trial exhibit list or amended trial exhibit list; any material listed in the parties' proposed final pretrial order or any exhibit attached therein; or any other material produced or disclosed that Plaintiff TQ Delta, LLC could reasonably consider may be relied upon by 2Wire.

2Wire previously disclosed to Plaintiff the identity of certain patents and publications within the scope of § 282 through invalidity contentions, pleadings, interrogatory responses, expert reports, and deposition testimony.  To the extent not listed below, 2Wire incorporates by reference these previously-disclosed patents and publications.  2Wire also incorporates by

reference the prosecution histories of the patents identified below.  To the extent not listed below, 2Wire also incorporates by reference each patent and publication listed on the face of U.S. Patent No. 7,453,881 (the "'881 patent") and/or identified in the prosecution history of the '881 patent.

2Wire may also rely on any persons who are identified in the Joint Final Pretrial Order as witnesses as being prior inventors or having prior knowledge of the invention or state of the art concerning the '881 patent.

Defendants reserve the right to amend or supplement this Notice to the extent the trial date is changed or to correct any inadvertent omissions.

## I.       Section 282 Patents

2Wire may rely on the following patents and published patent applications at trial, pursuant to § 282:

| Patent No. | Country | Date Issued or Published | Named Inventor(s) |
|---|---|---|---|
| 6,222,858 | U.S. | April 24, 2001 | Raymond C. Counterman |
| 6,956,872 | U.S. | October 18, 2005 | Igor Djokovic, Patrick Duvaut, Massimo Sorbara |
| WO 99/39468 | PCT | August 5, 1999 | Einar Edvardsen, Terje Edvard Ormhaug |
| 7,068,657 | U.S. | June 27, 2006 | Stefan Keller-Tuberg |

2

| Patent No. | Country | Date Issued or Published | Named Inventor(s) |
|---|---|---|---|
| 6,772,388 | U.S. | August 3, 2004 | Michael J. Cooper, Stephen Schroeder |
| 5,617,417 | U.S. | April 1, 1997 | Shirish K. Sathe, Charles M. Corbalis, Uri Schmidt, Richard M. Moley |
| 6,822,960 | U.S. | November 23, 2004 | Earl B. Manchester, Barry W. Field, Kenneth M. Buckland, Riccardo G. Dorbolo |
| 6,178,448 | U.S. | January 23, 2001 | Janes P. Gray, James. J Martin |
| 5,608,733 | U.S. | March 4, 1997 | Richard Vallee, John G. Ellis |
| 6,680,954 | U.S. | January 20, 2004 | Richard Cam, Steven Lang, Charles Kevin Huscroft |
| 6,205,142 | U.S. | March 20, 2001 | Richard Vallee |
| 5,727,051 | U.S. | March 10, 1998 | Wlodek Holender |

3

| Patent No. | Country | Date Issued or Published | Named Inventor(s) |
|---|---|---|---|
| 6,408,005 | U.S. | June 18, 2002 | Ruixue Fan, Brian L. Mark, Gopalakrishnan Ramamurthy |
| 6,941,252 | U.S. | September 6, 2005 | Jeffrey J. Nelson, Robert Grant, Stephen Trevitt |
| 6,775,268 | U.S. | August 10, 2004 | Ray Wang, Paul Y. B. Shieh |
| 6,396,837 | U.S. | May 28, 2002 | Ray Wang, Paul Y. B. Shieh |
| 6,747,964 | U.S. | June 8, 2004 | Paul Bender |
| 6,002,670 | U.S. | December 14, 1999 | Reshad Rahman, Douglas H. Patriarche, Richard Vallee, Stuart C. White |
| 7,343,543 | U.S. | March 11, 2008 | Ramesh Mantha, Jeffrey P. Castura, Frank M. Van Heeswyk |
| 6,775,320 | U.S. | August 10, 2004 | Marcos C. Tzannes, Michael A. Tzannes, David C. Hunter, Richard W. Gross, Halil Padir |

ACTIVE/99009398.1

| Patent No. | Country | Date Issued or Published | Named Inventor(s) |
|---|---|---|---|
| EP1009154 (A2) | Europe | June 14, 2000 | Murali Aravamudan, Arun Narayan Netravali, Edward Stanley Szurkowski |

## II.     Section 282 Publications

2Wire may rely on the following publications at trial, pursuant to § 282:

| Publication Date | Publication Author and Title | Pages |
|---|---|---|
| July 1997 | ATM Forum Technical Committee, Inverse Multiplexing over ATM (IMA) Specification Version 1.0 (AF-PHY-0086.000) | All |
| June 1999 | ITU-T Recommendation G.992.1 | All |
| August 2001 | Broadband Forum Recommendation TR-042 | All |

Dated:  March 29, 2019

Brett Schuman (*pro hac vice*)
Rachel M. Walsh (*pro hac vice*)
Monte M.F. Cooper (*pro hac vice*)
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Telephone:  415.733.6000
bschuman@goodwinprocter.com
rwalsh@goodwinprocter.com
mcooper@goodwinlaw.com

/s/  *Jody C. Barillare*

Jody C. Barillare (#5107)
MORGAN LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone:  302.574.3000
jody.barillare@morganlewis.com

*Attorneys for Defendant 2Wire, Inc.*

ACTIVE/99009398.1

# EXHIBIT 2

## COMPARISON CHART: SECTION 282 REFERENCES CITED IN DR. JACOBSEN'S EXPERT REPORTS

| Patent No. | Named Inventor(s) | Relied on by Dr. Jacobsen in her Expert Report |
|---|---|:---:|
| 6,222,858 | Counterman et al. | **X** |
| 6,956,872 | Djokovic et al. | **X** |
| WO 99/39468 | Edvardsen et al. | **X** |
| 7,068,657 | Keller-Tuberg | **X** |
| 6,772,388 | Cooper et al. | **X** |
| 5,617,417 | Sathe et al. | |
| 6,822,960 | Manchester et al. | |
| 6,178,448 | Gray et al. | |
| 5,608,733 | Vallee et al. | |
| 6,680,954 | Cam et al | |
| 6,205,142 | Vallee | |
| 5,727,051 | Holender | |
| 6,408,005 | Fan et al. | |
| 6,941,252 | Nelson et al. | |
| 6,775,268 | Wang et al. | |
| 6,396,837 | Wang et al. | |
| 6,747,964 | Paul Bender | |
| 6,002,670 | Rahman et al. | |
| 7,343,543 | Mantha et al. | |
| 6,775,320 | Tzannes et al. | |
| EP1009154 (A2) | Aravamudan et al. | |
| AF-PHY-0086.000 | Printed Pub. | **X** |
| ITU-T G.992.1 | Printed Pub. | **X** |
| TR-042 | Printed Pub. | **X** |

# EXHIBIT 3

**From:**          BSchuman@goodwinlaw.com
**Sent:**          Wednesday, February 13, 2019 5:02 PM
**To:**            Peter McAndrews
**Cc:**            TQD-DSL; DG-TQDelta-2Wire@goodwinlaw.com
**Subject:**       RE: TQ Delta v. 2Wire - Family 2 Accused Products

Agreed, thanks.

Brett

**From:** Peter McAndrews [mailto:PMCANDREWS@mcandrews-ip.com]
**Sent:** Wednesday, February 13, 2019 2:41 PM
**To:** Schuman, Brett
**Cc:** TQD-DSL; DG-TQDelta-2Wire
**Subject:** RE: TQ Delta v. 2Wire - Family 2 Accused Products

Brett,

Happy to discuss, but let me see if we can short circuit this with the following proposal, which is like to what we agreed to for F1.  Please let me know if we have agreement on the following.  If not, I'm available to discuss tomorrow.

2Wire issues:

1.  2Wire products that use the ███████████████████████████████████(Note:  our identification of accused products for F2 never have included products that use the █████████████████

TQ Delta position:  not being pursued at Family 2 trial against 2Wire.

TQ Delta issues:

1.  102/103 prior art not cited in Jacobsen invalidity reports

2Wire position:  may be relied on as general background, in rebuttal to arguments or evidence introduced by TQ Delta, or on cross-examination, but will not be used as grounds for invalidity.  In other words, we reserve the right to rely on prior art identified by 2Wire in discovery for any purpose except as an independent ground for invalidity.

TQ Delta position:  we agree to 2Wire's position that 102/103 prior art not cited in Jacobsen invalidity reports will not be relied on for independent invalidity grounds.  We reserve the right to seek to preclude reference to such prior art (e.g., by objection, motion, or otherwise).

2.  103 combinations/103 defenses not asserted in Jacobsen invalidity reports

2Wire position:  not being pursued at Family 2 trial.

3.  102 defenses not asserted in Jacobsen invalidity reports

2Wire position:  not being pursued at Family 2 trial.

4.   112 defenses

2Wire position:  not waiving these defenses.

TQ Delta position:  We reserve the right to seek to preclude any 112 defenses (e.g., by objection, motion, or otherwise).

Pete

---

**From:** BSchuman@goodwinlaw.com [mailto:BSchuman@goodwinlaw.com]
**Sent:** Wednesday, February 13, 2019 1:13 PM
**To:** Peter McAndrews
**Subject:** RE: TQ Delta v. 2Wire - Family 2 Accused Products

Pete, I'm just following up on this.  Can we discuss?

Brett

---

**From:** Schuman, Brett
**Sent:** Monday, February 11, 2019 4:41 PM
**To:** 'Peter McAndrews'
**Subject:** FW: TQ Delta v. 2Wire - Family 2 Accused Products

Pete,

Can we get some clarity on this please?  At his deposition last week in Boston, Dr. Putnam confirmed he is not offering any damages opinions on these products.

If there are F2-related issues you would like to discuss or clarify with 2Wire, I'm happy to discuss.

Brett

---

**From:** Walsh, Rachel M.
**Sent:** Thursday, February 07, 2019 4:27 PM
**To:** pmcandrews@mcandrews-ip.com; pwmcandrews@mcandrews-ip.com; TQD-DSL@mcandrews-ip.com
**Cc:** DG-TQDelta-2Wire; Michael J. Farnan; Brian Farnan; Barillare, Jody C.
**Subject:** TQ Delta v. 2Wire - Family 2 Accused Products

Pete,

Can you please confirm that TQ Delta is no longer accusing products that use the following chips of infringement for Family 2?



Regards,

Rachel

2

**Rachel M. Walsh**



Goodwin Procter LLP
3 Embarcadero Center
San Francisco, CA 94111
o  +1 415 733 6128
f  +1 415 384 6021
RWalsh@goodwinlaw.com | goodwinlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is appreciated.

**2WIRE'S OPPOSITION TO TQ DELTA'S**
**MOTION *IN LIMINE* NO. 2 REGARDING PRIOR ART REFERENCES**

The Court should deny TQ Delta's Motion *in Limine* No. 2 regarding the prior art disclosed in 2Wire's notice pursuant to 35 U.S.C. § 282.  As required by § 282, on March 29, 2019 (30 days before the Family 2 trial), 2Wire provided TQ Delta with notice of "the country, number, date, and name of the patentee of any patent, [and] the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or . . . as showing the state of the art[.]"  35 U.S.C. § 282(c); TQ Delta Exhibit 1 (2Wire's § 282 notice).  Contrary to TQ Delta's complaints, 2Wire's compliance with the statutory requirements of § 282 does not violate the Court's Final Scheduling Order or create any risk of unfair prejudice to TQ Delta at trial.

In its motion, TQ Delta seeks to preclude 2Wire from "(1) introducing invalidity theories that were not explicitly disclosed in Dr. Jacobsen's expert reports, (2) relying on background references for any purpose other than that explicitly disclosed by Dr. Jacobsen, and (3) relying on any prior art references that Dr. Jacobsen did not rely on in her expert reports."  TQ Delta MIL No. 2, at p. 3.  2Wire addresses TQ Delta's requested relief in turn below.

