IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA LLC,

        Plaintiff,

   v.

2WIRE, INC.,

        Defendant.

Civil Action No. 13-1835-RGA

ORDER ON MOTIONS IN LIMINE

In my previous order on the parties' motions *in limine* (D.I. 1082), I deferred ruling on Plaintiff's MIL #1 and Defendant's MIL #1.

PMIL #1. As discussed at the pre-trial conference, my original ruling was based on Plaintiff not calling a corporate witness. (Tr. at 45: 16-19). Plaintiff has clarified that it will be calling at least one corporate witness that may introduce evidence that would open the door for Defendant to cross-examine the witness on subjects or introduce materials falling within the scope of this motion *in limine*. However, as I stated at the pre-trial conference, I will be the one to determine how far the door has opened, and Defendant should raise the matter with the Court outside the presence of the jury before asking a question regarding the subject matter at issue in this MIL. (Tr. at 54:1-8).

DMIL #1. This MIL concerns documents relating to Defendant's request for indemnity from Broadcom. At the pre-trial conference, the parties produced the documents at issue. Specifically, the parties seem to dispute the admissibility of both the indemnity agreement and a specific letter between Broadcom and Defendant regarding Broadcom's potential indemnity

1

obligations.[1] Plaintiff identified two portions of the letter that it believes are relevant and admissible through hearsay exceptions: (1) Broadcom's representation that "the asserted claims for the patents-in-suit appear to be intellectual property that is essential or necessary for compliance with a standard or require the combination of equipment and/or devices not supplied by Broadcom," and (2) Broadcom's statement, "Rather than dispute existence and/or scope of any potential indemnity while the litigation is ongoing, Broadcom will, through a valid subpoena, provide technical assistance to help [Defendant] defeat [Plaintiff's] claims." (Tr. 57:4-8, 58:10-13, 64:4-6). Defendant asserts that the indemnity agreement and related evidence (1) are not relevant to any issue to be tried during the Family 2 trial, (2) would confuse the jury, waste time, and be unfairly prejudicial to Defendant in violation of Federal Rule of Evidence 403, and (3) are impermissible hearsay. (D.I. 1068-15 at 2).

The indemnity agreement is inadmissible under Rules 402 and 403 as (1) it is not relevant, and (2) to the extent it may have relevancy, its probative value is substantially outweighed by the risk of unfair prejudice to Defendant. While Plaintiff argues that the indemnity agreement shows that Broadcom has an incentive to defeat the '881 patent to avoid indemnification, there appears to be no dispute between the parties that Broadcom has denied that it has any obligation to indemnify Defendant. (Tr. at 66:12-17). Thus, the indemnity agreement is not probative of Broadcom's bias. To the extent that the indemnity agreement may have some minimal probative value based on the possibility that Broadcom may later indemnify Defendant, it is substantially outweighed by the risk of confusion to the jury, the time required to explain the exceptions and caveats in the indemnity agreement, and the unfair prejudice to Defendant.

---

[1] At the pre-trial conference, Plaintiff narrowed the scope of documents it was seeking to admit to a single indemnity-related letter from Broadcom to Defendant. (Tr. at 59:10-16). In order to complete the record, I request that Defendant file the indemnity agreement and the letter on the docket.

Turning to the indemnity-related letter, it is (1) inadmissible hearsay to the extent it is offered to show that the '881 patent was a standards-essential patent, and (2) inadmissible under Rule 403 to the extent offered to show Broadcom's bias and the credibility of Dr. Yu.

First, the letter is inadmissible hearsay with regards to the statement on standards essentiality. Plaintiff asserts that the letter is admissible under Rule 804(b)(3)(A) which provides:

> A statement that [] a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability.

I disagree with Plaintiff's contention that the statements made in the letter are within the scope of Rule 804(b)(3)(A). It is clearly in Broadcom's pecuniary interest to deny an obligation to indemnify Defendant. I do not believe Broadcom's statement exposes Broadcom to civil liability because it provided two alternative reasons that it had no indemnity obligation. Even if the stated reasons open an avenue to infringement liability for Broadcom, I do not believe that it "had so great a tendency . . . to expose the declarant to civil [] liability" as to satisfy Rule 804(b)(3)(A). Moreover, the letter does not address a single specific patent claim, but rather discusses generally all asserted patents in this case, which include twenty-four patents spread over six patent families. Therefore, even if the letter were not inadmissible hearsay, it would be inadmissible under Rule 403 because the potential for jury confusion and unfair prejudice to Defendant substantially outweighs any limited probative value it might have. Thus, the letter is inadmissible to show that the '881 patent is a standards-essential patent.

Second, the letter is also inadmissible under Rule 403 to show either the bias of Broadcom or to attack the credibility of Broadcom's corporate witness, Dr. Yu. Broadcom's bias is only relevant to the extent that it would impact Dr. Yu's technical testimony. There is no

dispute between the parties that Dr. Yu was never shown the indemnity agreement or any of the related letters during his deposition. (Tr. at 65:13-14, 68:15-19). Thus, there is no evidence that Dr. Yu was aware of the indemnity agreement, the related letters, or any relationship between Broadcom and Defendant other than that Defendant buys chips from Broadcom. Plaintiff has presented no evidence that Dr. Yu was instructed by Broadcom to give testimony in a certain way. At the pretrial conference, Plaintiff's counsel admitted that it was "speculation" that Broadcom and Defendant cooperated behind the scenes to prepare Dr. Yu. (Tr. at 69:17-23). Defendant's counsel denied such cooperation. (Tr. at 71:21-25). As Broadcom has not indemnified Defendant, and Defendant was not the party to notice Broadcom's deposition, I determine that the additional risk of bias beyond what is apparent from Broadcom's role as Defendant's chip-supplier is speculative and remote and thus, any minimal probative value of the indemnity-related letter is substantially outweighed by the risk of jury confusion and unfair prejudice caused by introducing indemnity issues into the trial. *See* Fed. R. Evid. 403.

Thus, Defendant's motion *in limine* No. 1 is GRANTED.

Entered this 25 day of April, 2019.

*Richard G. Andrews*
United States District Judge