IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>2WIRE, INC.,<br><br>        Defendant. | Civil Action No. 13-1835-RGA |

MEMORANDUM ORDER

Pending before the Court are Defendant's Motions to Strike the Untimely Declarations from Dr. Almeroth and Dr. Cooklev (D.I. 1032, 1035) and Plaintiff's Motion for Leave to File a Fourth Amended Complaint (D.I. 1079). I have reviewed the parties' briefing associated with the motions. (D.I. 1033, 1036, 1062, 1065, 1079, 1087, 1089). At the pre-trial conference, Defendant agreed that Plaintiff's motion could be decided based upon the briefing in the motions *in limine*, the disclosures in the pre-trial order, and the arguments made at the pretrial conference.

**I.      BACKGROUND**

Plaintiff TQ Delta filed this lawsuit against Defendant 2Wire on November 4, 2013 asserting infringement of twenty-four patents. (D.I. 1). I have divided the case into separate trials based on families of patents. (D.I. 280). The motions at issue herein address untimely disclosure of expert opinion relating to the Family 2 and 3 patents. Fact discovery for all the asserted patent families closed on October 1, 2018. Expert reports were sequenced as follows: Family 2 opening reports were due on November 2, 2018; Family 2 rebuttal reports were due on November 29, 2018; Family 2 reply reports were due on December 21, 2018; Family 3 opening reports were due on

1

November 28, 2018; Family 3 rebuttal reports were due on December 28, 2018; and Family 3 reply reports were due on January 18, 2019. Expert discovery for both Family 2 and Family 3 closed on February 8, 2019. The pretrial conference for Family 2 took place on April 18, 2019 and trial is scheduled for April 29, 2019.[1] (D.I. 513). The pretrial conference for Family 3 is scheduled for May 10, 2019 and trial is scheduled for May 20, 2019.

The motions to strike discussed herein concern two purportedly untimely declarations from Plaintiff's expert Dr. Almeroth (D.I. 971, 974) and the reply declaration of Dr. Cooklev in support of Plaintiff's Family 2 Motion for Summary Judgment of Infringement (D.I. 927). Dr. Almeroth's declarations were filed on March 15, 2019. Dr. Cooklev's declaration was filed concurrently with Family 2 reply briefing on March 12, 2019. Defendant has filed motions to strike all three declarations, which it argues are untimely supplemental reports by Plaintiff's experts. The parties now agree that Defendant's motions are moot in regard to Dr. Almeroth's Family 2 declaration (D.I. 971). (D.I. 1046 at 1; D.I. 1087 at 1).

## II. LEGAL STANDARD

### A. Motion to Strike

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To determine whether a failure to disclose was harmless, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the

---

[1] Currently double-booked.

2

evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

## A. Motion for Leave to Amend

Federal Rule of Civil Procedure 15 governs amendments to the pleadings generally. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

Federal Rule of Civil Procedure 16(b) also applies when a party moves to amend past the date set by the scheduling order. *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Media Pharm. Inc. v. Teva Pharm. USA, Inc.*, 2016 WL 6693113, at *1 & n.2 (D. Del. Nov. 14, 2016). Rule 16(b)(4) provides. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Media Pharm.*, 2016 WL 6693113, at * 1. "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010).

3

## III. DISCUSSION

### A. Dr. Almeroth's Declarations

Defendant moved to strike two purported supplemental expert reports by Plaintiff's expert, Dr. Almeroth, which were provided in conjunction with summary judgment briefing for both Family 2 and 3. Defendant asserts that despite styling these reports as a "Notice of Subsequent Authority" (D.I. 971) and as a "Declaration of Kevin C. Almeroth" (D.I. 974), these documents are "supplemental expert reports based on a further review of Broadcom source code conducted by Dr. Almeroth sometime in March 2019." (D.I. 1033 at 1). The parties now agree that Defendant's motion is moot as to Dr. Almeroth's Family 2 declaration. (D.I. 1046 at 1; D.I. 1087 at 1). However, Defendant maintains that the motion to strike Dr. Almeroth's Family 3 declaration is not moot, at least with respect to summary judgment briefing, and now requests that I order Plaintiff to produce Dr. Almeroth for a half-day deposition on his supplemental expert reports. (D.I. 1087 at 3-4).

To the extent that the opinions included in Dr. Almeroth's Family 3 reply declaration were not raised in the opening briefs, I will exclude them from consideration in my determination of the parties' summary judgment motions on infringement and non-infringement of the Family 3 patents. However, I do not believe these opinions need to be struck, as I have authorized a supplemental expert report by Dr. Almeroth, thus mooting the issue of late disclosure. (D.I. 1046).

Defendant also requests that I order Plaintiff to produce Dr. Almeroth for a half-day deposition on his supplemental expert reports. I decline to do so. Dr. Almeroth's supplemental expert reports have been permitted to cure prejudice caused by Defendant's own late disclosures. I will not permit curative reports to spark a new cycle of expert discovery so close to trial.

4

## B. Dr. Cooklev's Family 2 Reply Declaration

Defendant also challenges Dr. Cooklev's reply declaration in support of Plaintiff's motion for summary judgment of infringement for Family 2 as an untimely supplemental report. (D.I. 1036). Defendant argues that Dr. Cooklev's Reply Declaration for Family 2 is the first time that he has offered the opinion "that certain portions of the G.998.2 standard are 'mandatory' for G.998.2-compliant products." (D.I. 1036 at 1). Plaintiff opposes the motion, asserting that Dr. Cooklev's expert reports previously provided the opinions that Defendant challenges.

