IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA, LLC,

    Plaintiff,

v.

2WIRE, INC.,

    Defendant.

Civil Action No. 1:13-cv-01835-RGA

**MEMORANDUM ORDER**

Presently before me is Plaintiff's Motion for Reconsideration of the Court's March 26, 2019 Memorandum Opinion (D.I. 1028) Regarding 2Wire's Motion for Summary Judgment. (D.I. 1057). The Parties have briefed the issues. (D.I. 1057, 1101). For the reasons discussed more fully below, I will deny Plaintiff's motion.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019).

Plaintiff argues that my construction of the claim term "array representing Signal to Noise ratio per subchannel during Showtime information" is incorrect as a matter of law. (D.I.

1057 at 2-5). It focuses its argument on the "plain language" of the term. (*Id.* at 2-4). Specifically, it argues that I misunderstood the "representing" language of the claim. In its original briefing, Plaintiff argued, without support, that "representing" in the claim meant "there will be a number of values to express the SNR per subchannel." (D.I. 824 at 7). In its briefing on this motion, Plaintiff now argues that there are multiple potential dictionary definitions of "representing"—including "depicting." (D.I. 1057 at 3-4). Plaintiff did not make this argument earlier and does not attempt to explain any reason for failing to do so. Moreover, my Memorandum Opinion was concerned with determining whether the plain language of the claim required that the SNR per subchannel be measured at a particular time. (D.I. 1028 at 10). Plaintiff has not shown that such an unwritten temporal measurement limitation is present in the plain language of the claim. Thus, I will not reconsider my finding of the plain meaning of the claim.

Plaintiff next argues that it was improper for me to consider Defendant's expert's declaration when I was construing the claim. (*Id.* at 6-8). It argues that I accorded Dr. Jacobsen's opinion "significant weight" in making my determination. (*Id.* at 6). Plaintiff misunderstands my analysis. I did not use Dr. Jacobsen's opinion to construe the claim term. Rather, I considered whether Dr. Jacobsen's opinion was consistent with the plain language of the claim. That is, I considered Dr. Jacobsen's declaration for the purpose of determining that the plain language of the claim was not fundamentally inconsistent with the underlying technology. (D.I. 1028 at 13-14). I found that Dr. Jacobsen's declaration did not point away from the plain language of the claim. Plaintiff was free to submit an expert declaration in support of its position that the plain language of the claim did not comport with how the

2

technology works, but it chose not to. Thus, I will not reconsider my consideration of Dr. Jacobsen's declaration when I construed the claim term.

Plaintiff's final argument is that my invalidity determination is unsupported by law. (D.I. 1057 at 8-9). It supports its argument by conflating my analysis of the claim construction issue with my consideration of its arguments on anticipation and obviousness. Such mismatching is inappropriate and does not support a motion for reconsideration. It is undisputed that Plaintiff's *only* argument against Defendant's successful invalidity arguments was that the prior art references did not measure the SNR per subchannel during Showtime. (*See* D.I. 664). My construction of the claim term does not, however, contain a temporal measurement limitation. Thus, Plaintiff failed to identify any dispute of material fact on the invalidity issues and Defendant was entitled to summary judgment as a matter of law.

Thus, Plaintiff's Motion for Reconsideration of the Court's March 26, 2019 Memorandum Opinion Regarding 2Wire's Motion for Summary Judgment (D.I. 1057) is **DENIED**.

Entered this \_\_\_ day of June 2019.

_____
United States District Judge