IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA, LLC,

        Plaintiff,

    v.

2WIRE, INC.,

        Defendant.

Civil Action No. 13-1835-RGA

## MEMORANDUM ORDER

Presently before me is Plaintiff's Motion for Reconsideration of the Court's April 25, 2019 Order (D.I. 1105) Regarding Claim 17 of '881 Patent. (D.I. 1140). The parties have briefed the issues. (D.I. 1140, 1210). For the reasons discussed more fully below, I will deny Plaintiff's motion.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019).

First, Plaintiff argues that I "made a clear error of law by deciding to not construe" the claim term "to reduce a difference in latency." (D.I. 1140 at 2). Plaintiff reasserts its previous

argument that the parties dispute the scope of the term "reduce" and realleges that Defendant intends to argue that the claim phrase "utilizing at least one transmission parameter value to reduce a difference in latency between the bonded transceivers"[1] to only cover "a situation where the bonded transceivers are initialized twice and the latencies are measured twice, such that a comparison between 'a first, baseline difference in latency' and a second latency calculation demonstrates a difference between two discrete latency quantities." (*Id.* at 7).

Plaintiff is incorrect that this dispute has not been resolved. My previous order clearly stated, "Defendant cannot argue that the claim element requires that each bonded transceiver must calculate a first difference in configuration latency and then re-calculate transmission parameters to reduce the latency [because] [t]hat does not match the claim construction." (D.I. 1105 at 1). Thus, the only remaining dispute between the parties is how to make the determination of infringement, specifically how to compare the allegedly infringing devices with the claims. As I previously stated, this dispute is an "issue[] of fact that should be resolved by the jury." (*Id.*).

Second, Plaintiff argues that I made a clear error of law when I decided, "To the extent Defendant wants to argue that infringement of the claim element is not shown because there is no evidence of an actual reduction in the difference of configuration latency, or that the specification does not provide written description for the term 'reduce,' it may do so." (D.I. 1140 at 2; D.I. 1105 at 1-2). Plaintiff argues that it "has consistently contended that the proper scope of Claim 17 does not require the showing of an actual difference in latency." (D.I. 1140 at 8). I have reread Plaintiff's last claim construction submission on this issue (D.I. 1096), and I do not think

---

[1] I have construed this claim phrase to mean "utilizing at least one transmission parameter value to reduce a difference in configuration latency between the bonded transceivers." (D.I. 486 at 16-17).

Plaintiff accurately characterizes what its submission argued. Further, its own expert's infringement proof provides a comparison of the products in bonded and unbonded mode to show that the accused products use transmission parameter values to reduce the difference in latency. (*See* D.I. 1094-1 at 6-13).

Moreover, Plaintiff misunderstands my inclusion in my previous order of the language, "To the extent Defendant want to argue that . . . the specification does not provide written description for the term 'reduce,' it may do so." I understand Defendant's written description argument to be that the specification solely discloses how to "eliminate" a difference in configuration latency and is thus insufficient to support the broader scope of "reduc[ing]" a difference in configuration latency. As I held in my summary judgment opinion, this is a dispute for the jury. (D.I. 1058 at 18).

Thus, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's April 25, 2019 Order Regarding Claim 17 of '881 Patent (D.I. 1140) is DENIED.

Entered this 14 day of June, 2019.

United States District Judge