IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-1835-RGA |
| | : | |
| 2WIRE, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Plaintiff has filed a motion in the Family 6 portion of the case to strike the late assertion of prior art. (D.I. 1328). The motion is fully briefed. (D.I. 1329, 1337, 1349).

In particular, Plaintiff moves to strike about fifty enumerated paragraphs of Defendant's expert's report on invalidity. Plaintiff says two Texas Instruments prior art products, which it calls "Virtuoso" and "TNETD2000C," were not disclosed before the opening expert report. The two products are used to assert invalidity in connection with two asserted claims of the '835 patent, which are the only asserted claims of Family 6.

Pursuant to the Final Scheduling Order (D.I. 513, ¶¶ 2, 8),[1] Defendant's Final Invalidity Contentions were served August 15, 2018, before the close of fact discovery on October 1, 2018. Trial was scheduled for January 25, 2021, but that date has recently been vacated. (D.I. 1496). The two pieces of prior art were first asserted in this case in an expert report served on July 10,

---

[1] The order noted, "Defendants may seek leave to supplement their final invalidity contentions for good cause." Defendant does not assert that it took advantage of this provision.

2020.  Plaintiff argues there was no good cause for amending the scheduling order, and the *Pennypack* factors support striking the evidence.  (D.I. 1329).

Defendant's response essentially concedes the accuracy of Plaintiff's recitation of the timeline, but asserts it has good cause to amend because its expert earlier asserted the same art against Plaintiff on the same patent in the ZyXel case.   And, in any event, Defendant states that the *Pennypack* factors do not favor striking the evidence.  (D.I. 1337).

Defendant's "good cause" argument is essentially that its expert witness did not develop the theory based on the Texas Instruments prior art until recently.  Yet the same expert cited the same prior art against the same two claims of the same patent on September 3, 2019, in a related case.  (*TQ Delta v. ZyXel,* No. 13-2013 (D.Del.) (D.I. 661 at 3)).  And TQ Delta moved to strike the prior art in November 2019 in that case too.  (*Id*.).  Good cause requires diligence.  *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).  Defendant has not begun to show diligence. There is no good cause to amend the schedule.

That leaves the *Pennypack* factors for the exclusion of witnesses and evidence:

> Decisions of this and other courts suggest the factors to be considered in resolving this question: bad faith on the part of the party seeking to call witnesses not listed in his pretrial memorandum; ability of the party to have discovered the witnesses earlier, validity of the excuse offered by the party, willfulness of the party's failure to comply with the court's order; the parties' intent to mislead or confuse his adversary; and finally, the importance of the excluded testimony. Underlying the cases to which we have adverted are these basic considerations: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904–05 (3d Cir. 1977) (citations omitted).

It is hard to conclude Defendant has operated in bad faith. On the other hand, there is no explanation why Defendant did nothing to alert Plaintiff of its new theories in the nine months or more before the expert report was issued. Clearly, Defendant knew (if nothing else, Defendant's expert's knowledge is attributable to Defendant) of the evidence nine months or more before it disclosed the evidence. Defendant offers no compelling excuse for the delay. Thus, I conclude that the failure to disclose earlier was a conscious decision, and intentional, not just negligent. The parties argue about the importance of the evidence, but I am persuaded by Plaintiff's argument that Defendant has advanced dozens of invalidity theories[2] and it is hard to believe that two additional pieces of prior art have anything more than marginal value. I note in the subsequent summary judgment briefing (D.I. 1420, 1421), Defendant advances three theories of invalidity, including one of anticipation and one of obviousness. None of the three mentions the Texas Instruments prior art; the anticipation and obviousness arguments are primarily based on the G.992.1 standard.

The asserted prior art are products, not publications or patents. Plaintiff states it is prejudiced because it has not been able to investigate the products through discovery such as testing, source code review, or documentary production in support of public use or sale beyond what Defendant's expert (who two decades ago was personally involved with the products) had in her possession. (D.I. 1329 at 11-12). Defendant responds that any prejudice is "minimal." It says it is unlikely source code still exists. (D.I. 1337 at 9). Given the age of the products, witness testimony is unlikely to be helpful. (*Id.* at 8). Defendant also states that Plaintiff should have investigated these products when ZyXel raised them, but Plaintiff persuasively points out that it

---

[2] Plaintiff asserts Defendant's expert report advanced twenty-five obviousness grounds, fourteen anticipation grounds, ten §112 grounds, and two §101 grounds. (D.I.1329 at 17-18 & n.13). Defendant does not contest this headcount. (D.I. 1337 at 11-12).

did object to them and the ZyXel case soon thereafter settled.  Defendant does not object to limited discovery including attempts to locate source code (which, if found, would then have to be analyzed) and the deposition of the designer of the relevant chipsets.  (*Id*. at 9).  Discovery could be taken now (since the trial has been indefinitely postponed), and the likely result is that such discovery would produce whatever it would have produced if it had been done in 2018.  The results, whatever they might be, would likely lead to more expert reports and more motions.  Out-of-time discovery is not without cost, some of which would have been unnecessary had Defendant advanced these theories when it first knew about them.

In sum, there is some prejudice to Plaintiff, there is no excuse for Defendant's delay, and I am completely unconvinced that Defendant needs the additional art.

Plaintiff's motion to strike (D.I. 1328) is **GRANTED**.

IT IS SO ORDERED this 10th day of December 2020.

/s/ Richard G. Andrews
United States District Judge