# Morgan Lewis

**Jody C. Barillare**
Of Counsel
+1.302.574.7294
jody.barillare@morganlewis.com

March 15, 2021

<u>VIA E-File</u>
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *TQ Delta, LLC v. 2Wire, Inc.,* C.A. No. 13-cv-1835-RGA

Dear Judge Andrews:

The Court should deny TQ Delta's request for damages-related discovery as premature. The Court previously bifurcated and postponed the damages phase of this case until after all liability issues have been resolved. D.I. 943. Liability issues with respect to the Family 4 and 6 patents remain unresolved, and the trials for those patents have been postponed indefinitely. Therefore, the damages phase of this case is not yet active. Thus, if 2Wire provided the discovery and analyses TQ Delta is demanding now, 2Wire would almost certainly have to repeat the same discovery and analyses when it is time to try damages. TQ Delta has not articulated a pressing need for this information now, or any prejudice to TQ Delta if 2Wire provides this information only one time when the damages issues are set for adjudication.

However, if the Court grants TQ Delta's request, 2Wire respectfully requests that the Court also order TQ Delta to update and supplement its damages-related discovery responses, including those directed to TQ Delta's license agreements and offers covering the asserted patents (at least 2Wire's Request for Production Nos. 6 and 7). 2Wire raised this with TQ Delta during the conference that proceeded TQ Delta's filing of its letter; TQ Delta did not state a definitive position on whether it would supplement.

**1. <u>TQ Delta's Request To Have 2Wire Update Sales Data Now, Before Liability Is Fully Resolved and Before Any Damages Phase Has Been Scheduled, Should be Denied.</u>**

TQ Delta asks the Court to order 2Wire to produce supplemental sales information for the accused products now, and to state whether there will be any additional sales of the accused products thereafter. TQ Delta's request should be denied. First, because 2Wire expects to update its sales figures after all liability issues are resolved and before trial on damages, 2Wire

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street
Suite 2201
Wilmington, DE  19801           ☎ +1.302.574.3000
United States                   📠 +1.302.574.3001

March 15, 2021
Page 2

will have to repeat this exercise at that time.  This is particularly true for any projection of future sales figures for the accused products which will soon be rendered useless in the face of actual sales figures produced at a later time for the same time period.  Second, TQ Delta's request that 2Wire state whether there will be additional sales of accused products is untethered to any discovery request and not relevant to any issues in the case.

Moreover, TQ Delta has not articulated any pressing need for 2Wire to supplement its responses now, when fact discovery has long been closed, and a damages trial is not yet scheduled.  Instead, TQ Delta merely argues that such discovery is inevitable, states without explanation that delay in discovery could delay ultimate resolution of this case, and that discovery now could potentially assist with settlement.  D.I. 1562 at 2.  First, that discovery is inevitable only weighs in favor of postponing any supplementation until later, as 2Wire inevitably will have to update its sales figures again when damages are ready to be tried.  Second, TQ Delta has not explained why a delay in discovery would lead to a delay in resolution.  For example, TQ Delta has not explained what additional work TQ Delta would need to do to analyze sales figures once 2Wire provides them, or how much time it would take.  Instead, delay in discovery would actually lead to efficiency as it would minimize the number of times 2Wire performs its analysis.  Third, if the parties thought an exchange of this information now would be helpful to any potential settlement discussion, TQ Delta would not have to seek an order from this Court compelling 2Wire to provide the information.

In sum, TQ Delta cannot justify requiring 2Wire to provide this information now.  Therefore, 2Wire respectfully requests that the Court deny TQ Delta's untimely request to update its sales figures now.

## 2. TQ Delta's Premature Request For An Infringement Analysis Of New or Changed Products.

TQ Delta next requests discovery regarding any material differences between the accused products sold through the second quarter of 2017 and those sold thereafter.  Again, TQ Delta's request is premature and inefficient, and should be denied.

First, the majority of this information is not tied to any issued discovery request.  TQ Delta merely requests this information, long after fact discovery has closed, without identifying any basis for doing so.  This alone indicates that the Court should deny TQ Delta's request.

Second, any inquiry into whether any new products are "materially" or "colorably" different from accused products should also be postponed until after all liability issues have been determined.  First, because this information is primarily, if not entirely in the possession of third party Broadcom, and fact discovery closed over two years ago, 2Wire is not able to subpoena for this information now.  Second, at least some of the 2Wire products found to infringe the Family 2 and/or Family 3 patents are also accused of infringing the Family 4 and/or Family 6 patents.  Because the Family 4 and 6 trials have been indefinitely postponed, and there has been no determination whether 2Wire's products infringe all of TQ Delta's asserted patents (and how), 2Wire does not know at this point all of the features that may be relevant to this analysis.  Even if 2Wire conducted this analysis now for features found to infringe the Family 2 and Family 3

March 15, 2021
Page 3

patents, 2Wire may have to repeat this analysis if liability is found on either Family 4 or 6. It makes no sense to have 2Wire do this analysis twice (or more often), as TQ Delta seems to want 2Wire to do.

TQ Delta's cases do not support discovery into damages and changes to the accused products now. Instead, damages discovery for non-accused products makes most sense *after* liability is fully resolved. *See, e.g.*, *Apple Inc. v. Samsung Elecs*. Co., No. 12-CV- 00630-LHK, 2018 U.S. Dist. LEXIS 25377, 2018 WL 905943, at *4 (N.D. Cal. Feb. 15, 2018) (addressing damages for related products only after reaching an infringement determination on asserted products); *see also Creative Internet Advertising Corp. v. Yahoo! Inc*., 674 F.Supp.2d 847 (E.D. Tex. 2009) (following analysis set forth in *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869 (Fed. Cir. 2011) (en banc), which requires showing, as a first step, that "'the newly accused product is not more than colorably different from the product ***found*** to infringe'" (emphasis added)). TQ Delta's citation of *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.* is also inapposite. There, the court ordered supplementation of discovery response after claim construction. No. 18 C 0825, 2020 WL 1701861, at *1 (N.D. Ill. Apr. 8, 2020). However, in that case, supplementation was ordered because the original responses were deemed insufficient, not because the court found a special need for supplementing interrogatory responses after claim construction. *See, e.g., id*. at *7 (describing absence of existing additional responsive information that was not supplied in original response). The court there did not address the timing of discovery where liability and damages were bifurcated, and the damages issues could be tried years hence. *See generally id*. Moreover, in *XpertUniverse, Inc. v. Cisco Sys., Inc*., Case No. 09-cv-157 (RGA), 2013 WL 6118447 at *10 (D. Del., Nov. 20, 2013), this Court <u>denied</u> Plaintiff's request for pre-verdict sales information without prejudice to Plaintiff filing a new action for patent infringement, citing *Fractus, S.A. v. Samsung Electronics Co., Ltd*., 2013 WL 1136964, *2 (E.D. Tex. Mar. 15, 2013). 2013 WL 6118447 at *10.

2Wire therefore respectfully requests that the Court deny TQ Delta's request to provide analysis now regarding changes to 2Wire's accused products.

### 3. Any Court-Ordered Supplementation Of Discovery Should Be Mutual.

If the Court agrees with TQ Delta that now is the right time to update prior discovery responses, 2Wire respectfully requests that TQ Delta should be ordered to supplement its responses and document production in response to 2Wire's requests relating to licensing, including but not limited to Request for Production Nos. 6 (copies of license agreements of the asserted patents) and 7 (terms of offers to license the asserted patents).

Respectfully submitted,

*/s/ Jody C. Barillare*

Jody C. Barillare (#5107)

cc: Counsel of Record