

Christine D. Haynes
302-651-7508
Haynes@rlf.com

June 28, 2021

**VIA CM/ECF E-FILING**

The Honorable Richard G. Andrews
United States District Court
844 North King Street, Unit 9, Room 6325
Wilmington, DE 19801

      Re:    *TQ Delta, LLC vs. 2Wire*, C.A. No. 13-1835-RGA

Dear Judge Andrews:

      Broadcom Corporation ("Broadcom") submits this letter in response to the Memorandum Opinion (D.I. 1567) issued earlier today in the above-referenced case and to object to the fact that the Court made public confidential Broadcom source code information without any advance notice to Broadcom or opportunity to be heard. Broadcom is not a party to these cases, and produced its source code only under a Protective Order entered in the Central District of California that strictly limits the use and distribution of the code. *See* Exh. A. Broadcom has submitted numerous declarations in this and related cases attesting to the confidentiality of its documents and source code, which contain highly-detailed and technical information about the operation of its products that would never normally be made public. *See, e.g.,* D.I. 1180, 1155, 1249, and 1286. Broadcom understands that, for the specific summary judgment motions that were decided in today's order, the parties submitted all information about Broadcom's source code under seal. *See, e.g.,* D.I. 1387, 1388, 1392, 1392, 1395, 1419, 1429, 1452, and 1457. The Court, however, incorporated this information into a decision that was posted publicly to PACER and has now already been distributed to law firms, media outlets that monitor Delaware filings, and, most likely, Broadcom's competitors.

      The Broadcom information incorporated into today's decision is manifestly confidential. Specific source code files and, indeed, specific *lines* of source code are discussed. *See, e.g.,* pages 11, 13, and 15. It is also the same type of information the Court has previously ordered to be sealed. D.I. 1242, 1251, 1297. To the extent it was necessary for the Court to disclose Broadcom's confidential information, including this type of code information, Broadcom should have been given an opportunity to be heard before this information was made public. As soon as Broadcom became aware of the Court's decision, within 30 minutes of the decision being issued, counsel for Broadcom called the Court to ask that the decision be put under seal to allow Broadcom time to file a motion seeking to redact its confidential information. The Court declined to do so. The cat is now out of the bag, and moving to seal now would do little to solve the problem. For that reason, Broadcom—instead of moving to seal—submits this letter to state its objection to Broadcom's confidential information being made public without Broadcom's input and to respectfully request that Broadcom be given the opportunity to be heard before Broadcom confidential information (particularly source code information) is made publicly available in the future.

The Honorable Richard G. Andrews
June 28, 2021
Page 2

                                       Respectfully,

                                       */s/ Christine D. Haynes*

                                       Christine D. Haynes (#4697)

cc:    Counsel of Record (via CM/ECF)