IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA, LLC,

               Plaintiff;

    v.                               Civil Action No. 13-cv-1835-RGA

2WIRE, INC.,

               Defendant.

MEMORANDUM OPINION

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Peter J. McAndrews, Rajendra A. Chiplunkar, Ashley M. Ratycz, MCANDREWS, HELD & MALLOY, LTD., Chicago, IL,

Attorneys for Plaintiff.

Jody C. Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, DE; Brett Schuman, Rachel M. Walsh, GOODWIN PROCTER LLP, San Francisco, CA; Douglas J. Kline, GOODWIN PROCTER LLP, Boston, MA; Andrew S. Ong, GOODWIN PROCTER LLP, Redwood City, CA; Cindy Chang, GOODWIN PROCTER LLP, New York, NY,

Attorneys for Defendant.

June 30, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Plaintiff's motion to exclude the expert testimony of Dr. Vijay Madisetti for Family 6. (D.I. 1379). The matter has been fully briefed. (D.I. 1380, 1422, 1453).

## I.     BACKGROUND

Plaintiff TQ Delta filed this lawsuit against Defendant 2Wire alleging infringement of numerous patents. (D.I. 6). I divided the case into separate trials by patent "Family." (D.I. 280). This motion before me involves one of the Family 6 Patents: U.S. Patent No. 8,462,835 ("the '835 patent"). Plaintiff alleges infringement of claims 8 and 10 of the '835 patent (collectively, "the Asserted Claims"). (D.I. 1). In both arguing for infringement and defending against claims of invalidity, Plaintiff put forth testimony and opinions by its expert, Dr. Vijay Madisetti. Defendant moves to exclude all testimony and opinions offered by Dr. Vijay Madisetti related to infringement or invalidity of the Asserted Claims of the '835 patent. (D.I. 1380 at 1).

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 sets out the requirements for expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The trial court has the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993).

The Third Circuit has explained:

> Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his o[r] her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."
>
> By means of a so-called "*Daubert* hearing," the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury.

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404–05 (3d Cir. 2003) (footnote and internal citations omitted).[1] "But the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Because "a strong preference for admitting any evidence that may assist the trier of fact" underlies the Rules of Evidence, "'Rule 702, which governs the admissibility of expert testimony, has a liberal policy of admissibility.'" *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997)).

---

[1] The Court of Appeals wrote under an earlier version of Rule 702, but the subsequent amendments to it were not intended to make any substantive change.

3

## III. ANALYSIS

Defendant moves to exclude the testimony of Dr. Vijay Madisetti, one of Plaintiff's expert witnesses. (D.I. 1380 at 13). It raises two issues with Dr. Madisetti's opinions.

First, Defendant argues that Dr. Madisetti's "evasiveness at deposition" and "inability to recognize statements quoted directly from 'his' expert reports" indicate that he did not prepare the reports. (*Id.*). Defendant specifically contends that there are "glaring discrepancies" between Dr. Madisetti's deposition testimony and written reports. (*Id.*). The asserted discrepancies indicate that the expert reports reflect the opinions of Plaintiff's attorneys rather than those of Dr. Madisetti. (*Id.* at 13–14). Defendant argues that the opinions therefore violate Federal Rule of Civil Procedure 26(a)(2)(B), which requires export reports to be "prepared and signed by the witness." (*Id.* at 13).

Second, Defendant asserts that Dr. Madisetti's opinions are unhelpful to a trier of fact because they are "contradictory and unreliable," and, therefore, his opinions are inadmissible under *Daubert*. (*Id.*). Pointing to deposition testimony, Defendant argues that Dr. Madisetti "changed course" in some answers and in other cases refused to answer questions that covered topics he had previously opined upon in his report. (*Id.* at 16–17).

Plaintiff, on the other hand, argues that Dr. Madisetti's responses were neither evasive nor contradictory with the opinions he provided in his report. (D.I. 1422 at 5–7). Plaintiff further asserts that, in any case, Defendant has not provided a legitimate basis for excluding Dr. Madisetti's opinions because Defendant has not shown that his infringement opinions lack proper grounding in accepted scientific principles. (*Id.* at 13–14). Dr. Madisetti's opinions on infringement and validity, Plaintiff asserts, would be helpful to a factfinder because they provide an "element by element comparison of the claims to the accused product." (*Id.* at 15).

