IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA, LLC,

          Plaintiff;

v.

2WIRE, INC.,

          Defendant.

Civil Action No. 13-1835-RGA

## MEMORANDUM OPINION

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Peter J. McAndrews, Paul W. McAndrews, Rajendra A. Chiplunkar, Ashley M. Ratycz, MCANDREWS, HELD & MALLOY, LTD., Chicago, IL,

Attorneys for Plaintiff.

Jody C. Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, DE; Brett Schuman, Rachel M. Walsh, GOODWIN PROCTER LLP, San Francisco, CA; Douglas J. Kline, GOODWIN PROCTER LLP, Boston, MA; Andrew S. Ong, GOODWIN PROCTER LLP, Redwood City, CA; Cindy Chang, GOODWIN PROCTER LLP, New York, NY,

Attorneys for Defendant.

July 14, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendant's motion to exclude the expert testimony of Dr. Madisetti for Family 4. (D.I. 1466). I have considered the parties' briefing. (D.I. 1467, 1516, 1527).

## I. BACKGROUND

Plaintiff TQ Delta filed suit against Defendant 2Wire alleging infringement of twenty-four patents that span six different patent families. (D.I. 6). The Court divided the case into separate trials based on the patent families. (D.I. 280). This motion concerns the Family 4 Patents, U.S. Patent Nos. 7,292,627 ("the '627 Patent"), 8,090,008 ("the '008 Patent"), and 8,073,041 ("the '041 Patent"). Plaintiff alleges infringement of Claim 26 of the '627 Patent, Claim 14 of the '008 Patent, and Claim 14 of the '041 Patent. The patents-at-issue are directed to a system and method for scrambling the phase characteristics of carrier signals.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 sets out the requirements for expert witness testimony and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The trial court has the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 597 (1993).

The Third Circuit has explained:

> Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his o[r] her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."
>
> By means of a so-called "*Daubert* hearing," the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury.

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404–05 (3d Cir. 2003) (footnote and internal citations omitted).[1] At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). Indeed, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III. ANALYSIS

Defendant moves to exclude the testimony of Plaintiff's expert Dr. Vijay Madisetti for Family 4. Defendant takes issue with Dr. Madisetti's testimony on two grounds.

---

[1] The Court of Appeals wrote under an earlier version of Rule 702, but the subsequent amendments to it were not intended to make any substantive change.

First, Defendant argues that Dr. Madisetti's opinions should be excluded because his "deliberate evasiveness" at deposition shows that his opinions are unreliable. (D.I. 1467 at 11). Defendant states "Dr. Madisetti consciously evaded 2Wire's legitimate and targeted questions and otherwise obfuscated his testimony." (*Id.* at 3). Defendant maintains that Dr. Madisetti "delayed and disrupted the testimonial record," as he "gave non-responsive testimony to 2Wire's questioning" and "continuously misstated and mischaracterized the targeted and simple questions." (*Id.* at 6). Defendant contends that Dr. Madisetti's "intentional obfuscation" at his deposition demonstrates his "refusal. . .to submit to a proper cross examination at deposition which would unfairly prejudice 2Wire at trial" if Dr. Madisetti testifies. (*Id.* at 11-12).

Defendant asserts that the *Pennypack* factors weigh in favor of exclusion of Dr. Madisetti's opinions. (*Id.* at 12). It contends: (1) it is "severely prejudiced" by Dr. Madisetti's conduct at his deposition; (2) there is no way to cure this prejudice with expert discovery closed and trial approaching; (3) Dr. Madisetti's testimony would disrupt the order and efficiency of trial; (4) Plaintiff's actions demonstrate bad faith; and (5) Dr. Madisetti's opinions are unhelpful to the trier of fact. (*Id.* at 15).

Second, Defendant argues that Dr. Madisetti's opinions should be excluded as not helpful to the trier of fact because Dr. Madisetti "refused to provide answers to relatively simple questions regarding the basis of his opinions and the materials cited in his reports." (*Id.* at 15-16). Defendant concludes, "2Wire and the Court are left with little guidance as to what Dr. Madisetti's opinions are[] and what his testimony at trial will be." (*Id.* at 17)

Plaintiff counters that Dr. Madisetti's testimony was not evasive or incomplete, and that Defendant mischaracterizes the factual record. (D.I. 1516 at 3-8). Plaintiff maintains that it is Defendant's fault that it was unable to elicit certain information from Dr. Madisetti during his

4

deposition as Defendant's counsel asked "overly generalized, vague, or simply illogical questions." (*Id.* at 4). Plaintiff next asserts that there is no legal basis to exclude Dr. Madisetti's opinions under *Daubert*, as Defendant "does not contend that Dr. Madisetti is unqualified" nor does Defendant demonstrate that Dr. Madisetti's opinions are not based on reliable methods, sufficient data, and the facts of the case. (*Id.* at 8-9).

Plaintiff also argues that there is no legal basis to exclude Dr. Madisetti's opinions under *Pennypack* as Dr. Madisetti's opinions were disclosed in the manner required by Rule 26 and the Court's scheduling order. (*Id.* at 10). Plaintiff also contends that even if Dr. Madisetti's opinions were untimely disclosures, the *Pennypack* factors do not weigh in favor of exclusion. (*Id.* at 11-12). Plaintiff argues: (1) Defendant is not prejudiced; (2) if there was any prejudice, it could be cured by "effective cross examination;" (3) any testimony given by Dr. Madisetti at trial would be elicited by the parties; (4) Plaintiff's counsel and Dr. Madisetti did not act in bad faith; and (5) Dr. Madisetti's opinions are of great importance to the case. (*Id.* at 11-12).

I agree with Plaintiff that there are no grounds to categorically exclude Dr. Madisetti's opinion and testimony.

Defendant's first argument is that Dr. Madisetti's opinions should be excluded under the *Pennypack* factors. Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information. . . as required by Rule 26(a) or (e), the party is not allowed to use that information. . . to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Expert reports are required disclosures under Rule 26(a). *See* Fed. R. Civ. P. 26(a)(2). Courts in the Third Circuit consider the *Pennypack* factors to determine whether a failure to disclose is harmless. *See Konstantopoulous v. Westvaco*

5

*Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977)).

Here, Defendant has not shown that Plaintiff failed to provide information regarding Dr. Madisetti's opinions. Therefore, the *Pennypack* factors are not applicable. *See id.*

Defendant's arguments, instead, focus on the unreliability and unhelpfulness of Dr. Madisetti's opinions based on his alleged conduct at his deposition, that he: "consciously evaded" questions; "gave non-responsive testimony;" and "continuously misstated and mischaracterized" the questions. (D.I. 1467 at 3, 6). Defendant does not call into question the scientific validity of Dr. Madisetti's opinions nor does it argue that the methods, the information on which the opinions are based, or the connections to the facts of the case are unreliable.

District courts are gatekeepers for the reliability of expert opinions, *Schneider ex rel. Estate of Schneider*, 320 F.3d at 405, but the "question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC*, 802 F.3d at 1296. Defendant will be able to address Dr. Madisetti's credibility through cross examination at trial. *Daubert*, 509 U.S. at 596.

As Defendant has not shown that Dr. Madisetti's opinions are scientifically invalid and as Defendant will be able to address its concerns about Dr. Madisetti's credibility through cross examination, Defendant's motion to exclude is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to exclude the expert testimony of Dr. Madisetti for Family 4 is denied. A separate order will be entered.