IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | | |
| | Plaintiff; | |
| v. | | Civil Action No. 13-1835-RGA |
| 2WIRE, INC., | | |
| | Defendant. | |

## MEMORANDUM OPINION

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Peter J. McAndrews, Paul W. McAndrews, Rajendra A. Chiplunkar, Ashley M. Ratycz, MCANDREWS, HELD & MALLOY, LTD., Chicago, IL,

Attorneys for Plaintiff.

Jody C. Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, DE; Brett Schuman, Rachel M. Walsh, GOODWIN PROCTER LLP, San Francisco, CA; Douglas J. Kline, GOODWIN PROCTER LLP, Boston, MA; Andrew S. Ong, GOODWIN PROCTER LLP, Redwood City, CA; Cindy Chang, GOODWIN PROCTER LLP, New York, NY,

Attorneys for Defendant.

August 11, 2021

ANDREWS, U.S. DISTRICT JUDGE:

Before the Court is Plaintiff's motion for leave to serve an expert surreply report for

Family 4. (D.I. 1409). I have considered the parties' briefing. (D.I. 1410, 1455, 1488).

## I.   BACKGROUND

Plaintiff TQ Delta filed suit against Defendant 2Wire alleging infringement of twenty-

four patents that span six different patent families. (D.I. 6). The Court divided the case into

separate trials based on the patent families. (D.I. 280). This motion concerns the Family 4

Patents, U.S. Patent Nos. 7,292,627 ("the '627 Patent"), 8,090,008 ("the '008 Patent"), and

8,073,041 ("the '041 Patent"). Plaintiff alleges infringement of Claim 26 of the '627 Patent,

Claim 14 of the '008 Patent, and Claim 14 of the '041 Patent. The patents-at-issue are directed to

a system and method for scrambling the phase characteristics of carrier signals.

Opening expert reports were due on May 1, 2020. (D.I. 1315 at 1). Rebuttal expert

reports were due on September 11, 2020 (D.I. 1335 at 1), and reply expert reports were due on

October 7, 2020. (D.I. 1363 at 1). The deadline for completion of expert depositions was October

28, 2020. (*Id.*). Plaintiff served a "Surreply Expert Report" of Dr. Vijay Madisetti on validity of

the Family 4 Patents on October 15, 2020. (D.I. 1374). Defendant deposed Dr. Madisetti on

October 20, 2020. (D.I. 1370). Plaintiff filed the instant motion for leave to file a surreply expert

report on October 29, 2020. (D.I. 1409).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires that a party disclose the identity of a

witness retained for trial and submit "a complete statement of all opinions the witness will

express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "If a party fails to

provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that

2

information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Courts in the Third Circuit consider the *Pennypack* factors to determine whether a failure to disclose was harmless or substantially justified: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld." *TQ Delta, LLC v. ADTRAN, Inc.*, 2019 WL 4346530, at \*1 (D. Del. Sept. 12, 2019) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos*, 112 F.3d at 719. The determination whether to exclude evidence is within the discretion of the district court. *Id.*

## III.   ANALYSIS

Plaintiff requests leave to serve an expert surreply report of Dr. Madisetti relating to the validity of the Family 4 Patents. Plaintiff argues that good cause exists to serve the report as Defendant's expert, Dr. Leonard Cimini, Jr., provided new invalidity opinions in his reply expert report that were not present in his opening report. (D.I. 1410 at 1). Plaintiff contends that the *Pennypack* factors weigh in favor of permitting the surreply report because, since Defendant's expert raised new invalidity arguments in his reply expert report, Defendant cannot complain about being surprised by the need for such a report. (*Id.* at 9). Further, Plaintiff asserts that there was no prejudice to Defendant because Defendant received the expert surreply report prior to Dr. Madisetti's deposition, the report was only eleven pages long, and Plaintiff has offered to make

Dr. Madisetti available for another two-hour deposition related to the opinions in his surreply report. (*Id.* at 9-10). Plaintiff argues that there will be no delay to the trial schedule as Defendant has already received the expert surreply report and there is ample time to depose Dr. Madisetti. (*Id.* at 10-11).[1] Plaintiff also maintains that it did not act willfully or in bad faith. (*Id.*).