With respect to (1), 2Wire has already agreed—in writing—that it will not pursue at trial any anticipation or obviousness defenses not previously disclosed in Dr. Jacobsen's invalidity expert reports.  *See* TQ Delta Exhibit 3 (2/13/19 email from B. Schuman to P. McAndrews, noting 2Wire's positions that "103 combinations/103 defenses not asserted in Jacobsen invalidity reports" and "102 defenses not asserted in Jacobsen invalidity reports" are "not being pursued at Family 2 trial").  Given this agreement, which TQ Delta acknowledges in its motion, it is unclear why TQ Delta is seeking to preclude 2Wire from pursuing previously undisclosed invalidity theories that it has already agreed not to pursue.  TQ Delta's request should be denied as moot.

As for (2) and (3), there is no basis in the law for TQ Delta's requested relief, and the Court should reject TQ Delta's requests.  Section 282 requires, in part, that 2Wire disclose to TQ

Delta the patents and publications that it may rely upon at trial "as showing the state of the art[.]" 35 U.S.C. § 282(c).  2Wire's § 282 notice did just that, by identifying the exact same prior art references disclosed long ago in each of 2Wire's invalidity contentions for U.S. Patent No. 7,453,881 (the "'881 patent") served on January 23, 2017 and July 2, 2018.  *See* Walsh Decl., Ex. A (1/23/17 Invalidity Contentions), at pp. 22–24; Ex. B (7/2/18 Invalidity Contentions), at pp. 17–19.  Despite this prior disclosure more than two years ago during discovery, TQ Delta still seeks a blanket order from the Court precluding 2Wire from relying on prior art at trial if Dr. Jacobsen did not expressly discuss such prior art in her expert reports.

The two cases TQ Delta cites do not support its position.  In those cases, the defendants sought to introduce brand new invalidity theories through a § 282 notice served late in the case; the prior art references relied upon for those new invalidity theories were not previously disclosed during the discovery process.  *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998) ("The district court in the instant case was well within its discretion in excluding the Munters patent, for the record shows that [defendant] offered no reason to justify its submission [through a § 282 notice] ***long after the close of discovery***.") (emphasis added); *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 (Fed. Cir. 2008) ("Abbott's disclosure of the Cha patent [pursuant to § 282] as an anticipatory prior art reference ***on the very last day of discovery*** meant Innogenetics was stripped of any meaningful opportunity to prepare an adequate cross-examination of the reference.") (emphasis added).  The Federal Circuit affirmed the exclusion of the references at trial so as to prevent unfair prejudice and surprise.

The situation in *ATD* and *Innogenetics* does not exist here.  First, given the disclosures in 2Wire's invalidity contentions from January 2017 and July 2018, TQ Delta has known of the prior art references identified in 2Wire's § 282 notice for over two years.  This is not a last-

ACTIVE/99084898.2

minute disclosure of prior art that TQ Delta has never seen before.  Second, in contrast to *ATD* and *Innogenetics*, 2Wire is not attempting to introduce any new invalidity theories based on the prior art in its § 282 notice.  As discussed above, 2Wire has already agreed not pursue any prior art invalidity theories not disclosed in Dr. Jacobsen's expert reports.  Instead, any prior art outside of those relied upon by Dr. Jacobsen would be for the sole purpose of "showing the state of the art," as permitted by § 282.  In sum, there is no risk of unfair prejudice or surprise to TQ Delta, and exclusion of the references cited in 2Wire's § 282 notice is unwarranted.

Accordingly, for the reasons discussed above, 2Wire respectfully requests that the Court deny TQ Delta's Motion *in Limine* No. 2.

ACTIVE/99084898.2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | |
| Plaintiff, | C.A. No.   13-cv-1835-RGA |
| v. | |
| 2WIRE, INC., | |
| Defendant. | |

## PLAINTIFF TQ DELTA'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* No. 2 FOR FAMILY 2 TRIAL

TQ Delta hereby submits the attached Reply Brief in support of its motion *in limine* to preclude 2Wire from presenting evidence or argument on invalidity theories, prior art references, or background references that were not relied upon by its expert, Dr. Jacobsen, in her expert reports.

**Plaintiff's Reply in Support of its Motion in *Limine* No. 2**: 2Wire agrees not to pursue any invalidity defenses not previously disclosed in Dr. Jacobsen's invalidity expert reports.

2Wire, however, argues that there is no legal basis to preclude 2Wire and its expert, Dr. Jacobsen, from relying on prior art references that Dr. Jacobson did not rely on in her expert reports.[1] 2Wire Br. at p. 1. To the contrary, the law is clear that an expert should be precluded from testifying at trial to any opinions that were not disclosed in an expert report. *See* Fed. R. Civ. P. 37(c)(1), 26(a), 26(e); *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.,* 2007 WL 7658923, at *2 (D. Del. Sept. 14, 2007) (limiting the expert's testimony to what was contained in his expert reports). Dr. Jacobsen's invalidity reports included a section on the "background of the technology," yet nowhere in her reports did she substantively discuss 16 of the 24 references identified in 2Wire's §282 Notice. Pursuant to the Federal Rules, Dr. Jacobsen's reports should have contained a "complete statement of all opinions the witness will express and the basis. . . for them." *See* F.R.C.P. 26(a)(2)(B)(i). As such, 2Wire and Dr. Jacobsen should not be allowed to present undisclosed expert testimony or argument based on references Dr. Jacobsen never discussed under the guise that it pertains to the "state of the art." *See Nobelbiz, Inc. v. Global Connect, L.L.C.,* 2015 WL 11072170, at *3 (E.D. Texas Sept. 2, 2015) ("[the expert] can talk about the state of the art, but must avoid citing references that were not elected as prior art in his invalidity analysis").

2Wire and Dr. Jacobsen should be precluded from presenting expert testimony or argument based on so-called "background" prior art references that were not discussed or relied on in Dr. Jacobsen's expert reports, as it would be improper and highly prejudicial to TQ Delta.

Accordingly, TQ Delta's motion in *limine* should be granted.

---

[1] 2Wire contends that "any prior art outside of those relied upon by Dr. Jacobsen would be for the sole purpose of 'showing the state of the art.'" 2Wire Br. at p. 3.

1

Dated: April 10, 2019

Respectfully submitted,
FARNAN LLP

/s/    *James P. Murphy*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

# EXHIBIT 12

## (TQ Delta MIL No. 3)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

TQ DELTA, LLC,

        Plaintiff,

v.

2WIRE, INC.,

        Defendant.

C.A. No.   13-cv-1835-RGA

## PLAINTIFF TQ DELTA'S MOTIONS *IN LIMINE* No. 3 FOR FAMILY 2 TRIAL

TQ Delta hereby submits the attached motion *in limine* to exclude evidence, argument, or testimony by 2Wire of any purported negative commercial impact resulting from the enforcement by TQ Delta of its patents.

**Plaintiff's Motion in *Limine* No. 3**: TQ Delta moves *in limine* pursuant to FRE 401, 402, and 403 to preclude 2Wire from offering argument, evidence, or testimony of any purported negative impact (*e.g.,* effect on consumers, employees or the general public) from the enforcement by TQ Delta of its patents.

This Court should prohibit 2Wire from improperly appealing to the jurors' own economic self-interest in any way or from arguing or representing to the jury that any award of damages to TQ Delta made against 2Wire might result in any purported negative impact to consumers such as, for example, from higher prices.

Because of the consumer-driven nature of 2Wire's business, 2Wire might argue or imply that a "reasonable royalty" award to TQ Delta will increase its operating costs and that an increase in operating costs may result in  increased prices for internet service providers.[1] Further, 2Wire may argue that an increase in purchasing price for internet service providers would then be passed along to consumers – like the jurors for example – in the form of higher prices for internet service. Such threats of higher prices for internet service would be designed to persuade the jury to not award damages to TQ Delta, or to lower the amount of any otherwise appropriate monetary award, in order to prevent an increase in the cost of internet for consumers such as themselves. Any such testimony, representation, or argument at trial would be improper and should be excluded under Rules 401 and 403.

The relevant issue in this case is whether claims 17 and 18 of the '881 patent are valid and whether 2Wire's Accused Products infringe those claims. Any such argument or statement

---

[1] The Accused Products in this case are digital subscriber line ("DSL") customer premises equipment ("CPE"), *i.e.*, modems for connecting to the Internet. The purpose of a DSL CPE is to provide internet service to a given location (*e.g.,* a user's home) using pre-existing telephone lines. Internet service providers such as AT&T purchase the DSL CPEs from 2Wire and then install the DSL CPEs in customer's homes.

1

about alleged impact on prices is simply not relevant to any issue in this case and should be excluded under Federal Rule of Evidence 401.

Further, to the extent such arguments had any relevance whatsoever, their probative value is significantly outweighed by the danger of unfair prejudice to TQ Delta. Most jurors are, themselves, consumers, and many consumers receive internet service at their homes via a DSL CPE. Therefore, any argument or representation that an award to TQ Delta will result in increased prices to consumers downstream improperly appeals to the juror's own economic self-interests, which is not an appropriate consideration upon which to assess damages. *See, e.g., Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.,* No. 15-cv-152-RGA, D.I. 470, Instruction 1.2 ("Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way."). Consequently, any such representations or arguments appealing to the juror's economic self-interests should be excluded pursuant to FRE 403.

Courts considering similar situations have held that arguments or evidence appealing to the juror's own economic interests - such as the threat of potentially higher prices, taxes, or insurance premiums - are improper and should be excluded from trial. *See, e.g., Ericsson Inc. v. TCL Communications Tech.,* No. 2:15-CV-00011, Dkt # 377, at p. 4 (E.D. Texas Nov. 29, 2017) (precluding defendant from presenting any evidence or argument that a damages award would affect consumers, employees or the general public such as suggesting that defendant may have to raise the price of its phones or discontinue certain phones in response to a verdict); *Frito-Lay North America, Inc. v. Medallion Foods, Inc.,* No. 4:12-CV-0074, Dkt # 222, at p. 2 (E.D. Texas Feb. 8, 2013) (precluding any suggestion or argument that a verdict in favor of the Frito-Lay would (i) affect the prices consumers pay (ii) affect the ability of store brands to compete (iii) reduce consumer choices (iv) be anti-competitive or (v) cost American jobs); *Mobile*

*Telecommunications Tech., LLC v. Sprint Nextel Corp.,* No. 2:12-CV-832, Dkt # 372, at p. 3 (E.D. Texas Nov. 5, 2014) (precluding any argument that a damages award would negatively impact employee's or consumers of the Accused Products);  *Bunch v. Pacific Cycle, Inc.,* No. 4:13-CV-0036, 2015 WL 11622954, at *5-6 (N.D. GA April 27, 2015) (precluding any argument or evidence that the verdict may affect insurance premiums, international relations with China, the price of bicycle products or employment of members in the community).[2]

Because appeals to jurors' economic self-interests through arguments, statements or representations that an award to TQ Delta might have a downstream effect such as higher prices to consumers would invoke the jurors' passions, are irrelevant to the issues for determination, and would unfairly prejudice TQ Delta, any such evidence, representation, or argument should be precluded.

---

[2] *Accord Hammer v. JP's Southwestern Foods, LLC,* No. 08-CV-0339, 2010 WL 11508966, at *3 (W.D. Mo. Sept. 14, 2010) (precluding defendant from appealing to the self-interest of the jury, specifically, from arguing that any judgment will result in higher prices for customers of the defendant or in the restaurant industry as a whole); *Roy v. Employers Mutual Ins. Cas. Co.,* 368 F.2d 902, 904-905 (5th Cir. 1966) (finding an argument by defendant's counsel stating "don't punish the insurance premium payers" was improper, and "was calculated to appeal to that personal interest which jurors have in not increasing their own insurance expenses"); *First National Bank of Louisville v. Lustig,* Nos. 87-CV-5488, 88-CV-1682, 1993 WL 8618, at *1 (E.D. La. Jan. 6, 1993) (precluding both parties from appealing to the self-interest of the jurors through argument or evidence regarding the substantial or rising cost of insurance premiums); *Goens v. Southern Union Co.,* No. 09-CV-0422, 2010 WL 2733096, at *5 (W.D. Mo. Sept. 14, 2010) (precluding defendant from arguing that a judgment rendered against the defendant could adversely affect the members of the jury, such as resulting in higher gas bills for customer of the defendant).