I agree with Plaintiff. Though there are some differences in phrasing, Dr. Cooklev's reply declaration for Family 2 does not appear to me to offer untimely expert opinion and therefore is not an untimely disclosure under Rule 26. Defendant asserts that Dr. Cooklev's opinion that "to comply with the G.998.2 standard (and the 802.3ah standard referenced by G.998.2), bonded transceivers must use a transmission parameter to reduce their difference in latency to no more than the 'maxDifferentialDelay' specified in the standards." (D.I. 1036 at 4 (citing D.I. 927, ¶¶ 7-14)). However, this opinion does appear in Dr. Cooklev's earlier expert reports. (*Compare* D.I. 927 ¶¶ 7-14 (declaration) *with* D.I. 748-26 ¶¶ 74, 76, 116-120 (opening) and D.I. 748-30 ¶¶ 27 (reply)). While Dr. Cooklev may more clearly state his opinion in his Reply Declaration, I do not believe that paragraphs 7-14 provide previously undisclosed opinions.

Defendant also asserts that Dr. Cooklev's opinion, that "even if two (or more) transceivers independently constrain their latencies to the same known or predefined range, without interaction or knowledge of the other transceiver(s), those receivers meet the requirements of the standard," is new. (D.I. 1036 at 4 (citing D.I. 927 ¶¶ 16-17)). However, this opinion too appears in Dr. Cooklev's expert reports. (*Compare* D.I. 927 ¶¶ 16-17 (declaration) *with* D.I. 748-30 ¶¶ 61, 69-

5

71 (reply report)). Thus, the challenged opinions are not untimely disclosed, and as such, should not be struck under Rules 26 and 37.

Finally, I need not determine whether Dr. Cooklev's reply declaration violated Local Rule 7.1.3(c)(2). I did not rely on Dr. Cooklev's reply declaration when considering the parties' Family 2 motions on infringement and non-infringement. Thus, I will not strike the declaration.

### C. Plaintiff's Motion for Leave to File a Fourth Amended Complaint

Plaintiff moves for leave to file a Fourth Amended Complaint, and specifically, to add a claim for post-suit willfulness against Defendant 2Wire. (D.I. 1079). Plaintiff asserts that it has good cause to amend because it has diligently pursued the factual basis for its willful infringement claim (D.I. 1080 at 10), and that amendment will not prejudice Defendant because Defendant does not need to take any additional discovery to respond to Plaintiff's claim. (D.I. 1080 at 11). Defendant argues that (1) Plaintiff cannot show good cause for seeking leave to amend, (2) proposed amendment would be futile, and (3) Defendant would be prejudiced if Plaintiff is allowed to amend its Complaint. (D.I. 1068 at 12-13).

Assuming that Plaintiff meets good cause under Rule 16(b), I nevertheless deny Plaintiff's motion because amendment would cause Defendant undue prejudice.

The fact that an amendment is made after the scheduling order deadline is not dispositive for denying leave to amend. *See, e.g., Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003). However, here, Plaintiff's motion to amend comes over a year and a half after the scheduling order deadline, after the completion of summary judgment, and just two weeks before the Family 2 trial is scheduled to begin. (D.I. 1080). While I agree that Defendant would not need to engage in any new discovery to defend against the claim, the preparation and development of a defense in less than two weeks is inherently prejudicial. Moreover, none of

Plaintiff's cases support granting leave to amend so close to trial. In *Intellectual Ventures I LLC v. Toshiba Corp.*, 2016 WL 4690384, at *2 (D. Del. Sept. 7, 2016), the motion to amend was granted four months before trial began and the newly-added defense was bifurcated. *Id.* at *2. In *Cornell University v. Illumina, Inc.*, 2016 WL 3046258, at *6 (D. Del. May 27, 2016), the non-moving party did not allege undue prejudice. Finally, in *TC Tech. LLC v. Sprint Corp.*, 2019 WL 529678 (D. Del. Feb. 11, 2019), the motion to amend was granted three months before trial began.

Moreover, I disagree with Plaintiff that the fact that its willful infringement claim is closely tied to the parties' positions on infringement defenses prevents prejudice to Defendant. Here, Plaintiff's theory of post-suit willfulness appears to be based wholly on Defendant's actions in defending this suit. (D.I. 1080 at 13-14). A willfulness claim that amounts to attacking Defendant's litigation strategy is significantly prejudicial to Defendant, especially when the claim is introduced on the eve of trial. Nor does the case law Plaintiff cites in support indicate otherwise. In that case, the proposed claims were closely related to the facts at issue for claims already in the case. *See Cavi v. Evolving Sys. NC, Inc.*, 2018 WL 2372673, at *2 (D. Del. May 24, 2018). Thus, as amendment would unduly prejudice Defendant, I deny Plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Dr. Almeroth's Declarations (D.I. 1032) is DISMISSED as moot as to the Family 2 Declaration and DENIED as to the Family 3 declaration, Defendant's Motion to Strike Dr. Cooklev's reply declaration (D.I. 1035) is DENIED, and Plaintiff's Motion for Leave to File a Fourth Amendment Complaint (D.I. 1079) is DENIED.

IT IS SO ORDERED this 25 day of April, 2019.

/s/ Richard G. Andrews
United States District Judge

7