4

I do not think Defendant has provided sufficient grounds to categorically exclude all of Dr. Madisetti's opinions and testimony.

First, regarding the Rule 26(a)(2)(B) argument, Defendant has not shown that Dr. Madisetti failed to comport with the Rule's requirement that the report be "prepared and signed by the witness." The Advisory Committee notes for Rule 26(a)(2)(B) recognize that counsel may participate in the preparation of expert reports:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 1993 amendment. In similar inquiries, other courts in the Third Circuit have focused on "whether the expert witness 'offered substantial input into what was put into the report.'" *In re Asbestos Prods. Liab. Litig. (No. VI)*, 714 F.Supp.2d 535, 542 (E.D. Pa. 2010) (quoting *Crowley v. Chait*, 322 F.Supp.2d 530, 544 (D.N.J. 2004)). In that case, despite counsel writing the entire supplemental expert report, the court upheld the report as valid because the expert "testified at deposition that while he did not write his supplemental report, he agreed with the content of the report." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 714 F.Supp.2d at 542. Other courts have excluded expert testimony under Rule 26(a)(2)(B) when, for example, there are "undeniable substantial similarities" between reports provided by different experts in different cases prepared with assistance from the same counsel. *In re Jackson Nat'l Life Ins. Co. Premium Litig.*, 2000 WL 33654070 (W.D. Mich. Feb. 8, 2000).

Defendant alleges that Dr. Madisetti's deposition testimony at times contradicts opinions provided in his expert report and at other times evades subject matter opined upon in his report. These questions go to witness credibility, however, and not to whether Dr. Madisetti provided

"substantial input into what was put into the report." *Crowley v. Chait*, 322 F.Supp.2d at 544. Though Defendant makes the inferential argument that Dr. Madisetti's alleged contradictions during deposition suggest his opinions are not reflected in his expert report, these cover at best a small subset of the opinions provided in Dr. Madisetti's expert report. Had Defendant chosen to argue for exclusion of those particular opinions, those contradictions, if true, might have been persuasive. But they do not support striking the entirety of Dr. Madisetti's reports and testimony. Defendant does not put forth any other evidence that Plaintiff's counsel wrote the expert report without substantive input from Dr. Madisetti. That evidence is needed to support categorical exclusion of expert testimony for the expert's failure to provide "substantial input . . . into the report." I therefore find that Dr. Madisetti's opinions comport with Rule 26(a)(2)(B).

Second, to the extent the reliability of expert opinion is in dispute, under *Daubert*, opinions "must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation." *Schneider ex rel. Estate of Schneider*, 320 F.3d at 404–05 (internal quotations omitted). Defendant's arguments are limited to alleged contradictions between Dr. Madisetti's deposition testimony and his expert report, and allegedly evasive answers to Defendant's questions during deposition. None of Defendant's arguments, however, question the "scientific validity" of the procedures or tests underlying Dr. Madisetti's opinions; rather, they address whether Dr. Madisetti is a credible witness. But the "question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC*, 802 F.3d at 1296. I therefore find that Defendant has not met its burden of showing that Dr. Madisetti's opinions should be excluded under *Daubert*.

## IV. CONCLUSION

Defendant misconstrues the standard for exclusion of expert testimony prior to trial. Questions of witness credibility can be appropriately addressed during cross-examination. Categorical exclusion of expert testimony because the expert is "nothing more than a 'mouthpiece'" for Plaintiff's counsel (D.I. 1380 at 13) requires commensurately compelling evidence that the expert effectively signed his name onto the report without looking at its contents. Alternatively, for exclusion under *Daubert*, Defendant needs to show that the scientific rationales or procedures underlying the expert's opinions were improperly applied. Defendant did not provide evidence of either.

Defendant's motion to exclude Dr. Madisetti's opinion and testimony regarding infringement and validity for the '835 patent (D.I. 1379) is therefore **DENIED**.