Defendant counters that there is no good cause as Dr. Cimini did not introduce any new invalidity opinions in his expert reply report. (D.I. 1455 at 8-11). Further, Defendant argues that Dr. Madisetti's surreply report is untimely and unauthorized because Plaintiff served the report without requesting for leave from the Court. (*Id.* at 7). Defendant asserts that it is prejudiced as it was unable to respond to the opinions in Dr. Madisetti's surreply expert report and there is no way to cure that prejudice without disrupting the order and efficiency of the litigation. (*Id.* at 11-13). Defendant also asserts that Plaintiff's actions evidence bad faith as Dr. Cimini's reply report did not contain any new invalidity opinions and Defendant did not seek leave of the Court before filing it. (*Id.* at 13).

It is undisputed that Plaintiff served it surreply expert report without asking for leave of the Court, as required by the Final Scheduling Order. (D.I. 513 at 6).

I turn to the *Pennypack* factors to determine whether this disclosure is harmless. I note that in "sophisticated, complex litigation involving parties represented by competent counsel," courts have "been less indulgent in applying the *Pennypack* factors and "more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Bridgestone Sports Co. v. Acushnet Co.*, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007). There is little doubt that this litigation, which has already spanned the better part of a decade, is "complex" and that the parties have been represented by "competent counsel."

---

[1] And because of the pandemic, the scheduled trial was postponed and has not been rescheduled.

4

The first *Pennypack* factor, prejudice or surprise to the party against whom the evidence is offered, weighs slightly in favor of exclusion. The Scheduling Order provided for three rounds of expert reports, to be completed on October 7, 2020. (D.I. 513 at 6-7; D.I. 1363 at 1). Plaintiff's service of Dr. Madisetti's surreply report on October 15, 2020 likely came as a surprise to Defendant who anticipated, based on the Family 4 schedule, that service of expert reports had been completed. Defendant could have suffered some prejudice as it was not expecting this report, the report was served only five days prior to Dr. Madisetti's deposition, and Defendant did not have the opportunity to respond.

However, any prejudice Defendant faced was, or is, curable. Therefore, the second and third *Pennypack* factors weigh against exclusion. Plaintiff served Dr. Madisetti's surreply expert report on October 15, 2020, which was prior to Dr. Madisetti's October 20, 2020 deposition. (D.I. 1370; D.I. 1374). Defendant received the report prior to Dr. Madisetti's deposition and, thus, had the opportunity to question Dr. Madisetti about these opinions.

In addition, Plaintiff has offered to make Dr. Madisetti available for an additional two hours of deposition. (D.I. 1411-4, Exh. D at 2 of 7). Defendant could cure any prejudice it might face from Dr. Madisetti's surreply report by deposing Dr. Madisetti about the opinions disclosed in this report. In addition, I will grant Defendant the opportunity to serve a sur-surreply expert report on invalidity to address the opinions raised in Dr. Madisetti's surreply report. This will alleviate any possible prejudice Defendant faces and give Defendant the last word on invalidity via the expert reports.

Further, no trial is currently scheduled. Therefore, an additional deposition of Dr. Madisetti and the service of a sur-surreply report by Dr. Cimini (should Defendant choose to exercise either or both of those options) would not pose any delay or disruption to the trial

schedule. Defendant had, and still has, the opportunity to cure any prejudice that might arise from Dr. Madisetti's surreply report in a manner that will not delay or disrupt the trial schedule. Therefore, these *Pennypack* factors weigh against exclusion.

In regard to the fourth factor, the presence of bad faith or willfulness in withholding information, I do not find that Plaintiff acted in bad faith or willfully withheld information. I note that Plaintiff did not seek leave before doing so, but it served Dr. Madisetti's surreply report a week after receiving Dr. Cimini's reply report (D.I. 1367), and five days prior to Dr. Madisetti's deposition. (D.I. 1370; D.I. 1374). Plaintiff mitigated the prejudice Defendant might suffer by serving Dr. Madisetti's surreply report promptly and prior to Dr. Madisetti's deposition.

Lastly, the fifth factor weighs against exclusion. Dr. Madisetti's validity opinions are important evidence in support of Plaintiff's validity defense. Beyond this, "the exclusion of critical evidence is an 'extreme' sanction," *Konstantopoulos*, 112 F.3d at 719, and I do not find it warranted in this situation. Any prejudice Defendant suffered can be or has been remedied, and Dr. Madisetti's validity opinions are important to Plaintiff's validity defense.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to serve an expert surreply report on invalidity for Family 4 (D.I. 1409) is granted. Defendant is granted leave to serve a sur-surreply expert report on invalidity.

A separate order will be entered.

6