Dated: April 1, 2019                   Respectfully submitted,
                                            FARNAN LLP

/s/     *James P. Murphy*

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

**2WIRE, INC.'S OPPOSITION TO TQ DELTA LLC'S**
**MOTION *IN LIMINE* NO. 3 FOR FAMILY 2**

In its Motion *in Limine* No. 3, TQ Delta argues that it would be unfairly prejudicial for 2Wire to argue or represent to the jury that a verdict or damages award to TQ Delta would negatively impact consumers, including jurors.  *See* Mot. No. 3 at 1.  Because 2Wire does not intend to present any argument or evidence that an infringement verdict or a damages award to TQ Delta would raise jurors' prices, and also because the Court has recently clarified that damages will not be tried during the trial that is scheduled to begin on April 29, 2019, *see* D.I. 1043, this motion should be dismissed as moot.

However, if and when the issue of damages gets tried, 2Wire should not be prevented from presenting evidence regarding the *unreasonableness* of Dr. Putnam's damages model, including Dr. Putnam's opinions regarding his proposed royalty rate, the impact of Dr. Putnam's proposed rate on the cost and price of the accused CPE products, and the elasticity of demand. Such evidence and testimony is directly relevant to the issue of damages, and TQ Delta has not shown how related argument would unfairly prejudice TQ Delta.

I.    **ARGUMENT**

A.    **TQ Delta's Motion Should Be Dismissed As Moot.**

TQ Delta's motion *in limine* is directed to a hypothetical situation that will not be presented during the trial that is scheduled to begin on April 29, 2019:  argument or suggestion by 2Wire that an infringement verdict or damages award to TQ Delta would adversely affect jurors.  2Wire does not intend to argue or present evidence to the jury that an infringement verdict would adversely impact jurors personally, and the Court has recently clarified that damages will not be tried during the trial scheduled to begin on April 29, 2019.  Therefore, TQ Delta's motion should be dismissed as moot.

.

**B.      Evidence or Argument Relating To Dr. Putnam's Damages Model Should Not Be Excluded From Any Future Damages Trial.**

2Wire must not be precluded, however, from presenting evidence and argument at any future damages trial regarding the *unreasonableness* of a damages award based on Dr. Putnam's damages opinions, if he is permitted to testify.[1] *See, e.g., Ericsson Inc. v. TCL Commc'ns Tech.*, No. 2:15-cv-00011, Dkt. # 377 at 4 (E.D. Tex. Nov. 29, 2017) ("TCL is not, however, precluded from presenting evidence or argument that there would not have been enough profit on sales of the accused products to support a royalty as large as Ericsson is seeking").  Thus, to the extent TQ Delta is arguing or suggesting that 2Wire be prevented in any way from offering evidence and argument at the damages trial directed to showing that Dr. Putnam's opinions regarding the royalty rate or his damages calculations are disproportionate or unreasonable, TQ Delta's motion should be denied.  Dr. Putnam has opined that 2Wire's prices are "biased downwards" because they do not reflect the full cost of using DSL technology, including lack of licenses to DSL essential patents (Walsh Decl. Ex. C, Putnam Family 2 Opening Expert Rep't at ¶ 11), and ultimately opines that ███████████████████████████████████████████ (*id*. at ¶ 21).  During deposition, Dr. Putnam ██████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████. Walsh Decl. Ex. D, Putnam Family 1 Dep. Tr. at 86:4-88:22; 92:17-94:2.  Dr. Putnam's damages model ████ ███████████████████████████████████████████████ ██████████████████████████████ The Court should not preclude 2Wire from pointing that out to the jury at any damages trial.

---

[1] *See* D.I. 723 (2Wire's Motion To Exclude The Expert Testimony of Jonathan Putnam, Ph.D. for Family 2).

2

II.     **CONCLUSION**

TQ Delta's motion *in limine* should be denied as moot in the light of the Court's order

(D.I. 1043) and for other reasons given above.  If and when damages for Family 2 are tried,

2Wire should be permitted to offer all appropriate evidence and argument to show the jury that

Dr. Putnam's damages opinions should be rejected.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | |
| Plaintiff, | C.A. No.   13-cv-1835-RGA |
| v. | |
| 2WIRE, INC., | |
| Defendant. | |

## PLAINTIFF TQ DELTA'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* No. 3 FOR FAMILY 2 TRIAL

TQ Delta hereby submits the attached Reply Brief in support of its motion *in limine* to exclude evidence, argument, or testimony by 2Wire of any purported negative commercial impact resulting from the enforcement by TQ Delta of its patents.

**Plaintiff's in Support of its Motion in *Limine* No. 3**: As an initial matter, 2Wire agrees not to "present any argument or evidence that an infringement verdict or a damages award to TQ Delta would raise jurors' prices," and states that TQ Delta's motion *in limine* is moot based on the Court's recent order separating out damages from infringement and validity. (2Wire Br. at p. 1.) Based on 2Wire's agreement not to present argument or evidence that an infringement verdict or damages award to TQ Delta would raise prices to consumers (like the jurors), TQ Delta's motion in *limine* should be granted.

The rest of 2Wire's response is related to the issue of damages, which, as 2Wire acknowledged, is not at issue for the Family 2 trial scheduled for April 29, 2019. D.I. 1043. However, to the extent the Court considers 2Wire's damages-related arguments at this time, TQ Delta's motion in *limine* should also be granted with respect to the subsequent trial on damages. 2Wire argues that it should be allowed to introduce evidence during the damages trial regarding how Dr. Putnam's damages model would increase the cost of the accused product (2Wire Br. at p. 2), but this is exactly the type of evidence that Courts routinely exclude. *See, e.g., Ericsson Inc. v. TCL Communications Tech.,* No. 2:15-CV-00011, Dkt # 377, at p. 4 (E.D. Texas Nov. 29, 2017) (precluding defendant from presenting any evidence or argument that a damages award would affect consumers); *Mobile Telecommunications Tech., LLC v. Sprint Nextel Corp.,* No. 2:12-CV-832, Dkt # 372, at p. 3 (E.D. Texas Nov. 5, 2014) (precluding any argument that a damages award would negatively impact employees or consumers). Even if it has any relevance (it does not), that relevance is substantially outweighed by the unfair prejudice to TQ Delta. Any impact on consumers is irrelevant and inflammatory.

Accordingly, TQ Delta's motion *in limine* should be granted in its entirety.

Dated: April 10, 2019                    Respectfully submitted,
                                         FARNAN LLP


                                         /s/      *James P. Murphy*
                                         Brian E. Farnan (Bar No. 4089)
                                         Michael J. Farnan (Bar No. 5165)
                                         919 North Market Street, 12th Floor
                                         Wilmington, DE 19801
                                         (302) 777-0300
                                         (302) 777-0301 (Fax)
                                         bfarnan@farnanlaw.com
                                         mfarnan@farnanlaw.com


                                         Peter J. McAndrews (admitted *pro hac vice*)
                                         Thomas J. Wimbiscus (admitted *pro hac vice*)
                                         James P. Murphy (admitted *pro hac vice*)
                                         Paul W. McAndrews (admitted *pro hac vice*)
                                         Anna M. Targowska (admitted *pro hac vice*)
                                         Rajendra A. Chiplunkar (admitted *pro hac vice*)
                                         McAndrews, Held & Malloy, Ltd
                                         500 West Madison Street, 34th Floor
                                         Chicago, IL 60661
                                         (312) 775-8000
                                         (312) 775-8100 (Fax)
                                         pmcandrews@mcandrews-ip.com

                                         *Counsel for Plaintiff TQ Delta, LLC*

2

# EXHIBIT 13

## (Blank)

# EXHIBIT 14

## (2Wire Declaration & Exhibits)

## DECLARATION OF RACHEL M. WALSH  IN SUPPORT OF 2WIRE, INC.'S OPPOSITION TO TQ DELTA, LLC'S FAMILY 2 MOTIONS *IN LIMINE*

I, Rachel M. Walsh, declare as follows:

1.      I am an attorney in the law firm of Goodwin Procter LLP, counsel of record for Defendant 2Wire, Inc. in the above-captioned matter.  I am duly admitted to practice before all courts of the State of California, and I have been admitted *pro hac vice* to appear before this Court in the above-captioned matter.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to the matters set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of excerpts from Defendant 2Wire, Inc.'s Invalidity Contentions in Response to TQ Delta's December 8, 2016 Final Infringement Contentions, served on January 23, 2017.

3.      Attached hereto as Exhibit B is a true and correct copy of excerpts from Defendant 2Wire, Inc.'s Invalidity Contentions in Response to TQ Delta's July 2, 2018 Final Infringement Contentions, served on August 15, 2018.

4.      Attached hereto as Exhibit C is a true and correct copy of the opening report of Jonathan Putnam for Family 2, served November 2, 2018.

5.      Attached hereto as Exhibit D is a true and correct copy of transcript excerpts from the deposition of Dr. Jonathan Putnam, taken January 9, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of April 2019, at San Francisco, California.


/s/ *Rachel M. Walsh*_____
                    Rachel M. Walsh

ACTIVE/99129145.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | |
| Plaintiff/Counterdefendant, | Civil Action No. 13-1835-RGA |
| v. | |
| 2WIRE, INC. | **JURY TRIAL DEMANDED** |
| Defendant/Counterclaimant. | |

## DEFENDANT 2WIRE, INC.'S  INVALIDITY CONTENTIONS IN RESPONSE TO TQ DELTA'S DECEMBER 8, 2016 FINAL INFRINGEMENT CONTENTIONS

Pursuant to the Court's order dated November 18, 2016,  and as instructed by the Court during the scheduling conference held on March 3, 2016, defendant 2Wire, Inc. ("2Wire") provides the following invalidity contentions in response to TQ Delta's Updated Claim Charts for Representative Claims on Products that ███████████████████████████  served on December 8, 2016.[1]

## I.      PRELIMINARY STATEMENT

In its Updated Claim Charts for Representative Claims on Products that ███████████ ███████████████  served on December 8, 2016, TQ Delta identified, and 2Wire provides its invalidity contentions for, the following claims:

- Family 1:  U.S. Patent No. 7,889,784 (the "'784 Patent") claim 1; U.S. Patent

---

[1] TQ Delta identified the claims addressed herein as "representative" in its Identification of Representative Claims, served on May 19, 2015.  We refer to those claims here as "TQ Delta Representative Claims."  2Wire reserves all rights with respect to TQ Delta's identification of claims that it contends are representative.

1

abstract.

Nor do the elements of the claims – whether individually or as a whole – evidence any "inventive concept."  The concept of latency in communication paths was well known, as was the need to reduce latency between communication paths to keep messages or parts of messages from being received too far apart in time.  All of the "transmission parameters" cited in the claims likewise were parameters well known to increase or decrease delay, or latency, (depending on whether the parameters were increased or decreased) both on individual communication paths and as between multiple communication paths.

### B. Invalidity Under 35 U.S.C. § 102 and/or 35 U.S.C. § 103

2Wire contends that claims 17-18 of the '881 Patent (the "Family 2 Patent") are anticipated and/or rendered obvious by at least the following references:

- U.S. Patent No. 6,222,858 ("Counterman")

- U.S. Patent No. 6,178,448 ("Gray")

- U.S. Patent No. 7,068,657 ("Keller-Tuberg")

- PCT Application No. PCT/NO99/0024, WO 99/39468 ("Edvardsen")

- ATM Forum Technical Committee, Inverse Multiplexing over ATM (IMA) Specification Version 1.0 ("IMA Spec 1.0")

The patents, publications, and references identified above qualify as prior art under 35 U.S.C. §§ 102(a), 102(b), 102(e), and/or 102(g).  The charts identified as Exhibits E-1 to E-5 demonstrate how TQ Delta's Representative Claims of the Family 2 Patent are anticipated and/or rendered obvious by the references above.  Each chart identifies certain prior art to the Family 2 Patent and identifies at least one location in the prior art reference where each claim element of the asserted claims is located.  Though the charts provide illustrative citations to where each claim element may be found in the prior art, the cited references may contain additional

disclosures of each claim element as well, and 2Wire reserves the right to assert that any claim element is disclosed in other portions of the cited references.  In addition, 2Wire identifies, and incorporates here by reference, all prior art of record in the prosecution history of the Family 2 Patent (and all related patents and applications), and all prior art ITU-T Recommendations or other industry publications (such as ATM Forum, Broadband Forum, or similar groups' publications, reports, or specifications), any of which may anticipate and/or render TQ Delta's Representative Claims obvious.  Further, 2Wire identifies any TQ Delta patents that claim the same priority date as any of the Family 2 Patents and disclose the same subject matter and for which a terminal disclaimer was not filed during prosecution, under the doctrine of obviousness-type double patenting.  Further, 2Wire identifies each 2Wire accused product that was made before the priority date as prior art anticipating and/or rendering obvious (alone or in combination with other prior art references identified here) TQ Delta's Representative Claims.  Additional evidence regarding the features and elements of prior art references may be provided by witness testimony, or by additional documents and materials describing the prior art, that may be identified through the course of ongoing discovery and investigation.

To the extent that a reference above is found to be missing a limitation of TQ Delta's Representative Claims, any one of the prior art references identified above may be combined with any one or more of the following references, all of which qualify as prior art under 35 U.S.C. §§ 102(a), 102(b), 102(e), and/or 102(g), to render TQ Delta's Representative Claims obvious under 35 U.S.C. § 103:

- U.S. Patent No. 5,617,417 ("Sathe")

- U.S. Patent No.6,822,960 ("Manchester")

- U.S. Patent No.5617417 ("Sathe")

- U.S. Patent No.5608733 ("Valee '733")

- U.S. Patent No.6680954 ("Cam")

- U.S. Patent No.6205142 ("Vallee '142")

- U.S. Patent No.5727051 ("Holender")

- U.S. Patent No.6178448 ("Gray")

- U.S. Patent No.6408005 ("Fan")

- U.S. Patent No.6941252 ("Nelson")

- U.S. Patent No.6775268 ("Wang '268")

- U.S. Patent No.6396837 ("Wang '837")

- U.S. Patent No.6,747,964 ("Bender")

- U.S. Patent No. 6,002,670 ("Rahman")

- U.S. Patent No. 7,343,543 ("Mantha")

- U.S. Patent No. 6,775,320 ("Tzannes '320")

- U.S. Patent No. 6,772,388 ("Cooper")

- U.S. Patent No. 6,956,872 ("Djokovic")

- EP1009154 (A2) ("Aravamudan")

- DSL Forum Recommendation TR-042

- ITU-T Recommendation G.992.1 (06/1999)

- Broadband Forum Recommendation TR-042

In addition, any of the foregoing anticipatory or secondary prior art references listed above may be combined with any of the prior art of record in the prosecution history of the Family 2 Patent (and all related patents and applications), or with any prior art ITU-T

24

Recommendations or other industry publications (such as ATM Forum, Broadband Forum, or similar groups' publications, reports or specifications), to render TQ Delta's Representative Claims obvious.  Further, any of the foregoing anticipatory or secondary prior art listed above may be combined with one another to render TQ Delta's Representative Claims obvious.

Moreover, one of ordinary skill in the art would have been motivated to combine one or more of the prior art references identified above to arrive at the combination of elements recited in each of TQ Delta's Representative Claims.  The suggestion or motivation to modify or combine references for obviousness purposes is provided by the explicit and implicit teachings of the prior art identified by 2Wire, the knowledge of one of ordinary skill in the art, and/or the nature of the claimed invention and the problem(s) purportedly being solved.  As an initial matter, 2Wire notes that each prior art reference is in or relates to the same field.  In addition, it would have been obvious to try combining the prior art references identified above because there were only a finite number of predictable solutions and/or because known work in one field or endeavor prompted variations based on predictable design incentives and/or market forces either in the same field or a different one.   The combination of prior art references identified in these contentions would have been obvious because the combinations represent the known potential options with a reasonable expectation of success.  Additionally, one of ordinary skill in the art would have been motivated to create combinations identified in these contentions using:  known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or teaching, suggestion, or motivation in the prior art generally.  Also, market forces in the industry and the desire to improve features and performance would motivate the addition of features to systems as they become available, become smaller, become less expensive, become more commonly used,

provide better performance, reduce costs, size or weight, or predictably achieve other clearly desirable results.  The motivation to combine references is exemplary only, and should not be used to limit these disclosures.  There would have been substantial motivation to combine the prior art references prior to the invention date, and 2Wire reserves the right to and intends to supplement the foregoing with expert and other testimony.  More detailed bases for the motivation to combine specific references will be set forth in 2Wire's expert report(s) on invalidity following claim construction and discovery on validity issues.

There are no secondary considerations of non-obviousness pertinent to the obviousness of the subject matter of the asserted claims.  To the extent that TQ Delta raises any secondary considerations of non-obviousness, 2Wire reserves the right to address any such considerations, including by taking discovery on those issues and supplementing and/or amending its invalidity contentions.

In addition, the representative claims of Family 2 are invalid under the printed matter doctrine because certain limitations claim printed matter (i.e., content of information) that is not functionally or structurally related to the medium containing the printed matter.  In the alternative, the representative claims of Family 2 are invalid under the printed matter doctrine because certain limitations claim printed matter and are not entitled to patentable weight, without which the claims are anticipated or rendered obvious by the cited references.  By way of example and not of limitation, printed matter includes limitations directed to the contents of messages or data variables, such as a "transmission parameter value," which may be "an interleaving parameter value, a coding parameter value, a codeword size value or a framing parameter value."

Because discovery on invalidity issues has not yet commenced, 2Wire does not presently have any disclosures under 35 U.S.C. § 102(f).  2Wire reserves the right to amend and

supplement these § 102(f) contentions as further information and discovery are obtained including, in particular, with regard to the alleged conception and reduction-to-practice of the patents-in-suit.

### C.  Invalidity Under 35 U.S.C. § 112

2Wire lists below exemplary grounds upon which it contends TQ Delta's Representative Claims are invalid for failure to meet one or more requirements of 35 U.S.C. § 112.  A more detailed basis for 2Wire's written description, enablement, and indefiniteness defenses will be set forth in 2Wire's expert report(s) on invalidity.  TQ Delta has not provided rule-compliant infringement contentions identifying how it alleges TQ Delta's Representative Claims can be construed to cover any of the 2Wire's accused products.  And the Court has not yet construed any terms in TQ Delta's Representative Claims.  Furthermore, 2Wire has not yet had an opportunity to conduct discovery regarding invalidity (*e.g.*, inventor depositions, etc.).  2Wire reserves the right to supplement and/or amend these contentions based on Section 112 in light of claim construction and discovery on invalidity issues.  Such supplementation and/or amendments may include, but are not limited to, invalidity contentions based on a failure to disclose the best mode of practicing the alleged invention and/or invalidity contentions based on indefiniteness, lack of written description, and/or lack of enablement should the claims be construed under 35 U.S.C. § 112 ¶ 6.

Invalidity Under 35 U.S.C. § 112 ¶ 1:  TQ Delta's Representative Claims are invalid because the patent specification does not include sufficient description of the purported invention claimed, and the manner and process of using it, in such full, clear, concise, and exact terms as to enable any person of ordinary skill in the art to which it pertains to make and use the allegedly claimed invention without undue experimentation.  2Wire further contends that the full scope of each representative claim was not described with particularity in the specification to which

27

purport to claim both an apparatus and a method of using the apparatus.  *See IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). For example, claim 8 of the '835 Patent recites an apparatus, then recites steps performed by the apparatus, such as "transmit signal using a first FIP setting," "transmit a flag signal," and "switch to using for transmission, a second FIP setting following transmission of the flag signal."  To the extent that TQ Delta's Representative Claims invoke 35 U.S.C. § 112, ¶ 6 (pre-AIA), TQ Delta's Representative Claims are invalid for failing to recite sufficient structure to perform the recited function.  *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. Jun. 16, 2015) (en banc).  Moreover, to the extent that the claimed functions are accomplished merely using software, no specific algorithm is disclosed to perform the claimed function.  And to the extent that TQ Delta's Representative Claims do not invoke 35 U.S.C. § 112, ¶ 6 (pre-AIA), those claims are invalid for merely claiming the function of an apparatus.  Thus, each representative claim is invalid as indefinite under Section 112, paragraph 2.

January 23, 2017

By: /s/ Jody Barillare
Colm F. Connolly (DSBA # 3151)
Jody Barillare (DSBA #5107)
MORGAN LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
*colm.connolly@morganlewis.com*
*jody.barillare@morganlewis.com*

Brett Schuman (*pro hac vice*)
Rachel M. Walsh (*pro hac vice*)
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel: 415.733.6000

Fax: 415.677.9041
*bschuman@goodwinlaw.com*
*rwalsh@goodwinlaw.com*

## CERTIFICATE OF SERVICE

I, Rachel M. Walsh, hereby certify that on January 23, 2017, a copy of Defendant 2Wire, Inc.'s Invalidity Contentions in Response to TQ Delta's December 8, 2016 Final Infringement Contentions were served on the following as indicated:

<u>Via E-Mail</u>
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for TQ Delta, LLC*

<u>Via E-Mail</u>
Peter J. McAndrews (admitted pro hac vice)
Timothy J. Malloy (admitted pro hac vice)
Thomas J. Wimbiscus (admitted pro hac vice)
Sharon A. Hwang (admitted pro hac vice)
Paul W. McAndrews (admitted pro hac vice)
Anna M. Targowska (admitted pro hac vice)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com
twimbiscus@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
atargowska@mcandrews-ip.com

/s/  Rachel M. Walsh

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>               Plaintiff/Counterdefendant,<br><br>      v.<br><br>2WIRE, INC.<br><br>             Defendant/Counterclaimant. | Civil Action No. 13-1835-RGA<br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT 2WIRE, INC.'S  INVALIDITY CONTENTIONS IN RESPONSE TO TQ DELTA'S JULY 2, 2018 FINAL INFRINGEMENT CONTENTIONS

Pursuant to the Court's April 11, 2018 Final Scheduling Order, defendant 2Wire, Inc. ("2Wire") provides the following invalidity contentions in response to TQ Delta's Final Claim Charts for Products that Contain ███████████████ served on July 2, 2018.[1]

## I.    PRELIMINARY STATEMENT

In its Final Claim Charts for Products that Contain ███████████████ served on July 2, 2018, TQ Delta identified, and 2Wire provides its invalidity contentions for, the following claims:

- Family 1:  U.S. Patent No. 7,889,784 (the "'784 Patent") claims 1 and 2 (collectively, the "Family 1 Patent" and the "Asserted Family 1 Claims");

- Family 2:  U.S. Patent No. 7,453,881 (the "'881 Patent") claims 17 and 18 (collectively, the "Family 2 Patent" and the "Asserted Family 2 Claims");

---

[1] TQ Delta identified the asserted claims for each of the patent families in its in its Final Claim Charts for Products that Contain ███████████████ served on July 2, 2018.  We collectively refer to those asserted claims here as "TQ Delta Asserted Claims".

alleged invention.

**B.      Invalidity Under 35 U.S.C. § 102 and/or 35 U.S.C. § 103**

Claims 17-18 of the '881 Patent (the "Family 2 Patent") are anticipated and/or rendered

obvious by at least the following references:

- U.S. Patent No. 6,222,858 ("Counterman")

- U.S. Patent No. 6,178,448 ("Gray")

- U.S. Patent No. 7,068,657 ("Keller-Tuberg")

- PCT Application No. PCT/NO99/0024, WO 99/39468 ("Edvardsen")

- ATM Forum Technical Committee, Inverse Multiplexing over ATM (IMA)
  Specification Version 1.0 ("IMA Spec 1.0")

The patents, publications, and references identified above qualify as prior art under 35

U.S.C. §§ 102(a), 102(b), 102(e), and/or 102(g).  The charts identified as Exhibits B-1 through

B-5 demonstrate how TQ Delta's Asserted Claims of the Family 2 Patent are anticipated and/or

rendered obvious by the references above.  Each chart identifies certain prior art to the Family 2

Patent and identifies at least one citation in the prior art reference where each claim element of

the asserted claims is disclosed.  Though the charts provide illustrative citations to where each

claim element may be found in the prior art, the cited references may contain additional

disclosures of each claim element as well, and 2Wire reserves the right to assert that any claim

element is disclosed in other portions of the cited references.  In addition, 2Wire identifies, and

incorporates here by reference, all prior art of record in the prosecution history of the Family 2

Patent (and all related patents and applications), and all prior art ITU-T Recommendations or

other industry publications (such as ATM Forum, Broadband Forum, or similar groups'

publications, reports, or specifications), any of which may anticipate and/or render TQ Delta's

Asserted Claims obvious.  Further, 2Wire identifies any TQ Delta patents that claim the same

17

priority date as any of the Family 2 Patents and disclose the same subject matter and for which a terminal disclaimer was not filed during prosecution, under the doctrine of obviousness-type double patenting.  Additional evidence regarding the features and elements of prior art references may be provided by witness testimony, or by additional documents and materials describing the prior art, that may be identified through the course of ongoing discovery and investigation.

To the extent that a reference above is found to be missing a limitation of TQ Delta's Asserted Claims, any one of the prior art references identified above may be combined with any one or more of the following references, all of which qualify as prior art under 35 U.S.C. §§ 102(a), 102(b), 102(e), and/or 102(g), to render TQ Delta's Asserted Claims obvious under 35 U.S.C. § 103:

- U.S. Patent No. 5,617,417 ("Sathe")

- U.S. Patent No. 6,822,960 ("Manchester")

- U.S. Patent No. 5,617,417 ("Sathe")

- U.S. Patent No. 5,608,733 ("Valee '733")

- U.S. Patent No. 6,680,954 ("Cam")

- U.S. Patent No. 6,205,142 ("Vallee '142")

- U.S. Patent No. 5,727,051 ("Holender")

- U.S. Patent No. 6,178,448 ("Gray")

- U.S. Patent No. 6,408,005 ("Fan")

- U.S. Patent No. 6,941,252 ("Nelson")

- U.S. Patent No. 6,775,268 ("Wang '268")

- U.S. Patent No. 6,396,837 ("Wang '837")

- U.S. Patent No. 6,747,964 ("Bender")

- U.S. Patent No. 6,002,670 ("Rahman")

- U.S. Patent No. 7,343,543 ("Mantha")

- U.S. Patent No. 6,775,320 ("Tzannes '320")

- U.S. Patent No. 6,772,388 ("Cooper")

- U.S. Patent No. 6,956,872 ("Djokovic")

- EP1009154 (A2) ("Aravamudan")

- DSL Forum Recommendation TR-042

- ITU-T Recommendation G.992.1 (06/1999)

- Broadband Forum Recommendation TR-042

Specific combinations that render TQ Delta's Asserted Claims obvious under 35 U.S.C. § 103 using these references are set forth in Exhibits B-1 through B-5. Defendant reserves the right to rely on the references listed above for motivation to combine, the state of the art and/or the background knowledge of one of ordinary skill in the art.

In addition, any of the foregoing anticipatory or secondary prior art references listed above may be combined with any of the prior art of record in the prosecution history of the Family 2 Patent (and all related patents and applications), or with any prior art ITU-T Recommendations or other industry publications (such as ATM Forum, Broadband Forum, or similar groups' publications, reports or specifications), to render TQ Delta's Asserted Claims obvious. Further, any of the foregoing anticipatory or secondary prior art listed above may be combined with one another to render TQ Delta's Asserted Claims obvious.

Moreover, one of ordinary skill in the art would have been motivated to combine one or

more of the prior art references identified above to arrive at the combination of elements recited in each of TQ Delta's Asserted Claims.  The suggestion or motivation to modify or combine references for obviousness purposes is provided by the explicit and implicit teachings of the prior art identified by 2Wire, the knowledge of one of ordinary skill in the art, and/or the nature of the claimed invention and the problem(s) purportedly being solved.  As an initial matter, 2Wire notes that each prior art reference is in or relates to the same field, high-speed communications, and more specifically, ATM and DSL networks.  In addition, it would have been obvious to try combining the prior art references identified above because there were only a finite number of predictable solutions and/or because known work in one field or endeavor prompted variations based on predictable design incentives and/or market forces either in the same field or a different one.   The combination of prior art references identified in these contentions would have been obvious because the combinations represent the known potential options with a reasonable expectation of success.  Additionally, one of ordinary skill in the art would have been motivated to create combinations identified in these contentions using:  known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or teaching, suggestion, or motivation in the prior art generally.  Also, market forces in the industry and the desire to improve features and performance would motivate the addition of features to systems as they become available, become smaller, become less expensive, become more commonly used, provide better performance, reduce costs, size or weight, or predictably achieve other clearly desirable results.  For example, one common, known method of handling a difference in delay was to provide an additional buffer or memory of appropriate size.  Those in the DSL and high-speed communications industry understood that larger memory increased costs and complexity

of a transceiver or modem, and that a smaller, cheaper, less complex device was desirable.

Moreover, those of ordinary skill in the art at the time of the alleged invention understood that

increased differential delay in multiplexed (or "bonded") communications systems had the effect

of slowing down overall data rates.   Those of ordinary skill in the art also understood that

providing higher overall data rates was desirable and could provide an advantage in the

marketplace.  The motivation to combine references is exemplary only, and should not be used to

limit these disclosures.  There would have been substantial motivation to combine the prior art

references prior to the invention date, and 2Wire reserves the right to and intends to supplement

the foregoing with expert and other testimony.  More detailed bases for the motivation to

combine specific references will be set forth in 2Wire's attached invalidity charts and expert

report(s) on invalidity following claim construction and discovery on validity issues.

To the extent that TQ Delta raises any secondary considerations of non-obviousness, for

example, in its expert reports, 2Wire reserves the right to address any such considerations.

### C.      Invalidity Under 35 U.S.C. § 112

2Wire lists below exemplary grounds upon which it contends TQ Delta's Asserted

Claims are invalid for failure to meet one or more requirements of 35 U.S.C. § 112.  A more

detailed basis for 2Wire's written description, enablement, and indefiniteness defenses will be set

forth in 2Wire's expert report(s) on invalidity.  2Wire reserves the right to supplement and/or

amend these contentions based on Section 112 in light of discovery on invalidity issues and on

any other basis permitted by the Court or the applicable rules.  Such supplementation and/or

amendments may include, but are not limited to, invalidity contentions based on indefiniteness,

lack of written description, and/or lack of enablement.

Invalidity Under 35 U.S.C. § 112 ¶ 1:  TQ Delta's Asserted Family 2 Claims are invalid

because the patent specification does not include sufficient description of the subject

112, paragraph 2.

August 15, 2018                              By: /s/ Jody C. Barillare

                                             Jody C. Barillare (#5107)
                                             MORGAN LEWIS & BOCKIUS LLP
                                             The Nemours Building
                                             1007 N. Orange Street, Suite 501
                                             Wilmington, DE 19801
                                             Tel: 302.574.3000
                                             Fax: 302.574.3001
                                             *jody.barillare@morganlewis.com*

                                             Brett Schuman (*pro hac vice*)
                                             Rachel M. Walsh (*pro hac vice*)
                                             GOODWIN PROCTER LLP
                                             Three Embarcadero Center
                                             San Francisco, California 94111
                                             Tel: 415.733.6000
                                             Fax: 415.677.9041
                                             *bschuman@goodwinlaw.com*
                                             *rwalsh@goodwinlaw.com*

**CERTIFICATE OF SERVICE**

I, Jody C. Barillare, hereby certify that on August 15, 2018, a copy of DEFENDANT

2WIRE, INC.'S  INVALIDITY CONTENTIONS IN RESPONSE TO TQ DELTA'S JULY 2,

2018 FINAL INFRINGEMENT CONTENTIONS was served on the following as indicated:

Via E-Mail
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for TQ Delta, LLC*

Via E-Mail
Peter J. McAndrews (admitted pro hac vice)
Timothy J. Malloy (admitted pro hac vice)
Thomas J. Wimbiscus (admitted pro hac vice)
Sharon A. Hwang (admitted pro hac vice)
Paul W. McAndrews (admitted pro hac vice)
Anna M. Targowska (admitted pro hac vice)
Rajendra Chiplunkar (admitted pro hac vice)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com
twimbiscus@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
atargowska@mcandrews-ip.com

/s/  Jody C. Barillare

# EXHIBIT C

**REDACTED**

**EXHIBIT D**

**REDACTED**

# EXHIBIT 15

## (2Wire MIL No. 1)

## 2WIRE, INC.'S MOTION *IN LIMINE* TO PRECLUDE

██████████████████████████████████████████████████████████

Pursuant to Federal Rules of Evidence 402, 403, and 411, 2Wire respectfully moves the

Court to preclude TQ Delta from introducing evidence of certain agreements and letters relating

to ████████████████████████ of 2Wire in litigation against TQ Delta ████████

████████████, as well as interrogatory responses and deposition testimony regarding the

same.[1]  Such evidence should be excluded from the Family 2 trial for at least three reasons: (1)

indemnity-related evidence is generally inadmissible under Rule 411; (2) the ████████

██████████████████████████████ is not relevant to any issue to be tried during the

Family 2 trial, and (3) the evidence would only confuse the jury, waste time and be prejudicial to

2Wire since there is no evidence that ██████████████████████

*First*, under Federal Rule of Evidence 411, "[e]vidence that a person was or was not

insured against liability is not admissible to prove whether the person acted negligently or

otherwise wrongfully."   Accordingly, agreements regarding indemnity, such as those between

████████ and 2Wire, are generally not admissible in patent infringement cases.  *See, e.g., Curtis

Mfg. Co., Inc. v. Plasti-Clip Corp*., 933 F.Supp. 94, 100-101 (D.N.H. 1995) (granting motion *in

limine* to exclude evidence of indemnity agreement under Rule 411); *Axcess Int'l, Inc. v. Savi

Techs. Inc.*, Case No. 3:10-cv-1033-F, 2013 U.S. Dist. LEXIS 97079, at * 16 (N.D. Tex. Jan. 25,

2013) (excluding indemnity agreement in patent infringement case); *cf. Carrier Corp. v.

Goodman Global, Inc*., 162 F.Supp.3d 345, 366-67 (D. Del. 2016) (granting new trial based on

improper introduction and use of indemnity agreement during indirect infringement patent trial).

Furthermore, while some courts have admitted evidence of indemnity to show a

defendant's intent to induce infringement under § 271(b), *see, e.g., In re Gabapentin Patent*

---

[1] The agreement and related letters have been identified on TQ Delta's proposed trial exhibit list, suggesting an intent to use them at trial by TQ Delta.  The specific documents at issue in this *in limine* motion are attached as Exhibits H-M to the Walsh Declaration in support of 2Wire, Inc.'s Family 2 Motions *in Limine*.

*Litigation*, MDL No. No. 1384, 2011 WL 1807448, at *9 (D.N.J. 2011) (rejecting admission of an indemnification agreement to show willfulness or availability of non-infringing alternatives, but admitting such evidence solely to show induced infringement, albeit with an appropriate limiting instruction), TQ Delta is pursuing only a direct infringement claim at the Family 2 trial. TQ Delta has not identified any direct infringer for purposes of any induced infringement claim; did not identify evidence supporting any induced infringement claim in its court-ordered Final Claim Charts; and has not proposed any jury instructions on induced infringement in its Family 2 jury instructions.

*Second*, the ███████████████████████████ should be excluded as not relevant to any issue that will be tried relating to the Family 2 patents. *See, e.g., Axcess Int'l*, 2013 U.S. Dist. LEXIS at * 16 (excluding indemnity agreement on relevance grounds).  The ██████████████████████████ have no relevance to the only issues that 2Wire understands are at issue for the Family 2 trial scheduled to begin on April 29, 2019, *i.e.*, infringement and invalidity of claims 17 and 18 of the '881 patent.  *See* D.I. 1043.

*Third*, even if TQ Delta tried to argue that the █████████████████ and related letters are somehow relevant to the Family 2 trial, any minimal relevance of these materials would be substantially outweighed by the risk of confusion and unfair prejudice to 2Wire.  This is especially true here because, while ████████████████████ ███████████████████████████ ██████████████████████ *See, e.g.,* Walsh Decl., Ex. N (Shead Dep. Tr. 254:2-17).  So, if TQ Delta were permitted to put in evidence of the ███████ ████████████████████████, 2Wire would then need to present evidence that ████████████████████ 2Wire, risking jury confusion and

waste of time.  Moreover, there is a risk that such evidence would prejudice 2Wire by suggesting that 2Wire is liable for any wrongdoing.  Therefore, this evidence should be excluded under Fed. R. Evid. 403.

For at least these reasons, 2Wire respectfully requests that the Court preclude TQ Delta from introducing evidence of the ███████████████████████, and any associated testimony and interrogatory responses, at trial relating to the Family 2 patents.

**TQ Delta's response to 2Wire's motion *in limine* requesting preclusion of the** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2Wire's motion *in limine* to preclude from trial the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ should be denied. As an initial matter, TQ Delta does not intend to introduce the indemnity agreement as "[e]vidence that [2Wire] was or was not insured against liability. . . to prove whether [2Wire] acted negligently or otherwise wrongfully." (2Wire Br. at p. 1) 2Wire's argument for exclusion under Rule 411 is therefore inapplicable. TQ Delta intends to introduce the indemnity agreement and related letters in order to (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓3) provide evidence that the '881 patent is standard-essential; and (4) demonstrate 2Wire's state of mind regarding the standard essentiality of the '881 patent. For all of those reasons, the ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ are relevant to the issues for the Family 2 trial and as such, should not be excluded. Furthermore, any alleged confusion or prejudice of this evidence to the jury can be cured with a proper jury instruction.

2Wire states that "indemnity-related evidence is generally inadmissible under Rule 411." 2Wire Br. at p. 1. This is a misstatement of Rule 411, which states, in its entirety:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411. Rule 411 therefore does not state that "indemnity-related evidence is generally inadmissible" (2Wire Br. at 1); rather, it states that such evidence is "not admissible <u>to prove whether the person acted negligently or otherwise wrongfully</u>." And, contrary to 2Wire's argument, TQ Delta may properly introduce such "evidence for another purpose, such as proving a witness's bias or prejudice" as allowed by Rule 411.

1

2Wire alleges that the indemnification agreement and related letters are not relevant to the issues being tried at the Family 2 trial, *i.e.,* infringement and validity. 2Wire is incorrect. The indemnification agreement and related letters are relevant to infringement and validity for several reasons. First, they are relevant evidence that



Moreover, 2Wire contests the standard-essentiality of the '881 patent. A determination of whether the '881 patent is standard-essential is relevant to the issue of infringement because if the '881 patent is standard-essential to the G.998.1 (Ethernet bonding standard), then TQ Delta need only prove that the Accused Products comply with that standard in order to demonstrate that the Accused Products infringe the '881 patent.[2] The indemnification agreement and related letters are relevant to the determination of the '881 patent's standard essentiality because in the

---

[1] ██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████

[2] And, by 2Wire's own admission in its ████████████████████████████████
████████████████████████████████████ *See, e.g., Fujitsu Ltd, v. Netgear Inc.,* 620 F.3d 1321, 1327 (Fed. Cir. 2010) ("If a district court construes the claims and finds that the reach of the claims includes any device that practices a standard, then this can be sufficient for a finding of infringement. . . if an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product."); *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-CV-453-SLR Dkt. 635 at p. 18 (D. Del. Feb. 10, 2017).

related letters, ███████████████████████████████████████

████████████████████████████████████████████████

██████████ *See* D.I. 926-1 (Aug. 10, 2017 ████████████████████). And, as discussed above, 2Wire relies on ███████████████████████

████████████████████████ *See* Ex. A (2Wire's Second Suppl. Response to TQ Delta's Interrogatory No. 2) at p. 5. █████████████████████

█████████████████████████████████

Additionally, ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ As indicated in TQ Delta's Proposed Pre-Trial Order for Family 2, TQ Delta intends to move to amend its pleadings to add a claim for post-suit willful infringement. 2Wire's subjective intent regarding the standard-essentiality of the '881 patent during the litigation is relevant to the willfulness inquiry. It is particularly relevant because, as 2Wire has stated, █████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████ *See* Ex. B (2Wire's Non-Infringement Contentions and Suppl. Responses to TQ Delta's Interrogatory Nos. 3 and 6) at p. 3. As such, 2Wire's knowledge that ██████████████████████████

███████████████████████████████████

Any alleged unfair prejudice to 2Wire by the introduction of the indemnification agreement or the related letters can be cured with the limiting instruction on the use of the documents for their relevant purposes. Accordingly, 2Wire's motion in *limine* should be denied.

Dated: April 8, 2019

Respectfully submitted,
FARNAN LLP

/s/     *James P. Murphy*

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

# EXHIBIT A

# REDACTED

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT 16

## (2Wire MIL No. 2)

**2WIRE, INC.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO THE DOCTRINE OF EQUIVALENTS**

## I.      INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 37(c) and Federal Rules of Evidence 401, 402, and 403, 2Wire, Inc. ("2Wire") moves the Court to preclude TQ Delta, LLC ("TQ Delta") from introducing any evidence at trial relating to purported infringement under the doctrine of equivalents.  At no point during fact or expert discovery in this case did TQ Delta disclose any theory, or any evidence supporting any theory, of infringement under the doctrine of equivalents.  Indeed, TQ Delta first mentioned a possible doctrine of equivalents infringement theory in its initial draft of the Family 2 jury instructions, served on 2Wire on March 25, 2019.  TQ Delta's failure to disclose any infringement theory under the doctrine of equivalents, or any evidence in support of a such a theory, until after the close of fact and expert discovery means that TQ Delta should be precluded from presenting any such theory at trial.

## II.      FACTUAL BACKGROUND

On November 4, 2013, TQ Delta filed its original complaint.  D.I. No. 1.  It did not allege infringement under the doctrine of equivalents for the Family 2 patent.  TQ Delta then served amended complaints on November 20, 2013 (D.I. No. 6), February 7, 2014 (D.I. No. 24), October 13, 2017. (D.I. No. 380).  Again, at no point was infringement under the doctrine of equivalents alleged for the Family 2 patent.  On October 17, 2014, 2Wire served its first set of interrogatories to TQ Delta.  Walsh Decl., Ex. A.  Interrogatory No. 5 asked TQ Delta to disclose its infringement theories, including any infringement theory under the doctrine of equivalents:

> In the form of a chart, identify with particularity (1) where each element of each Asserted Claim is found within each Accused Product, including, for each element that You contend is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s)in the Accused Product that perform the claimed function; (2) whether each element of each Asserted Claim is claimed to be ***literally present or present under the doctrine of equivalents*** in the Accused Product; (3) the priority date to which each Asserted Claim allegedly is entitled, for any patent  that claims priority to an earlier application; and (4) each system, apparatus device, service, process, method, act, or other

instrumentality that allegedly incorporates or reflects each Asserted Claim, if You wish to preserve the right to rely, for any purpose on the assertion that Your (or Your predecessor-in-interest's) own system, apparatus, device, service, process, method, act, or other instrumentality practices any claimed invention."

*Id.* (emphasis added).  In its November 17, 2014 response to Interrogatory No. 5, Walsh Decl. Ex. B, TQ Delta never disclosed any doctrine of equivalents theory for Family 2.  On July 2, 2018, TQ Delta served its Final Claim Charts for Family 2.  Walsh Decl., Exs. C (cover pleading) and D (final claim chart for '881 patent).  TQ Delta did not disclose any evidence in support of any infringement theory under the doctrine of equivalents here, either.  TQ Delta's infringement expert, Dr. Cooklev, never discussed infringement under the doctrine of equivalents in either of his infringement-related expert reports.  Walsh Decl., Exs. E (Cooklev's Op. Rpt.) and F (Cooklev's Reply Rpt.).  On March 25, 2019, TQ Delta served an initial set of proposed jury instructions.  In these proposed instructions, TQ Delta *for the first time* raised the issue of infringement under the doctrine of equivalents for the Family 2 patent.  Ex. G (3/25/19 Proposed Joint Jury Instructions).

## III.    ARGUMENT

The Court should preclude TQ Delta from introducing evidence at trial relating to alleged infringement under the doctrine of equivalents.  The Federal Rules of Civil Procedure provide that a party who fails to disclose information or identify a witness as required by Rule 26 or pursuant to Court Order is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1); *see also Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279-83 (Fed. Cir. 2012) (finding that Fed. R. C. P. 26 "prohibits parties who are aware of their deficient [discovery] response from holding back material items and disclosing them at the last moment.").

As described above, TQ Delta never disclosed a theory of infringement under the doctrine of equivalents for Family 2 prior to the close of discovery.  It did not do so in response to 2Wire's Interrogatory No. 5; it did not do so in its court-ordered Final Claim Charts; and it did not do so in any of its infringement-related expert reports.  2Wire would be severely prejudiced if TQ Delta is now allowed to introduce this theory for the first time at trial.  2Wire did not have the opportunity to conduct fact discovery on this theory nor did 2Wire have the opportunity to examine any of TQ Delta's experts on any purported infringement theory under the doctrine of equivalents.  *See Amgen Inc. v. Amneal Pharm. LLC*, No. CV 16-853-MSG, 2018 WL 1885664, at *7 (D. Del. Apr. 19, 2018) (court finding there would be prejudice in allowing plaintiff to assert a last minute the doctrine of equivalents theory against defendants because there were "multiple ways [defendant] could have taken a different approach to litigation had [plaintiff] timely asserted the doctrine of equivalents against it, from having its own expert opine on the theory to pursuing different avenues of discovery."); *see also, e.g., Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 648 (Fed.Cir.1994) (affirming the preclusion of a doctrine of equivalents claim when the plaintiff reserved its right to bring a doctrine of equivalents claim, but waited until after the close of discovery to begin testing for infringement under the doctrine of equivalents); *Axcess Int'l, Inc. v. Savi Techs., Inc.*, Case No.3:10-cv-1033-F, 2013 U.S. Dist. LEXIS 97079, *12 (N.D. Tex., Jan. 25, 2013) (court granting defendant's motion *in limine*, limiting all expert testimony to what was disclosed in their expert reports).

## IV.    CONCLUSION

For the reasons stated above, 2Wire respectfully requests that the Court preclude TQ Delta from introducing any evidence relating to the doctrine of equivalents.

**TQ Delta's response to 2Wire's motion *in limine* requesting preclusion of evidence and testimony related to the doctrine of equivalents**

2Wire's motion *in limine* relating to the doctrine of equivalents should be denied. TQ Delta did not intend to argue infringement based on the doctrine of equivalents because literal infringement exists under the Court's claim construction. However, should 2Wire be allowed to introduce and argue a previously-abandoned claim construction, TQ Delta reserves the right to argue infringement based on the doctrine of equivalents.

2Wire, in its April 26, 2017 identification of claim terms for construction (pursuant to D.I. 280, ¶ 9), proposed the following claim construction for the term "utilizing at least one transmission parameter value to reduce a different in latency" / "utilizing at least one transmission parameter value. . . to reduce a difference in latency":

> configuring at least one transmission parameter value to decrease a known difference in latency

Ex. A (Family 2 – Defendants' Disclosure of Claim Terms for Construction and Proposed Definitions) at p. 4 (emphasis added). By this construction, 2Wire was asserting that in order "to reduce a difference in latency" there must exist a known difference in latency (i.e., a first difference in latency) that is subsequently reduced to a lower difference in latency (i.e., a second difference). After the parties met and conferred where TQ Delta explained that an example embodiment of the '881 patent reduces a difference in latency by configuring transmission parameters so that there is a reduced difference in latency in the first instance[1], 2Wire abandoned this construction and, instead, proposed the following construction:

---

[1] *See* D.I. 743-1 ('881 patent) at 6:56-65 ("Another effective method of **reducing the difference in latency** between DSL PHYs is mandate that all DSL PHYs are **configured** with transmission parameters in order to provide the same configuration latency. An exemplary method of accomplishing the same configuration latency is by configuring the exact same data rate, coding parameters, interleaving parameters, etc. on all DSL PHY s. Alternatively, different PHYs can have, for example, different data

configuring at least one transmission parameter value to minimize the difference in the configuration latencies between the bonded transceivers

D.I. 294-1 (Family 2 – Joint Claim Construction Chart) at Ex. A, p. 3.

Though 2Wire abandoned its original construction, which required a "known difference in latency," it appears that 2Wire's expert Dr. Jacobsen's is attempting to resurrect it. In her expert declaration filed in support of 2Wire's motion for summary judgment of non-infringement of the '881 patent, Dr. Jacobsen asserts that:



D.I. 722 at ¶ 97. She further argued ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████" *See* D.I. 722 at ¶ 149. While it is not true that the Court did not consider the construction of "reduce a difference in configuration latency," it would be improper and highly prejudicial for 2Wire to be allowed to now raise and argue to the jury a construction that it abandoned before the Court could consider it during the claim construction phase of this case. Accordingly, TQ Delta's concern that 2Wire's expert may argue for an abandoned construction is not mere conjecture.

Therefore, while 2Wire should not be allowed to introduce evidence or arguments at trial based on its previously-abandoned claim construction positions, if 2Wire is allowed to do so, TQ

---

rates but use the appropriate coding or interleaving parameters to have the same latency on all the bonded PHYs.") (emphasis added).

Delta reserves the right to argue infringement under the doctrine of equivalents. TQ Delta respectfully requests that 2Wire's motion in *limine* be denied.

Dated: April 8, 2019

Respectfully submitted,
FARNAN LLP

_/s/       James P. Murphy_
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

3

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                       Plaintiff,<br><br>       v.<br><br><br>2WIRE, INC.<br>                       Defendant. | Civil Action No. 13-cv-1835-RGA |
| TQ DELTA, LLC,<br><br>                       Plaintiff,<br><br>       v.<br><br><br>ZHONE TECHNOLOGIES, INC.<br>                       Defendant. | Civil Action No. 13-cv-1836-RGA |
| TQ DELTA, LLC,<br><br>                       Plaintiff,<br><br>       v.<br><br><br>ZYXEL COMMUNICATIONS, INC.<br>and<br>ZYXEL COMMUNICATIONS CORPORATION,<br>                       Defendants. | Civil Action No. 13-cv-2013-RGA |
| TQ DELTA, LLC,<br><br>                       Plaintiff,<br><br>       v.<br><br><br>ADTRAN, INC.<br>                       Defendant. | Civil Action No. 14-cv-954-RGA |
| ADTRAN, INC,<br><br>                       Plaintiff,<br><br>       v.<br><br><br>TQ DELTA, LLC.<br>                       Defendant. | Civil Action No. 15-cv-121-RGA |

# FAMILY 2 - DEFENDANTS' DISCLOSURE OF CLAIM TERMS FOR CONSTRUCTION AND PROPOSED DEFINITIONS

Pursuant to the Third and Final Scheduling Order entered in this Action, Defendants 2Wire, Inc., Zhone Technologies, Inc., ZyXEL Communications, Inc., ZyXEL Communications Corp., and AdTRAN, Inc. (collectively, "Defendants") propose that the following terms and phrases appearing in Plaintiff TQ Delta, LLC's ("TQ Delta") U.S. Patent Nos. 7,453,881 (the "'881 patent"); 7,978,706 (the "'706 patent"); and 8,422,511 (the "'511 patent"); and 7,809,028 (the "'028 patent")[1] (collectively, the "Family 2 Patents") be construed.  Defendants also provide their proposed constructions for each respective term.

Defendants reserve the right, inter alia, to modify or supplement this disclosure to facilitate agreement with TQ Delta to avoid duplication of terms or phrases, to reflect newly received information and discovery or to reflect changes in TQ Delta's contentions. Furthermore, Defendants reserve the right to amend their proposed claim terms and phrases for construction once they have had an opportunity to review TQ Delta's proposed terms and phrases for construction and their respective proposed definitions.  Defendants reserve the right to propose a construction for any term identified by TQ Delta now, or at any other time during claim construction.  TQ Delta has not served rules-compliant final infringement contentions that demonstrate how Defendants' accused products allegedly infringe each limitation of each of TQ Delta's asserted claims, and Defendants' proposed terms and claim constructions are made based on TQ Delta's infringement contentions to date.  Defendants reserve the right to revise their proposed terms and constructions based on any infringement contentions later served by TQ Delta.  Defendants reserve the right to assert that the preambles of the Family 2 Patents are

---

[1] The '028 patent is not asserted against Defendant 2Wire, Inc.

limiting.  Defendants further reserve the right to assert that any of the terms contained in asserted claims are indefinite under 35 U.S.C. § 112.

Defendants are prepared to meet and confer with TQ Delta at a mutually agreeable time to exchange proposed constructions for terms disclosed by TQ Delta, but not by Defendants, and to narrow the terms in need of construction and the disputes over construction.  The list of terms and phrases provided below is not necessarily intended as an indication that any such term or phrase should have a construction that is different from its common and ordinary meaning.  Defendants anticipate that the parties may be able to narrow the list of terms and phrases to be construed during the process culminating in the filing of a Joint Claim Construction Statement.

| Claim Term | Patents & Claims | Proposed Definition |
|---|---|---|
| "transceiver" | '881 patent, claim 17, 18; '706 patent, claim 2; '511 patent, claim 2; '028 patent, claim 1 | "communications device capable of transmitting and receiving data" |
| "plurality of bonded transceivers" | '881 patent, claim 17, 18; '028 patent, claim 1 | "at least two distinct DSL transceivers coordinated to transmit together and receive together a single stream of data over multiple twisted wire pairs" |
| "combine multiple DSL transceivers"/ "combined multiple DSL transceivers" | '706 patent, claim 2; '511 patent, claim 2 | "locate least two distinct DSL transceivers on the same communications node so that they are coordinated to transmit together and receive together a single stream of data over multiple twisted wire pairs" / "at least two distinct DSL transceivers located on the same communications node coordinated to transmit together and receive together a single stream of data over multiple twisted wire pairs" |

| "utilizing at least one transmission parameter value to reduce a difference in latency" / "utilizing at least one transmission parameter value . . . to reduce a difference in latency" | '881 patent, claim 17, 18; '706 patent, claim 2; '028 patent, claim 1 | "configuring at least one transmission parameter value to decrease a known difference in latency" |
|---|---|---|
| "determining at least one transmission parameter value . . . to reduce a difference in latency" | '511 patent, claim 2 | "computing at least one transmission parameter value . . . to decrease a known difference in latency" |

April 26, 2017

/s/ Colm F. Connolly
Colm F. Connolly (DSBA # 3151)
Jody Barillare (DSBA #5107)
MORGAN LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
*colm.connolly@morganlewis.com*
*jody.barillare@morganlewis.com*

Brett Schuman (*pro hac vice*)
Rachel M. Walsh (*pro hac vice*)
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel: 415.733.6000
Fax: 415.677.9041
*bschuman@goodwinlaw.com*
*rwalsh@goodwinlaw.com*

Attorneys for Defendant 2Wire, Inc.

/s/  Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 888-6855
Facsimile:  (302) 571-1750
*kdorsney@morrisjames.com*

Paul M. Sykes
John E. Goodman
David W. Holt
*(Admitted Pro Hac Vice)*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
*psykes@babc.com*
*jgoodman@babc.com*
*dholt@babc.com*
Attorneys for ADTRAN, Inc.


/s/  Kenneth L. Dorsney
Kenneth L. Dorsney (Bar No. 3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 888-6855
Facsimile:   (302) 571-1750
*kdorsney@morrisjames.com*

Yitai Hu (admitted pro hac vice)
Brianna Ford (admitted pro hac vice)
ALSTON & BIRD LLP
1950 University Ave, 5th Floor
East Palo Alto, CA 94303-2282
(650) 838-2000
*yitai.hu@alston.com*
*brianna.ford@alston.com*

Elizabeth H. Rader (admitted pro hac vice)
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
(202) 239-3300
*elizabeth.rader@alston.com*

H. James Abe (admitted pro hac vice)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
(213) 576-1000

5

*james.abe@alston.com*

Attorneys for ZYXEL COMMUNICATIONS, INC. and ZYXEL COMMUNICATIONS CORPORATION

_____

James S. Green, Sr. (DE0481)
Jared T. Green (DE5179)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Tel:  302.888.0600
Fax:  302.888.0606
*jgreen@svglaw.com*
*jtgreen@svglaw.com*

James L. Day (pro hac vice)
Winston Liaw (pro hac vice)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Tel:  415.954.4400
Fax:  415.954.4480
*jday@fbm.com*
*wliaw@fbm.com*

Richard G. Frenkel (pro hac vice)
Jason M. Garr (pro hac vice)
LATHAM & WATKINS LLP
140 Scott Dr.
Menlo Park, CA  94025
Tel:  650.328.4600
Fax:  650.463.2600
*rick.frenkel@lw.com*
*jason.garr@lw.com*

Attorneys for Defendant Zhone Technologies, Inc.

## CERTIFICATE OF SERVICE

I, Rachel M. Walsh, hereby certify that on April 26, 2017, a copy of  FAMILY 2 -

DEFENDANTS' DISCLOSURE OF CLAIM TERMS FOR CONSTRUCTION AND

PROPOSED DEFINITIONS  was served on the following as indicated:

Via E-Mail
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for TQ Delta, LLC*

Via E-Mail
Peter J. McAndrews (admitted pro hac vice)
Timothy J. Malloy (admitted pro hac vice)
Thomas J. Wimbiscus (admitted pro hac vice)
Sharon A. Hwang (admitted pro hac vice)
Paul W. McAndrews (admitted pro hac vice)
Anna M. Targowska (admitted pro hac vice)
Rajendra A. Chiplunkar (admitted pro hac vice)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com
twimbiscus@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
atargowska@mcandrews-ip.com
rchiplunkar@mcandrews-ip.com

Via E-Mail
David A. Prange
Ari B. Lukoff
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
(612) 339-4181 (Fax)
dprange@robinskaplan.com
alukoff@robsinskaplan.comRajendra

/s/ Rachel M. Walsh

7

**2WIRE, INC.'S REPLY MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO THE DOCTRINE OF EQUIVALENTS**

In its Opposition, TQ Delta purports to "reserve[] the right to argue infringement based on the doctrine of equivalents" at trial. *See* TQ Delta Opp., at p. 1. But TQ Delta has no right to be reserved because, as demonstrated by 2Wire in its opening brief, TQ Delta has never provided any evidence in support of any infringement theory under the doctrine of equivalents. As set forth in 2Wire's opening brief, despite having multiple opportunities to do so, TQ Delta never disclosed a theory of infringement of the asserted '881 patent claims under the doctrine of equivalents. TQ Delta did not disclose any theory or evidence under the doctrine of equivalents in response to 2Wire's Interrogatory No. 5; it did not do so in any of its Court-ordered Final Claim Charts; and it did not do so in any of its infringement-related expert reports. In its Opposition, TQ Delta does not dispute this. Therefore, 2Wire's motion to exclude any undisclosed evidence regarding purported infringement under the doctrine of equivalents should be granted.

In its Opposition, TQ Delta argues that it should be permitted to introduce a new, undisclosed doctrine of equivalents infringement theory because 2Wire is supposedly resurrecting an abandoned claim construction position. *Id.*, at p. 1. TQ Delta's accusation is false. The two paragraphs from Dr. Jacobsen's summary judgment declaration that TQ Delta cites in support of its argument are not re-arguing claim construction. Paragraphs 97 and 149 explain what reducing a difference in configuration latency means to a POSITA, which in turn supports 2Wire's non-infringement position. Notably, TQ Delta didn't complain that these paragraphs from Dr. Jacobsen's declaration amount to improper re-argument of claim construction during the summary judgment briefing process. Regardless, any complaints about Dr. Jacobsen's opinions do not justify permitting TQ Delta to introduce a new, undisclosed infringement theory under the doctrine of equivalents. Thus, 2Wire's motion should be granted.

# EXHIBIT 17

## (2Wire MIL No. 3)

**2WIRE'S MOTION *IN LIMINE* TO PRECLUDE**
**EVIDENCE AND TESTIMONY RELATING TO WILLFUL INFRINGEMENT**

Pursuant to Federal Rules of Evidence 402 and 403 and Federal Rules of Civil Procedure 26 and 37, 2Wire respectfully moves the Court to preclude TQ Delta from introducing any evidence at trial relating to purported willful infringement. Such evidence should be excluded from the Family 2 trial at least because (1) there is no evidence that 2Wire knew about U.S. Patent No. 7,453,881 (the "'881 patent") prior to TQ Delta's filing of its initial complaint in this case, on November 4, 2013, so there can be no *pre-lawsuit* willfulness claim; and (2) TQ Delta has never pled or pursued a claim for *post-suit* willful infringement of the '881 patent during the more than five years this case has been pending. Permitting TQ Delta to present an unpled post-suit willfulness theory at the Family 2 trial would be highly prejudicial to 2Wire because, since it had no notice that TQ Delta was intending to pursue such a theory, 2Wire did not prepare a defense to such a claim.

*First*, TQ Delta should not be permitted to present any evidence of *pre-lawsuit* willful infringement because TQ Delta cannot produce any evidence that 2Wire knew about the '881 patent prior to the filing of TQ Delta's initial complaint in this matter. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").

*Second*, TQ Delta should not be permitted to present any evidence of *post-suit* willful infringement of the '881 patent because TQ Delta never pled or pursued such a claim during discovery and, therefore, neither side conducted or produced any discovery regarding any purported post-suit willful infringement of the '881 patent. Indeed, TQ Delta has recently suggested that it intends to seek leave to amend its complaint to add a claim for post-suit willful infringement. *See* D.I. 1019 (Family 1 Proposed Pretrial Order), at ¶ 45. TQ Delta's acknowledgement that it needs to seek leave to amend its complaint (something that it has not

done) is an admission that there is no claim for willful infringement in the case.  2Wire will

oppose any attempt to TQ Delta to amend its complaint to add a new claim at this late date.

Furthermore, any evidence relating to 2Wire's subjective intent after the filing of the

lawsuit is irrelevant to the infringement and invalidity issues to be tried at the Family 2 trial.  As

the Federal Circuit has stated, "[i]nfringement and willful infringement are not the same thing."

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986).  This is

particularly true when considering direct infringement, the only type of infringement alleged by

TQ Delta, where subjective intent is irrelevant.   *See Glob.-Tech Appliances, Inc. v. SEB S.A.*,

563 U.S. 754, 761 n.2 (2011) ("Direct infringement has long been understood to require no more

than the unauthorized use of a patented invention.  Thus, a direct infringer's knowledge or intent

is irrelevant.") (internal citations omitted).  To prove willful infringement, by contrast, TQ Delta

would need to produce evidence of 2Wire's subjective intent, and 2Wire would be permitted to

meet that evidence with its own evidence.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct.

1923, 1933 (2016) ("The subjective willfulness of a patent infringer, intentional or knowing, may

warrant enhanced damages, without regard to whether his infringement was objectively

reckless.").  To date, 2Wire's subjective intent is not at issue in the case.

*Third*, "[t]he court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 403.  Here, 2Wire would be unduly prejudiced if TQ Delta were permitted to

present any such evidence at trial.  Because TQ Delta did not plead a claim for post-suit

willfulness in any of its four complaints, 2Wire had no reason to, and did not, develop a defense

to such a claim.  *See, e.g.*, *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1320 (Fed.

Cir. 2006) (noting that the primary purpose of a plaintiff's complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotations and citation omitted).  Further, because TQ Delta has not pled or pursued any post-suit willful infringement claim at any point during the entire life of this case, 2Wire has not identified any witnesses to testify in response to a post-suit willfulness claim.  It would be unfair and highly prejudicial to force 2Wire to respond to TQ Delta's as-yet-undisclosed evidence of willful infringement on-the-fly at trial.

Accordingly, 2Wire respectfully requests that the Court preclude TQ Delta from introducing any evidence and testimony at trial relating to willful infringement.

3

**TQ Delta's response to 2Wire's motion *in limine* requesting preclusion of evidence and testimony relating to willful infringement**

2Wire's motion *in limine* to exclude evidence and testimony relating to willful infringement should be denied. TQ Delta does not contend that 2Wire had actual knowledge of U.S. Patent No. 7,453,881 ("the '881 patent") prior to TQ Delta's filing of its initial complaint. As indicated in TQ Delta's Proposed Pretrial Order, however, TQ Delta intends to seek leave to amend its complaint to add a claim for post-suit willfulness based on 2Wire's frivolous defenses and its very recent efforts to maintain willful blindness of, and obfuscate clear evidence of, its infringement. 2Wire's assertion that it "had no notice" of TQ Delta's claim of willfulness is demonstrably wrong because 2Wire served an interrogatory asking for the basis of TQ Delta's claim for willful infringement to which TQ Delta provided a detailed response. Ex. A. 2Wire has not shown that it would be unfairly prejudiced by TQ Delta's willfulness claim. The focus of the claim is on 2Wire's conduct, and no further discovery is needed.

2Wire argues that "neither side conducted or produced any discovery regarding any purported post-suit willful infringement of the '881 patent." (2Wire Br. at 1.) 2Wire is wrong. TQ Delta's claim for *post-suit* willful infringement is necessarily based on 2Wire's subjective intent and conduct *during* the pendency of this case, and more particularly, on recent conduct that demonstrates that 2Wire's non-infringement defense is frivolous. 2Wire has known, at least as early as 2017, that TQ Delta would rely ███████████████████████████████, yet 2Wire did not have its expert, Dr. Walker, review the source code until January 21, 2019.[1]

Thereafter, the night before his deposition, 2Wire submitted a supplemental expert report of Dr.

---

[1] In fact, even after receiving TQ Delta's final infringement contentions on July 2, 2018, which contained detailed source code charts pointing to specific files and lines of the code, 2Wire chose not to have its own consultants review the source code and stated, in a supplemental interrogatory response, that it did not have non-infringement positions based on source code. 2Wire made no attempt to review the source code until after being served with TQ Delta's expert report regarding its source code analysis.

Walker regarding a myopic assessment of the source code.[2] TQ Delta's expert Dr. Almeroth submitted a declaration to respond to Dr. Walker's demonstrably meritless arguments. *See* D.I. 971.

In his supplemental report, Dr. Walker ignores the relevant portions of the source code that negates his supplemental position and demonstrates clear evidence of infringement. 2Wire's supplemental position simply raises a frivolous argument based on selectively ignoring portions of the source code that plainly refute his position.[3] Thus, not only has 2Wire maintained a position of willful blindness to the relevant source code for years, even after Dr. Walker's belated analysis of the code 2Wire continues to engage in gamesmanship to ignore clear evidence of infringement.

2Wire's recent conduct is amplified by the fact that its non-infringement position is flatly contradicted by 2Wire's ███████████████████ in which 2Wire admits ███████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[2] ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

███████████████ 2Wire worked to shield this information from its technical expert witness.[4] None of the evidence regarding 2Wire's post-suit subjective conduct requires further discovery. It is for a jury to determine whether 2Wire's post-suit actions, in light of all the surrounding circumstances, constitutes willful infringement.

Moreover, as noted above, 2Wire's assertion that "it had no notice" is simply not true. Although TQ Delta has not yet filed its motion to amend its complaint to add a claim for willful infringement, 2Wire was well aware that TQ Delta had a claim for willful infringement.[5] 2Wire itself served an interrogatory on TQ Delta which stated:

> State all facts supporting or refuting Your allegation that any infringement of any of the Asserted TQ Delta Patents by 2Wire, whether direct or indirect, was or is willful, and identify all Documents Related thereto and the person(s) most knowledge about each fact.

Ex. A at p. 15.  2Wire's assertion that it "had no reason to, and did not, develop a defense" is therefore plainly wrong, as 2Wire was demonstrably aware of TQ Delta's intent to present a claim for willful infringement by TQ Delta interrogatory response.

Finally, the issue of willfulness is directly related to the issues of infringement and validity (*e.g.,* 2Wire's willful blindness to known relevant source code and its frivolous litigation positions on infringement and validity in the face of clear evidence to the contrary.[6]

---

[4] ████████████████████████████████████████████
████████████████████████████████████████████
██████ ██ ████ ██ █ ████ █ ████ ████████ █████████ ████████ ████████
██████████████

[5] 2Wire cites to no law that would support its assertion that "TQ Delta's acknowledgement that it needs to seek leave to amend its complaint [ ] is an admission that there is no claim for willful infringement in this case." 2Wire Br. at p. 1-2. To the contrary, this Court recently granted a plaintiff leave to amend its complaint to add a claim for willful infringement over a year after the deadline for amending the pleadings. *See TC Tech. LLC v. Sprint Corp.,* No. 16-cv-00153-RGA, D.I. 316 (D. Del. February 11, 2019).

[6] To the extent the Court determines that willfulness should not be tried at the Family 2 trial on infringement and validity, TQ Delta reserves the right to assert a claim for willfulness and respond to any of 2Wire's objections at that time.

Dated: April 8, 2019

Respectfully submitted,
FARNAN LLP

/s/     *James P. Murphy*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Peter J. McAndrews (admitted *pro hac vice*)
Thomas J. Wimbiscus (admitted *pro hac vice*)
James P. Murphy (admitted *pro hac vice*)
Paul W. McAndrews (admitted *pro hac vice*)
Anna M. Targowska (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
McAndrews, Held & Malloy, Ltd
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (Fax)
pmcandrews@mcandrews-ip.com

*Counsel for Plaintiff TQ Delta, LLC*

# EXHIBIT A

**REDACTED**

# EXHIBIT B

**REDACTED**

**2WIRE'S REPLY BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO WILLFUL INFRINGEMENT**

The Court should preclude TQ Delta from introducing any evidence at trial relating to purported willful infringement.  In its opposition, TQ Delta admits: (1) it has no claim for *pre-suit* willful infringement, *see* TQ Delta Opp., at p. 1; and (2) there is no claim in the case currently for *post-suit* willful infringement because, even at this late date, it still has not filed a motion for leave to amend the complaint, *see id.*, at p. 3.  TQ Delta should not be permitted, at this late date, to add a new claim for post-suit willfulness and to put on evidence in support of such a claim that was not disclosed during fact discovery.

The arguments in TQ Delta's opposition should be rejected.  *First*, TQ Delta's November 15, 2017 interrogatory response did not give 2Wire sufficient notice of TQ Delta's post-suit willfulness claim.  The first part of TQ Delta's interrogatory response discusses pre-suit communications, which are irrelevant now given TQ Delta's belated admission that "TQ Delta does not contend that 2Wire had actual knowledge of [the '881 patent] prior to TQ Delta's filing of its initial complaint."  *Id.*, at p. 1.  And the remainder of TQ Delta's interrogatory response makes no mention of the '881 patent or the G.998.2 standard.  Moreover, most of the conduct TQ Delta now relies upon in its opposition occurred *after* TQ Delta's November 2017 response, which TQ Delta never supplemented to include the purported bases for post-suit willfulness set forth in TQ Delta's opposition.  *Second*, TQ Delta's reliance on *TC Technology LLC v. Sprint Corp.*, No. 16-cv-00153-RGA, D.I. 316 (D. Del. Feb. 11, 2019) is misplaced.  In *TC Technology*, the Court found that plaintiff demonstrated good cause by seeking leave to amend shortly after learning of new information during fact discovery.  *Id.*, at p. 4.  Moreover, plaintiff filed its motion for leave in October 2018—seven months before the scheduled May 13, 2019 trial date.  Here, trial is set to begin on April 29, 2019, and TQ Delta ***still*** has not filed a motion for leave to amend.  Moreover, TQ Delta cannot identify any new discovery that would establish good cause.

# EXHIBIT 18

## Multimedia filing submitted with the Clerk

# REDACTED

# EXHIBIT 19

## (Blank)